STEPHEN E. TAYLOR (SBN 58452)
JESSICA L. GRANT (SBN 178138)
NICHOLAS G. CAMPINS (SBN 238022)
STEPHEN MCG. BUNDY (SBN 253017)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jgrant@tcolaw.com
E-mail: ncampins@tcolaw.com
E-mail: sbundy@tcolaw.com

RAGESH K. TANGRI (SBN 159477)
QUYEN L. TA (SBN 229956)
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, California 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
E-mail: rtangri @kvn.com
E-mail: qta@kvn.com

Attorneys for Defendants INTEL CORPORATION,
LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FRANK T. SHUM,

     Plaintiff,

v.

INTEL CORPORATION, JEAN-MARC
VERDIELL and LIGHTLOGIC, INC.,

     Defendants.

Case No.: C 02-03262 DLJ (EMC)

**INTEL CORPORATION'S, LIGHTLOGIC, INC.'S AND JEAN-MARC VERDIELL'S STATUS CONFERENCE STATEMENT**

Date:    February 6, 2008
Time:   2:00 p.m.
Place:  Courtroom 1, 4th Floor

Honorable D. Lowell Jensen

TAYLOR & CO.
LAW OFFICES, LLP

INTEL CORPORATION'S, LIGHTLOGIC, INC.'S AND JEAN-MARC VERDIELL'S
STATUS CONFERENCE STATEMENT: CASE NO. C 02-03262 DLJ (EMC)

Defendants Intel Corporation, LightLogic, Inc. and Jean-Marc Verdiell hereby identify the following issues that should be discussed at the Status Conference scheduled for February 6, 2008.

## A. SCOPE OF THE FEDERAL CIRCUIT'S MANDATE

The first issue for discussion is the scope of the Federal Circuit's mandate and its effect on this Court's prior legal rulings. Under both Federal and Ninth Circuit case law, the scope of the mandate includes only those issues actually decided, either expressly or by necessary implication, by the Federal Circuit's decision.[1] It does not include issues not previously raised in or resolved by this Court, this Court's prior rulings that were not appealed, or issues that were appealed but not decided by the Federal Circuit. Based on the scope of the mandate in this case, many of this Court's prior rulings remain the law of the case and continue to provide a basis upon which this Court may properly dispose of plaintiff Frank T. Shum's ("Shum") claims without trial.

Issues that were not appealed by Shum include this Court's dismissal of his claims for the following: (1) conversion of intellectual property for failure to state a claim upon which relief can be granted (*see* November 19, 2002 Motion to Dismiss Order); (2) intentional interference with contract as barred by the applicable statute of limitations (*see* March 25, 2003 Motion to Dismiss Order); (3) rescission of the Plan of Liquidation on the ground of laches (*see* March 25, 2003 Motion to Dismiss Order); and (4) fraudulent concealment claims against Intel (*see* March 25, 2003 Motion to Dismiss Order).

Issues that were appealed by Shum, but not decided by the Federal Circuit, include the Court's ruling that: (1) the Plan of Liquidation expressly permitted open arm's length competition between the parties, giving each of them equal rights in the intellectual property belonging to Radiance and permitting either party to engage in lawful patenting of Radiance intellectual property (*see* April 27, 2004 Summary Judgment Order; (2) Shum lacked standing to bring fraud or fraudulent concealment claims based upon misrepresentations made to persons other than the plaintiff and did not, as a matter

---

[1] *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951 (Fed. Cir. 1997); *see also Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 235 F.3d 1184, 1192 (9th Cir. 2000). *E-Pass Techs., Inc. v. 3Com Corp*, 473 F.3d 1213, 1218 (Fed. Cir. 2007), a case appealed from this Court, illustrates these principles.

1.

1  of law, rely on any misrepresentation or failure to disclose by Verdiell (*see* January 12, 2006 Summary

2  Judgment Order); (3) as an equal shareholder in Radiance, Verdiell owed no fiduciary duties to Shum

3  and, in consequence, Verdiell could not be liable to Shum for failure to disclose (*see* January 12, 2006

4  Summary Judgment Order); and (4) as a matter of law, the construction of the term "leg" in the claims

5  for the flexure patents means an appendage to the body of the flexure which extends downward,

6  supporting the structure above it (*see* June 21, 2005 Order following the inventorship bench trial).

7  ### B. REMAINING ISSUES AND DISPOSITIVE MOTIONS

8  Based on the undisputed facts now in the evidentiary record before the Court, defendants intend

9  to bring a consolidated summary judgment motion. Defendants anticipate that the motion will address

10  all of Shum's remaining claims, including both state law claims and inventorship. No further

11  discovery will be required prior to filing this motion because it will be based on the existing record.

12  The briefing of some legal issues will be simplified to the extent that the motion is based on

13  propositions that are now law of the case.

14  ### C. EXPERT DISCOVERY

15  Fact discovery concluded on November 12, 2004. *See* November 16, 2004 Stipulation and

16  Order re Filing Date of Motions. There has been no discovery to date dealing with the parties' experts'

17  damages theories, though there has been testimony from some fact witnesses relevant to damage

18  issues. On July 21, 2005, the Court entered an Order providing that if damage discovery were to be

19  required in the case, it should be limited to the parties' experts. *See* July 21, 2005 Order. Defendants

20  believe the Court should adopt this same approach with respect to directing the parties' trial

21  preparation at this stage. The time required for such discovery will depend on the number of experts

22  designated by each side and that, in turn, will depend on the nature and scope of Shum's damage

23  theories, which are at present unknown.[2]

24  ///

25  ///

26

27  _____
[2] For example, defendants have designated four experts whose testimony may be relevant given our
present understanding of the potential scope of Shum's damage theories.

28                                                                                  2.

INTEL CORPORATION'S, LIGHTLOGIC, INC.'S AND JEAN-MARC VERDIELL'S
STATUS CONFERENCE STATEMENT:  CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

## D. **PRETRIAL AND TRIAL**

Defendants will be prepared to discuss a trial schedule at the upcoming status conference if the Court feels it is appropriate to do so at that time.  In determining a pretrial and trial schedule appropriate for the resolution of this case, defendants suggest that the Court and counsel for the parties consider the following:  (1) the efficient and economical resolution of dispositive motions that may eliminate or limit significantly the scope of the jury trial in this case, including the determination of any issues regarding the sequencing of such motions with other pretrial proceedings and the scope of the Federal Circuit's mandate; (2) the anticipated complexity of *in limine* motions to be decided in advance of trial, including potential *Daubert/Kumho Tire* motions directed to expert testimony on both liability and damages; and (3) the adoption of procedures and the preparation of non-standard jury instructions for the trial of a case involving both federal and state law claims which incorporate federal standards for inventorship, an issue not customarily tried to the jury.

Respectfully submitted,

Dated: February 4, 2008

TAYLOR & COMPANY LAW OFFICES, LLP

By: _____
Stephen E. Taylor

Attorneys for Defendants INTEL CORPORATION, LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

3.

INTEL CORPORATION'S, LIGHTLOGIC, INC.'S AND JEAN-MARC VERDIELL'S
STATUS CONFERENCE STATEMENT:  CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP