TOWNSEND AND TOWNSEND AND CREW LLP
MARK T. JANSEN (State Bar No. 114896), Email: mtjansen@townsend.com
PAUL F. KIRSCH (State Bar No. 127446), Email: pkirsch@townsend.com
TALI L. ALBAN (State Bar No. 233694), Email: tlalban@townsend.com
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
FRANK T. SHUM

FILED
2008 FEB -5 PM 3:50
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, and LIGHTLOGIC, INC.,<br><br>Defendants. | Case No. C02-3262 DLJ (EMC)<br><br>**FRANK T. SHUM'S STATUS CONFERENCE STATEMENT**<br><br>Date: February 6, 2008<br>Time: 2:00 P.M.<br>Place: Courtroom 1, 4th Floor<br>Honorable D. Lowell Jensen |

Plaintiff Frank T. Shum ("Shum") hereby identifies the following issues to be discussed at the Status Conference scheduled for February 6, 2008.

This case, in which Frank Shum asserts that his former business partner defrauded him of his substantial business interest and interest as joint inventors in valuable intellectual property, is not as complicated as defendants contend. The Federal Circuit decision vacated the non-jury inventorship trial and order following that trial, and also requires that this case proceed to a jury trial. Plaintiff requests a trial at the earliest possible date.

## I. DEFENDANTS' CONTINUING IMPROPER EFFORTS TO AVOID A JURY TRIAL

Despite the Federal Circuit's opinion determining that this case must proceed to a jury on all of Shum's claims, defendants defiantly persist in contending that "this court may properly dispose of [Shum's] claim without trial." (Defendants' Status Conference Statement p. 1:10-11.) They are again wrong. Defendants had their opportunity to move for summary judgment on all of Shum's claims. (*See* April 27, 2004 Summary Judgment Order.) This Court properly denied that motion as to every claim defendants challenged. (*Id.*) Defendants do not have the right to file another summary judgment motion on these same claims. See, e.g., *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665-666, (E.D.Cal. 1986), aff'd in part, rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987) (court properly refused to consider second motion for summary judgment); *Advanced Semiconductor Materials America, Inc. v. Applied Materials, Inc.*, 922 F.Supp. 1439, 1442 (N.D. Cal. 1996) (in order to renew motion for summary judgment, moving party must show "a different set of facts or some other reason justifying renewal of the motion."); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (declining review of subsequent summary judgment motion where moving party failed to raise "any new facts or arguments which it could not have raised in the first round of briefing").

This Court's undisturbed April 27, 2004 summary judgment order and the Federal Circuit's decision are "law of the case" -- not the overturned and vacated inventorship or follow on summary judgment orders. Therefore, there is no basis for defendants' assertion that they may bring another "consolidated summary judgment motion" on all of Shum's "state law claims and inventorship" claim. (Defendants' Status Conference Statement, p. 2:10-1.) Defendants' latest arguments are reminiscent of

their misguided efforts to convince this Court that Shum did not have a jury trial right on his factually interwoven inventorship claims and state court claims. Shum requests further briefing on this issue, if the Court deems it necessary.

## II. THE FEDERAL CIRCUIT MANDATE

The Federal Circuit vacated and remanded the Court's April 27, 2004 bifurcation order, the June 21, 2005 order following the inventorship trial and the follow on summary judgment order dated January 12, 2006. *Shum v. Intel*, 499 F.3d 1272, 1280 (Fed. Cir. 2007). Therefore all aspects of those rulings are null and void.

Defendants deceivingly claim that any issues not decided by the Federal Circuit remain law of the case. The Court of Appeals for the Federal Circuit, however, explicitly <u>vacated</u> the lower court's inventorship order and all rulings based upon that erroneous order. Therefore, "the law of the case [ ] does not apply because 'a vacated judgment has no preclusive force either as a matter of collateral or direct estoppel or as a matter of the law of the case.'" *Rumsfeld v. Freedom NY, Inc.*, 329 F.3d 1320, 1332 (Fed. Cir. 2003) (quoting *U.S. Philips Corp. v. Sears Roebuck & Co.*, 55 F.3d 592, 598 (Fed. Cir. 1995)); *see also State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1577 (Fed. Cir. 1991) ("The trial court's subsidiary findings can hardly be the law of the case when the judgment based on those findings was 'vacated' and the court was explicitly directed to 'reconsider' its decision . . . ."); *Creighton v. Anderson*, 922 F.2d 443, 449 (8th Cir. 1990) ("A vacated opinion has no further force and effect . . . A vacated opinion is deprived of its standing, so that the law of the case doctrine is inapplicable."); *Matter of Busick*, 65 B.R. 630, 633 (N.D. Ind. 1986) ("The doctrine [of law of the case] does not apply at all, however, when a higher court vacates the judgment of the lower court. In that case, neither court is constrained by the law of the case in subsequent proceedings, since the original "law" no longer exists.").

The cases to which defendants cite do not hold otherwise. In *Laitram*, for example, the Court of Appeals for the Federal Circuit only determined that its mandate to the district court to reinstate the jury verdict did not preclude the district court from considering or deciding on remand issues that the district court had not previously addressed. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951-52 (Fed. Cir. 1997). Similarly, in both *Wyler* and *E-Pass*, the Ninth Circuit noted that its mandate to the

1  district court did not preclude the lower court's determination of issues that were neither appealed nor
2  considered in the prior appeal. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184,
3  1992 (9th Cir. 2000); *E-Pass Tech., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1218 n. 1 (9th Cir. 2007)
4  (court's prior mandate "did not constitute law of the case as to parties and accused devices that were
5  not yet part of the litigation when that decision issued.")

