1   TOWNSEND AND TOWNSEND AND CREW LLP
    MARK T. JANSEN (State Bar No. 114896), Email: mtjansen@townsend.com
2   PAUL F. KIRSCH (State Bar No. 127446), Email: pkirsch@townsend.com
    TALI L. ALBAN (State Bar No. 233694), Email: tlalban@townsend.com
3   Two Embarcadero Center, Eighth Floor
    San Francisco, California  94111
4   Telephone: (415) 576-0200
    Facsimile: (415) 576-0300
5

6   Attorneys for Plaintiff
    FRANK T. SHUM
7

8

9

10                  UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13  FRANK T. SHUM,                          Case No.   C02-3262 DLJ (EMC)

14                  Plaintiff,              **JOINT STATUS CONFERENCE
                                            STATEMENT**
15
                    v.                      Date:  March 14, 2008
16                                          Time:  2:00 P.M.
    INTEL CORPORATION, JEAN-MARC            Place: Courtroom 1, 4th Floor
17  VERDIELL, and LIGHTLOGIC, INC.,                Honorable D. Lowell Jensen

18                  Defendants.

19
        Counsel for Plaintiff Frank T. Shum ("Shum" or "Plaintiff") and Defendants Intel Corporation
20
    ("Intel"), Jean-Marc Verdiell ("Verdiell") and LightLogic, Inc. (collectively, "Defendants") attended a
21
    Case Management Conference on February 6, 2008.  During that Conference, the Court ordered the
22
    parties to meet and confer concerning a number of issues relating to case management and scheduling.
23
    Accordingly, the parties have met and conferred and hereby submit an updated Joint Status
24
    Conference Statement.
25
    **A.      PLAINTIFF'S PROPOSED CASE SCHEDULE**
26
        Plaintiff's counsel understood from the Court's remarks during the previous status conference,
27
    which was held on February 6, 2008, that any patent claim construction, to the extent necessary,
28

would be conducted in a case-specific inventorship pre-trial conference, and that any inventorship jury instructions relating to Plaintiff's claims would be discussed at that time as well. Accordingly, Plaintiff proposes the following schedule, subject, of course, to the Court's calendar:

- Close of unjust enrichment fact discovery - **July 28, 2008.**[1]
- Plaintiff's deadline to disclose damages experts - **June 8, 2008**
- Deadline to submit Plaintiff expert damages reports - **August 1, 2008**
- Deadline to submit Defendants rebuttal damages expert reports - **August 22, 2008**
- Close of expert discovery - **September 5, 2008.**[2]
- Case specific inventorship jury trial pre-trial conference, including a *Markman* hearing, if applicable, and determination/argument on related jury instructions - **August 15, 2008.**
- Final pretrial conference including hearing on all motions *in limine* - **October 3, 2008.**[3]
- Jury trial - **October 13, 2008.**

As discussed below, Plaintiff disagrees with Defendants' contention that the Local Patent Rules, which by their terms only specifically apply to patent invalidity, infringement or declaratory relief actions (Local Patent Rule 1-2 (2001)), apply to this case.

**B.  DEFENDANTS' PROPOSED CASE SCHEDULE**

Defendants have proposed the following schedule for this case:

| Claim Identification & Construction | Proposed Dates |
|---|---|
| Plaintiff to specify which patent claims are to be tried | 03/14/2008 |
| Parties to exchange list of terms to be construed | 04/03/2008 |

---

[1]  Plaintiff had originally suggested July 21, 2008, which was calculated by the original date of the Further Case Management Conference. As the latter date has moved by one week, Plaintiff proposes to also move the date for the close of fact discovery.

[2]  Plaintiff had originally suggested August 22, 2008, but, as discussed below, has agreed to extend this time period by two weeks.

