FOLGER LEVIN & KAHN LLP
Ethan P. Schulman (CSB No. 112466, eschulman@flk.com)
Trina D. McAlister (CSB No. 253139, tmcalister@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA  94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for APRIUS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, AND LIGHTLOGIC, INC.,<br><br>　　　　　Defendants. | Case No. C 02-3262 DLJ (EMC)<br><br>**DECLARATION OF STEPHEN E. TAYLOR IN SUPPORT OF MOTIONS BY APRIUS, INC. TO INTERVENE AND TO DISQUALIFY TOWNSEND AND TOWNSEND AND CREW LLP FROM REPRESENTING PLAINTIFF**<br><br>Date:　　June 6. 2008<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 1, 4th Floor<br>Judge:　　Honorable D. Lowell Jensen |

1    I, Stephen E. Taylor, declare:

2         1.    I am an attorney with Taylor & Company Law Offices, LLP, counsel for

3    defendants Intel Corporation, LightLogic, Inc. and Jean-Marc Verdiell ("Verdiell") in this action.

4    The facts set forth in this declaration are personally known to me to be true and, if called upon to

5    testify as to the matters contained in this declaration, I could and would competently testify

6    thereto. This declaration is submitted in support of the motions by Aprius, Inc. to intervene in

7    this action and to disqualify Townsend and Townsend and Crew LLP from continuing to

8    represent plaintiff Frank T. Shum ("Shum") as trial counsel in this action.

9         2.    On November 13, 2007, the United States Court of Appeals for the Federal Circuit

10   issued its mandate remanding this case for jury trial by the United States District Court for the

11   Northern District of California. On November 21, 2007, this Court filed the Federal Circuit's

12   mandate and issued a Notice of Status Conference, setting the matter for an in person status

13   conference before the Honorable D. Lowell Jensen on December 12, 2007. The notice was

14   served on six attorneys in their capacities as counsel for plaintiff Shum: Alan L. Barry (Bell,

15   Boyd & Lloyd); e. robert wallach (Law Offices of e. robert (bob) wallach); Jeffrey W. Shopoff,

16   Gregory S. Cavallo and James M. Robinson (Shopoff & Cavallo, LLP); and Harris Zimmerman

17   (Law Offices of Harris Zimmerman).

18        3.    On December 10, 2007, I received an e-mail message from Gregory S. Cavallo

19   advising me that at plaintiff's request the Court had continued the status conference to a new date

20   of January 9, 2008. On December 13, 2007, at my direction senior paralegal Catherine A. Dunbar

21   sent an e-mail message to Mr. Cavallo letting him know that the January 9 date did not work for

22   defense counsel, and suggesting that the status conference should be moved to January 23, 2008.

23   A true and correct copy of these e-mail exchanges are attached as Exhibit A to this declaration.

24        4.    On December 18, 2007, this Court issued an Amended Notice of Status

25   Conference vacating the January 9 status conference and re-setting the conference for the

26   afternoon of January 23, 2008. The amended notice was served on the same counsel for plaintiff

27   identified in paragraph 2.

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

DECL. OF STEPHEN E. TAYLOR; CASE NO. C 02-3262
DLJ (EMC)

1     5.     On December 22, 2007, I received an e-mail from e. robert wallach advising me he

2   had just received the Court's amended notice of status conference, and that he would be unable to

3   attend a status conference on January 23, 2008 because Mr. wallach would be in New York on

4   that day. Mr. wallach further advised me that Greg Cavallo of the Shopoff & Cavallo law firm

5   would be "calling to seek the relief necessary to accommodate my schedule, and yours." A true

6   and correct copy of this e-mail is attached as Exhibit B to this declaration.

7     6.     On December 27, 2007, my office contacted Mr. Cavallo advising him that Mr.

8   wallach had sent me an e-mail letting us know the January 23 status conference date was not

9   convenient for him. We also advised that Mr. wallach had told us Mr. Cavallo was aware of Mr.

10   wallach's schedule and was the individual who would coordinate with us to propose an

11   alternative date for the parties' initial status conference. A true and correct copy of this e-mail is

12   attached as Exhibit C to this declaration.

