1 | FOLGER LEVIN & KAHN LLP
Ethan P. Schulman (CSB No. 112466, eschulman@flk.com)
2 | Amy L. Kashiwabara (CSB No. 210562, akashiwabara@flk.com)
Trina D. McAlister (CSB No. 253139, tmcalister@flk.com)
3 | Embarcadero Center West
275 Battery Street, 23rd Floor
4 | San Francisco, CA 94111
Telephone: (415) 986-2800
5 | Facsimile: (415) 986-2827

6 | Attorneys for APRIUS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>        Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, AND LIGHTLOGIC, INC.,<br><br>        Defendants. | Case No. C 02-3262 DLJ (EMC)<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF MARK L. TUFT IN OPPOSITION TO MOTIONS OF APRIUS, INC. TO INTERVENE AND TO DISQUALIFY TOWNSEND AND TOWNSEND AND CREW FROM REPRESENTING PLAINTIFF**<br><br>Date:     June 6, 2008<br>Time:    2:00 p.m.<br>Place:   Courtroom 1, 4th Floor<br>Judge:  Honorable D. Lowell Jensen |

**INTRODUCTION**

Having exhausted the 25-page limit that applies to its brief in opposition to Aprius' motion to disqualify, plaintiff submitted another nine pages of additional legal argument in the form of a Declaration of Mark L. Tuft ("Tuft Declaration"). Aprius hereby objects to the Tuft Declaration and moves that it be stricken in its entirety on the ground that it offers only legal opinions and conclusions, which are reserved for decision by the Court, and are not proper subjects for expert testimony.

It is clear from the first paragraphs of the Tuft Declaration that plaintiff (without admitting it) is asking the Court to treat Tuft as an expert on the law. Tuft has no personal knowledge of any fact relevant to Aprius's motions. *See* Tuft Decl. ¶8. Rather, the opinions set forth in the Tuft Declaration are based on Tuft's assessment of the law and his review of the pleadings before the Court. Case law makes clear that such "expert" legal opinions are inadmissible because the Court is the expert with specialized knowledge of the law. *See United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999) (experts "do not testify about the law because the judge's special legal knowledge is presumed to be sufficient"). "The principle that legal opinion evidence concerning the law is inadmissible is so well-established that it is often deemed a basic premise or assumption of evidence law – a kind of axiomatic principle." *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005) (citations and internal quotations omitted).

**THE TUFT DECLARATION OFFERS "EXPERT" OPINION ON THE LAW.**

After seven paragraphs of background and a brief recitation of the limited facts which Tuft reviewed, the Tuft Declaration states his opinion that Aprius's legal argument "cannot survive close analysis." *See* Tuft Decl. ¶11. The remainder of the Tuft Declaration consists entirely of Tuft's view of the applicable law and his application of the law to the facts. *Id.* ¶12-23. Quite simply, the Tuft Declaration is additional legal argument that seeks to reinforce and add to the legal argument set forth in plaintiff's opposition brief.

Thus, starting with Tuft's opinion on the "proper starting point" for a legal analysis (Tuft

1  Decl. ¶12), the Tuft Declaration sets forth an argumentative summary of the law, citing rules of
2  professional conduct, restatements of the law, and cases. Tuft even addresses and attempts to
3  distinguish *Committee on Legal Ethics v. Frame*, 433 S.E.2d 579 (W. Va. 1993) – a case cited by
4  Aprius but not mentioned in plaintiff's opposition brief. Tuft Decl. ¶20. Tuft also applies the law
5  as he sees it to the facts set forth in the pleadings and offers numerous legal conclusions
6  purporting to instruct the Court in the law and the meaning of various legal doctrines and cases,
7  including the following:

8  • "Townsend's professional relationship as patent counsel is with Aprius and not
9     Mr. Verdiell" (Tuft Decl. ¶12);

10 • "Aprius makes no showing in its motion that Townsend has either an express or
11    implied attorney-client relationship with Mr. Verdiell . . . Thus, Townsend does
12    not owe Mr. Verdiell a duty of fidelity as an individual client." (*Id.* ¶13)

13 • "The 'unity of interest' doctrine has its origins in corporate family conflicts and
14    does not apply to the facts of this case." (*Id.* ¶15)

15 • "None of these cases fits the factual context of the present motion." (*Id.* ¶16).

16     Plaintiff goes so far as to rely upon the Tuft Declaration as *authority for propositions of*
17 *law*. *See, e.g.*, Opp. at 18: 25-26 ("There is no unity of interest as a matter of law. Tuft Decl. ¶¶
18 17, 21").

