TOWNSEND AND TOWNSEND AND CREW LLP
MARK T. JANSEN (State Bar No. 114896)
PAUL F. KIRSCH (State Bar No. 127446)
ANGUS M. MacDONALD (State Bar No. 212526)
TALI L. ALBAN (State Bar No. 233694)
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: mtjansen@townsend.com, pkirsch@townsend.com
        ammacdonald@townsend.com, tlalban@townsend.com

Attorneys for Plaintiff
FRANK T. SHUM

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>         Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, and LIGHTLOGIC, INC.,<br><br>        Defendants. | Case No.    C02-3262 DLJ (EMC)<br><br>**PLAINTIFF FRANK SHUM'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE**<br><br>Date:      July 25, 2008<br>Time:     2:00 p.m.<br>Place:    Courtroom 1, 4th Floor<br>            Hon. D. Lowell Jensen |

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................ 1

II.     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE
        STRICKEN BECAUSE DEFENDANTS FLAGRANTLY DISREGARD
        THE FEDERAL CIRCUIT'S MANDATE ........................................................ 1

III.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE
        STRICKEN BECAUSE IT RELIES UPON AND IS REPLETE WITH
        REFERENCES TO TESTIMONY, EVIDENCE AND LEGAL
        CONCLUSIONS FROM THE VACATED INVENTORSHIP TRIAL ............... 3

IV.     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE
        STRICKEN BECAUSE DEFENDANTS FAIL TO PRESENT NEW FACTS
        OR LAW THAT WOULD REQUIRE THIS COURT TO RECONSIDER ITS
        PRIOR RULINGS THAT ARE LAW OF THE CASE .................................... 5

V.      DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EACH OF
        THE INDIVIDUAL CAUSES OF ACTION IS FATALLY FLAWED AND
        SHOULD BE STRICKEN ................................................................................ 7

        A.      Defendants' Motion For Summary Judgment On Shum's Breach Of
                Contract Claim Is Duplicative Of Defendants' Prior Motion For
                Summary Judgment On The Same Claim, Previously Denied By This
                Court ....................................................................................................... 7

        B.      Defendants' Motion On Shum's Breach Of Fiduciary Duty, Fraud and
                Fraudulent Concealment Claims Are Also Duplicative Of Defendants'
                Prior Unsuccessful Motions ................................................................... 7

        C.      Defendants' Motion For Summary Judgment On Unjust Enrichment Is
                Untimely And Should Be Stricken ......................................................... 9

        D.      Defendants' Motion For Summary Judgment On Inventorship Is
                Untimely .................................................................................................. 9

VI.     OBJECTIONS TO EVIDENCE ...................................................................... 10

VII.    CONCLUSION ................................................................................................ 12

PLAINTIFF FRANK SHUM'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
OBJECTIONS TO EVIDENCE

CASE NO. C02-3262 DLJ (EMC)                                                                          - i -

# TABLE OF AUTHORITIES

*Page*

**U.S. Cases**

*Advanced Semiconductor Materials America, Inc. v. Applied Materials, Inc.,*
   922 F. Supp. 1439 (N.D. Cal. 1996) .................................................................. 5, 10

*Ammann v. Home Investment Co.,*
   243 F.2d 748 (9th Cir. 1957) ............................................................................... 6

*Bryan v. Bellsouth Telecomm., Inc.,*
   No. Civ. 1:02CV00228, 2006 WL 1540644, at *5 (M.D.N.C. May 31, 2006).................. 4

*Day v. Amax, Inc.,*
   701 F.2d 1258 (8th Cir. 1983) ......................................................................... 4, 10

*Ethicon v. United States Surgical Corp.,*
   135 F.3d 1462 (Fed. Cir. 1997) ........................................................................... 5

*Kelley v. Price-Macemon, Inc.,*
   992 F.2d 1408 (5th Cir. 1993) ............................................................................. 4

*Langston v. Johnson,*
   478 F.2d 915 (D.C. Cir. 1973).............................................................................. 4

*Markman v. Westview Instruments, Inc.,*
   52 F.3d 967 (Fed. Cir. 1995) (Mayer, J., concurring), *aff'd,* 517 U.S. 370 (1996) ........... 5

*Overland Plumbing, Inc. v. Transamerica Ins. Co.,*
   119 Cal.App. 3d 476 (1981) .............................................................................. 10

*Phillips v. AWH Corp.,*
   376 F.3d 1382 (Fed. Cir. 2004) ........................................................................... 4

