STEPHEN E. TAYLOR (SBN 58452)
JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:   (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

RAGESH K. TANGRI (SBN 159477)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California  94111
Telephone: (415) 391-5400
Facsimile:   (415) 397-7188
E-mail: rtangri@kvn.com

Attorneys for Defendants INTEL
CORPORATION, LIGHTLOGIC, INC.
and JEAN-MARC VERDIELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL and LIGHTLOGIC, INC.,<br><br>　　　　Defendants. | Case No.: C 02-03262 DLJ (EMC)<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS INTEL CORPORATION AND JEAN-MARC VERDIELL** |

TAYLOR & CO.
LAW OFFICES, LLP

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS
OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS INTEL CORPORATION AND
JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 2

    A.  PRE-REMAND DISCOVERY ................................................................................ 2

    B.  JUDGE JENSEN'S LIMITED DISCOVERY ......................................................... 3

    C.  PLAINTIFF'S ATTEMPT TO REOPEN DISCOVERY ........................................ 4

        1.  Shum's Fifth Set of Requests for Production of Documents ....................... 4

        2.  Shum's Sixth Set of Requests for Production ............................................... 5

II. ARGUMENT ........................................................................................................................ 6

    A.  SHUM'S FIFTH RFP DOES NOT INCLUDE ANY REQUESTS THAT COULD NOT HAVE BEEN PROPOUNDED EARLIER ...................................... 6

        1.  The Reinstatement of the Unjust Enrichment Cause of Action Adds No New Issue for Discovery ................................................................ 6

        2.  All Of The Requests In Plaintiff's Fifth RFP Were or Could Have Been Propounded During the Four-Year Discovery Period ......................... 7

            (a)  The Fifth RFP Covers The Same Ground As Shum's Prior Discovery Requests ................................................................ 7

            (b)  Shum Is Not Allowed A "Second Bite at the Apple" Because New Counsel Wishes to Redo Discovery ........................... 9

            (c)  Shum Already Sought and Received Sufficient Discovery Covering His Unjust Enrichment Cause of Action ......................... 10

        3.  Rule 26(e) Does Not Provide Any Basis For Granting the Motion to Compel ................................................................................. 11

    B.  SHUM'S MOTION TO COMPEL PRODUCTION REGARDING THE SIXTH RFPs SHOULD BE REJECTED ................................................................ 12

III. CONCLUSION .................................................................................................................. 14

i.

TAYLOR & CO.
LAW OFFICES, LLP

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

# TABLE OF AUTHORITIES

**CASES**

*Benhabib v. Hughes Elecs. Corp.*,
   2007 U.S. Dist. LEXIS 87500 (C.D. Cal. April 2, 2007)......................................................... 7

*Cacique, Inc. v. Robert Reiser & Co.*,
   169 F.3d 619 (9th Cir. 1999) ............................................................................................... 10

*Carson v. Bethleham Steel Corp.*,
   82 F.3d 157 (7th Cir. 1996)............................................................................................. 9, 11

*Havenfield Corp. v. H & R Block, Inc.*,
   509 F.2d 1263 (8th Cir. 1975) .............................................................................................. 11

*Hussain v. Nicholson*,
   435 F.3d 359 (D.C. Cir. 2006) ............................................................................................... 9

*In re ATM Fee Antitrust Litig.*,
   2007 U.S. Dist. LEXIS 47943 (N.D. Cal. June 25, 2007) ................................................... 12

*McBride v. Boughton*,
   123 Cal. App. 4th 379 (2004) ................................................................................................ 6

*Nordberg v. Trilegiant Corp.*,
   445 F. Supp. 2d 1082 (N.D. Cal. 2006) ................................................................................ 6

*Photomedex, Inc. v. Irwin*,
   2007 U.S. Dist. LEXIS 56774 (S.D. Cal. Aug. 2, 2007)..................................................... 10

*Porter v. California Department of Corrections*,
   2006 U.S. Dist. LEXIS 368 (E.D. Cal. 2006) ......................................................... 9, 10, 11

*Taylor Assocs. v. Diamant (In re Advent Mgmt. Corp.)*,
   178 B.R. 480 (B.A.P. 9th Cir. 1995) .................................................................................... 9

