STEPHEN E. TAYLOR (SBN 58452)
JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:   (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

RAGESH K. TANGRI (SBN 159477)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California  94111
Telephone: (415) 391-5400
Facsimile:   (415) 397-7188
E-mail: rtangri@kvn.com

Attorneys for Defendants INTEL
CORPORATION, LIGHTLOGIC, INC.
and JEAN-MARC VERDIELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>    Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL and LIGHTLOGIC, INC.,<br><br>    Defendants. | Case No.: C 02-03262 DLJ (EMC)<br><br>**DECLARATION OF CATHERINE A. DUNBAR IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS INTEL CORPORATION AND JEAN-MARC VERDIELL** |

TAYLOR & CO.
LAW OFFICES, LLP

DECLARATION OF CATHERINE A. DUNBAR IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS INTEL CORPORATION AND JEAN-MARC VERDIELL:
CASE NO. C 02-03262 DLJ (EMC)

I, CATHERINE A. DUNBAR, declare as follows:

1. I am a senior paralegal with Taylor & Company Law Offices, LLP, counsel for defendants Intel Corporation ("Intel"), LightLogic, Inc. ("LightLogic") and Jean-Marc Verdiell ("Verdiell") in this action. The facts set forth in this declaration are personally known to me to be true and, if called upon to testify as to the matters contained in this declaration, I could and would competently testify thereto. This declaration is submitted in support of Defendants' Opposition to Plaintiff's Motion to Compel Further Responses to the Fifth and Sixth Sets of Requests for Production of Documents to Defendants Intel Corporation and Jean-Marc Verdiell, which has been filed concurrently herewith.

2. The operative pleading in the case is the Fourth Amended Complaint, filed by Plaintiff Frank T. Shum's ("Shum" or "Plaintiff") on October 25, 2004 [Docket Item No. 294].

3. On March 25, 2003, the Honorable D. Lowell Jensen issued an Order dismissing Plaintiff's unjust enrichment cause of action in the Second Amended Complaint [Docket Item No. 71].

4. On July 10, 2003, the Honorable D. Lowell Jensen referred all discovery-related matters in this case to Magistrate Judge Edward M. Chen, and this Court issued a Notice of Reference and Order Re Discovery Procedures [Docket Item No. 89].

5. On April 27, 2004 the Honorable D. Lowell Jensen issued an Order in connection with Defendants' initial motion for summary judgment and motion to bifurcate the correction of inventorship cause of action for trial [Docket Item No. 201].

6. On July 22, 2005, the Honorable D. Lowell Jensen issued a Pretrial Order that set March 17, 2006 as the cut-off date for fact discovery in this case [Docket Item No. 423].

7. I have reviewed and am familiar with the document discovery requests that have been served on Intel by Plaintiff in this action. On August 8, 2003, Shum served an initial set of Requests for the Production of Documents ("RFPs") on Intel. On December 3, 2003 Shum served Intel with his Second RFPs. Shum's Third RFPs were served on Intel on January 28, 2004, and his Fourth RFPs to Intel were served on September 29, 2004.

1.

DECLARATION OF CATHERINE A. DUNBAR IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS INTEL CORPORATION AND JEAN-MARC VERDIELL:
CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

8. I have also reviewed and am familiar with Intel's responses to Plaintiff's document requests. Intel served its written responses to Shum's First RFPs on September 8, 2003, and served written responses to Shum's Second RFPs on January 2, 2004. Intel served its written responses to the Third RFPs on February 27, 2004, and its responses to Plaintiff's Fourth RFPs on October 29, 2004. Intel served supplemental written responses to Shum's First, Second and Third RFPs on September 29, 2004. True and correct copies of Intel's responses to the First, Second and Third RFPs, including Intel's supplemental responses, are attached to this declaration as Exhibits A, B and C.

9. I have reviewed and am familiar with the document discovery requests that have been served on Verdiell by Plaintiff in this action. On August 8, 2003, Shum served his First RFPs on Verdiell. On December 3, 2003 Shum served Verdiell with his Second RFPs. Shum's Third RFPs were served on Verdiell on January 28, 2004, and his Fourth RFPs to Verdiell were served on September 29, 2004.

10. I have also reviewed and am familiar with Verdiell's responses to Plaintiff's document requests. Verdiell served his written responses to Shum's First RFPs on September 8, 2003, and served written responses to Shum's Second RFPs on January 2, 2004. Verdiell served his written responses to the Third RFPs on February 27, 2004, and responses to Plaintiff's Fourth RFPs on October 29, 2004. Verdiell served supplemental written responses to Shum's First, Second and Third RFPs on September 29, 2004. True and correct copies of Verdiell's responses to the First, Second and Third RFPs, including Verdiell's supplemental responses, are attached to this declaration as Exhibits D, E and F.