6  More specifically, defendants cannot rely upon <u>vacated</u> rulings of this Court. (*See* for
7  example, point numbers 2-4 on pp. 1-2 of Defendants' Status Conference Statement) to support yet
8  another motion for summary judgment. To the extent legal issues remain unresolved that will effect
9  the breadth and scope of the trial they should be resolved in motions *in limine* (for example,
10 concerning the scope of jury instructions) or, in the case of the "leg" claim construction issue, in a
11 *Markman* hearing.

## III. REQUEST FOR ORDER AMENDING COMPLAINT TO ADD UNJUST ENRICHMENT CLAIM

The Federal Circuit's decision mandates the resurrection of Shum's unjust enrichment claim. *Shum v. Intel*, 499 F.3d 1272, 1279-1280 (Fed. Cir. 2007). Shum proposes that this be accomplished through a stipulated motion to amend the complaint.[1]

## IV. DAMAGES/DISCOVERY

Shum agrees that expert discovery is yet to be conducted. Experts should be disclosed and ready to be deposed within the next three to four months. Shum proposes that counsel meet and confer regarding an expert discovery schedule.[2]

---

[1] The unjust enrichment claim, although not a part of Shum's case at the time of the Court's initial summary judgment order, is extremely broad and subsumes Shum's other tort claims on which the Court denied summary judgment. *See, e.g., Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 883 (2000) (elements of an unjust enrichment claim are receipt of a benefit and unjust retention of the benefit at the expense of another). Therefore the Court's order denying defendants' motion for summary judgment on Shum's "lack of damages" and tort claims necessarily also prohibits summary judgment on Shum's unjust enrichment claim.

[2] Also, Shum is reserving his right to seek damages discovery regarding his resurrected unjust enrichment claim.

## V. RETURN OF SHUM'S DEPOSIT REGARDING THE COSTS JUDGMENT

Pursuant to Federal Rule of Civil Procedure 67(b) and 28 U.S.C. § 2042, Shum will move the Court for the disbursement of $154,400.30 deposited by Shum in the Court's registry account, plus any accrued interest. On July 17, 2006, the Court partially granted Shum's Motion for a Stay of Enforcement of Costs Judgment Pending Appeal. The Court ordered that the costs judgment would be stayed pending appeal provided that Mr. Shum established an escrow account as agreed upon by the parties. The parties, however, were unable to agree on an escrow fund and Mr. Shum, in an attempt to comply with the Court's Order, deposited the full amount of the costs judgment in the trust account of Shopoff & Cavallo LLP, one of his attorneys of record. Due primarily to the defendants' unwillingness to work with Shum to secure an escrow fund, on September 5, 2006, Shum moved the Court for an order permitting him to deposit the funds with the Court. On October 2, 2006, the Court granted Shum's Motion and ordered him to deposit the full amount of the judgment against him with the Court within five days of the Order, which Shum did. In light of the Federal Circuit's decision, Shum will move the Court for return of those funds.

## VI. OTHER MATTERS

Plaintiff believes the jury trial will take approximately 4-5 weeks and requests the Court set a jury trial for the earliest possible date. The parties should meet and confer about the motions and jury instruction issues mentioned by defendants in their status conference statement and provide a proposed scheduled to the Court.

DATED: February 5, 2008

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP
MARK T. JANSEN
PAUL F. KIRSCH
TALI L. ALBAN

By: _____
PAUL F. KIRSCH
Attorneys for Plaintiff
FRANK T. SHUM

# CERTIFICATE OF SERVICE

I declare I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction this service was made. I am over the age of eighteen and not a party to this action. My business address is Townsend and Townsend and Crew LLP, Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111.

I served the following document exactly entitled: **FRANK T. SHUM'S STATUS CONFERENCE STATEMENT** on the interested parties in this action by placing a true and correct copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Townsend and Townsend and Crew LLP, as follows:

| | |
|---|---|
| e. Robert (bob) wallach<br>Law Offices of e. Robert (bob) wallach<br>P.O. Box 2670<br>San Francisco, CA 94126-2670<br>Fax: 415-989-3802 | Harris Zimmerman<br>Law Offices of Harris Zimmerman<br>1330 Broadway, Suite 710<br>Oakland, CA 94612<br>Fax: 510-465-2041 |
| Ragesh K. Tangri<br>Steven Keeley Taylor<br>Quyen L. Ta<br>Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>Fax: 415-397-7188 | Alan L. Barry<br>Bell, Boyd & Lloyd<br>Three First National Plaza, Suite 3300<br>70 West Madison Street<br>Chicago, IL 60606<br>Fax: 312-827-8000 |
| Stephen E. Taylor<br>Jessica L. Grant<br>Nicholas G. Campins<br>Stephen McG. Bundy<br>Taylor & Company Law Offices, LLP<br>One Ferry Building, Suite 355<br>San Francisco, CA 94111<br>Fax: 415-788-8208 | |

☐ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☒ [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above via the court's ECF notification system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on February 5, 2008, at San Francisco, California.

_____
Esther Casillas

61275988 v1

SHUM'S STATUS CONFERENCE STATEMENT
CASE NO. C02-3262 DLJ (EMC)

5