[3]  Plaintiff had originally suggested September 15, 2008, but, as discussed below, has agreed to modify the schedule in light of the change in the expert discovery cutoff.

| **Claim Identification & Construction (Contd.)** | **Proposed Dates** |
|---|---|
| Parties to exchange list of proposed construction terms & provide preliminary identification of extrinsic evidence | 04/23/2008 |
| Parties to meet & confer to narrow scope of issues to be presented in the Joint Claim Construction & Prehearing Statement | 05/14/2008 |
| Joint Claim Construction & Prehearing Statement filed | 06/23/2008 |
| L/D to complete discovery re claim construction | 07/23/2008 |
| Opening briefs on claim construction filed | 08/07/2008 |
| Responsive brief re claim construction filed | 08/21/2008 |
| *Markman* hearing | 09/05/2008 |
| **Unjust Enrichment Fact Discovery** **(Dates Agreed Upon by All Parties)** | **Proposed Dates** |
| Parties meet and confer re scope of unjust enrichment fact discovery | 03/12/2008 |
| Fact discovery closes re unjust enrichment | 07/28/2008 |
| **Expert Damages Discovery** | **Proposed Dates** |
| L/D for Shum to identify expert to replace Alan Cox | 06/01/2008 |
| Shum to submit opening expert damages report | 08/01/2008 |
| Intel/Verdiell to complete deposition of Shum's damage expert and submit expert damages report | 09/08/2008 |
| Shum to complete deposition of Intel's damage expert | 09/19/2008 |
| Shum to submit rebuttal expert damages report | 10/03/2008 |
| **Summary Judgment Motion** **(Dates Agreed Upon by All Parties)** | **Proposed Dates** |
| L/D for Defendants to file summary judgment motions | 04/07/2008 |
| Opposition to summary judgment motion filed | 05/23/2008 |
| summary judgment reply filed | 06/25/2008 |
| Hearing on summary judgment motion | 07/18/2008 |

| Pretrial Schedule & Trial | Proposed Dates |
|---|---|
| Motions *in limine* filed | 10/15/2008 |
| Opposition to motions *in limine* filed | 10/22/2008 |
| Hearing on motions *in limine* and final pretrial conference | 10/31/2008 |
| Jury trial begins | 11/10/2008 |

## C.   PLAINTIFF'S RESPONSE TO DEFENDANTS' PROPOSED SCHEDULE

### 1.   Local Patent Rules, Claim Construction and Claim Construction Discovery

The Local Patent Rules apply only in cases where an allegation of invalidity, infringement or unenforceability has been made or declaratory relief is sought.  Accordingly, the rules do not apply to this case. *See* Local Patent Rule 1-2.  Indeed, this case had proceeded to a judgment in this Court without the imposition of these Rules.

Plaintiff has not yet determined which, if any claim or claim terms, should be construed. Plaintiff believes both parties should identify any such terms by June 1, 2008.  Plaintiff believes that any *Markman* hearing on the disputed claims can be conducted in an expeditious and streamlined manner in a pre-trial hearing on August 15, 2008.  Plaintiff proposes that the parties continue to meet and confer and stipulate to a mutually agreeable briefing schedule relating to this claim construction *Markman* hearing.

Defendants are not entitled to discovery related to claim construction.  Fact discovery in this case (other than damages and on the reinstated unjust enrichment claim) has closed.  Whatever fact discovery Defendants believed was needed for their claim construction positions should have been sought during the discovery phase of the case.  Defendants consistently maintained throughout the fact discovery phase and up until trial, that no terms of the many patents at issue needed to be construed. At trial, Defendants assented that only one term, "leg," needed to be construed.  Accordingly, Defendants had every opportunity to seek and obtain the discovery relevant to the single claim term. Defendants may not now decide that they need, or are entitled to, additional discovery that they should have and could have obtained during the fact discovery phase of the case.