13     7.     Having heard nothing further from Mr. Cavallo or any of plaintiff's other counsel

14   regarding alternative dates for the status conference, at 12:08 PM on January 3, 2008 I sent an e-

15   mail to Mr. wallach. In my message to Mr. wallach I indicated we wanted to work together to

16   come up with a mutually agreeable schedule for the status conference, and I asked him to provide

17   us with scheduling information so we could coordinate directly with the Court. Mr. wallach

18   responded later that same day (at 3:54 PM) providing me with information about his schedule. In

19   that message Mr. wallach also asked me whether the status conference should be delayed even

20   further if Intel intended to "seek review [of the Federal Circuit's decision] by the USSC," the last

21   date for which appeal he calculated to be February 15, 2008. Mr. wallach also stated,

22   "Tentatively, I believe there will be another subject for discussion with Judge Jensen which may

23   affect scheduling. That subject, should it arise, can be accommodated in the January 30-February

24   27th time frame." At 7:23 PM on January 3, 2008, Mr. wallach sent me yet another e-mail

25   message: "I checked my calendar and found that we have (or, at least I do) 02/04 as the latest day

26   [for Intel to file its petition to the United States Supreme Court], not 2/15. Of course, I defer to

27   Townsend. Sorry for the error." A true and correct copy of this January 3, 2008 e-mail exchange

28   is attached as Exhibit D to this declaration.

1    8.    On January 18, 2008, this Court issued another Notice of Status Conference

2    vacating the January 23, 2008, status conference and re-setting the conference for the afternoon of

3    February 6, 2008. The amended notice was served on the same counsel for plaintiff identified in

4    paragraph 2.

5    9.    At 2:32 PM on February 5, 2008, the day before the scheduled status conference, I

6    received a facsimile service copy of a Notice of Substitution of Counsel, stating that the

7    Townsend and Townsend and Crew LLP law firm ("Townsend") was being added to this case as

8    Plaintiff's counsel of record. I also was served with a copy of a Consent Order Granting

9    Substitution of Attorney. On that proposed form of order, representatives of the Shopoff &

10   Cavallo firm consented to being substituted out of this case on January 11, 2008. Shum signed

11   the consent order to replace the Shopoff & Cavallo law firm with the Townsend law firm on

12   February 4, 2008, and representatives of Townsend consented to substitute into this case as

13   counsel for plaintiff on February 5, 2008. A true and correct copy of this Consent Order Granting

14   Substitution of Attorney is attached as Exhibit E to this declaration.

15   10.    During the period November 13, 2007 and February 5, 2008, I have no knowledge

16   of any communications occurring between any of the counsel representing Shum and the counsel

17   representing Verdiell regarding Townsend's role in the retrial of this case.

18   11.    I first learned about Townsend's involvement as trial counsel in this action on

19   February 5, 2008. Prior to that time, I had no knowledge of Townsend's involvement in any

20   capacity other than as counsel for Shum in the appeal from this Court's judgment to the United

21   States Court of Appeals for the Federal Circuit, Case No. 2006-1249. During the time that the

22   appeal was pending before the Federal Circuit, I was unaware that Townsend had been retained

23   by Aprius to represent it on patent matters.

24   12.    On March 28, 2008, I wrote to Mr. Kirsch concerning Townsend's representation

25   of Aprius and its acting as trial counsel for Shum in this matter. A true and correct copy of my

26   March 28, 2008 letter to Mr. Kirsch is attached as Exhibit F to this declaration.

27   13.    On April 2, 2008, James Gilliland of Townsend replied to my March 28 letter, and

28   informed me that Townsend did not believe that a conflict existed. Mr. Gilliland further indicated

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-4-    DECL. OF STEPHEN E. TAYLOR; CASE NO. C 02-3262
DLJ (EMC)

1   that Townsend would be willing to fire Aprius as a client in order to resolve Aprius's concerns.

2   A true and correct copy of Mr. Gilliland's April 2, 2008 letter is attached as Exhibit G to this

3   declaration.