19                    **TUFT'S OPINION ON THE LAW IS INADMISSIBLE.**

20     Federal Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized
21 knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a
22 witness qualified as an expert by knowledge, skill, experience, training, or education, may testify
23 thereto in the form of an opinion . . ." Fed. R. Evid. 702. Courts have consistently held that legal
24 conclusions and opinions on the law are inadmissible. The Ninth Circuit has put it succinctly:
25 "[Experts] do not testify about the law because the judge's special legal knowledge is presumed
26 to be sufficient, and it is the judge's duty to inform the jury about the law that is relevant to their
27 deliberations." *Scholl*, 166 F.3d at 973 (quoting *United States v. Brodie*, 858 F.2d 492, 496-97
28 (9th Cir. 1988) (holding that district court properly disallowed testimony of proffered experts on

1  tax and accounting law); *Aguilar v. Int'l Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir.
2  1992) (district court properly excluded expert declaration on "matters of law for the court's
3  determination," which "were inappropriate matters for expert testimony"); *accord, Marx v.*
4  *Diners Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977) ("It is not for witnesses to instruct the jury
5  as to applicable principles of law, but for the judge").

6        District courts in this Circuit have applied the same principle.  In *Pinal Creek Group v.*
7  *Newmont Mining Corp.*, 352 F. Supp. 2d 1037 (D. Ariz. 2005), a district court excluded expert
8  testimony from multiple law professors on corporate and antitrust law, observing that "federal
9  courts typically prohibit lawyers, professors, and other experts from interpreting the law for the
10 court or from advising the court about how the law should apply to the facts of a particular case."
11 *Id.* at 1042.  Further, "[i]n addition to prohibiting legal expert testimony which defines the
12 governing law, courts have also prohibited legal expert opinion which applies the law to the facts.
13 Many courts have held that the judge is the sole arbiter of the law and its application to the facts."
14 *Id.* at 1043.  Likewise, in *McDevitt v. Guenther*, 522 F. Supp. 2d 1272 (D. Haw. 2007), a district
15 court struck portions of an expert report submitted in a legal malpractice case.  The court held that
16 while the expert was "qualified as an expert in family law and [was] competent to opine about the
17 norms and practices of family law attorneys in Hawai'i," portions of the report that read "like a
18 legal brief and include[d] numerous legal conclusions" were inadmissible.  *Id.* at 1293.

19       Here, assuming *arguendo* that Tuft has been qualified as an expert, his Declaration would
20 be inadmissible.  Just as in *McDevitt* and *Pinal Creek*, the Tuft Declaration "reads like a legal
21 brief and includes numerous legal conclusions."  *McDevitt*, 522 F. Supp. 2d at 1293; *see also*
22 *Pinal Creek*, 352 F. Supp. 2d at 1044.  Tuft "cites case law to support his conclusions and
23 interprets the meaning and applicability" of governing law.  *McDevitt*, 522 F. Supp. 2d at 1294.
24 The Tuft Declaration "offers nothing other than a discussion of the law and an application of the
25 law."  *Pinal Creek*, 352 F. Supp. 2d at 1044.  Therefore, Tuft's Declaration is "inadmissible
26 because he makes legal conclusions, comments on the applicable law, and applies the law to the
27 facts, thus invading the province of the court and the jury."  *McDevitt*, 522 F. Supp. 2d at 1294.
28       The exclusion of opinions on the law applies equally to legal opinions related to ethics and

1 disqualification. For example, in *United States v. Eyerman*, 660 F. Supp. 775 (S.D.N.Y. 1987), the issue was whether the Court should recuse itself. Professors Monroe H. Freedman and Geoffrey C. Hazard (who, like Tuft, is the author of a professional responsibility treatise) presented "themselves as experts on ethics, and, as such, each expresse[d] his opinion on how, as a matter of law, the Court should decide" whether it should be disqualified. *Id.* at 781. The court found that submission of these professors' "gratuitous sworn legal opinions" was "rather presumptuous" and disregarded their legal opinions. *Id.* at 781. The same result should obtain here, where the Tuft Declaration offers nothing more than Tuft's argument regarding what the law is.

**CONCLUSION**

As the Tuft Declaration consists entirely of inadmissible legal argument, Aprius respectfully requests that its objections be sustained and the Tuft Declaration be stricken in its entirety.

Dated: May 23, 2008　　　　　　　　　　　　FOLGER LEVIN & KAHN LLP

　　　　　　　　　　　　　　　　　　　　　　/s/ Ethan P. Schulman
　　　　　　　　　　　　　　　　　　　　　　Ethan P. Schulman
　　　　　　　　　　　　　　　　　　　　　Attorneys for APRIUS, INC.

11578\9001\603137.1