*Securities Investor Protection Corp. v. Vigman,*
   74 F.3d 932 (9th Cir. 1995) ............................................................................ 6, 9

*Shum v. Intel,*
   499 F.3d 1272 (Fed. Cir. 2007) ..................................................................... 1, 2, 9

*Siemens Westinghouse Power Corp. v. Dick Corp.,*
   219 F.R.D. 552 (S.D.N.Y. 2004) .......................................................................... 5

*Staefa Control-Systems, Inc., v. St. Paul Fire & Marine Ins. Co.,*
   875 F. Supp. 656 (N.D. Cal. 1994).......................................................................... 6

*Trovan, Ltd. v. Sokymat Sa,*
   299 F.3d 1292 (Fed.Cir. 2002) ......................................................................... 4, 5

*U.S. v. Thrasher,*
   483 F.3d 977 (9th Cir. 2007) .......................................................................... 6, 7, 8

1

**TABLE OF AUTHORITIES (con't)**

2

<u>Page</u>

3 *United States v. Ayres,*
    76 U.S. 608 (1869) .................................................................................................................. 4, 10

4

*United States v. O'Connell,*
5    890 F.2d 563 (1st Cir. 1989) ...................................................................................................... 4

6 **U.S. Statutes**

7 F.R.C.P. 56(g) ............................................................................................................................. 5

8 **Other Authorities**

9 66 C.J.S. *New Trial* § 296 (2008) ................................................................................................. 4

10 William W. Schwarzer et al., *Federal Civil Procedure Before Trial,*
    ¶ 14:367 (2008) .......................................................................................................................... 5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 25, 2008, at 10:00 a.m., in Courtroom 1 of the above-entitled Court, located at 1301 Clay Street, 4th Floor, Oakland, California 94612, before the Honorable D. Lowell Jensen, Plaintiff Frank T. Shum ("Shum"), and through his attorneys, will and hereby moves for an order striking Defendants' Motion for Summary Judgment.  In addition, Shum objects to certain evidence submitted by Defendants in support of their Motion for Summary Judgment and accordingly will and hereby moves for an order striking such inadmissible matter.

This motion is based upon the Memorandum of Points and Authorities submitted herewith, all other relevant pleadings and papers submitted in this action, any arguments of counsel and any other evidence which may be presented at or before the hearing on these motions.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants' Motion for Summary Judgment ("Motion") on Frank Shum's inventorship and factually "intertwined" state law claims are fatally flawed, both procedurally and substantively.  First, the Motion flagrantly disregards the Federal Circuit's mandate that Shum's inventorship and state law claims be tried to a jury.  *See Shum v. Intel*, 499 F.3d 1272, 1276 (Fed. Cir. 2007).  Second, the Motion is replete with impermissible references to testimony, documents and legal conclusions from the now- vacated inventorship trial.  Third, Defendants have already moved – more than once – on nearly all of these same arguments, and lost.  Finally, Defendants' unjust enrichment and inventorship arguments are untimely and have been waived.  Accordingly, Shum respectfully moves the Court to strike Defendants' Motion for Summary Judgment and all supporting documents.

### II.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE STRICKEN BECAUSE DEFENDANTS FLAGRANTLY DISREGARD THE FEDERAL CIRCUIT'S MANDATE

In yet another effort to avoid a jury trial on Shum's claims, Defendants filed a Motion that contradicts the plain mandate of the Federal Circuit, which determined that a jury trial is appropriate on the fact issues common to Shum's inventorship and state law claims.  *Shum*, 499 F.3d at 1279.  In reversing this Court's decision to try Shum's inventorship claim before his state law claims, the

PLAINTIFF FRANK SHUM'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE

CASE NO. C02-3262 DLJ (EMC)                                          1

Federal Circuit stated:

> We next consider whether Shum's equitable claim and any of the asserted legal claims share common **factual issues**. … Thus, the **facts** surrounding the inventorship claim concern the degree of Shum's inventive contribution to the claimed inventions, which necessarily include, inter alia, when and where the claimed inventions were conceived, and by whom.