*Webber v. Mefford*,
   43 F.3d 1340 (10th Cir. 1994).............................................................................................. 9

**RULES**

Fed. Rule Civ. Proc. 12(b)(6)........................................................................................................ 2

Fed. Rule Civ. Proc. 26(e)........................................................................................................... 11

Fed. Rule Civ. Proc. 30(b)(6).................................................................................................. 1, 10

ii.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

## I. INTRODUCTION

Plaintiff Frank T. Shum had four years to take whatever discovery he wanted. Although Shum's cause of action for unjust enrichment had been dismissed in March 2003, he continued to assert an unjust enrichment theory of damages. During the four years that discovery was open, Shum could – and did – take discovery on that damages theory. Among other things, Defendants produced relevant documents and Intel provided two Fed. Rule Civ. Proc. 30(b)(6) witnesses to testify on topics relating to its valuation and acquisition of LightLogic.

Following the close of discovery in 2006, this Court granted summary judgment in favor of Defendants on all of Shum's state-law damages claims. On appeal, the Federal Circuit, among other things, reinstated Shum's unjust enrichment cause of action. After remand, Shum contended that he should have the chance to take discovery that he had been foreclosed from pursuing in light of the prior dismissal of his unjust enrichment claim. The District Court did not decide whether Shum previously had been precluded from seeking particular discovery, but nevertheless permitted Shum the opportunity to propound new discovery requests, with the proviso that this Court would adjudicate any discovery disputes – including whether the requests were permissible because Shum could not have propounded them previously.

Shum subsequently served a Fifth Set of Requests for Production of Documents ("Fifth RFPs") on both Intel and Jean-Marc Verdiell (collectively "Defendants"). Most of those requests are duplicative of ones served prior to the close of discovery in 2006, and all of them could have been propounded during that time. Shum's motion makes no showing to the contrary. Rather, in purporting to identify "new" factual issues raised by the reinstated unjust enrichment cause of action, Shum argues that in 1997-1998 Jean-Marc Verdiell allegedly withheld important information from Shum; secretly set up his own company (LightLogic); copied and re-filed what was in essence the Radiance patent application; and wrongfully claimed sole inventorship in applying for LightLogic's patents after the dissolution of Radiance. *See* Mot. to Compel, p. 3. Yet these are the *very same allegations* offered in support of Shum's fraud, fraudulent concealment, and breach of fiduciary duty claims, and in his prayer for unjust enrichment as a

1.

remedy – all of which were the subject of extensive discovery prior to the March 2006 discovery cut-off. The mere fact that Shum has now retained new counsel does not permit a second bite at the apple. Because the dismissal of the unjust enrichment claim did not prevent Plaintiff from seeking any of the information covered by the Fifth RFPs, his motion to compel should be denied.

Shum's motion as to his Sixth Set of Requests for Production of Documents ("Sixth RFPs") fares no better. That set primarily seeks documents relating to Intel's recent sale to EMCORE Corporation of certain assets relating to Intel's Optical Platform Division. Inexcusably, Shum moved to compel on those requests without meeting and conferring – and before even reviewing the production of documents Intel agreed to provide.[1] In any event, Intel produced documents showing that the patents at issue here are not included in the assets Intel sold to EMCORE. Intel also produced documents showing that, although the patents were included in an earlier draft of the transaction, the sale price remained the same even after those patents were removed from the transaction. In other words, Intel has produced documents showing that EMCORE placed no value on the patents at issue. Shum has not adequately explained why he needs any other documents concerning the EMCORE transaction to prove his unjust enrichment claim, and his motion should be denied.

## II.   BACKGROUND

### A.   PRE-REMAND DISCOVERY

Although the District Court dismissed Shum's unjust enrichment cause of action pursuant to a Fed. Rule Civ. Proc. 12(b)(6) motion on March 25, 2003, Shum has always asserted and maintained a claim for unjust enrichment as a remedy in this case. Declaration of Catherine A. Dunbar in Support of Opposition to Motion to Compel Further Responses to the Fifth and Sixth Sets of Requests for Production of Documents to Intel ("Dunbar Decl."), ¶¶ 2-3. Indeed, Shum served three sets of Requests for Production of Documents that sought documents about the

---

[1] Verdiell's responses to the Sixth RFPs indicated that he had no documents in his possession, custody or control that were responsive to Shum's requests.