11. On March 26, 2008, Shum served his Fifth RFPs on Intel. Attached to this declaration as Exhibit G is a true and correct copy of Intel's written responses to Shum's Fifth RFPs, served on April 25, 2008.

12. On March 26, 2008, Shum served his Fifth RFPs on Verdiell. Attached to this declaration as Exhibit H is a true and correct copy of Verdiell's written responses to Shum's Fifth RFPs, served on April 25, 2008.

2.

DECLARATION OF CATHERINE A. DUNBAR IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS INTEL CORPORATION AND JEAN-MARC VERDIELL:
CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

13. On April 21, 2008, Shum served his Sixth RFPs on Intel. Attached to this declaration as <u>Exhibit I</u> is a true and correct copy of Intel's written responses to Shum's Sixth RFPs, served on May 21, 2008.

14. On April 21, 2008, Shum served his Sixth RFPs on Verdiell. Attached to this declaration as <u>Exhibit J</u> is a true and correct copy of Verdiell's written responses to Shum's Sixth RFPs, served on May 21, 2008.

15. Attached to this declaration as <u>Exhibits K and L</u> are true and correct copies of Shum's Seventh Sets of Requests for Production of Documents that were served on both Intel and Verdiell on June 16, 2008. The written responses to these discovery requests are due July 16, 2008.

16. In addition to Defendants' written responses identified above, Intel produced documents in response to Shum's document requests on January 29 and March 11, 2004, constituting the presentations that were made to Intel's Board of Directors and acquisition team members regarding Project Licorice (the codename for LightLogic), relevant and representative e-mail communications concerning the Intel "optical roadmap" and the Intel "model for model acquisition," as well as documents relating to Intel's discussions with JP Morgan Bankers concerning the possible acquisition of LightLogic (Control Nos. INT 0000001 – INT 000402).

17. Intel also made subsequent document productions to Plaintiff (in addition to Defendants' productions of documents from LightLogic, Jean-Marc Verdiell, Blakely Sokoloff Taylor & Zafman (LightLogic's patent counsel) and Brobeck Phlegar & Harrison (LightLogic's outside counsel)) on May 25, August 5, October 4, October 26 and November 10, 2004, that were assigned Control Nos. INT 0000403 – INT 0001056.

18. On several occasions in 2003 and 2004, counsel for Shum met and conferred and/or exchanged meet and confer correspondence with Defendants' counsel regarding the sufficiency of Defendants' discovery responses. However, no motion to compel further written responses to any of the document requests that had been propounded, or to compel the production of additional documents from Intel based on the qualified discovery responses that were given, was filed by

3.

TAYLOR & CO.
LAW OFFICES, LLP

DECLARATION OF CATHERINE A. DUNBAR IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS INTEL CORPORATION AND JEAN-MARC VERDIELL:
CASE NO. C 02-03262 DLJ (EMC)

1 counsel for Plaintiff prior to the March 17, 2006 discovery cut-off in this case.

2     19. Prior to the January 2005 inventorship trial, counsel for Shum did file two discovery motions that were heard by this Court: (1) a June 29, 2004 motion to compel the production of several Intel inventor witnesses for deposition and the production of "Highly Confidential – Attorneys' Eyes Only" documents that Defendants were temporarily withholding based solely on Shum's violation of the Protective Order [Docket Item No. 229]; and (2) a November 12, 2004 motion to compel production of documents and further responses to interrogatories, seeking a determination from this Court that Defendants' alleged late production of privilege logs had waived Defendants' attorney-client and work product privileges, and that the documents identified by Defendants on its privilege logs should be produced in the litigation [Docket Item No. 297]. Neither of those two motions to compel challenged the sufficiency of Intel's written responses to Shum's First, Second or Third RFPs.

    20. On December 23, 2004 this Court issued an Order in connection with Plaintiff's November 12, 2004 motion to compel, stating that Shum had engaged in a "'sandbagging' strategy of lying-in-wait to set up a motion asserting waiver for late production" [Docket item No. 356].

    21. In both Intel's initial and supplemental responses to Plaintiff's First, Second and Third RFPs, Intel responded that it would not produce "all" responsive documents. Shum did not seek to compel production of any documents in addition to the documents Intel had produced to Plaintiff on or before November 10, 2004.