1    Defendants must overcome a heavy burden to establish that reopening discovery of claim

2    construction at this late date is appropriate. Significantly, they must demonstrate to the Court's

3    satisfaction, among other things, that Plaintiff will not be prejudiced, that there is good cause for such

4    delay, that they diligently sought discovery in the time previously allotted by the Court, and that it was

5    unforeseeable that they would need this additional discovery. *United States ex re. Army Athletic Ass'n*

6    *v. Reliance Ins. Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986) (affirming lower court's refusal to reopen

7    discovery, and explaining: "The Academies[ ] could have pursued discovery during the six months

8    from the filing of Reliance's answer and four months from the court's order providing for discovery.

9    They chose not to do so. From the time Reliance filed its initial answer, the Academies knew that

10   Reliance would need to prove the modifications were made without its consent. They had ample

11   opportunity for discovery.") *rev'd* on other grounds. *See also, e.g., Integra Lifesciences, Ltd. v.*

12   *Merck*, 190 F.R.D. 563 (S.D. Cal. 1999) (refusing to re-open discovery and determining that the

13   defendants had essentially waived their right to seek deposition testimony of third-party witness where

14   defendants had known about the non-party witness's potential role long before the discovery deadline

15   had passed and yet refused to call the witness while the discovery period was open.)

16   Defendants have not, and cannot, meet this heavy burden. There is no excuse for Defendants'

17   sudden desire for additional discovery, other than to delay disposition of the case and cause Plaintiff to

18   incur additional expense.

19          **2.    Unjust Enrichment Discovery**

20   The parties have agreed to meet and confer on or about March 12, 2008, to discuss further the

21   scope of unjust enrichment discovery.

22          Plaintiff contends that he is entitled to fact discovery related to his claim of unjust enrichment

23   and related to damages. The unjust enrichment claim was dismissed on the pleadings before discovery

24   had substantially commenced. Defendants refused to adequately respond to damages discovery that

25   Shum previously propounded that may have touched on this topic, objecting at that time that such

26   discovery was not relevant. Now, of course, since the unjust enrichment claim has been reinstated,

27   this information is relevant and discoverable.

28          Additionally, Defendants propose to conduct discovery relating to unjust enrichment of Shum.

1  Plaintiff opposes such discovery as irrelevant.  Shum holds no information relevant to the extent or

2  nature of Defendants' unjust enrichment.

3        **3.    Damages Experts**

4      A damages expert that Plaintiff had identified during the first trial has since informed Plaintiff

5  that he can no longer perform analysis on this case due to a new conflict which has arisen between his

6  firm and Intel.

7      Plaintiff is attempting to retain a new damages expert or experts as quickly as possible and will

8  identify the new expert or experts by June 1, 2008, the date suggested by the Defendants.  Plaintiff

9  also agrees that it should endeavor to provide expert damage reports to Defendants by August 1, 2008.

10  Plaintiff, however believes Defendants do not need a full six weeks after this report is served to

11  depose Plaintiff's damages expert(s) and complete their own expert damages reports - especially since

12  they have suggested only a two week window for Plaintiff to depose Defendants' damages expert.

13  Plaintiff will agree to delay by two weeks, to September 5, 2008, from Plaintiff's original proposal to

14  complete expert discovery.  Plaintiff is not required to submit, and likely will not submit, rebuttal

15  expert damages reports.

16        **4.    Summary Judgment Schedule**

17      As indicated above, the parties agree on the schedule for the motion for summary judgment.

18  The parties have discussed a page limit in the range of 50 - 60 pages for opening summary judgment

19  motions.  The parties intend to discuss this matter further and seek leave of the court with a specific

20  proposal for increased page limits for all summary judgment related briefs.