4       I declare under penalty of perjury, under the laws of the United States of America, that the

5   foregoing is true and correct.  Executed this $\stackrel{nd}{2}$ day of May, 2008, in San Francisco, California.

6

7

8                   STEPHEN E. TAYLOR

9

10

11

12   00001\0113\598979.3

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-   DECL. OF STEPHEN E. TAYLOR; CASE NO. C 02-3262
DLJ (EMC)

# EXHIBIT A

**From:**  Catherine Dunbar

**Sent:**  Thursday, December 13, 2007 12:37 PM

**To:**  'Gregory S. Cavallo'

**Cc:**  Steve Taylor; Ragesh Tangri

**Subject:** RE: Status Conference in Shum v. Intel

Greg:

The January 9 date does not work for defense counsel.  We suggest continuing the status conference to January 23, 2008, and have confirmed Judge Jensen's availability on that date at 2:00 PM.  Please let us know whether that date is acceptable and, if so, we will inform the Court of the parties' agreement.

**Catherine A. Dunbar**
Senior Legal Assistant

**Taylor & Company**
Law Offices, Inc.
One Ferry Building, Suite 355
San Francisco, CA  94111
T:  (415) 788-8200
F:  (415) 788-8208
www.tcolaw.com

---

**From:** Gregory S. Cavallo [mailto:greg@shopoffcavallo.com]
**Sent:** Monday, December 10, 2007 11:42 AM
**To:** Steve Taylor; Catherine Dunbar; Jan Klohonatz; rkt@kvn.com
**Subject:** Status Conference in Shum v. Intel

At plaintiff's request, the Court has continued the status conference.  The new date is preliminarily January 9, 2008 at 2 pm.

If that date poses any scheduling difficulty, please let me know, and we can try to come up with something that works for everyone.

Francis said she was calling Catherine, as well.

**Gregory S. Cavallo**
Shopoff & Cavallo LLP
505 Sansome Street, Suite 1505
San Francisco, CA 94111
415.984.1975 (phone)
415.984.1978 (fax)
greg@shopoffcavallo.com



EXHIBIT

A

# EXHIBIT B

----- Original Message -----
From: e. robert (bob) wallach <erobertbob@sbcglobal.net>
To: Steve Taylor
Cc: 'Gregory S. Cavallo' <greg@shopoffcavallo.com>
Sent: Sat Dec 22 16:21:28 2007
Subject: Shum Staus Conference

Steve: I just received my Amended Notice of the Status Conference setting it for
1/23. Greg had previously advised me. I will be in N.Y.C. on the 23rd, returning on
the following Monday. Greg will be calling to seek the relief necessary to
accommodate my schedule, and yours.


    This is also an opportunity to wish you and your colleagues the best of the
holiday season and New Year (with the exception you would expect me to make). I
am sure you know I had the pleasure of meeting two very attractive, personable, and I
have no doubt very able new members of your team at the BASF Annual luncheon.
They were extremely gracious, making them no less formidable.


Best Regards



Attorney-Client Privilege
Law Offices of e. robert (bob) wallach, P.C.

e. robert (bob) wallach
Lawyer-Counselor
P.O. Box 2670
San Francisco, CA 94126-2670
415.989.6445
Facsimile 415.989.3802
erobertbob@sbcglobal.net <BLOCKED::mailto:erobertbob@sbcglobal.net>

Confidential

This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION, intended
for the person(s) named above. If you re not the intended recipient of this e-mail, or
the employee or agent responsible for delivering it to the intended recipient, you are
hereby notified that any dissemination or copying of this e-mail is prohibited. If you
have received this e-mail in error, please immediately notify us by telephone and or e-
mail at the above address. Delete e-mail and destroy all copies.