> … Here, Shum's fraud claim was based, in part, on his assertion that Verdiell made misrepresentations to the Patent and Trademark Office and third parties that he was the sole inventor of the patents in suit. … Thus, the alleged misrepresentation involved Verdiell's statement that he was the sole inventor of the patents in suit. As such in order to prove his fraud claim, Shum would have been required to prove the falsity of that representation by establishing, at the very least, that Verdiell did not solely conceive the inventions. Indeed, a showing that Shum was a joint inventor, if not the sole inventor, of the claimed inventions proves such falsity. In this regard, the critical question regarding the fraud claim again centers on conception. Thus, the **facts** relating to the fraud claim, namely Shum's alleged contribution to the claimed invention, are common, if not identical, to the **facts** underlying the inventorship claim.

> Notably, both the trial court and the appellees acknowledge the commonality between the two claims at various points in the record. In its bifurcation order, the court noted that:

> > Like the majority of Shum's claims, an action for fraud against Verdiell chiefly relies on the **factual determination** of inventorship. If Verdiell was not an inventor of the patent applied for, he misrepresented his status as an inventor, caused Shum to withdraw the patent based on that misrepresentation, and subsequently filed a fraudulent patent listing himself as the sole inventor. Thus, the **factual issue** of inventorship is a central issue in the determination of fraud. …

> Thus, the record underscores that Shum's inventorship claim is 'inextricably intertwined' with at least one of his state law claims.

> We thus conclude that commonality exists between the **factual issues** underlying the inventorship and fraud claims. While Shum would not be entitled to a jury trial on the § 256 inventorship claim standing alone, given the co-pendency of the asserted fraud claim, **a jury should determine the facts** regarding inventorship. … **Because Shum was improperly denied a jury trial on legal issues, the case must be remanded for a trial before a jury**. *See Lytle v. Household Mfg., Inc.,* 494 U.S. 545, 553 (1990) (noting that a new trial is required when a trial court erroneously resolves an equitable claim prior to resolution of a legal claim)."

*Id.* at 1273, 1279 (emphasis added). Therefore, it is beyond dispute that the factual issue of

PLAINTIFF FRANK SHUM'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE

CASE NO. C02-3262 DLJ (EMC)                2

inventorship, that is, "when and where the claimed inventions were conceived, and by whom," present numerous and obvious questions of fact that require a jury trial.

This Court and Defendants themselves have acknowledged that Shum's inventorship claim depends largely on the resolution of factual issues. For example, this Court, in its order on summary judgment order and bifurcation, stated that "it is obvious that the inventorship claims of the plaintiff are inextricably bound, both legally and **factually**, to his state law . . . claims." (Alban Decl. Ex. A at 31-32) (emphasis added). Similarly, Defendants acknowledged that the inventorship claim is factually inseparable from the state law claims when they argued in opposition to Shum's motion to remand the case to state court, that "Inventorship is a necessary element of all plaintiff's causes of action." (Alban Decl. Ex. B at 5.) Likewise, Defendants acknowledged the importance of questions of fact inherent in the inventorship claim in their brief on appeal, arguing that the "Trial Court's **Factual Findings And Credibility Determinations**" required affirmance. (Alban Decl. Ex. C at 25) (emphasis added). Defendants clearly understood that they could not file a "no fact issue" summary judgment motion on Shum's inventorship claim – they filed their previous motion for summary judgment on Shum's inventorship claim *solely* on "equitable estoppel" grounds. (Alban Decl. Ex. D at 8-12). Therefore, Defendants' present Motion, contending there are no factual issues common to Shum's inventorship and state law claims, strains the bounds of credulity and flagrantly disregards Federal Circuit's mandate.

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE STRICKEN BECAUSE IT RELIES UPON AND IS REPLETE WITH REFERENCES TO TESTIMONY, EVIDENCE AND LEGAL CONCLUSIONS FROM THE VACATED INVENTORSHIP TRIAL

Just as they did in their first Status Conference Statement following remand from the Federal Circuit, Defendants in this Motion persist in seeking summary reinstatement of this Court's now vacated second summary judgment Order following the vacated inventorship trial. (*See* Alban Decl. Ex. at 1-2, Defendants' February 4, 2005 Status Conference Statement (arguing that portions of this Court's second summary judgment order following its vacated inventorship order remain the law of

1    the case).)  In accordance with this erroneous view, Defendants' Motion relies on testimony and

2    exhibits[1] from the ***vacated*** inventorship trial.  (*See* Shum's Objections to Evidence, Section VI, *infra*,

3    for specific evidentiary objections).  But all of this evidence must be completely disregarded, since

4    following the Federal Circuit's mandate to vacate the previous inventorship trial and follow-on

5    summary judgment Order, the parties "are left in the same situation as if no trial had ever taken place