2.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

valuation and analyses of LightLogic.  Dunbar Decl., ¶¶ 7-8, Exhs. A-C (Plaintiff's First, Second and Third Sets of Requests for Production to Intel, Request Nos. 10, 30, 33, 38-40).  Shum also sought substantial discovery in support of his claims for Verdiell's unjust conduct, namely Shum's claims for fraud, fraudulent concealment, and breach of fiduciary duty.  *Id*. ¶¶ 9-10, Exhs. D-F.

In response to Shum's discovery regarding the valuation of LightLogic, Intel objected to producing all documents requested, but did produce relevant documents concerning Intel's valuation and analyses of LightLogic as an acquisition target.  Intel also provided two Rule 30(b)(6) deponents to testify about, among other things, the internal processes surrounding Intel's evaluation of LightLogic as an acquisition target, and Intel's valuation of LightLogic and the LightLogic patents at the time of the 2001 acquisition.  Dunbar Decl., ¶ 22, Exh. M.  Defendants also supplemented their written responses to the First, Second and Third RFPs.  Dunbar Decl., ¶¶ 8 and 10.  Shum accepted those discovery responses and never moved to compel further responses, documents, or additional deposition testimony from Defendants.  *Id*. ¶¶ 18, 19 and 21.  Shum never sought any additional discovery on his unjust enrichment theory of damages, nor did he seek to revisit the sufficiency of Intel's answers to his earlier unjust enrichment discovery requests or the productions of documents that had been made by all Defendants.  Dunbar Decl., ¶¶ 18, 21 and 25.[2]  Following the January 2005 bench trial on inventorship, all fact discovery was closed on March 17, 2006.

**B.     JUDGE JENSEN'S LIMITED DISCOVERY**

Upon remand by the Federal Circuit, the District Court held two scheduling conferences with counsel to address issues associated with trying the case before a jury and to establish a pretrial schedule.  The first Status Conference was held on February 6, 2008.  At that Status Conference, Judge Jensen indicated that limited discovery might be justified to the extent the Federal Circuit's reinstatement of the unjust enrichment cause of action added any new factual

---

[2]  By contrast, prior to the discovery cut-off, Shum filed two separate motions to compel discovery – on *other* topics.  *See* Dunbar Decl., ¶ 19.

3.

TAYLOR & CO.
LAW OFFICES, LLP

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

issues to the case on which Shum had not had an opportunity to conduct discovery previously, and he instructed the parties to confer on a pretrial schedule. Declaration of Stephen E. Taylor in Support of Opposition to Motion to Compel Further Responses to the Fifth and Sixth Sets of Requests for Production of Documents to Intel ("Taylor Decl."), ¶ 3. During their subsequent meet-and-confer, the parties disagreed as to whether the reinstatement of the unjust enrichment claim justified or necessitated additional discovery. Defendants advised the Court at the next Case Management Conference that the parties continued to disagree and while Defendants did not object to setting a time period for discovery, the issue would likely have to be revisited, if and when Plaintiff served any proposed unjust enrichment discovery. Taylor Decl., ¶¶ 4-5. Judge Jensen reiterated that fact discovery was not to be re-opened generally, but only for the limited purpose of addressing new issues presented by the reinstatement of the unjust enrichment cause of action. Taylor Decl., ¶ 5. Judge Jensen further instructed that any dispute over the scope of that discovery would be referred to Magistrate Judge Chen. Taylor Decl., ¶ 5.[3]

### C. PLAINTIFF'S ATTEMPT TO REOPEN DISCOVERY

#### 1. Shum's Fifth Set of Requests for Production of Documents

On March 26, 2008, Shum served his Fifth RFPs on Intel and Verdiell. Dunbar Decl., ¶¶ 11 and 12, Exhs. G and H. Defendants' responses reiterated their position that the reinstatement of the unjust enrichment cause of action did not add any new issues to the case.