    22. Attached to this declaration as <u>Exhibit M</u> is a true and correct copy of Shum's Notice of Deposition of Intel Corporation, dated December 18, 2003.

    23. In response to Shum's Federal Rule of Civil Procedure 30(b)(6) deposition notice, on January 29, 2004 Intel produced Ramamurthy Sivakumar, an Assistant Treasurer of Intel Capital and the individual who in 2000 - 2001 had responsibility for merger and acquisition projects at Intel. I attended that full day deposition and I have reviewed the court reporter's transcript of that deposition. Mr. Sivakumar testified, *inter alia*, about his responsibilities

4.

TAYLOR & CO.
LAW OFFICES, LLP

DECLARATION OF CATHERINE A. DUNBAR IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS INTEL CORPORATION AND JEAN-MARC VERDIELL:
CASE NO. C 02-03262 DLJ (EMC)

1  overseeing the LightLogic acquisition and deal discussions within Intel and identified the team of
2  people at Intel who also worked on the acquisition transaction, including individuals from Intel's
3  finance operation, its mergers and acquisition group, Intel's internal treasury group, and the Intel
4  business valuation unit.  Mr. Sivakumar also answered questions about the presentations that were
5  made to the Intel Board of Directors, and described Intel's internal processes for evaluating
6  LightLogic as a potential acquisition target.  Although defense counsel Stephen E. Taylor objected
7  on the record that Plaintiff's counsel's questions about post-acquisition matters went beyond the
8  scope of the Rule 30(b)(6) deposition notice, Mr. Sivakumar was permitted to answer the
9  question, and testified that he did not know how the acquisition was accounted for on the books
10 and records of Intel.

11      24.     In further response to Shum's Rule 30(b)(6) deposition notice to Intel, on March
12 11, 2004 Intel produced a second witness, Michael Ricci, the then-head of Intel's Optical Platform
13 Division and a member of the Intel acquisition team charged with evaluating LightLogic and other
14 similar companies as possible acquisition targets in the 2000 – 2001 time period.  I attended that
15 full day deposition and I have reviewed the court reporter's transcript of that deposition.  Mr. Ricci
16 testified about, *inter alia*, how both he and Intel evaluated LightLogic as a possible acquisition,
17 and how Mr. Ricci presented that information to the Intel Board of Directors for their evaluation
18 during the due diligence process.  He also identified the Intel employee who he believed had direct
19 involvement in the LightLogic valuation process.

20      25.     Following the completion of the Rule 30(b)(6) depositions of Intel's witnesses in
21 January and March 2004, Plaintiff did not notice the deposition of any of the Intel personnel
22 whom those witnesses had identified as playing a role in and/or having responsibility for the
23 valuation of LightLogic or concerning the manner in which the LightLogic acquisition was
24 accounted for and reflected on Intel's books and records.

25      26.     Attached to this declaration as Exhibit N is a true and correct copy of Plaintiff's
26 Notice of Subpoena for documents and the deposition of Ernst & Young LLP, dated June 10,
27 2008.  A true and correct copy of Ernst & Young's June 23, 2008 Objections to this subpoena are
28

5.
DECLARATION OF CATHERINE A. DUNBAR IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTS INTEL CORPORATION AND JEAN-MARC VERDIELL:
CASE NO. C 02-03262 DLJ (EMC)

Taylor & Co.
Law Offices, LLP

Case4:02-cv-03262-DLJ Document571 Filed06/25/08 Page7 of 7

attached hereto as Exhibit O. One of the grounds stated by Ernst & Young in its Objections is that discovery in this action was closed on March 17, 2006 with respect to the topics and materials sought. *See* Objections, p. 1:21-24.

27. Attached to this declaration as Exhibit P is a true and correct copy of Plaintiff's Notice of Subpoena Duces Tecum to Corning Inc., dated June 12, 2008. True and correct copies of Corning Inc.'s June 24, 2008 letter from its counsel, Daniel P. Christmas, and Corning Inc.'s Objections to Plaintiff's subpoena are attached hereto as Exhibit Q.

28. Attached to this declaration as Exhibit R is a true and correct copy of Plaintiff's Notice of Subpoena Duces Tecum to Alcatel USA, Inc., dated June 12, 2008.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 25th day of June, 2008, in San Francisco, California.

CATHERINE A. DUNBAR

6.

DECLARATION OF CATHERINE A. DUNBAR IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS INTEL CORPORATION AND JEAN-MARC VERDIELL: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO. LAW OFFICES, LLP