21        **5.    Pretrial Conference**

22      Plaintiff initially proposed a pretrial conference - where the parties could raise jury instructions

23  and the Court could consider any motions *in limine* - on September 15, 2008.  Because Plaintiff has

24  agreed to extend the expert discovery schedule by two weeks, Plaintiff offers this revised proposal for

25  the final pretrial schedule:

26      •   Motions *in limine* filed by September 12, 2008

27      •   Oppositions to motions *in limine* filed by September 22, 2008

28      •   Final Pretrial Conference - October 3, 2008

**D.    DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED SCHEDULE**

Defendants believe that their proposed schedule and approach to claim construction is more practical, for reasons counsel will be prepared to discuss fully at the upcoming status conference. Defendants also note their proposed schedule results in a trial date less than one month after Plaintiff's proposed date.

As to pages limits for the summary judgment briefing, Defendants propose that each party may file an opening brief of up to 60 pages in length, and that Defendants may file a reply brief of up to 45 pages in length. Defendants believe those pages limits are appropriate in light of the number of

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1 | claims, including the inventorship claims, to be addressed.  Defendants submit that the Court may rule
2 | on that request now, without the need for a subsequent, separate motion or proceeding.

3 |

4 | Dated: March 11, 2008

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: _____
    Paul F. Kirsch

Attorneys for Plaintiff FRANK T. SHUM


TAYLOR & COMPANY LAW OFFICES, LLP

By: _____
    Stephen E. Taylor

Attorneys for Defendants INTEL CORPORATION,
JEAN-MARC VERDIELL and LIGHTLOGIC, INC.


KEKER & VAN NEST, LLP

By: _____
    Ragesh K. Tangri

Attorneys for Defendants INTEL CORPORATION,
JEAN-MARC VERDIELL and LIGHTLOGIC, INC.

CERTIFICATE OF SERVICE

I declare I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction this service was made. I am over the age of eighteen and not a party to this action. My business address is Townsend and Townsend and Crew LLP, Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111.

I served the following document exactly entitled: **JOINT STATUS CONFERENCE STATEMENT** on the interested parties in this action by placing a true and correct copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Townsend and Townsend and Crew LLP, as follows:

| | |
|---|---|
| e. Robert (bob) wallach<br>Law Offices of e. Robert (bob) wallach<br>P.O. Box 2670<br>San Francisco, CA 94126-2670<br>Fax: 415-989-3802<br>**Email: erobertbob@sbcglobal.net** | Harris Zimmerman<br>Law Offices of Harris Zimmerman<br>1330 Broadway, Suite 710<br>Oakland, CA 94612<br>Fax: 510-465-2041<br>**Email: harris@zimpatent.com** |
| Ragesh K. Tangri<br>Steven Keeley Taylor<br>Quyen L. Ta<br>Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>Fax: 415-397-7188<br>**Email: rtangri@kvn.com; qta@kvn.com** | Alan L. Barry<br>Bell, Boyd & Lloyd<br>Three First National Plaza<br>Suite 3300<br>70 West Madison Street<br>Chicago, IL 60606<br>Fax: 312-827-8000<br>**Email: abarry@bellboyd.com** |
| Stephen E. Taylor<br>Jessica L. Grant<br>Nicholas G. Campins<br>Stephen McG. Bundy<br>Taylor & Company Law Offices, LLP<br>One Ferry Building, Suite 355<br>San Francisco, CA 94111<br>Fax: 415-788-8208<br>**Email: staylor@tcolaw.com;<br>jgrant@tcolaw.com; ncampins@tcolaw.com;<br>sbundy@tcolaw.com** | |

☑  [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

[By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

[By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

[By Facsimile Transmission] I caused said document to be sent by facsimile

1  transmission to the fax number indicated for the party(ies) listed above.

2          [By Electronic Transmission]  I caused said document to be sent by electronic
   transmission to the e-mail address indicated for the party(ies) listed above via the court's ECF
3  notification system.

4          I declare under penalty of perjury under the laws of the United States of America that the
   foregoing is true and correct, and that this declaration was executed on March 11, 2008, at San
5  Francisco, California.

6

7                                                    Esther Casillas

8

9  61306839 v1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Status Conference Statement
CASE NO.C02-3262 DLJ (EMC)

- 2 -