EXHIBIT
B

# EXHIBIT C

**From:**    Catherine Dunbar

**Sent:**    Thursday, December 27, 2007 11:13 AM

**To:**    Gregory S. Cavallo (gsc@shopoff.com)

**Cc:**    Steve Taylor; Jessica Grant; Nicholas Campins

**Subject:** Shum v. Intel -- Status Conference

Greg:

bob sent Steve an email on Saturday letting us know that the January 23, 2008 status conference date was not convenient for him, as he will be in New York.  He indicated you knew his schedule and had alternative dates to propose for the conference – please let us know what those dates are, so that we can clear them as well and get back to the Court with that information.

Thanks, Greg -- hope you're having a good holiday.

Cathy

>>>>>Notice<<<<<
The information contained in this e-mail message may be privileged, confidential, and protected from disclosure.  If you are not the intended recipient, any dissemination. distribution or copying is strictly prohibited.  If you receive this e-mail message in error, please e-mail the sender at <mailto:cdunbar@tcolaw.com> and destroy the message.



EXHIBIT

C

# EXHIBIT D

----- Original Message -----
From: e. robert (bob) wallach <erobertbob@sbcglobal.net>
To: Steve Taylor
Sent: Thu Jan 03 19:23:27 2008
Subject: FW: Shum Status Conference

Steve: I checked my calendar and found that we have (or, at least I do)
2/04 as the last day, not 2/15. Of course, I defer to Townsend.   Sorry for
the error.  Best Regards

-----Original Message-----
From: e. robert (bob) wallach [mailto:erobertbob@sbcglobal.net]
Sent: Thursday, January 03, 2008 3:54 PM
To: 'Steve Taylor'
Subject: RE: Shum Status Conference

Steve:  In the intricate methodology of trial advocates, (at least those of
us who qualify as "old school" by age and those, like you, who qualify
because of your respect for the traditional ways), ). I welcome the return
of the professional and personal contact that consumed so much of our lives
for so long.  Your two bright young colleagues Jessica and Nick (and they
definitely demonstrated those qualities in an instant) demonstrated ample
understanding of the duality of advocacy and civility when they took the
initiative to introduce themselves (and, oh so respectfully) We both derive
great stimulus from the endeavor and are deeply committed to a favorable
outcome for our clients.  That we recognize the consistency in the traits of
fervent advocacy and warm respect will always be, I trust, the enduring
quality.

     Now, to your gracious response as to calendaring.  I will return
from NYC-DC on the weekend of the 26th-27th (leaving on the 21st).  Assuming
Wednesday to be Judge Jensen's preferred day, I am available the following
Wednesday and each Wednesday in February.

     As to timing, without probing your strategy, we have calendared Feb.
15th as the last day for Intel to seek review by the USSC.  While I
recognize there is no requirement that we delay the Status Conference
pending such an effort (and, of course, none if there is no such effort),
wouldn't it be more courteous to the Court to await that deadline unless it
is not relevant?

     Tentatively, I believe there will be another subject for discussion
with Judge Jensen which may affect scheduling.  That subject, should it
arise, can be accommodated in the January 30th-February 27th time frame.  As
soon as we have determined on our course, I will notify you immediately and
in advance of the hearing.

     As I am sure I am sure you anticipate, should there any subject arise relative
to the trial schedule or possible resolution, please direct the initial
contact to me.  Appellate related issues remain directed to our able
colleagues at Townsend.

     I trust the holiday season was all you wished for, surrounded by
family and friends.  Mine was.   Best Regards



**EXHIBIT**

**D**

tabbies®

-----Original Message-----
From: Steve Taylor [mailto:staylor@tcolaw.com]
Sent: Thursday, January 03, 2008 12:08 PM
To: erobertbob@sbcglobal.net
Subject: RE: Shum Status Conference

bob:

I hope you had a pleasant holiday season. We've tried several times to
get in touch with Greg to find out which alternative dates you are
proposing for the status conference, but have not yet heard back. We
got in touch with the Court today and learned that the conference was
still set for January 23. We'd like to work together to come up with an
agreeable schedule, so please let me know your availability and we will
coordinate with the Court.

On another note, I'm glad you had a chance to meet Jessica Grant and
Nick Campins at the recent BASF event -- they've both been a great
addition to our firm, and mentioned how gracious you were to them at the
luncheon. Since they will be assisting me on this case, I'm glad you
had an opportunity to meet one another as colleagues and members of the
bar.