6    in the cause," and all evidence, including testimony, must be presented anew.  *United States v. Ayres*,

7    76 U.S. 608, 610 (1869); *Bryan v. Bellsouth Telecomm., Inc.*, No. Civ. 1:02CV00228, 2006 WL

8    1540644, at *5 (M.D.N.C. May 31, 2006) (quoting *United States v. Ayres*); *Day v. Amax, Inc.*, 701

9    F.2d 1258, 1263 (8th Cir. 1983) ("Following the grant of a new trial, the second trial, absent any

10   stipulations by the parties to the contrary, proceeds de novo."); 66 C.J.S. *New Trial* § 296 (2008)

11   ("Ordinarily, evidence taken and filed on the former trial is not a part of evidence on the new trial and

12   cannot be considered.").[2]

13        Defendants also improperly attempt to rely on the claim construction ruling from the

14   inventorship trial for the construction of the term "leg."  Memo at 30 n. 11.[3]  An inventorship analysis,

15   however, like an infringement or invalidity analysis, begins as a first step with a construction of each

16   asserted claim to determine the subject matter encompassed thereby.  *Trovan, Ltd. v. Sokymat Sa*, 299

17   F.3d 1292, 1303 (Fed.Cir. 2002) (citing *Markman v. Westview Instruments, Inc*., 52 F.3d 967, 996 n.7

---

[1] Shum is objecting to the exhibits Defendants relied upon in their Motion only to the extent these exhibits were introduced or used during the inventorship trial.  Citations to exhibits from the trial are improper for the same reason reliance on testimony from the vacated trial is impermissible.

[2] Defendants rely on inapposite cases to support their argument that reliance on testimony from the inventorship trial is proper.  In none of the cases upon which Defendants rely, had the prior proceeding been vacated by an appellate court.  *See, e.g., Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1415 n.12 (5th Cir. 1993) (trial court granted new trial on limited issue and upon motion for summary judgment relied on record from prior trial in same the court); *United States v. O'Connell*, 890 F.2d 563, 567 (1st Cir. 1989) (trial court relied upon testimony from prior criminal trial); *Langston v. Johnson*, 478 F.2d 915, 918 n.17 (D.C. Cir. 1973) (court may rely on certified transcript from administrative proceedings).

[3] As will be addressed in Plaintiff's forthcoming Claim Construction Brief, the Court's previous construction, which was issued prior to the Federal Circuit's *en banc* decision in *Phillips v. AWH Corp.*, 376 F.3d 1382 (Fed. Cir. 2004), is incorrect under more recent Federal Circuit authority.

1   (Fed. Cir. 1995) (Mayer, J., concurring), *aff'd,* 517 U.S. 370 (1996)).  The second step is then to

2   compare the alleged contributions of each asserted co-inventor with the subject matter of the properly

3   construed claim to then determine whether the correct inventors were named. *See id. (*citing *Ethicon v.*

4   *United States Surgical Corp.*, 135 F.3d 1456 at 1462 (Fed. Cir. 1997)).  In setting a new *Markman*

5   briefing and hearing schedule after the Federal Circuit's remand of the case, the Court itself

6   acknowledged that it must construe the disputed claims in order to conduct an inventorship analysis

7   and may not rely on legal conclusions from a vacated trial.  (Alban Decl. Ex. F).  That claim

8   construction hearing is not scheduled to occur until later this Summer.

9        Accordingly, because Defendants brazenly disregard the rule prohibiting reliance on the

10  vacated inventorship trial, Defendants' Motion should not be considered and should instead be stricken

11  in its entirety.

12  **IV.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE STRICKEN**
        **BECAUSE DEFENDANTS FAIL TO PRESENT NEW FACTS OR LAW THAT**
13      **WOULD REQUIRE THIS COURT TO RECONSIDER ITS PRIOR RULINGS THAT**
        **ARE LAW OF THE CASE**
14

15       Defendants' merely reargue many of the <u>exact same</u> legal arguments they presented in their

16  first summary judgment motion, and which this Court rejected.  Defendants' Motion is essentially an

17  improper motion for reconsideration, which requires that the movant proffer new law or facts.