It turns out that Shum did not even review the entirety of Defendants' 2004 production before serving the Fifth RFPs, or even before filing the instant motion. During a meet and confer session, counsel for Defendants suggested that Shum review the earlier productions. More than one week *after* Shum filed the instant motion, his new counsel realized documents were missing

---

[3] Plaintiff's unjust enrichment cause of action is also the subject of a pending motion by Defendants seeking summary judgment on all of Shum's claims. That motion is scheduled to be heard on July 25, 2008. Defendants' motion is based, in part, on the grounds that the subject matter of Shum's unjust enrichment cause of action is governed by the express terms of the Radiance Design, Inc. Plan of Liquidation and that unjust enrichment, as a cause of action, is not available to Shum as a matter of law.

4.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

and asked for new copies of 290 hard copy pages and a CD-ROM constituting key valuation documents originally produced by Intel back in October 2004. *See* Declaration of Jayesh Hines-Shah in Support of Opposition to Motion to Compel Further Responses to the Fifth and Sixth Sets of Requests for Production of Documents to Intel ("Hines-Shah Decl."), ¶ 4, Exhs. C and D. In fact, at the end of the parties' most recent meet-and-confer session on June 24, 2008, Shum's counsel asked for copies of additional documents that are missing from their files. Hines-Shah Decl. ¶ 8.

In an effort to avoid burdening the Court with this discovery dispute, and in light of Judge Jensen's comments at the February 6 and March 14, 2008 conferences concerning the narrow scope of the allowable discovery, Defendants proposed a reasonable compromise: they offered to search for documents related primarily to Intel's purchase price calculation for LightLogic, "goodwill," and other items referenced in Intel's 10-K Report for fiscal year 2002. Hines-Shah Decl., ¶ 2, Exh. A. Counsel for Shum rejected that offer, and instead sought a complete reopening of discovery by demanding that all documents related to the valuation of LightLogic and the patents be produced. Hines-Shah Decl., ¶ 3, Exh. B.[4]

### 2. Shum's Sixth Set of Requests for Production

On April 21, 2008, Shum served the Sixth RFPs on Defendants, which was directed primarily at Intel's recent sale to EMCORE Corporation of certain assets relating to its Optical Platform Division. Dunbar Decl., ¶¶ 13 and 14, Exh. I and J. In response to the Sixth RFPs, Intel

---

[4] Shum's claim that Defendants "admit they are withholding responsive documents central to Shum's unjust enrichment cause of action" is wrong. Mot. to Compel, p. 13. Defendants have maintained that discovery closed in early 2006, and that Shum has raised no new issues on which he was precluded from conducting discovery before the 2006 discovery cut-off. Hines-Shah Decl., ¶ 2, Exh. A. Defendants have never suggested that their prior productions were incomplete or inaccurate or that they were "withholding responsive documents." Mot. Compel, p.1; Hines-Shah Decl., ¶ 2, Exh. A. Indeed, in an apparent concession regarding the overbreadth of his Fifth RFPs, Shum has now served Seventh Sets of Requests for Production of Documents on Intel and Verdiell which seek production of many of the specific types of documents identified by Defendants during the earlier meet and confer discussions about the Fifth RFPs. Dunbar Decl., ¶ 15, Exhs. K and L.

5.
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

1  produced documents showing that, while several of the patents-in-suit initially were included in
2  the proposed transaction, those patents were excluded from the final transaction, and there had
3  been no purchase price adjustment as a result of that change.  Hines-Shah Decl., ¶ 5, Exh. E.  In
4  other words, the parties had valued the patents at zero.

5      Shum, however, filed his motion without waiting to receive these documents or engaging
6  in any meet and confer.  In fact, the parties' first formal meet-and-confer regarding the Sixth RFPs
7  occurred *yesterday*, June 24, long after Shum had filed this motion to compel.  Despite admitting
8  that he did not fully engage in the requisite meet-and-confer process, Shum's counsel has refused
9  to withdraw Plaintiff's motion to compel.  Hines-Shah Decl., ¶¶ 6 and 7, Exhs. F and G.