Best wishes in the new year, bob, and let me know what alternative dates
you are proposing for the status conference.

Steve


----- Original Message -----
From: e. robert (bob) wallach <erobertbob@sbcglobal.net>
To: Steve Taylor
Cc: 'Gregory S. Cavallo' <greg@shopoffcavallo.com>
Sent: Sat Dec 22 16:21:28 2007
Subject: Shum Staus Conference

Steve: I just received my Amended Notice of the Status Conference
setting it for 1/23. Greg had previously advised me. I will be in
N.Y.C. on the 23rd, returning on the following Monday. Greg will be
calling to seek the relief necessary to accommodate my schedule, and
yours.


      This is also an opportunity to wish you and your colleagues the
best of the holiday season and New Year (with the exception you would
expect me to make). I am sure you know I had the pleasure of meeting
two very attractive, personable, and I have no doubt very able new
members of your team at the BASF Annual luncheon. They were extremely
gracious, making them no less formidable.


Best Regards

Attorney-Client Privilege
Law Offices of e. robert (bob) wallach, P.C.

e. robert (bob) wallach
Lawyer-Counselor
P.O. Box 2670
San Francisco, CA 94126-2670
415.989.6445
Facsimile 415.989.3802
erobertbob@sbcglobal.net <BLOCKED::mailto:erobertbob@sbcglobal.net>

 Confidential

This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION, intended
forthe person(s) named above.  If you re not the intended recipient of
this e-mail, or the employee or agent responsible for delivering it to
the intended recipient, you are hereby notified that any dissemination
or copying of this e-mail is prohibited.  If you have received this
e-mail in error, please immediately notify us by telephone and or e-mail
at the above address.  Delete e-mail and destroy all copies.

# EXHIBIT E

2008 02/05 15:32 FAX   415 576 0300                                        ⧄011/012

FEB-5-2008   09:31A FROM:VIPER DIVISION       408-878-4533       TO:914155760300       P.2

AO 154 (10/03) Substitution of Attorney

# UNITED STATES DISTRICT COURT

### Northern District of California

FRANK SHUM

                  V.

                     Plaintiff (s),

INTEL CORPORATION

                     Defendant (s),

**CONSENT ORDER GRANTING
SUBSTITUTION OF ATTORNEY**

**CASE NUMBER:** C-02-3262-DLJ

Notice is hereby given that, subject to approval by the court, Frank Shum _____ substitutes
                                          (Party (s) Name)

Paul F. Kirsch _____, State Bar No. 127446 _____ as counsel of record in
      (Name of New Attorney)

place of Gregory S. Cavallo and Jeffrey W. Shopoff of Shopoff & Cavallo LLP.
                        (Name of Attorney (s) Withdrawing Appearance)

Contact information for new counsel is as follows:

      Firm Name:      Townsend & Townsend & Crew

      Address:       Two Embarcadero Center, 8th Floor, San Francisco, CA 94111

      Telephone:    415-576-0200 _____ Facsimile 415-576-0300

      E-Mail (Optional):  pkirsch@townsend.com

I consent to the above substitution.
       February 4

Date:   January 24, 2008

Frank Shum

_____
                (Signature of Party (s))

I consent to being substituted.

Date:   January 11, 2008

Gregory S. Cavallo and Jeffrey W. Shopoff

_____
           (Signature of Former Attorney (s))

Paul F. Kirsch

I consent to the above substitution.

Date:   January ___, 2008

_____
           (Signature of New Attorney)

The substitution of attorney is hereby approved and so ORDERED.

Date: _____                    _____
                                           Judge

[Note: A separate consent order of substitution must be filed by each new attorney wishing to enter an appearance.]

**EXHIBIT
E**

tabbies

American LegalNet, Inc.
www.FormsWorkflow.com

2008 02/05 15:33 FAX  415 576 0300                                      ☎ 012/012

## CERTIFICATE OF SERVICE

1

2      I declare I am employed in the City and County of San Francisco, California in the office of a
member of the bar of this court at whose direction this service was made. I am over the age of

3 eighteen and not a party to this action. My business address is Townsend and Townsend and Crew
LLP, Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111.