18  *Advanced Semiconductor Materials America, Inc. v. Applied Materials, Inc*., 922 F. Supp. 1439, 1442

19  (N.D. Cal. 1996) (to renew motion for summary judgment, moving party must show "a different set of

20  facts or some other reason justifying renewal of the motion."); William W. Schwarzer et al., *Federal*

21  *Civil Procedure Before Trial* ¶ 14:367 (2008) ("A motion that is 'substantially identical' to an earlier

22  motion that was denied and presents no new grounds may be treated as in bad faith, justifying an

23  award of sanctions under F.R.C.P. 56(g).").  Defendants, however, have not attempted to show any

24  grounds – no new law or new facts – to support their regurgitated Motion.  Courts generally

25  disapprove of "piecemeal consideration of successive motions for summary judgment because parties

26  ought to be held to the requirement that they present their strongest case for summary judgment when

27  the matter is first raised." *Siemens Westinghouse Power Corp. v. Dick Corp*., 219 F.R.D. 552, 554

28  (S.D.N.Y. 2004) (declining review of subsequent summary judgment motion where moving party

1   failed to raise "any new facts or arguments which it could not have raised in the first round of

2   briefing").

3           Moreover, Defendants themselves recently told this Court that "this Court's prior rulings that

4   were not appealed" are "law of the case." (Alban Decl. Ex. E at 1-2)  They are correct.  Defendants

5   did not appeal this Court's April 27, 2004 order denying their summary judgment on each one of

6   plaintiff's claims and the purported "absence of damage." (Alban Decl. Ex. A at 20-25)  Accordingly,

7   this Court's rulings on those issues are "law of the case." *Securities Investor Protection Corp. v.*

8   *Vigman*, 74 F.3d 932, 937 (9th Cir. 1995) (upholding district court's denial of a motion for

9   reconsideration of summary judgment based upon the fact that the issue had been subsumed in the

10  original summary judgment or that the issue was abandoned on appeal and, therefore, waived).  In

11  similar circumstances, the Ninth Circuit has flatly disapproved of the granting of summary judgment

12  that raised issues identical to those already adjudicated in the case, and which violated the court of

13  appeals' mandate.  *See Ammann v. Home Investment Co.*, 243 F.2d 748, 758 (9th Cir. 1957) (vacating

14  district court's order granting summary judgment which violated the Ninth Circuit's mandate).

15  Likewise, Defendants did not appeal this Court's ruling denying their Motion to Dismiss concerning

16  Shum's standing to bring suit against Verdiell for breach of fiduciary duty.  Therefore, this Court's

17  Order is also law of the case on that issue and precludes reconsideration of these exact same

18  arguments.  *U.S. v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) ("Under the doctrine [of law of the

19  case], a court is generally precluded from reconsidering an issue previously decided by the same court,

20  or a higher court in the identical case.")

21          Because Defendants are reasserting the same arguments they previously asserted, their Motion

22  is nothing more than a poorly disguised motion to reconsider this Court's previous orders denying

23  Defendants' motions to dismiss and for summary judgment.  Such a motion is only appropriate if

24  brought within a year after the entry of judgment and presents either new law, facts or to prevent

25  injustice.  *See Staefa Control-Systems, Inc.*, *v. St. Paul Fire & Marine Ins. Co.,* 875 F. Supp. 656, 658

26  (N.D. Cal. 1994).  Here, Defendants cannot meet the standard, as they have not presented the Court

27  with evidence of newly discovered facts, nor has any recently decided case, including the Federal

28  Circuit's decision in this case, changed the landscape of the law.  Accordingly, Defendants' Motion

1    and Memo should be stricken in their entirety.

2

3    **V.     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EACH OF THE
         INDIVIDUAL CAUSES OF ACTION IS FATALLY FLAWED AND SHOULD BE
         STRICKEN**

4

5        **A.     Defendants' Motion For Summary Judgment On Shum's Breach Of Contract
             Claim Is Duplicative Of Defendants' Prior Motion For Summary Judgment On
             The Same Claim, Previously Denied By This Court**

6

7    Defendants move for summary judgment on the breach of contract claim cause because "Shum

8    could not have been damaged by Verdiell's patenting of Radiance IP."  Memo. at 9:16-17; *see also id.*

9    at 10:10-11 ("Because Shum cannot show actual damage, the Court should grant summary judgment

10   in Verdiell's favor on Shum's breach of contract claim.").  Yet this is the *same* unsuccessful argument

11   that Defendants made – and lost – in their previous summary judgment motion.  (Alban Decl. Ex. G at

12   20 ("Whether or not the Plan allows patenting, Shum cannot prove that anything Verdiell did caused

13   Shum any damage.").

14   As this Court stated in its April 27, 2004 Order:

15          Verdiell argues that he is entitled to summary judgment because
            Shum cannot establish that Verdiell caused any damage.