**II.  ARGUMENT**

**A.  SHUM'S FIFTH RFP DOES NOT INCLUDE ANY REQUESTS THAT COULD NOT HAVE BEEN PROPOUNDED EARLIER**

**1.  The Reinstatement of the Unjust Enrichment Cause of Action Adds No New Issue for Discovery**

14      Shum's unjust enrichment cause of action is entirely duplicative of the issues raised by his
15  request for unjust enrichment as a remedy for his other state law claims.  Because Shum was
16  seeking unjust enrichment damages throughout the four-year discovery period, the reinstatement
17  of his cause of action for unjust enrichment does not revive any new issues that require further
18  discovery.  *See Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100-01 (N.D. Cal. 2006)
19  (noting that an unjust enrichment claim based on "fraudulent activities" "may ultimately be
20  superfluous" because plaintiff's other causes of action allowed for restitution as well); *see also*
21  *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (unjust enrichment "is synonymous with
22  restitution.").

23      Indeed, the identical factual allegations giving rise to Shum's reinstated unjust enrichment
24  cause of action have been in this case since its inception in 2002.  Specifically, the nature and
25  scope of damages flowing from any alleged unjust enrichment remained in the case, even after the
26  cause of action was dismissed in March 2003, through the unjust enrichment remedy.  And the
27  alleged wrongful conduct that underlies Shum's unjust enrichment cause of action also remained

6.

TAYLOR & CO.
LAW OFFICES, LLP

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

in the case, linked to Shum's fraud and breach of fiduciary duty allegations. These are the same allegations that form the basis of Shum's unjust enrichment cause of action. Dunbar Decl.,¶ 2.

Even more revealing is that, despite repeated requests to do so, Shum does not – and cannot – identify any new facts that are at issue as a result of the reinstated cause of action for unjust enrichment. In his instant motion, Shum generically describes all of the requests in the Fifth RFPs as pertaining to his reinstated unjust enrichment cause of action, but does not explain why those requests do not pertain - to the same extent - to his always-present request for unjust enrichment damages. Mot. to Compel, p. 4.

Shum bases his unjust enrichment cause of action on the exact same facts on which he has always based his other causes of action: Shum argues that Jean-Marc Verdiell withheld important information from him; secretly set up his own company (LightLogic); copied and refiled what was, in essence, the Radiance patent application; and wrongfully claimed sole inventorship in applying for the LightLogic patents after the dissolution of Radiance. Compare Mot. to Compel, p. 3, with Complaint, ¶¶ 14, 17, 20, 21 and 22.[5]

### 2. All Of The Requests In Plaintiff's Fifth RFP Were or Could Have Been Propounded During the Four-Year Discovery Period

#### (a) The Fifth RFP Covers The Same Ground As Shum's Prior Discovery Requests

Many of the document requests that were propounded in 2003 and 2004 by Shum's original trial counsel, e. robert (bob) wallach and Shopoff & Cavallo, have been propounded again

---

[5] Shum *speculates* that Defendants' relevance objections to his earlier document requests were somehow related to dismissal of the unjust enrichment cause of action. Mot. to Compel, pp. 1-2. It is telling that this is Shum's only "evidence" that the unjust enrichment cause of action adds any new issue. But Intel's objections were based on the *breadth* of Shum's requests (e.g., "all" documents) which called for documents that were unnecessary and irrelevant. Moreover, nothwithstanding those objections, Defendants still provided significant discovery relevant to Shum's unjust enrichment cause of action in the form of documents and two full day Rule 30(b)(6) depositions. In any event, Shum waived any argument about Defendants' relevance objections by failing to move to compel four years ago. *See, e.g., Benhabib v. Hughes Elecs. Corp.*, 2007 U.S. Dist. LEXIS 87500 *14 n.3 (C.D. Cal. April 2, 2007) (overruling plaintiff's objection because "plaintiff could have sought to compel such evidence and did not do so. The discovery cut-off has passed.").