4
     I served the following document exactly entitled: **CONSENT ORDER GRANTING**
5 **SUBSTITUTION OF ATTORNEY** on the interested parties in this action by placing a true and
correct copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business

6 practice of Townsend and Townsend and Crew LLP, as follows:

7

| | |
|---|---|
| e. Robert (bob) wallach<br>Law Offices of e. Robert (bob) wallach<br>P.O. Box 2670<br>San Francisco, CA 94126-2670 | Alan L. Barry<br>Bell, Boyd & Lloyd<br>Three First National Plaza<br>Suite 3300<br>70 West Madison Street<br>Chicago, IL 60606 |
| Gregory S. Cavallo<br>Jeffrey W. Shopoff<br>James M. Robinson<br>Shopoff & Cavallo LLP<br>353 Sacramento Street, Suite 1040<br>San Francisco, CA 94111 | Stephen E. Taylor<br>Jessica L. Grant<br>Nicholas G. Campins<br>Stephen McG. Bundy<br>Taylor & Company Law Offices, LLP<br>One Ferry Building, Suite 355<br>San Francisco, CA 94111 |
| Ragesh K. Tangri<br>Steven Keeley Taylor<br>Quyen L. Ta<br>Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, CA 94111 | Harris Zimmerman<br>Law Offices of Harris Zimmerman<br>1330 Broadway, Suite 710<br>Oakland, CA 94612 |

17     ☐   [By First Class Mail] I am readily familiar with my employer's practice for collecting
and processing documents for mailing with the United States Postal Service. On the date listed herein,

18 following ordinary business practice, I served the within document(s) at my place of business, by
placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for

19 collection and mailing with the United States Postal Service where it would be deposited with the
United States Postal Service that same day in the ordinary course of business.

20     ☐   [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier
service for overnight delivery to the offices of the addressee(s).

21     ☐   [By Hand] I directed each envelope to the party(ies) so designated on the service list to
be delivered by courier this date.

22     ☒   [By Facsimile Transmission] I caused said document to be sent by facsimile
transmission to the fax number indicated for the party(ies) listed above.

23     ☒   [By Electronic Transmission] I caused said document to be sent by electronic
transmission to the e-mail address indicated for the party(ies) listed above via the court's ECF

24 notification system.

25      I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct, and that this declaration was executed on February 5, 2008, at San

26 Francisco, California.

27                          _Esther Casillas_
                          Esther Casillas

28  61275959 v

CONSENT ORDER GRANTING SUBSTITUTION OF ATTORNEY
CASE NO. C02-3262 DLJ (EMC)

# EXHIBIT F

STEPHEN E. TAYLOR
ATTORNEY
staylor@tcolaw.com

# TAYLOR & COMPANY
## LAW OFFICES, LLP

March 28, 2008

**VIA E-MAIL**

Mr. Paul F. Kirsch
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111-3834

Re:  Frank T. Shum v. Intel Corporation, et al.,
     United States District Court, Northern District
     of California, Case No. C-02-3262 DLJ (EMC)

Dear Paul:

We are writing to draw your attention to an apparent issue of conflict of interest involving
your firm that has very recently come to our attention. Mr. Verdiell learned for the first time
on March 21, 2008 that your firm will be acting as trial counsel in this case. He then
immediately advised us that since about August 2006 your firm has represented Aprius, Inc.
in patent matters. Our inquiry into the facts is ongoing, but our preliminary factual and legal
analysis suggests that your firm faces a conflict of interest that disqualifies it from
representing Mr. Shum in this litigation.