16          Recognizing that summary judgment requires a court to view the
17          evidence in a light most favorable to the nonmoving party, the Court is
            inclined to allow Shum to present his damage theories based on contract and
18          tort principles to a jury.

19   (Alban Decl. Ex. A at 25.)  Because Defendants rehash an argument already denied by this Court, and

20   no intervening new law or facts have arisen, the "law of the case" doctrine mandates that the Court not

21   consider this argument again.  *Thrasher*, 483 F.3d at 981.

22       **B.     Defendants' Motion On Shum's Breach Of Fiduciary Duty, Fraud and Fraudulent
             Concealment Claims Are Also Duplicative Of Defendants' Prior Unsuccessful
             Motions**

23

24   The Federal Circuit specifically mandated a jury trial on Shum's fraud claims.  Defendants do

25   not even attempt to explain why that mandate should be ignored.  Instead, Defendants half-heartedly

26   request summary judgment on Shum's fraud claims based on a lack of damages.  *See* Memo. at  17.

27   Again, however, Defendants make the same arguments they did in their prior, unsuccessful summary

28   judgment motion in early 2004.  (*Compare* Feb. 13, 2004 Motion for Summary Judgment 1 at 20

1   (Alban Decl. G) ("Shum cannot prove that anything Verdiell did caused Shum any damages, which is

2   an essential component of his state law claims," *with* Memo at 17 ("Shum cannot prove that he

3   suffered any damage based on his fraud allegations any better than he can prove damages for his

4   breach of contract claim."))

5        In denying Defendants' prior summary judgment motion with respect to damages, this Court

6   stated in its April 27, 2004 Order:

7           For the purposes of summary judgment, viewed in the light most favorable
    to Shum, sufficient facts exist to establish that Verdiell proximately caused

8           damage to Shum by his fraudulent conduct or by breach of the Plan.
    Accordingly, summary judgment is denied on the issue of damages under

9           contract and fraud theories of recovery.

10  (Alban Decl. Ex. A at 26.)  Thus, the "law of the case" doctrine again requires that the Court not to

11  consider this argument another time.  *Thrasher*, 483 F.3d at 981.

12       Likewise, Defendants now move for summary judgment on Shum's breach of fiduciary duty

13  claim, asserting perfunctorily that "Verdiell did not owe fiduciary duties to Shum."  Memo at 11.  This

14  argument is also the exact argument Defendants asserted in their second summary judgment motion

15  which was based upon this court's vacated inventorship order.  (*See* Alban Decl. Ex. H at 13 ("Verdiell

16  owed no fiduciary duty to Shum . . . ").)  Defendants' argument is also essentially the same argument

17  they asserted in their Motion to Dismiss the Second Amended Complaint.  (*See* Alban Decl. Ex. I at

18  16. (Shum cannot assert a fiduciary duty claim against Verdiell because "any damage that occurred

19  was done to the corporation not Shum".)  In ruling on defendants' motion to dismiss the Court stated:

20          Plaintiff argues that Verdiell, as president of Radiance Design, owed
    Plaintiff a stockholder, the duties of loyalty, disclosure, corporate

21          opportunities, and care …[t]he Court [] finds that Plaintiff has standing
    to file this breach of fiduciary duty claim.  Although Plaintiff bases the

22          claim upon the conduct of a third party which injured the corporation of
    which he is a stockholder, the injury alleged by Plaintiff is specific to

23          him as an individual.  Plaintiff asserts that Verdiell purposely breached
    his fiduciary duties to Radiance Design with the intent and

24          accomplishment of damaging Plaintiff personally and exclusively. …
    Because the alleged wrong is personal and exclusive to Plaintiff, he has

25          standing to bring the breach of fiduciary duty to claim."  *See Sutter v.
    General Petroleum Corp.*, 28 Cal.2d 525, 530 (1946).

26

27  (Alban Decl. Ex. J at 24-25.)