7.
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

by his new counsel as part of Shum's Fifth RFPs.  By way of example, Shum's Request No. 56 in the Fifth RFP seeks production of "[a]ll documents relating to the value or benefit Intel received or expected to receive through Intel's acquisition of LightLogic."  That request is duplicative of Plaintiff's Request Nos. 30 and 33 propounded in the Second RFP (*see* Dunbar Decl., Exhibit B), and of Request No. 38 in Shum's Third RFP (*see* Dunbar Decl., Exhibit C), which seek documents concerning "Intel's valuation of LightLogic," presentations and memoranda "regarding Intel's merger/acquisition of LightLogic," and intellectual property owned by "Intel's valuation of patents, patent applications, or LightLogic."

In addition, Shum served a Federal Rule of Civil Procedure 30(b)(6) Notice of Deposition to Intel Corporation on December 18, 2003, which sought testimony from knowledgeable witnesses regarding Intel's valuation of LightLogic at the time of Intel's merger/acquisition of LightLogic in 2001, the valuation of LightLogic's patent rights at the time of the LightLogic acquisition, information about other acquisition offers for LightLogic that were made by any potential purchasers other than Intel (such as Alcatel and Corning), and the "substance" of the presentations that were made to Intel's Board of Directors concerning LightLogic in connection with the 2001 merger and acquisition.

In response, Intel produced two witnesses (in January and March 2004) who addressed these topics in full day depositions.  Both witnesses identified other relevant witnesses, discussed categories of documents, and over objection, testified about subjects outside of the scope of the Rule 30(b)(6) notice, including post-acquisition valuation.  Dunbar Decl., ¶¶ 23-25.

Following the completion of the Rule 30(b)(6) depositions of Intel's witnesses in January and March 2004, Shum did not notice the deposition of any of the Intel personnel identified in those depositions as having a role in and/or responsibility for the valuation of LightLogic, nor did he notice a deposition of Intel concerning the manner in which the accounting for the acquisition was handled in Intel's books and records.  In fact, Shum does not – and indeed cannot – identify a single topic or discovery request in the Fifth RFPs that he could not have pursued during the four-year discovery period.

Taylor & Co.
Law Offices, LLP

8.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

### (b) Shum Is Not Allowed A "Second Bite at the Apple" Because New Counsel Wishes to Redo Discovery

Shum's change of counsel does not allow him to replow old discovery ground. *See Carson v. Bethleham Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996) (affirming denial of motion to reopen discovery based on new counsel because "[t]here is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery. Shortcomings in counsel's work come to rest with the party represented. They do not justify extending the litigation, at potentially substantial expense to the adverse party." (internal citation omitted)); *Hussain v. Nicholson*, 435 F.3d 359, 364 (D.C. Cir. 2006) (affirming denial of motion to reopen discovery based on new counsel's desire to take different discovery); *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (same); *Taylor Assocs. v. Diamant (In re Advent Mgmt. Corp.)*, 178 B.R. 480, 483 (B.A.P. 9th Cir. 1995) (noting denial of a motion to reopen based on new counsel's desire to take different discovery).

Shum is in a similar position as the plaintiff in *Porter v. California Department of Corrections*, 2006 U.S. Dist. LEXIS 368 (E.D. Cal. 2006). In *Porter*, plaintiff's new counsel, guided by the Ninth Circuit's ruling reversing summary judgment and remanding the case for trial, identified new percipient witnesses that counsel believed were necessary. Id. at *4. The trial court noted that the "crux of plaintiff's motion [to take additional discovery] is her new counsel's desire to have a 'second bite at the apple.'" *Id.* But because plaintiff gave no reason why this discovery could not have been obtained previously, the court denied plaintiff's request to reopen discovery. *Id.*

Shum's intention – to re-open and undertake discovery that prior counsel previously undertook or had the opportunity to undertake and did not – could not be clearer. This is true not only for the three sets of extremely broad document requests (the Fifth, Sixth, and Seventh sets), but in the three third-party subpoenas Shum has issued, and in Shum's indication of his intent to seek further Rule 30(b)(6) depositions of Intel and another deposition of Jean-Marc Verdiell. Dunbar Decl. ¶¶ 26-28 and Exhs. O-R; Hines-Shah Decl. ¶ 9.