Here is a summary of what we have learned to date. Mr. Verdiell is the CEO and a principal
investor in Aprius, Inc. Aprius is privately held and does not disclose its current technology
or product plans, but its website indicates that its work involves optoelectronics. Aprius
executed a retention agreement with Townsend dated August 14, 2006. That agreement
contains no conflict disclosures or waivers. Since that time, Townsend has represented
Aprius in connection with multiple patent applications, and at least one issued
optoelectronic patent. Mr. Verdiell is listed as an inventor on several patent applications. In
addition to his role as CEO, Mr. Verdiell also is the company's chief patent strategist and
has worked closely with lawyers from Townsend, both on his own patents and with respect
to Aprius' overall patent strategy. Aprius' attorney-client relationship with Townsend, and
Mr. Verdiell's active role therein, are ongoing.

**CONFIDENTIAL**

TAYLOR & COMPANY
LAW OFFICES, LLP

Mr. Paul F. Kirsch
March 28, 2008
Page 2

Based on our present understanding of the facts and the law, your firm's representation of
Mr. Shum in his case against Mr. Verdiell is directly adverse to Aprius, a present client of
your firm, and hence gives rise to a disqualifying conflict of interest under California Rule
of Professional Conduct 3-310. Your firm's direct communications with Mr. Verdiell, both
past and ongoing, also present issues under California Rule of Professional Conduct 2-100.

It is obviously in all parties' interests to resolve this issue quickly and without litigation. To
that end, we welcome a very prompt response to this letter explaining whether you disagree
with our preliminary view of the relevant facts and law.

Very truly yours,

Stephen E. Taylor

cc. Mr. Jean-Marc Verdiell
    Mr. Robert C. Colwell

**CONFIDENTIAL**

# EXHIBIT G

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**San Francisco**

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel  415.576.0200
Fax 415.576.0300

James G. Gilliland, Jr.
415.273.7560
jggilliland@townsend.com

April 2, 2008

Stephen E. Taylor, Esq.
Taylor & Co.
One Ferry Building, Suite 355
San Francisco, CA  94111

Re:     *Shum v. Intel, et al.*
Our Reference No. 026396.000200US

Dear Stephen:

Paul Kirsch is out of town this week, so your letter of March 28, 2008, was routed to me. In that letter you say that Mr. Verdiell, the CEO and an investor in Aprius, Inc., which is a Townsend client, learned for the first time on March 21, 2008, that Townsend is not counsel for the plaintiff in the *Shum* case referenced above.  As I understand it, Mr. Verdiell is a defendant in that case.  Mr. Verdiell's statement is very hard to credit, since Townsend has represented Mr. Shum for two years now, and since Paul Kirsch very publicly argued on behalf of Mr. Shum in the Federal Circuit Court of Appeals.  Indeed, Townsend was providing legal services to Mr. Shum before it was hired by Aprius, Inc.

Nevertheless, assuming the statement is true, we disagree with your legal conclusion that any ethical conflict exists.  Townsend has two clients, Frank Shum and Aprius, Inc.  Those two clients do not have any dispute with each other.  Therefore, Townsend is not representing two clients whose interests are not odds with each other.  Indeed, your letter -- on behalf of Aprius, Inc., I assume -- seeking to derail a lawsuit filed against Mr. Verdiell individually, does not seem to be in the best interest of Aprius, Inc.

It is my understanding that the Aprius, Inc. patents are wholly unrelated to the patents in dispute in the *Shum* matter.  Nevertheless, I understand it may be awkward for Mr. Verdiell to be both an individual defendant in the *Shum* matter and an important employee of Aprius, Inc. If, therefore, you and he believe it is in the best interest of Aprius, Inc., to transfer its patent work to another firm, then we will help facilitate that transfer.  Within Townsend the Aprius, Inc. work is being done by an entirely different group of lawyers than are involved in the *Shum* lawsuit. Therefore, if Aprius would prefer, we also would be willing to simply separate the two groups of lawyers to ensure there is no overlap.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Stephen E. Taylor, Esq.
April 2, 2008
Page 2

Please let me know whether Aprius, Inc. wants us to transfer its files to another firm or set up a separate client team.

Sincerely yours,

James G. Gilliland, Jr.

JGG/exs
cc:      Robert Colwell, Esq.
         Paul F. Kirsch, Esq.