28       Again, this ruling is "law of the case" *Thrasher,* 483 F.3d at 981; (*See also* Defendants' Feb.

2008 Status Conference Statement, Alban Dec. Ex. E at 1-2).  Moreover, the Court's second, March 25, 2003, order granting summary judgment on the fiduciary duty claim has been vacated by the Federal Circuit because of the fact issues intertwined with Sum's inventorship and state law claims

### C.   Defendants' Motion For Summary Judgment On Unjust Enrichment Is Untimely And Should Be Stricken

Defendants' pure legal argument on summary judgment that Shum's unjust enrichment claim is proscribed by the Plan of Liquidation is untimely and should be considered waived.  In early 2003, Defendants moved to dismiss Shum's unjust enrichment cause of action, arguing that this claim was based on Shum's other causes of action including the fraudulent concealment.  (*See* Alban Decl. Ex. I at 2.)  After prevailing on their motion to dismiss before this Court, Defendants then argued in its appellate brief to the Federal Circuit that the dismissal of Shum's unjust enrichment claim should be affirmed by asserting that the claim is duplicative of and dependent upon Shum's fraudulent concealment cause of action, and that California law purportedly did not recognize an unjust enrichment claim as a separate cause of action.  (*See* Alban Decl. Ex. C at 64-65.)  The Federal Circuit held otherwise.  *See Shum v. Intel Corp.*, 499 F.3d at 1279-80.

Now, Defendants change course in their current Motion (after at least two previous legal arguments already failed), and argue for the first time that the unjust enrichment claim cannot proceed since the "alleged misconduct involves a subject matter within the scope of an express contract." Memo. at 4:4-5.  Thus, having failed to convince the Federal Circuit that the unjust enrichment claim is duplicative of the fraudulent concealment claim, Defendants now assert a new legal argument: the unjust enrichment claim is duplicative of the breach of contract claim.  *See* Memo. at 4:22-23 ("While Shum may be able to allege a cause of action for breach of contract against Verdiell, he cannot maintain a separate cause of action for unjust enrichment.").  Defendants could have and should have made this argument in their motion to dismiss in 2003 or in their appellate brief in 2006.  Such ever-shifting arguments are untimely and have therefore been waived.  They did not.  *See Securities Investor Protection Corp.*, 74 F.3d at 937.

### D.   Defendants' Motion For Summary Judgment On Inventorship Is Untimely

Defendants waived their right to move for summary judgment on inventorship.  Defendants'

1  first moved for Summary Judgment on Shum's inventorship claims based on the doctrine of Equitable

2  Estoppel. (*See* Alban Decl. Ex. D at 8-12.) The Court rejected Defendants' arguments and denied their

3  motion for summary judgment. (Alban Decl. Ex. A at 29-31.) Now, Defendants move for summary

4  judgment on new grounds, that Shum's factual evidence of inventorship is "insufficient." Memo at 25-

5  33. Per this Court's Order, the deadline to move for summary judgment was February 13, 2004, and

6  Defendants should have raised this argument at that time. (Alban Decl. Ex. K). Defendants did not

7  assert this "insufficient facts" argument on Shum's inventorship claim because they knew it was

8  meritless. *See* Section II, *supra*. Furthermore, Defendants have not shown a "different set of facts" or

9  some other reason for filing this late summary judgment motion. *See, e.g. Advanced Semiconductor*

10 *Materials*, 922 F.Supp. at 1442. This motion should be summarily denied.

11     For all the foregoing reasons, the Court should Strike Defendants' improper Motion for

12 Summary Judgment.

13 **VI.    OBJECTIONS TO EVIDENCE**

14     The evidence submitted in support of a motion for summary judgment must meet the standards

15 of admissible evidence. *See, e.g., Overland Plumbing, Inc. v. Transamerica Ins. Co.*, 119 Cal.App. 3d

16 476, 484 (1981). As discussed above, testimony from a trial that has been vacated is inadmissible and

17 is insufficient to support a motion for summary judgment.

18

| | EVIDENCE TO STRIKE | DESCRIPTION | REASON FOR STRIKING EVIDENCE |
|---|---|---|---|
| 1. | Declaration of Stephen E. Taylor ¶ 5 and Exhibit 3 | Shum 11/14/2003 deposition testimony at: 536:7-537:3; 527:10-528:10 | Mischaracterizes the testimony<br><br>Defendants state that "Shum acknowledged that by patenting Radiance technology, Verdiell protected Shum's alleged inventions from the public domain." (Memo at 17.) This statement mischaracterizes Shum's position, which was that Mr. Verdiell obtained exclusive patent rights to the technology, to the exclusion of Shum. (*See* Ex. 3 to Taylor decl. at 536:18-537:6.) |
| 2. | Declaration of Stephen E. Taylor ¶ 10 and Exhibit 8 | Shum 1/10/2005 inventorship trial testimony at: 155:1-7; 178:20-182:23; 208:22-209:6, 213:25-214:18; 66:15-69:13; 69:19-71:14; 150:13-151:3. | Testimony from vacated Trial.<br><br>Once the Federal Circuit vacated the inventorship trial Order and follow on summary judgment Order, the parties "are left in the same situation as if no trial had ever taken place in the cause," and all |