Shum's attempt to re-open discovery is impermissible because once fact discovery closed

9.

in March 2006, Shum was (and still is) precluded from obtaining discovery that could have been asked for and obtained by his old counsel *prior* to that discovery cutoff.  *Cf. Porter*, 2006 U.S. Dist. LEXIS 368 at *4; *Photomedex, Inc. v. Irwin*, 2007 U.S. Dist. LEXIS 56774*5-*6 (S.D. Cal. Aug. 2, 2007) (denying an extension to the discovery cut-off when plaintiff could have but did not serve the deposition subpoena in question).  Although Shum might be entitled to propound discovery on issues newly injected to the case as a result of the Federal Circuit's decision – as Judge Jensen authorized – none of the requests in the Fifth RFPs falls into that category.

### (c) Shum Already Sought and Received Sufficient Discovery Covering His Unjust Enrichment Cause of Action

Putting to one side the legal bar on Shum's attempt to re-do his unjust enrichment discovery, there is also no equitable reason for this discovery.  Not only could Shum have taken discovery on the issue of unjust enrichment, he did so.  And he has in fact received discovery sufficient to fully address his unjust enrichment claim.  *Cf. Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 623 (9th Cir. 1999) (in a dispute concerning a trade secret, unjust enrichment could be proved by examining profit estimates or sales data).

As discussed above, Intel produced documents and two Rule 30(b)(6) witnesses on the very issues Shum's new counsel now seek to discover.  The topics specified in Plaintiff's Rule 30(b)(6) December 18, 2003 deposition notice included Intel's valuation of LightLogic at the time of Intel's merger/acquisition of LightLogic, the valuation of LightLogic's patent rights at the time of Intel's merger/acquisition of LightLogic, information about other offers for LightLogic that were made by any potential purchasers other than Intel (such as Alcatel and Corning), and the "substance" of the presentations that were made to Intel's Board of Directors concerning LightLogic.  Shum raises these same issues – once again – in his Fifth RFPs.  To the extent Shum was dissatisfied with Defendants' discovery responses, he could have moved to compel or sought additional depositions or documents.  Shum did not do so.[6]

---

[6] In 2004, Shum filed two motions to compel relating in part to Defendants' production of documents.  Neither of these motions addressed the issue of Intel's allegedly "incomplete" (footnote continued)

10.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

Shum took all the unjust enrichment discovery that he thought was necessary and appropriate. Shum received substantial information from Defendants – material his new counsel appears not to have fully examined – and decided that Defendants' responses were sufficient. There is now no equitable reason to put Defendants to the cost and burden of responding to Shum's discovery requests when Shum could, and should, have pursued the issue in 2003-2006. *See Carson*, 82 F.3d at 159 (recognizing costs to the adverse party of reopening discovery).

### 3. Rule 26(e) Does Not Provide Any Basis For Granting the Motion to Compel

Shum's last argument is similarly untenable. He contends that the supplementation provision in Rule 26(e) allowed him to propound the Fifth RFPs because responses to his supposedly "new" discovery requests should be required as supplementation of Defendants' prior responses. In so arguing, Shum concedes that his Fifth RFPs are duplicative of his prior discovery requests to Defendants. Not only is Shum's Rule 26(e) argument inconsistent with his other positions, but it is legally flawed as well.

The duty to supplement under Rule 26(e) arises only if counsel learns that a prior "*response* is incomplete or incorrect." Fed. Rule Civ. Proc. 26(e) (emphasis added). "A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment." *Havenfield Corp. v. H & R Block, Inc.*, 509 F.2d 1263, 1271-72 (8th Cir. 1975). A plaintiff's request for supplemental discovery under Rule 26(e) is not the basis for a court order on motion to compel. *Porter*, 2006 U.S. Dist. LEXIS 368 at *5 ("[T]o the extent plaintiff seeks supplemental discovery responses, an order of the court is likewise unnecessary.").

---

document production or insufficient written discovery responses, and this Court chastised Shum for engaging in a "'sandbagging' strategy of lying-in-wait to set up a motion asserting waiver for late production." Dunbar Decl., ¶ 20.

11.