PLAINTIFF FRANK SHUM'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE

CASE NO. C02-3262 DLJ (EMC)                                    10

| | EVIDENCE TO STRIKE | DESCRIPTION | REASON FOR STRIKING EVIDENCE |
|---|---|---|---|
| | | | evidence, including testimony, must be presented anew. *United States v. Ayres*, 76 U.S. 608, 610 (1869); *Day v. Amax, Inc.*, 701 F.2d 1258, 1263 (8th Cir. 1983) ("Following the grant of a new trial, the second trial, absent any stipulations by the parties to the contrary, proceeds de novo.") |
| 3. | Declaration of Stephen E. Taylor ¶ 11 and Exhibit 9 | Shum 1/11/2005 inventorship trial testimony at: 344:2-5; 358:19-365:12; 272:25-273:20; 228:1-10. | Testimony from vacated Trial (*See* Objection No. 2.) |
| 4. | Declaration of Stephen E. Taylor ¶ 12 and Exhibit 10 | Shum 1/12/2005 inventorship trial testimony at: 492:5-493:16, 496:11-17; 446:13-448:28; 452:17-453:8. | Testimony from vacated Trial. (*See* Objection No. 2) |
| 5. | Declaration of Stephen E. Taylor ¶ 13 and Exhibit 11 | Third-party witness Les Duman 1/13/2005 inventorship trial testimony at: 639:20-640:9, 643:18-24; 650:14-17; 667:4-25.<br><br>Shum's expert witness Wayne Knox 1/13/2005 inventorship trial testimony at: 760:5-766:4; 764:19-765:2. | Defendants Falsely characterize the testimony of Duman at: 650:14-17 as being a discussion between Verdiell and Duman. This testimony, however, relates to Duman's observance of a discussion between Verdiell and Shum. (*See* Alban Decl. Ex. L at 649:14-650:17.)<br><br>Mischaracterizes Mr. Knox's testimony at 760:5-766:4. Defendants claim that Mr. Knox testified that, with some exception, "all the [ ] elements of the DBC patents were well known, and thus prior art, by 1996." Memo at 27. Mr. Knox, however, never testified that he had seen all the elements of the Step Patents in one reference, as would have been required for Defendants' charachterization to be accurate.<br><br>All testimony within this Exhibit is also testimony from the vacated trial. (*See* Objection No. 2.) |
| 6. | Declaration of Stephen E. Taylor ¶ 14 and Exhibit 12 | Verdiell 1/18/2005 inventorship trial testimony at: 995:2-998:9; 1002:10-1007:3; 1043:3-1048:12; 1057:3-1058:10. | Testimony from vacated Trial. (*See* Objection No. 2.) |
| 7. | Declaration of Stephen E. Taylor ¶ 15 and Exhibit 13 | Verdiell 1/19/2005 inventorship trial testimony at: 1077:6-1079:14; 1080:11-1081:13; 1084:19-1086:25; 1087:17-1088:18; 1090:4-1091:7; 1116:5-1117:21; 1120:3-1126:10; | Testimony from vacated Trial. (*See* Objection No. 2.) |

PLAINTIFF FRANK SHUM'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE

CASE NO. C02-3262 DLJ (EMC)                    11

| EVIDENCE TO STRIKE | DESCRIPTION | REASON FOR STRIKING EVIDENCE |
|---|---|---|
| | Third-party witness Marek Alboszta 1/19/2005 inventorship trial testimony at: 1238:11-1239:16 | |
| 8. Declaration of Stephen E. Taylor ¶ 16 and Exhibit 14 | Defendants' expert wtitness John Lawson Koch 1/20/2005 inventorship trial testimony at: 1410:4-1413:8; 1482:9-1483:17 | Testimony from vacated Trial. (*See* Objection No. 2.) |

## VII.    CONCLUSION

For the foregoing reasons, Plaintiff Frank. T. Shum respectfully moves this Court to strike Defendants' Motion for Summary Judgment and supporting evidence in their entirety.

DATED:                                     Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By:        /s/
                            TALI L. ALBAN
                        Attorneys for Plaintiff
                        FRANK T. SHUM

61375039 v2