TAYLOR & CO.
LAW OFFICES, LLP

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

Here, Shum has not and cannot show that Defendants' discovery responses are "incomplete or incorrect." *See In re ATM Fee Antitrust Litig.*, 2007 U.S. Dist. LEXIS 47943 at \*25-26 (N.D. Cal. June 25, 2007) (plaintiff bears the burden of demonstrating why the prior disclosures were inadequate). Instead, Shum simply wants more. But Rule 26(e) does not permit Shum to keep asking for more discovery just because his new counsel is dissatisfied with the answers that his previous counsel received. "The civil discovery rules do not anticipate perpetual production." *Id*. at \*25 (refusing to allow another round of supplemental disclosures "simply in order to gain a better understanding" of the other party's position); *see also* Fed. Rule Civ. P. 26(e), advisory committee's note (1970 amendments) ("Subdivision (e) provides that a party is not under a continuing burden except as expressly provided [such as for the identity of witnesses]. … Another exception is made for the situation in which a party, or more frequently his lawyer obtains actual knowledge that a prior response is incorrect. This exception does not impose a duty to check the accuracy of prior responses, but it prevents knowing concealment by a party or attorney.").

In response to prior requests for production, Defendants never agreed to produce "all" documents regarding unjust enrichment, only documents "sufficient to show" the valuation of LightLogic and the patents at issue. Those responses remain accurate. That Shum now is dissatisfied with his prior decision to accept those responses does not obligate Defendants to supplement them under Rule 26(e).[7]

### B. SHUM'S MOTION TO COMPEL PRODUCTION REGARDING THE SIXTH RFPs SHOULD BE REJECTED

As discussed above, Shum never met and conferred on Defendants' responses to the Sixth RFPs before filing this motion – and did not even wait to see the documents Intel promised it

---

[7] Shum knew that Intel had not agreed to produce "all" documents responsive to his earlier valuation requests. To the extent he wanted additional or different documents, or considered Intel's response inadequate, he should have moved to compel *four* years ago. Contrary to Shum's erroneous implication, Rule 26(e)'s supplementation obligation does not expand the scope of Intel's prior responses.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

Taylor & Co.
Law Offices, LLP

1   would produce.  That is reason enough to deny the motion.[8]

2       That reason notwithstanding, the motion also should be denied on substantive grounds.
3   Shum apparently served the Sixth RFPs to see how the patents at issue were valued in Intel's
4   recent sale of certain assets to EMCORE.  Those requests are predicated on Shum's *assumption*
5   that the patents at issue were included among the assets EMCORE purchased.  In response to
6   those requests, however, Intel has produced documents establishing the exact opposite: none of the
7   patents at issue was included in the assets EMCORE purchased.  Moreover, Intel produced
8   additional documents showing that EMCORE placed zero value on those patents.  While the
9   patents initially had been included among the assets to be sold, they were later excluded *without*
10  *any change in the purchase price*.

11      Shum has not adequately explained – in the one meet-and-confer session held after filing
12  his motion to compel – why he needs any additional documents about the EMCORE transaction to
13  support his unjust enrichment cause of action.  Nor has Shum explained how additional documents
14  relating to a transaction that did not include the sale of any of the patents at issue actually *could*
15  support his unjust enrichment cause of action.  Accordingly, his motion should be denied.

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///

---

26  [8] In addition, Shum's motion and supporting papers nowhere establish any deficiency with
    Verdiell's responses to the Sixth RFPs, in which Verdiell indicated that he had no documents in
27  his possession, custody or control that were responsive to Shum's requests.

28

13.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

### III. CONCLUSION

Because Shum's Fifth RFPs do not seek to discover any new information in response to the reinstatement of Shum's unjust enrichment cause of action, and because Shum could have propounded them during the original discovery period, the Court should deny Shum's motion to compel production of documents from Defendants that are responsive to his Fifth RFPs. Plaintiff's motion to compel as to the Sixth RFPs also should be denied because Shum has failed to satisfy his meet and confer obligations, and because Shum has no need for documents beyond those already produced.

Dated: June 25, 2008                    Respectfully submitted,

                                        TAYLOR & COMPANY LAW OFFICES, LLP


                                        By:  _____/s/ Jayesh Hines-Shah_____
                                                    Jayesh Hines-Shah
                                        Attorneys for Defendants INTEL CORPORATION,
                                        LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

14.

TAYLOR & CO.
LAW OFFICES, LLP

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)