# EXHIBIT A

## CATHERINE A. DUNBAR DECLARATION

STEPHEN E. TAYLOR (SBN 058452)
JENNIFER A. LEE (SBN 222255)
TAYLOR & CO. LAW OFFICES
1050 Marina Village Pkwy., Suite 101
Alameda, California 94501
Telephone: (510) 865-9401
Facsimile: (510) 865-9408

Attorneys for Defendant
INTEL CORPORATION
and Defendant and Counter-Claimant
JEAN-MARC VERDIELL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>    Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, LIGHTLOGIC, INC., LUMEN INTELLECTUAL PROPERTY SERVICES, INC., and MAREK ALBOSZTA,<br><br>    Defendants. | Case No.: C 02-03262 DLJ (EMC)<br><br>**INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| JEAN-MARC VERDIELL,<br><br>    Counter-Claimant,<br><br>v.<br><br>FRANK T. SHUM,<br><br>    Counter-Defendant. | |

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

PROPOUNDING PARTY:   FRANK T. SHUM

RESPONDING PARTY:    INTEL CORPORATION

SET NUMBER:          ONE (Requests 1-21)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Intel Corporation ("Intel") hereby responds to Frank T. Shum's Requests First Set of Requests for Production of Documents to Intel Corporation as follows:

## I.   GENERAL STATEMENT AND OBJECTIONS

The following general objections ("General Objections") apply to each separately numbered document request contained in Frank T. Shum's First Set of Requests for Production of Documents to Intel ("Requests") and are incorporated by this reference, to the extent applicable, into each specific response, as if set forth in full. By consenting to the production of any document, Intel does not waive any of its general or specific objections to the production of other documents, nor is any fact to be deemed admitted from any objection set forth herein.

1.   Intel objects to each request to the extent that it purports to seek the production of documents that are protected by the attorney-client privilege, attorney work product doctrine, trade secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege, doctrine, or immunity. The inadvertent production of any privileged document is not to be deemed a waiver of privilege, and Intel reserves the right to object to the introduction or other use of any privileged or protected document that may be inadvertently produced.

2.   Intel generally objects to each request to the extent that it purports to impose obligations on Intel beyond those set forth in the Federal Rules of Civil Procedure, the California Code of Civil Procedure, and applicable case law.

3.   Intel objects to each request to the extent that it calls for documents which are outside of its possession, custody and control.

4.   Intel objects to each request to the extent it seeks documents that are protected by privacy rights under the United States Constitution, the California Constitution, or other applicable state or federal law.

1.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1      5.      Intel objects to the use of the terms "referring," "relate," and/or "relating to," in that

2   these terms are overbroad, vague, and ambiguous.

3      6.      Intel objects to each request to the extent that it seeks production of documents or

4   information that are confidential, proprietary, or contain trade secrets.  Intel will provide such

5   documents only pursuant to the terms of the Protective Order that has been entered in this action.

6      7.      Intel objects to each request to the extent that it seeks documents or information that are

7   protected by any confidentiality obligations that are owed to a third party.

8          These General Objections, and any specific objections which hereafter may be asserted, do not

9   constitute a refusal on the part of Intel to meet and confer with plaintiff in connection with the

10  Requests, or necessarily constitute a refusal to produce documents.  However, by meeting and

11  conferring, by responding, or by producing documents, Intel does not concede the relevancy or

12  materiality of any request or of the subject to which the request refers.  Intel's response to each request

13  is made expressly subject to, and without in any way waiving or intending to waive, any questions or

14  objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for

15  any other purpose, of any documents referred to or produced, or of the responses given herein, or of

16  the subject matter thereof, in any proceeding (including trial of this action or in any subsequent

17  proceeding).  These responses contained herein are without prejudice to Intel's right to respond

18  differently should the subject matter of the requests be repeated in other discovery.

19         Intel has not completed its investigation of facts, witnesses, or documents relating to this case;

20  has not completed discovery in this action; has not completed its analysis of available data; and has not

21  completed preparation for trial.  Thus, although a good faith effort has been made to conduct a diligent

22  search and to supply pertinent documents when they have been requested, and a reasonable inquiry has

23  been made in an effort to comply with the Requests, it has not been possible in many instances for

24  unqualified responses to be made.  Further, the responses are necessarily made without prejudice to

25  Intel's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as

26  well as any new theories or contentions that Intel may adopt.  Intel's responses and production of

27  documents are also made based on the claims and defenses set forth in the pleadings currently on file

28

2.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

in this case as of the date these responses are made.  Intel's responses and production of documents are made without prejudice to its right to provide facts, witnesses, or documents omitted by oversight, inadvertence, or good faith error or mistake.  Intel has furnished such information and documents as are presently available to it, which may include hearsay and other forms of evidence that are neither reliable nor admissible.

## II.   RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents referring, relating to, or created by Frank Shum.

**RESPONSE TO REQUEST NO. 1:**

Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and unlimited as to time.  Subject to and without waiving these objections and its General Objections, Intel responds that it will produce for inspection and copying all responsive, non-privileged documents in its possession, custody or control, if any.

**REQUEST NO. 2:**

All documents referring, relating to, or created by Radiance Design.

**RESPONSE TO REQUEST NO. 2:**

Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and unlimited as to time.  Intel further objects to this request on the grounds that the use of the phrase "created by Radiance Design" is vague and ambiguous.  Subject to and without waiving these objections and its General Objections, Intel responds that it will produce for inspection and copying all responsive, non-privileged documents in its possession, custody or control, if any.

**REQUEST NO. 3:**

All documents referring or relating to Marek Alboszta and/or Lumen Intellectual Property Services (collectively, hereinafter "Lumen").

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

**RESPONSE TO REQUEST NO. 3:**

Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and unlimited as to time. Intel further objects to this request on the grounds that it is not limited to the subject matter of this case and, thus, is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and its General Objections, Intel responds that it will produce for inspection and copying all responsive, non-privileged documents in its possession, custody or control that pertain to the subject matter of this litigation, if any.

**REQUEST NO. 4:**

All documents constituting, referring or relating to any communication between Frank Shum and any officer, employee or agent of LightLogic, Inc. or Intel (collectively hereinafter, "LightLogic").

**RESPONSE TO REQUEST NO. 4:**

Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and unlimited as to time. Intel further objects to this request on the grounds that it is not limited to the subject matter of this case and, thus, is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and its General Objections, Intel responds that it will produce for inspection and copying all responsive, non-privileged documents in its possession, custody or control reflecting communications that pertain to the subject matter of this litigation, if any.

**REQUEST NO. 5:**

All documents referring or relating to any aspect of Radiance Design's Patent Application Serial No. 08/838,022; LightLogic Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726; 6,376,268; 6,511,236; 6,585,427, and 6,586,726; and Patent Application No. 20030029051 (collectively hereafter, the "Patents and Patent Applications"), including but not limited to communications with the USPTO, the subject matter of the Patents, and the conception, development, and reduction to practice of such subject matter.

4.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

**RESPONSE TO REQUEST NO. 5:**

Intel objects to this request on the grounds that it is compound and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intel further objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks documents and information relating to patents and patent applications that are not the subject of plaintiff's Third Amended Complaint. Intel also objects to this request on the ground that it is unlimited as to time. Intel further objects to this request on the grounds that its use of the phrase "referring or relating to any aspect of ..." is vague, ambiguous and overbroad. Subject to and without waiving these objections and its General Objections, Intel responds that it will produce for inspection and copying all responsive, non-privileged documents in its possession, custody or control that pertain to Radiance Design's Patent Application Serial No. 08/838,022. If such documents exist, Intel will also produce for inspection and copying responsive, non-privileged documents in its possession, custody or control sufficient to establish the subject matter, the conception, and the reduction to practice of Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726; 6,376,268; 6,585,427; and 6,586,726, as well as communications with the United States Patent and Trademark Office regarding these patents.

**REQUEST NO. 6:**

All documents constituting, referring or relating to any communication between Lumen and any officer, employee or agent of LightLogic.

**RESPONSE TO REQUEST NO. 6:**

Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and unlimited as to time. Intel further objects to this request on the grounds that it is not limited to the subject matter of this case and, thus, is not reasonably calculated to lead to the discovery of admissible evidence. Intel also objects to this request on the grounds that it is vague and ambiguous in its use of the defined term "LightLogic" which, by its definition, includes literally thousands of employees of Intel Corporation and LightLogic, Inc. Subject to and without waiving these objections and its General

5.

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    Objections, Intel responds that it will produce for inspection and copying all responsive, non-

2    privileged documents in its possession, custody or control that pertain to the subject matter of this

3    litigation, if any.

4

5    **REQUEST NO. 7:**

6        All documents constituting, referring or relating to communication by or between Jean-Marc

7    Verdiell, any officer of LightLogic, any listed inventor of the Patents (sic.) and Patent Applications,

8    and any persons or entities not affiliated with a party to this action (hereinafter "Third Party") about

9    this lawsuit or its subject matter.

10   **RESPONSE TO REQUEST NO. 7:**

11       Intel objects to this request on the grounds that it is compound, unintelligible, and seeks

12   information which is neither relevant nor reasonably calculated to lead to the discovery of admissible

13   evidence.  Intel further objects to this request on the grounds that it is overbroad and unduly

14   burdensome, and seeks documents and information relating to patents and patent applications that are

15   not the subject of plaintiff's Third Amended Complaint.  Intel also objects to this request on the

16   grounds that it is unlimited as to time, and is vague and ambiguous in its use of the defined term

17   "Patents and Patent Applications."  Subject to and without waiving these objections and its General

18   Objections, and interpreting the term "Patent and Patent Applications" to include Radiance Design's

19   Patent Application Serial No. 08/838,022, and Patent Nos. 5,977,567; 6,207,950; 6,227,724;

20   6,252,726; 6,376,268; 6,585,427; and 6,586,726, Intel responds that it will produce for inspection and

21   copying all responsive, non-privileged documents in its possession, custody or control that reflect

22   communications regarding this lawsuit, if any.

23

24   **REQUEST NO. 8:**

25       All documents constituting, referring or relating to communication by and between Jean-Marc

26   Verdiell, any officer of LightLogic, any listed inventor of the Patents, and any Third Party about the

27   January 5, 1998 Radiance Design, Inc. Plan of Liquidation (hereinafter, "Plan of Liquidation").

28

TAYLOR & CO.
LAW OFFICES

**RESPONSE TO REQUEST NO. 8:**

Intel objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and unlimited as to time.  Intel further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Intel also objects to this request on the grounds that it is vague and ambiguous in its use of the defined term "LightLogic" which, by its definition, includes literally thousands of employees of Intel Corporation and LightLogic, Inc.  Subject to and without waiving these objections and its General Objections, Intel responds that it will produce for inspection and copying all responsive, non-privileged documents in its possession, custody or control that reflect communications regarding the Radiance Design Plan of Liquidation, if any.

**REQUEST NO. 9:**

All documents constituting, referring or relating to communication by and between Jean-Marc Verdiell, any officer of LightLogic, any listed inventor of the Patents, and any Third Party about Radiance Design or Frank Shum's inventorship or work on the Patents and Patent Applications.

**RESPONSE TO REQUEST NO. 9:**

Intel objects to this request on the grounds that it is compound, overbroad, unintelligible as presently drafted, unduly burdensome, and unlimited as to time.  Intel further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Intel also objects to this request on the grounds that it is vague and ambiguous in its use of the defined terms "LightLogic," which by its definition includes literally thousands of employees of Intel Corporation and LightLogic, Inc., and "Patent and Patent Applications."  Intel further objects to this request on the grounds that the term "inventorship," as used in the context of this request, is vague and ambiguous.  Subject to and without waiving these objections and its General Objections, Intel responds that it will produce for inspection and copying all responsive, non-privileged documents in its possession, custody or control, if any.

7.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1

**REQUEST NO. 10:**

2

    All due diligence materials produced or collected by Intel for its acquisition/merger with

3

LightLogic, Inc.

4

**RESPONSE TO REQUEST NO. 10:**

5

    Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

6

further objects to this request on the grounds that it is vague and ambiguous in its use of the term "due

7

diligence materials" and the phrase "produced or collected by Intel," and is not reasonably calculated

8

to lead to the discovery of admissible evidence.  Subject to and without waiving these objections and

9

its General Objections, Intel responds that it will produce for inspection and copying non-privileged

10

documents sufficient to establish the terms and conditions of the acquisition of LightLogic, Inc.

11

12

**REQUEST NO. 11:**

13

    All materials referring or relating to Radiance Design's dissolution, including but not limited to

14

its documentation, scope, validity, and the meaning of any term or phrase used in the Plan of

15

Liquidation.

16

**RESPONSE TO REQUEST NO. 11:**

17

    Intel objects to this request on the grounds that it is compound, overbroad, unduly burdensome,

18

and unlimited as to time.  Intel further objects to this request on the grounds that it is vague and

19

ambiguous in its use of the terms "scope" and "validity" with respect to the Plan of Liquidation.  Intel

20

also objects to this request on the ground that it is not reasonably calculated to lead to the discovery of

21

admissible evidence.  Subject to and without waiving these objections and its General Objections, Intel

22

responds that it will produce for inspection and copying all responsive, non-privileged documents in its

23

possession, custody or control that relate to the dissolution of Radiance Design, if any.

24

25

**REQUEST NO. 12:**

26

    All documents referring or relating to John Gorman's representation of, or relationship with,

27

Lumen.

28

TAYLOR & CO.
LAW OFFICES

1  **RESPONSE TO REQUEST NO. 12:**

2      Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

3  unlimited as to time.  Intel further objects to this request on the grounds that it calls for disclosure of

4  documents protected by the attorney-client privilege and/or the attorney work product doctrine.  Intel

5  also objects to this request on the grounds that it is not limited to the subject matter of this litigation

6  and, thus, is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and

7  without waiving these objections and its General Objections, Intel responds that it will produce for

8  inspection and copying all responsive, non-privileged documents in its possession, custody or control

9  that pertain to the subject matter of this litigation, if any.

10

11  **REQUEST NO. 13:**

12      All documents referring or relating to the formation of LightLogic, Inc.

13  **RESPONSE TO REQUEST NO. 13:**

14      Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

15  unlimited as to time.  Intel further objects to this request on the ground that it is not reasonably

16  calculated to lead to the discovery of admissible evidence.  Intel further objects to this request on the

17  grounds that the term "formation," as used in the context of this request, is vague and ambiguous.

18  Subject to and without waiving these objections and its General Objections, Intel responds that it will

19  produce for inspection and copying all responsive, non-privileged documents in its possession, custody

20  or control, if any.

21

22  **REQUEST NO. 14:**

23      All documents referring or relating to capital investment in LightLogic, Inc.

24  **RESPONSE TO REQUEST NO. 14:**

25      Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

26  unlimited as to time.  Intel further objects to this request on the ground that it is not reasonably

27  calculated to lead to the discovery of admissible evidence.  Intel also objects to this request on the

28

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   grounds that the use of the undefined phrase "capital investment in LightLogic, Inc." is vague and

2   ambiguous.  Subject to and without waiving these objections and its General Objections, Intel responds

3   that it will produce for inspection and copying all responsive, non-privileged documents in its

4   possession, custody or control, if any.

5

6   **REQUEST NO. 15:**

7         All documents provided to potential and actual investors (including Intel) in LightLogic, Inc.

8   designed to provide information about LightLogic, Inc.'s assets, liabilities, intellectual property, and

9   business plans to such investors.

10  **RESPONSE TO REQUEST NO. 15:**

11        Intel objects to this request on the grounds that it is compound, overbroad, unduly burdensome,

12  and unlimited as to time.  Intel further objects to this request on the grounds that it is vague and

13  ambiguous in its use of the undefined term "intellectual property."  Intel also objects to this request on

14  the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject

15  to and without waiving these objections and its General Objections, Intel responds that it will produce

16  for inspection and copying all responsive, non-privileged documents in its possession, custody or

17  control, if any.

18

19  **REQUEST NO. 16:**

20        All documents referring or relating to communication between and among, Jean-Marc Verdiell,

21  Frank Shum, Lumen, John Gorman, Thomas Bahrick, Joseph Mason, and Lucas Chang.

22  **RESPONSE TO REQUEST NO. 16:**

23        Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

24  unlimited as to time.  Intel further objects to this request on the grounds that it calls for disclosure of

25  documents protected by the attorney-client privilege and/or the attorney work product doctrine.  Intel

26  also objects to this request on the grounds that it is compound and is not reasonably calculated to lead

27  to the discovery of admissible evidence.  Subject to and without waiving these objections and its

28

10.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   General Objections, Intel responds that it will produce for inspection and copying all responsive, non-

2   privileged documents in its possession, custody or control that pertain to the subject matter of this

3   litigation, if any.

4

5   **REQUEST NO. 17:**

6       All documents provided by Jean-Marc Verdiell to Lumen.

7   **RESPONSE TO REQUEST NO. 17:**

8       Intel objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited

9   as to time, and not limited to the subject matter of this case.  Intel further objects to this request on the

10  ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to

11  and without waiving these objections and its General Objections, Intel responds that it will produce for

12  inspection and copying all responsive, non-privileged documents in its possession, custody or control

13  that pertain to the subject matter of this litigation, if any.

14

15  **REQUEST NO. 18:**

16      All diaries, desk calendars, pocket calendars, daytimer calendars, lab notebooks, or other

17  similar types of documents maintained by Jean-Marc Verdiell during the period May 1, 1996 through

18  May 31, 2001.

19  **RESPONSE TO REQUEST NO. 18:**

20      Intel objects to this request on the grounds that it is overbroad and unduly burdensome, is not

21  limited to the subject matter of this case, and is not reasonably calculated to lead to the discovery of

22  admissible evidence.  Intel further objects to this request on the ground that it violates Jean-Marc

23  Verdiell's rights to privacy.  Subject to and without waiving these objections and its General

24  Objections, Intel responds that it will produce for inspection and copying all responsive, non-

25  privileged documents in its possession, custody or control, if any, redacted as necessary to protect Mr.

26  Verdiell's privacy in personal matters unrelated to this litigation, as well as any trade secrets or other

27  proprietary information of third parties.

28

TAYLOR & CO.
LAW OFFICES

1

2   **REQUEST NO. 19:**

3       All of the corporate records of LightLogic, Inc., including, without limitation, minutes of the

4   board of directors, shareholders, bylaws, articles of incorporation, and stock books.

5   **RESPONSE TO REQUEST NO. 19:**

6       Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

7   unlimited as to time.  Intel further objects to this request on the ground that it is not reasonably

8   calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

9   objections and its General Objections, Intel responds that it will produce for inspection and copying all

10  responsive, non-privileged documents in its possession, custody or control, if any.

11

12  **REQUEST NO. 20:**

13      All documents describing the terms and conditions of Intel's acquisition/merger with

14  LightLogic, Inc.

15  **RESPONSE TO REQUEST NO. 20:**

16      Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

17  further objects to this request on the ground that it is not reasonably calculated to lead to the discovery

18  of admissible evidence.  Subject to and without waiving these objections and its General Objections,

19  Intel responds that it will produce for inspection and copying responsive, non-privileged documents

20  sufficient to describe the terms and conditions of the acquisition of LightLogic, Inc.

21

22  **REQUEST NO. 21:**

23      All documents referring to, relating to, or constituting the source of the intellectual property

24  forming the subject matter of the Patents and Patent Applications.

25  **RESPONSE TO REQUEST NO. 21:**

26      Intel objects to this request on the grounds that it is overbroad and unduly burdensome, and

27  seeks documents and information relating to patents and patent applications that are not the subject of

28

TAYLOR & CO.
LAW OFFICES

12.

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1 | plaintiff's Third Amended Complaint. Intel further objects to this request on the grounds that it is

2 | unlimited as to time, and is vague and ambiguous in its use of the defined term "Patents and Patent

3 | Applications." Intel further objects to this request on the grounds that the phrase "constituting the

4 | source of the intellectual property forming the subject matter of the "Patents and Patent Applications"

5 | is vague and ambiguous. Subject to and without waiving these objections and its General Objections,

6 | and interpreting the term "Patent and Patent Applications" to include Radiance Design's Patent

7 | Application Serial No. 08/838,022, and Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726;

8 | 6,376,268; 6,585,427; and 6,586,726, Intel responds that it will produce for inspection and copying all

9 | responsive, non-privileged documents in its possession, custody or control sufficient to establish the

10 | subject matter of Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726; 6,376,268; 6,585,427; and

11 | 6,586,726, if any.

13 | Dated: September 8, 2003

TAYLOR & CO. LAW OFFICES

15 | By: _____
      Jennifer A. Lee

Attorneys for Defendant
INTEL CORPORATION

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1

## PROOF OF SERVICE

2      I am employed in the County of Alameda, State of California. I am over the age of 18 and not

3  a party to the within action. My business address is Taylor & Co. Law Offices, 1050 Marina Village

4  Parkway, Suite 101, Alameda, California 94501.

5      On September 8, 2003, I served a true and correct copy of the document(s) described as:

6  **INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUEST**

7  **FOR PRODUCTION OF DOCUMENTS** on the following interested parties in this action:

8       Mr. e. robert wallach                    Mr. Jeffrey W. Shopoff
         P.O. Box 2670                             Shopoff & Cavallo LLP
9        San Francisco, CA 94126-2670            353 Sacramento Street, Suite 1040
10       *Telephone: 415-989-6445*              San Francisco, CA 94111
         *Facsimile: 415-989-3802*              *Telephone: 415-984-1975*
11       **Counsel for Frank T. Shum**          *Facsimile: 415-984-1978*
                                                 **Counsel for Frank T. Shum**
12

13       Mr. R. Stephen Goldstein
         Goldstein, Gellman, Melbostad,
14       Gibson & Harris, LLP
         100 Van Ness Avenue, 21st Floor
15       San Francisco, CA 94102
         *Telephone: 415-621-5600*
16       *Facsimile: 415-621-0656*
17       **Counsel for Lumen Intellectual**
         **Property Services, Inc. and**
18       **Marek Alboszta**

19      [ X ] **[BY US MAIL, CCP § 1013a(3)]** I caused the foregoing document(s) to be enclosed

20  in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified above

21  as indicated herein. I am "readily familiar" with the firm's practice of collection and processing

22  correspondence for mailing and know that, in the ordinary course of Taylor & Co. Law Office's

23  business practice, the document(s) described above would be deposited with the United States Postal

24  Service on that same day at Alameda, California, in the ordinary course of business. I am aware that

25  on motion of the party served, service is presumed to be invalid if the postal cancellation date, or

26  postage meter date, is more than one day after the date of deposit for mailing set forth in this

27  declaration.

28
                                          14.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1    [ X ]  **[BY FACSIMILE, CCP § 1013(e)]**  I caused the foregoing document(s) to be

2    transmitted by facsimile to the offices of the addressees indicated above at the facsimile numbers listed

3    for each addressee served.  Upon completion of said facsimile transmission, the transmitting machine

4    issued a transmission report showing that the transmission was complete and without error.

5    [   ]  **[BY OVERNIGHT DELIVERY, CCP § 1013(d)]**  I caused delivery of the

6    document(s) listed above to be effected by overnight mail, by placing true and correct copies in

7    separate envelopes for each addressee shown above, with the name and address of the person served

8    shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were

9    paid or provided for in accordance with the ordinary business practices of Taylor & Co. Law Offices.

10    [   ]  **[BY PERSONAL SERVICE, CCP § 1011(a)]**  I caused the foregoing document(s) to

11    be served by hand on the following individual(s) as indicated on the "Declaration of Personal Service"

12    attached hereto as Exhibit A.  The person who delivered a true and correct copy of such document(s)

13    to the person(s) identified below is identified in Exhibit A attached hereto.

14        I declare under penalty of perjury, under the laws of the State of California, that the foregoing

15    is true and correct.  Executed this 8th day of September, 2003, at Alameda, California.

16

17                                                      _Susan A. Pope_

18                                                      Susan A. Pope

19

20

21

22

23

24

25

26

27

28

15.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  STEPHEN E. TAYLOR (SBN 058452)
   JAN J. KLOHONATZ (SBN 111718)
2  JENNIFER A. LEE (SBN 222255)
   TAYLOR & COMPANY LAW OFFICES, INC.
3  One Ferry Building, Suite 355
   San Francisco, California  94111
4  Telephone: (415) 788-8200
   Facsimile: (415) 788-8208
5
   RAGESH K. TANGRI (SBN 159477)
6  JUDY M. SHIH (SBN 206394)
   KEKER & VAN NEST LLP
7  710 Sansome Street
   San Francisco, CA 94111
8  Telephone: (415) 391-5400
   Facsimile:  (415) 397-7188
9
   Attorneys for Defendant
10 INTEL CORPORATION
   and Defendant and Counter-Claimant
11 JEAN-MARC VERDIELL

12                  UNITED STATES DISTRICT COURT

13            FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                        OAKLAND DIVISION

15 FRANK T. SHUM,                        Case No.:  C 02-03262 DLJ (EMC)

16        Plaintiff,                     **INTEL CORPORATION'S
                                         SUPPLEMENTAL RESPONSES
17 v.                                    TO FRANK T. SHUM'S FIRST
                                         SET OF REQUESTS FOR
18 INTEL CORPORATION, JEAN-MARC          PRODUCTION OF DOCUMENTS**
   VERDIELL, LIGHTLOGIC, INC., LUMEN
19 INTELLECTUAL PROPERTY SERVICES, INC.,
   and MAREK ALBOSZTA,
20
        Defendants.
21

22 JEAN-MARC VERDIELL,

23        Counter-Claimant,

24 v.

25 FRANK T. SHUM,

26        Counter-Defendant.

27

28

TAYLOR & CO.
LAW OFFICES, INC.

1    PROPOUNDING PARTY:    FRANK T. SHUM

2    RESPONDING PARTY:    INTEL CORPORATION

3    SET NUMBER:    ONE (Request Nos. 1-21)

4    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Intel Corporation ("Intel") hereby

5 provides supplemental responses to Frank T. Shum's Requests First Set of Requests for Production of

6 Documents to Intel Corporation as follows:

7    **GENERAL STATEMENT AND OBJECTIONS**

8    The following general objections ("General Objections") apply to each separately numbered

9 document request contained in Frank T. Shum's First Set of Requests for Production of Documents to

10 Intel ("Requests") and are incorporated by this reference, to the extent applicable, into each specific

11 response, as if set forth in full.  By consenting to the production of any document, Intel does not waive

12 any of its general or specific objections to the production of other documents, nor is any fact to be

13 deemed admitted from any objection set forth herein.

14    1.    Intel objects to each request to the extent that it purports to seek the production of

15 documents that are protected by the attorney-client privilege, attorney work product doctrine, trade

16 secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege,

17 doctrine, or immunity.  The inadvertent production of any privileged document is not to be deemed a

18 waiver of privilege, and Intel reserves the right to object to the introduction or other use of any

19 privileged or protected document that may be inadvertently produced.

20    2.    Intel generally objects to each request to the extent that it purports to impose obligations

21 on Intel beyond those set forth in the Federal Rules of Civil Procedure, the California Code of Civil

22 Procedure, and applicable case law.

23    3.    Intel objects to each request to the extent that it calls for documents which are outside of

24 its possession, custody and control.

25    4.    Intel objects to each request to the extent it seeks documents that are protected by

26 privacy rights under the United States Constitution, the California Constitution, or other applicable

27 state or federal law.

28

1.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1      5.     Intel objects to the use of the terms "referring," "relate," and/or "relating to," in that

2  these terms are overbroad, vague, and ambiguous.

3      6.     Intel objects to each request to the extent that it seeks production of documents or

4  information that is confidential, proprietary, or contain trade secrets.  Intel will provide such

5  documents only pursuant to the terms of the Protective Order that has been entered in this action.

6      7.     Intel objects to each request to the extent that it seeks documents or information that are

7  protected by any confidentiality obligations that are owed to a third party.

8      These General Objections, and any specific objections which hereafter may be asserted, do not

9  constitute a refusal on the part of Intel to meet and confer with plaintiff in connection with the

10  Requests, or necessarily constitute a refusal to produce documents.  However, by meeting and

11  conferring, by responding, or by producing documents, Intel does not concede the relevancy or

12  materiality of any request or of the subject to which the request refers.  Intel's response to each request

13  is made expressly subject to, and without in any way waiving or intending to waive, any questions or

14  objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for

15  any other purpose, of any documents referred to or produced, or of the responses given herein, or of

16  the subject matter thereof, in any proceeding (including trial of this action or in any subsequent

17  proceeding).  These responses contained herein are without prejudice to Intel's right to respond

18  differently should the subject matter of the requests be repeated in other discovery.

19      Intel has not completed its investigation of facts, witnesses, or documents relating to this case;

20  has not completed discovery in this action; has not completed its analysis of available data; and has not

21  completed preparation for trial.  Thus, although a good faith effort has been made to conduct a diligent

22  search and to supply pertinent documents when they have been requested, and a reasonable inquiry has

23  been made in an effort to comply with the Requests, it has not been possible in many instances for

24  unqualified responses to be made.  Further, the responses are necessarily made without prejudice to

25  Intel's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as

26  well as any new theories or contentions that Intel may adopt.  Intel's responses and production of

27  documents are also made based on the claims and defenses set forth in the pleadings currently on file

28

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   in this case as of the date these responses are made.  Intel's responses and production of documents are

2   made without prejudice to its right to provide facts, witnesses, or documents omitted by oversight,

3   inadvertence, or good faith error or mistake.  Intel has furnished such information and documents as

4   are presently available to it, which may include hearsay and other forms of evidence that are neither

5   reliable nor admissible.

6

7   **SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS**

8   **REQUEST NO. 1:**

9    All documents referring, relating to, or created by Frank Shum.

10   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:**

11    Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

12   unlimited as to time.  Intel further objects to this request on the grounds that it calls for the production

13   of documents that are protected by the attorney-client privilege or the attorney work product doctrine.

14   Subject to and without waiving these objections and the General Objections set forth above, Intel

15   responds that it already has or will produce for inspection and copying responsive, non-privileged

16   documents in its possession, custody or control, if any, dated on or before April 30, 2004.

17

18   **REQUEST NO. 2:**

19    All documents referring, relating to, or created by Radiance Design.

20   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

21    Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

22   unlimited as to time.  Intel also objects to this request on the grounds that it calls for the production of

23   documents that are protected by the attorney-client privilege or the attorney work product doctrine.

24   Intel further objects to this request on the grounds that the use of the phrase "created by Radiance

25   Design" is vague and ambiguous.  Subject to and without waiving these objections and the General

26   Objections set forth above, Intel responds that it already has or will produce for inspection and copying

27

28

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   responsive, non-privileged documents in its possession, custody or control, if any, dated on or before

2   April 30, 2004.

3

4   **REQUEST NO. 3:**

5       All documents referring or relating to Marek Alboszta and/or Lumen Intellectual Property

6   Services (collectively, hereinafter "Lumen").

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

8       Intel objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited

9   as to time, and not limited to the subject matter of this case.  Intel further objects to this request on the

10  grounds that it calls for the production of documents that are protected by the attorney-client privilege

11  or the attorney work product doctrine.  Subject to and without waiving these objections and the

12  General Objections set forth above, Intel responds that it has or already will produce for inspection and

13  copying responsive, non-privileged documents in its possession, custody or control regarding the

14  subject matter of this litigation, if any, dated on or before April 30, 2004.

15

16  **REQUEST NO. 4:**

17      All documents constituting, referring or relating to any communication between Frank Shum

18  and any officer, employee or agent of LightLogic, Inc. or Intel (collectively hereinafter, "LightLogic").

19  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

20      Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

21  unlimited as to time.  Intel further objects to this request on the grounds that it calls for the production

22  of documents that are protected by the attorney-client privilege or the attorney work product doctrine.

23  Intel also objects to this request on the grounds that it is not limited to the subject matter of this case

24  and, thus, is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and

25  without waiving these objections and the General Objections set forth above, Intel responds that it

26  already has or will produce for inspection and copying responsive, non-privileged documents in its

27

28                                                    4.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    possession, custody or control reflecting communications that pertain to the subject matter of this

2    litigation, if any, dated on or before April 30, 2004.

3

4    **REQUEST NO. 5:**

5        All documents referring or relating to any aspect of Radiance Design's Patent Application

6    Serial No. 08/838,022; LightLogic Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726; 6,376,268;

7    6,511,236; 6,585,427, and 6,586,726; and Patent Application No. 20030029051 (collectively hereafter,

8    the "Patents and Patent Applications"), including but not limited to communications with the USPTO,

9    the subject matter of the Patents, and the conception, development, and reduction to practice of such

10   subject matter.

11   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

12       Intel objects to this request on the grounds that it is compound and seeks information which is

13   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intel further

14   objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks

15   documents and information relating to patents and patent applications that are not the subject of

16   plaintiff's Third Amended Complaint. Intel also objects to this request on the ground that it is

17   unlimited as to time. Intel further objects to this request on the grounds that it calls for the production

18   of documents that are protected by the attorney-client privilege or the attorney work product doctrine.

19   Intel also objects to this request on the grounds that its use of the phrase "referring or relating to any

20   aspect of …" is vague, ambiguous and overbroad. Subject to and without waiving these objections and

21   the General Objections set forth above, Intel responds that it already has or will produce for inspection

22   and copying responsive, non-privileged documents in its possession, custody or control that pertain to

23   Radiance Design's Patent Application Serial No. 08/838,022, dated on or before April 30, 2004. Intel

24   already has produced for inspection and copying responsive, non-privileged documents in its

25   possession, custody or control sufficient to establish the subject matter, the conception, and the

26   reduction to practice of Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726; 6,376,268; 6,585,427;

27   and 6,586,726, as well as communications with the United States Patent and Trademark Office

28

5.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  regarding these patents.  To the extent Intel determines that any additional responsive, non-privileged

2  documents regarding the subject matter of this request (as limited by this purpose) should be produced,

3  it will do so prior to October 29, 2004.

4

5  **REQUEST NO. 6:**

6      All documents constituting, referring or relating to any communication between Lumen and

7  any officer, employee or agent of LightLogic.

8  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

9      Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

10  unlimited as to time.  Intel further objects to this request on the grounds that it is not limited to the

11  subject matter of this case and, thus, is not reasonably calculated to lead to the discovery of admissible

12  evidence.  Intel further objects to this request on the grounds that it calls for the production of

13  documents that are protected by the attorney-client privilege or the attorney work product doctrine.

14  Intel also objects to this request on the grounds that it is vague and ambiguous in its use of the defined

15  term "LightLogic" which, by its definition, includes literally thousands of employees of Intel

16  Corporation and LightLogic, Inc.  Subject to and without waiving these objections and the General

17  Objections set forth above, Intel responds that it has or already will produce for inspection and copying

18  responsive, non-privileged documents in its possession, custody or control that pertain to the subject

19  matter of this request and relate to this litigation, if any, dated on or before April 30, 2004.

20

21  **REQUEST NO. 7:**

22      All documents constituting, referring or relating to communication by or between Jean-Marc

23  Verdiell, any officer of LightLogic, any listed inventor of the Patents (sic.) and Patent Applications,

24  and any persons or entities not affiliated with a party to this action (hereinafter "Third Party") about

25  this lawsuit or its subject matter.

26

27

28

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

2  Intel objects to this request on the grounds that it is compound, unintelligible, and seeks

3  information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

4  evidence. Intel further objects to this request on the grounds that it is overbroad and unduly

5  burdensome, and seeks documents and information relating to patents and patent applications that are

6  not the subject of plaintiff's Third Amended Complaint. Intel further objects to this request on the

7  grounds that it calls for the production of documents that are protected by the attorney-client privilege

8  or the attorney work product doctrine. Intel also objects to this request on the grounds that it is

9  unlimited as to time, and is vague and ambiguous in its use of the defined term "Patents and Patent

10  Applications." Subject to and without waiving these objections and the General Objections set forth

11  above, and interpreting the term "Patent and Patent Applications" to include Radiance Design's Patent

12  Application Serial No. 08/838,022, and United States Patent Nos. 5,977,567; 6,207,950; 6,227,724;

13  6,252,726; 6,376,268; 6,585,427; and 6,586,726, Intel responds that it already has or will produce for

14  inspection and copying all responsive, non-privileged documents in its possession, custody or control

15  that reflect communications of the type described in this request, if any, dated on or before April 30,

16  2004.

17

18  **REQUEST NO. 8:**

19  All documents constituting, referring or relating to communication by and between Jean-Marc

20  Verdiell, any officer of LightLogic, any listed inventor of the Patents, and any Third Party about the

21  January 5, 1998 Radiance Design, Inc. Plan of Liquidation (hereinafter, "Plan of Liquidation").

22  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

23  Intel objects to this request on the grounds that it is compound, overbroad, unduly burdensome,

24  and unlimited as to time. Intel further objects to this request on the ground that it is not reasonably

25  calculated to lead to the discovery of admissible evidence. Intel further objects to this request on the

26  grounds that it calls for the production of documents that are protected by the attorney-client privilege

27  or the attorney work product doctrine. Intel also objects to this request on the grounds that it is vague

28

7.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  and ambiguous in its use of the defined term "LightLogic" which, by its definition, includes literally

2  thousands of employees of Intel Corporation and LightLogic, Inc.  Intel also objects to this request on

3  the grounds that its use of the undefined terms "Patents" is vague and ambiguous.  Subject to and

4  without waiving these objections and the General Objections set forth above, Intel responds that it

5  already has or will produce for inspection and copying responsive, non-privileged documents in its

6  possession, custody or control that reflect communications regarding the Radiance Design Plan of

7  Liquidation, if any, dated on or before April 30, 2004.

8

9  **REQUEST NO. 9:**

10      All documents constituting, referring or relating to communication by and between Jean-Marc

11  Verdiell, any officer of LightLogic, any listed inventor of the Patents, and any Third Party about

12  Radiance Design or Frank Shum's inventorship or work on the Patents and Patent Applications.

13  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

14      Intel objects to this request on the grounds that it is compound, overbroad, unintelligible as

15  presently drafted, unduly burdensome, and unlimited as to time.  Intel further objects to this request on

16  the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Intel

17  also objects to this request on the grounds that it is vague and ambiguous in its use of the defined terms

18  "LightLogic," which by its definition includes literally thousands of employees of Intel Corporation

19  and LightLogic, Inc., and "Patent and Patent Applications."  Intel further objects to this request on the

20  grounds that it calls for the production of documents that are protected by the attorney-client privilege

21  or the attorney work product doctrine.  Intel also objects to this request on the grounds that the term

22  "inventorship," as used in the context of this request, is vague and ambiguous.  Subject to and without

23  waiving these objections and the General Objections set forth above, Intel responds that it already has

24  or will produce for inspection and copying responsive, non-privileged documents in its possession,

25  custody or control, if any, dated on or before April 30, 2004.

26

27

28

TAYLOR & CO.
LAW OFFICES. INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  **REQUEST NO. 10:**

2     All due diligence materials produced or collected by Intel for its acquisition/merger with

3  LightLogic, Inc.

4  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

5     Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

6  further objects to this request on the grounds that it is vague and ambiguous in its use of the term "due

7  diligence materials" and the phrase "produced or collected by Intel," and is not reasonably calculated

8  to lead to the discovery of admissible evidence.  Intel further objects to this request on the grounds that

9  it calls for the production of documents that are protected by the attorney-client privilege or the

10  attorney work product doctrine.  Subject to and without waiving these objections and the General

11  Objections set forth above, Intel responds that it already has produced for inspection and copying non-

12  privileged documents sufficient to establish the terms and conditions of the acquisition of LightLogic,

13  Inc.

14

15  **REQUEST NO. 11:**

16     All materials referring or relating to Radiance Design's dissolution, including but not limited to

17  its documentation, scope, validity, and the meaning of any term or phrase used in the Plan of

18  Liquidation.

19  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

20     Intel objects to this request on the grounds that it is compound, overbroad, unduly burdensome,

21  and unlimited as to time.  Intel further objects to this request on the grounds that it is vague and

22  ambiguous in its use of the terms "scope" and "validity" with respect to the Plan of Liquidation.  Intel

23  also objects to this request on the ground that it is not reasonably calculated to lead to the discovery of

24  admissible evidence.  Intel further objects to this request on the grounds that it calls for the production

25  of documents that are protected by the attorney-client privilege or the attorney work product doctrine.

26  Subject to and without waiving these objections and the General Objections set forth above, Intel

27  responds that it already has or will produce for inspection and copying responsive, non-privileged

28

TAYLOR & CO.
LAW OFFICES. INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    documents in its possession, custody or control that relate to the dissolution of Radiance Design, if

2    any, dated on or before April 30, 2004.

3

4    **REQUEST NO. 12:**

5        All documents referring or relating to John Gorman's representation of, or relationship with,

6    Lumen.

7    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

8        Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

9    unlimited as to time. Intel further objects to this request on the grounds that it calls for the production

10   of documents protected by the attorney-client privilege or the attorney work product doctrine. Intel

11   also objects to this request on the grounds that it is not limited to the subject matter of this litigation

12   and, thus, is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

13   without waiving these objections and the General Objections set forth above, Intel responds that it

14   already has or will produce for inspection and copying responsive, non-privileged documents in its

15   possession, custody or control that pertain to the subject matter of this litigation, if any, dated on or

16   before April 30, 2004.

17

18   **REQUEST NO. 13:**

19       All documents referring or relating to the formation of LightLogic, Inc.

20   **RESPONSE TO REQUEST NO. 13:**

21       Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

22   unlimited as to time. Intel also objects to this request on the ground that it is not reasonably calculated

23   to lead to the discovery of admissible evidence. Intel further objects to this request on the grounds that

24   it calls for the production of documents that are protected by the attorney-client privilege or the

25   attorney work product doctrine. Intel also objects to this request on the grounds that the term

26   "formation," as used in the context of this request, is vague and ambiguous. Subject to and without

27   waiving these objections and the General Objections set forth about, Intel responds that responsive,

28

                                                    10.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1   non-privileged documents constituting the articles of incorporation and the bylaws of LightLogic, Inc.,

2   as well as the LightLogic, Inc. Board of Directors minutes, already have been produced in this

3   litigation.

4

5   **REQUEST NO. 14:**

6       All documents referring or relating to capital investment in LightLogic, Inc.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 14:**

8       Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

9   unlimited as to time.  Intel also objects to this request on the ground that it is not reasonably calculated

10  to lead to the discovery of admissible evidence.  Intel further objects to this request on the grounds that

11  it calls for the production of documents that are protected by the attorney-client privilege or the

12  attorney work product doctrine.  Intel also objects to this request on the grounds that the use of the

13  undefined phrase "capital investment in LightLogic, Inc." is vague and ambiguous.  Subject to and

14  without waiving these objections and the General Objections set forth above, Intel responds that it

15  already has produced for inspection and copying responsive, non-privileged documents in its

16  possession, custody or control identifying the shareholders of LightLogic, Inc. and the individuals and

17  business entities that participated in LightLogic, Inc.'s Series A, Series B, and Series C financing

18  rounds, together with the amounts of their investments.

19

20  **REQUEST NO. 15:**

21      All documents provided to potential and actual investors (including Intel) in LightLogic, Inc.

22  designed to provide information about LightLogic, Inc.'s assets, liabilities, intellectual property, and

23  business plans to such investors.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

25      Intel objects to this request on the grounds that it is compound, overbroad, unduly burdensome,

26  and unlimited as to time.  Intel also objects to this request on the grounds that it is vague and

27  ambiguous in its use of the undefined term "intellectual property."  Intel further objects to this request

28
                                        11.

1   on the grounds that it calls for the production of documents that are protected by the attorney-client

2   privilege or the attorney work product doctrine.  Intel also objects to this request on the ground that it

3   is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

4   waiving these objections and the General Objections set forth above, Intel responds that it has

5   produced non-privileged documents sufficient to establish the terms and conditions of the acquisition

6   of LightLogic, Inc. (see, e.g., IN0000001-INT0000402).

7

8   **REQUEST NO. 16:**

9       All documents referring or relating to communication between and among, Jean-Marc Verdiell,

10  Frank Shum, Lumen, John Gorman, Thomas Bahrick, Joseph Mason, and Lucas Chang.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

12      Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

13  unlimited as to time.  Intel further objects to this request on the grounds that it calls for disclosure of

14  documents protected by the attorney-client privilege and/or the attorney work product doctrine.  Intel

15  also objects to this request on the grounds that it is compound and is not reasonably calculated to lead

16  to the discovery of admissible evidence.  Subject to and without waiving these objections and the

17  General Objections set forth above, Intel responds that it already has or will produce for inspection and

18  copying responsive, non-privileged documents in its possession, custody or control that pertain to the

19  subject matter of this litigation, if any, dated on or before April 30, 2004.

20

21  **REQUEST NO. 17:**

22      All documents provided by Jean-Marc Verdiell to Lumen.

23  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

24      Intel objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited

25  as to time, and not limited to the subject matter of this case.  Intel also objects to this request on the

26  ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Intel further

27  objects to this request on the grounds that it calls for the production of documents that are protected by

28

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving

2   these objections and the General Objections set forth above, Intel responds that it already has or will

3   produce for inspection and copying responsive, non-privileged documents in its possession, custody or

4   control that pertain to the subject matter of this litigation, if any, dated on or before April 30, 2004.

5

6   **REQUEST NO. 18:**

7       All diaries, desk calendars, pocket calendars, daytimer calendars, lab notebooks, or other

8   similar types of documents maintained by Jean-Marc Verdiell during the period May 1, 1996 through

9   May 31, 2001.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

11      Intel objects to this request on the grounds that it is overbroad and unduly burdensome, is not

12  limited the subject matter of this case, and is not reasonably calculated to lead to the discovery of

13  admissible evidence.  Intel further objects to this request on the ground that it violates Jean-Marc

14  Verdiell's rights to privacy.  Subject to and without waiving these objections and the General

15  Objections, Intel responds that it does not have possession, custody or control of the documents that

16  are the subject of this request.  Intel is informed and believes that this request was also propounded to

17  Verdiell, and that he either has or will produce responsive, non-privileged documents.

18

19  **REQUEST NO. 19:**

20      All of the corporate records of LightLogic, Inc., including, without limitation, minutes of the

21  board of directors, shareholders, bylaws, articles of incorporation, and stock books.

22  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

23      Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and

24  unlimited as to time.  Intel further objects to this request on the ground that it is not reasonably

25  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

26  objections and the General Objections set forth above, Intel responds that it already has produced for

27  inspection and copying all LightLogic, Inc. Board of Directors minutes, bylaws, and the articles of

28

13.

TAYLOR & CO.
LAW OFFICES. INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    incorporation of LightLogic, Inc., as well as documents sufficient to identify the shareholders of

2    LightLogic, Inc. at the time of the acquisition in 2001.

3

4    **REQUEST NO. 20:**

5         All documents describing the terms and conditions of Intel's acquisition/merger with

6    LightLogic, Inc.

7    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

8         Intel objects to this request on the grounds that it is overbroad and unduly burdensome. Intel

9    also objects to this request on the ground that it is not reasonably calculated to lead to the discovery of

10   admissible evidence. Intel further objects to this request on the grounds that it calls for the production

11   of documents that are protected by the attorney-client privilege or the attorney work product doctrine.

12   Subject to and without waiving these objections and the General Objections set for above, Intel

13   responds that it already has produced for inspection and copying non-privileged documents sufficient

14   to establish the terms and conditions of the acquisition of LightLogic, Inc.

15

16   **REQUEST NO. 21:**

17        All documents referring to, relating to, or constituting the source of the intellectual property

18   forming the subject matter of the Patents and Patent Applications.

19   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

20        Intel objects to this request on the grounds that it is overbroad and unduly burdensome, and

21   seeks documents and information relating to patents and patent applications that are not the subject of

22   plaintiff's Third Amended Complaint. Intel further objects to this request on the grounds that it is

23   unlimited as to time, and is vague and ambiguous in its use of the defined term "Patents and Patent

24   Applications." Intel further objects to this request on the grounds that the phrase "constituting the

25   source of the intellectual property forming the subject matter of the "Patents and Patent Applications"

26   is vague and ambiguous. Intel further objects to this request on the grounds that it calls for the

27   production of documents that are protected by the attorney-client privilege or the attorney work

28

TAYLOR & CO.
LAW OFFICES. INC.

14.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  product doctrine.  Subject to and without waiving these objections and the General Objections, and

2  interpreting the term "Patent and Patent Applications" to include Radiance Design's Patent Application

3  Serial No. 08/838,022, and Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726; 6,376,268;

4  6,585,427; and 6,586,726, Intel responds that it has produced for inspection and copying responsive,

5  non-privileged documents in its possession, custody or control sufficient to establish the subject matter

6  of United States Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726; 6,376,268; 6,585,427; and

7  6,586,726.  To the extent Intel determines that any additional responsive, non-privileged documents

8  regarding the subject matter of this request (as limited by this response) should be produced, it will do

9  so prior to October 29, 2004.

10

11  Dated:  September 29, 2004                    TAYLOR & COMPANY LAW OFFICES, INC.

12

13                                                By: _____
                                                      Jan J. Klohonatz
14                                                Attorneys for Defendant
15                                                INTEL CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1

**PROOF OF SERVICE**

2      I am employed in the County of San Francisco, State of California.  I am over the age of 18

3  and not a party to the within action.  My business address is Taylor & Company Law Offices, Inc.,

4  One Ferry Building, Suite 355, San Francisco, California 94111.

5      On September 29, 2004, I served a true and correct copy of the document(s) described as:

6  **INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST**

7  **SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the following interested

8  parties in this action:

9

10      Mr. e. robert wallach
        155 Jackson Street, Suite 602

11      San Francisco, CA 94111
        *Telephone: 415-989-6445*

12      *Facsimile: 415-989-3802*

13      **Counsel for Frank T. Shum**

14

15      Mr. Alan L. Barry
        Bell Boyd & Lloyd LLP

16      70 West Madison Street, Suite 3300
        Chicago, IL 60602-4207

17      *Telephone: 312-807-4438*
        *Facsimile: 312 827-8196*

18

19      **Counsel for Frank T. Shum**

Mr. Gregory S. Cavallo
Shopoff & Cavallo LLP
353 Sacramento Street, Suite 1040
San Francisco, CA 94111
*Telephone: 415-984-1975*
*Facsimile: 415-984-1978*

**Counsel for Frank T. Shum**

Mr. Harris Zimmerman
1330 Broadway, Suite 710,
Oakland, CA 94612
*Telephone: 510-465-0828*
*Facsimile: 510-465-2041*

**Counsel for Frank T. Shum**

20      **[ X ]  [BY US MAIL, CCP § 1013a(3)]**  I caused the foregoing document(s) to be enclosed

21  in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified

22  above as indicated herein.  I am "readily familiar" with the firm's practice of collection and

23  processing correspondence for mailing and know that, in the ordinary course of Taylor & Company

24  Law Offices, Inc.'s business practice, the document(s) described above would be deposited with the

25  United States Postal Service on that same day at San Francisco, California, in the ordinary course of

26  business.  I am aware that on motion of the party served, service is presumed to be invalid if the

27

28

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  postal cancellation date, or postage meter date, is more than one day after the date of deposit for

2  mailing set forth in this declaration.

3    [ X ]  [BY FACSIMILE, CCP § 1013(e)]  I caused the foregoing document(s) to be

4  transmitted by facsimile to the offices of the addressees indicated below at the facsimile numbers

5  listed for each addressee served.  Upon completion of said facsimile transmission, the transmitting

6  machine issued a transmission report showing that the transmission was complete and without error.

7

8     Mr. Gregory S. Cavallo
   Shopoff & Cavallo LLP

9     353 Sacramento Street, Suite 1040
   San Francisco, CA  94111

10     *Telephone:  415-984-1975*
   *Facsimile:  415-984-1978*

11     **Counsel for Frank T. Shum**

12    [   ]  [BY OVERNIGHT DELIVERY, CCP § 1013(d)]  I caused delivery of the

13  document(s) listed above to be effected by overnight mail, by placing true and correct copies in

14  separate envelopes for each addressee shown above, with the name and address of the person served

15  shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were

16  paid or provided for in accordance with the ordinary business practices of Taylor & Company Law

17  Offices, Inc.

18    [   ]  [BY PERSONAL SERVICE, CCP § 1011(a)]  I caused the foregoing document(s)

19  to be served by hand on the following individual(s) as indicated on the "Declaration of Personal

20  Service" attached hereto as Exhibit A.  The person who delivered a true and correct copy of such

21  document(s) to the person(s) identified below is identified in Exhibit A attached hereto.

22    I declare under penalty of perjury, under the laws of the United States of America, that the

23  foregoing is true and correct.  Executed this 29th day of September, 2004, at San Francisco,

24  California.

25

26  
      Grace D. Frary

27

28         17.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

# EXHIBIT B

## CATHERINE A. DUNBAR DECLARATION

1    STEPHEN E. TAYLOR (SBN 058452)
     JAN J. KLOHONATZ (SBN 111718)
2    JENNIFER A. LEE (SBN 222255)
     TAYLOR & CO. LAW OFFICES
3    1050 Marina Village Pkwy., Suite 101
     Alameda, California  94501
4    Telephone:  (510) 865-9401
     Facsimile:  (510) 865-9408

5

6    Attorneys for Defendant
     INTEL CORPORATION
     and Defendant and Counter-Claimant
7    JEAN-MARC VERDIELL

8

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

#### OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM, | Case No.:  C 02-03262 DLJ (EMC) |
|     Plaintiff, | **INTEL CORPORATION'S RESPONSES** |
| v. | **TO FRANK T. SHUM'S SECOND SET OF** |
| | **REQUESTS FOR PRODUCTION OF** |
| INTEL CORPORATION, JEAN-MARC | **DOCUMENTS** |
| VERDIELL, LIGHTLOGIC, INC., LUMEN | |
| INTELLECTUAL PROPERTY SERVICES, INC., | |
| and MAREK ALBOSZTA, | |
|     Defendants. | |
| | |
| JEAN-MARC VERDIELL, | |
|     Counter-Claimant, | |
| v. | |
| FRANK T. SHUM, | |
|     Counter-Defendant. | |

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1     PROPOUNDING PARTY:    FRANK T. SHUM

2     RESPONDING PARTY:       INTEL CORPORATION

3     SET NUMBER:             TWO (Requests 24-33)

4         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Intel Corporation ("Intel") hereby

5 responds to Frank T. Shum's Requests Second Set of Requests for Production of Documents to Intel

6 Corporation as follows:

7                   **GENERAL STATEMENT AND OBJECTIONS**

8         The following general objections ("General Objections") apply to each separately numbered

9 document request contained in Frank T. Shum's Second Set of Requests for Production of Documents

10 to Intel ("Requests") and are incorporated by this reference, to the extent applicable, into each specific

11 response, as if set forth in full.  By consenting to the production of any document, Intel does not waive

12 any of its general or specific objections to the production of other documents, nor is any fact to be

13 deemed admitted from any objection set forth herein.

14       1.       Intel objects to each request to the extent that it purports to seek the production of

15 documents that are protected by the attorney-client privilege, attorney work product doctrine, trade

16 secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege,

17 doctrine, or immunity.  The inadvertent production of any privileged document is not to be deemed a

18 waiver of privilege, and Intel reserves the right to object to the introduction or other use of any

19 privileged or protected document that may be inadvertently produced.

20       2.       Intel generally objects to each request to the extent that it purports to impose obligations

21 on Intel beyond those set forth in the Federal Rules of Civil Procedure, the California Code of Civil

22 Procedure, and applicable case law.

23       3.       Intel objects to each request to the extent that it calls for documents which are outside of

24 its possession, custody and control.

25       4.       Intel objects to each request to the extent it seeks documents that are protected by

26 privacy rights under the United States Constitution, the California Constitution, or other applicable

27 state or federal law.

28

1.

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

5.      Intel objects to the use of the terms "referring," "relate," and/or "relating to," in that these terms are overbroad, vague, and ambiguous.

6.      Intel objects to each request to the extent that it seeks production of documents or information that are confidential, proprietary, or contain trade secrets. Intel will provide such documents only pursuant to the terms of the Protective Order that has been entered in this action.

7.      Intel objects to each request to the extent that it seeks documents or information that are protected by any confidentiality obligations that are owed to a third party.

These General Objections, and any specific objections which hereafter may be asserted, do not constitute a refusal on the part of Intel to meet and confer with plaintiff in connection with the Requests, or necessarily constitute a refusal to produce documents. However, by meeting and conferring, by responding, or by producing documents, Intel does not concede the relevancy or materiality of any request or of the subject to which the request refers. Intel's response to each request is made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for any other purpose, of any documents referred to or produced, or of the responses given herein, or of the subject matter thereof, in any proceeding (including trial of this action or in any subsequent proceeding). These responses contained herein are without prejudice to Intel's right to respond differently should the subject matter of the requests be repeated in other discovery.

Intel has not completed its investigation of facts, witnesses, or documents relating to this case; has not completed discovery in this action; has not completed its analysis of available data; and has not completed preparation for trial. Thus, although a good faith effort has been made to conduct a diligent search and to supply pertinent documents when they have been requested, and a reasonable inquiry has been made in an effort to comply with the Requests, it has not been possible in many instances for unqualified responses to be made. Further, the responses are necessarily made without prejudice to Intel's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Intel may adopt. Intel's responses and production of documents are also made based on the claims and defenses set forth in the pleadings currently on file

2.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   in this case as of the date these responses are made.  Intel's responses and production of documents are

2   made without prejudice to its right to provide facts, witnesses, or documents omitted by oversight,

3   inadvertence, or good faith error or mistake.  Intel has furnished such information and documents as

4   are presently available to it, which may include hearsay and other forms of evidence that are neither

5   reliable nor admissible.

6

7                           **RESPONSES TO DOCUMENT REQUESTS**

8   **REQUEST NO. 24:**

9        All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

10  prior to April 1997 in the implementation of fiber alignment and attachment technology.

11  **RESPONSE TO REQUEST NO. 24:**

12       Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

13  further objects to this request insofar as it seeks documents already produced to plaintiff by defendant

14  and counter-claimant Jean-Marc Verdiell ("Verdiell") in October 2003.  Subject to and without

15  waiving these objections and its General Objections, Intel responds that it will produce for inspection

16  and copying additional responsive, non-privileged documents in its possession, custody or control, if

17  any.

18

19  **REQUEST NO. 25:**

20       All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

21  prior to April 1997 in commercial products with optical fibers.

22  **RESPONSE TO REQUEST NO. 25:**

23       Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

24  further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell in

25  October 2003.  Subject to and without waiving these objections and its General Objections, Intel

26  responds that it will produce for inspection and copying additional responsive, non-privileged

27  documents in its possession, custody or control, if any.

28

TAYLOR & CO.
LAW OFFICES

3.

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  **REQUEST NO. 26**:

2         All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

3  prior to April 1997 in the implementation of flexure technology.

4  **RESPONSE TO REQUEST NO. 26**:

5         Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

6  further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell in

7  October 2003.  Subject to and without waiving these objections and its General Objections, Intel

8  responds that it will produce for inspection and copying additional responsive, non-privileged

9  documents in its possession, custody or control, if any.

10

11  **REQUEST NO. 27**:

12         All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

13  prior to April 1997 in the design of microlenses for optoelectronics.

14  **RESPONSE TO REQUEST NO. 27**:

15         Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

16  further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell in

17  October 2003.  Subject to and without waiving these objections and its General Objections, Intel

18  responds that it will produce for inspection and copying additional responsive, non-privileged

19  documents in its possession, custody or control, if any.

20

21  **REQUEST NO. 28**:

22         All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

23  prior to April 1997 in the substrate material.

24  **RESPONSE TO REQUEST NO. 28**:

25         Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

26  further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell in

27  October 2003.  Subject to and without waiving these objections and its General Objections, Intel

28

4.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  responds that it will produce for inspection and copying additional responsive, non-privileged

2  documents in its possession, custody or control, if any.

3

4  **REQUEST NO. 29:**

5      All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

6  prior to April 1997 in implementation of welding for fiber-optic alignment.

7  **RESPONSE TO REQUEST NO. 29:**

8      Intel objects to this request on the grounds that it is overbroad and unduly burdensome. Intel

9  further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell in

10  October 2003. Subject to and without waiving these objections and its General Objections, Intel

11  responds that it will produce for inspection and copying additional responsive, non-privileged

12  documents in its possession, custody or control, if any.

13

14  **REQUEST NO. 30:**

15      All documents that reflect Intel's valuation of LightLogic, Inc. for acquisition or merger.

16  **RESPONSE TO REQUEST NO. 30:**

17      Intel incorporates its General Objections as if set forth in full herein. Intel further objects to

18  this request on the grounds that it is overbroad, unduly burdensome, and seeks information which is

19  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to

20  and without waiving these objections and the General Objections, Intel responds that it will produce

21  for inspection and copying documents sufficient to demonstrate Intel's valuation of LightLogic, Inc.

22  for acquisition.

23

24  **REQUEST NO. 31:**

25      All documents identified in your responses to Frank T. Shum's Interrogatories to Intel, Set

26  Two.

27

28

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

**RESPONSE TO REQUEST NO. 31:**

Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell in October 2003.  Subject to and without waiving these objections and its General Objections, Intel responds that it will produce for inspection and copying additional responsive, non-privileged documents in its possession, custody or control, if any.

**REQUEST NO. 32:**

All documents relating to or evidencing offers by entities besides Intel to acquire or merge with LightLogic, Inc.

**RESPONSE TO REQUEST NO. 32:**

Intel incorporates its General Objections as if set forth in full herein.  Intel further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections and its General Objections, Intel responds that it will produce for inspection and copying additional responsive, non-privileged documents in its possession, custody or control, if any.

**REQUEST NO.33:**

All documents relating to or evidencing memoranda or presentations made to Intel senior management (including but not limited to the Board of Directors) regarding Intel's merger/acquisition of LightLogic, Inc.

**RESPONSE TO REQUEST NO. 33:**

Intel incorporates its General Objections as if set forth in full herein.  Intel further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  .  Subject to and without waiving these objections and the General Objections, Intel responds that it will produce

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    for inspection and copying documents responsive to this request sufficient to demonstrate Intel's

2    valuation of LightLogic, Inc. for acquisition, if any exist.

3

4    Dated:  January 2, 2004                                TAYLOR & CO. LAW OFFICES

5

6                                                          By:_____
                                                                Jan J. Klohonatz
7
                                                          Attorneys for Defendant
8                                                         INTEL CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1

## PROOF OF SERVICE

2    I am employed in the County of Alameda, State of California.  I am over the age of 18 and not

3  a party to the within action.  My business address is Taylor & Co. Law Offices, 1050 Marina Village

4  Parkway, Suite 101, Alameda, California 94501.

5    On January 2, 2004, I served a true and correct copy of the document(s) described as:  **INTEL**

6  **CORPORATION'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUEST FOR**

7  **PRODUCTION OF DOCUMENTS** on the following interested parties in this action:

8

9    Mr. e. robert wallach                  Mr. Gregory S. Cavallo
     P.O. Box 2670                          Shopoff & Cavallo LLP
10   San Francisco, CA  94126-2670          353 Sacramento Street, Suite 1040
     *Telephone:  415-989-6445*             San Francisco, CA  94111
11   *Facsimile:  415-989-3802*             *Telephone:  415-984-1975*
                                            *Facsimile:  415-984-1978*
12   **Counsel for Frank T. Shum**
                                            **Counsel for Frank T. Shum**
13

14   Mr. Frear Stephen Schmid
     Law Offices of Gary A. Angel
15   177 Post Street, Eighth Floor
     San Francisco, CA  94108
16   *Telephone:  415-788-5935*
     *Facsimile:  415-788-5958*
17
     **Counsel for Lumen Intellectual**
18   **Property Services, Inc. and**
     **Marek Alboszta**
19

20    **[ X ]  [BY US MAIL, CCP § 1013a(3)]**  I caused the foregoing document(s) to be enclosed

21  in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified above

22  as indicated herein.  I am "readily familiar" with the firm's practice of collection and processing

23  correspondence for mailing and know that, in the ordinary course of Taylor & Co. Law Office's

24  business practice, the document(s) described above would be deposited with the United States Postal

25  Service on that same day at Alameda, California, in the ordinary course of business.  I am aware that

26  on motion of the party served, service is presumed to be invalid if the postal cancellation date, or

27

28

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  postage meter date, is more than one day after the date of deposit for mailing set forth in this

2  declaration.

3      **[ X ] [BY FACSIMILE, CCP § 1013(e)]** I caused the foregoing document(s) to be

4  transmitted by facsimile to the offices of the addressees indicated above at the facsimile numbers listed

5  for each addressee served.  Upon completion of said facsimile transmission, the transmitting machine

6  issued a transmission report showing that the transmission was complete and without error.

7      **[ ] [BY OVERNIGHT DELIVERY, CCP § 1013(d)]** I caused delivery of the

8  document(s) listed above to be effected by overnight mail, by placing true and correct copies in

9  separate envelopes for each addressee shown above, with the name and address of the person served

10  shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were

11  paid or provided for in accordance with the ordinary business practices of Taylor & Co. Law Offices.

12      **[ ] [BY PERSONAL SERVICE, CCP § 1011(a)]** I caused the foregoing document(s) to

13  be served by hand on the following individual(s) as indicated on the "Declaration of Personal Service"

14  attached hereto as <u>Exhibit A</u>.  The person who delivered a true and correct copy of such document(s)

15  to the person(s) identified below is identified in <u>Exhibit A</u> attached hereto.

16      I declare under penalty of perjury, under the laws of the State of California, that the foregoing

17  is true and correct.  Executed this 2nd day of January, 2004, at Alameda, California.

18

19                                      _Susan A. Pope_

20                                          Susan A. Pope

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  STEPHEN E. TAYLOR (SBN 058452)
   JAN J. KLOHONATZ (SBN 111718)
2  JENNIFER A. LEE (SBN 222255)
   TAYLOR & COMPANY LAW OFFICES, INC.
3  One Ferry Building, Suite 355
   San Francisco, California  94111
4  Telephone:  (415) 788-8200
   Facsimile:  (415) 788-8208
5
   RAGESH K. TANGRI (SBN 159477)
6  JUDY M. SHIH (SBN 206394)
   KEKER & VAN NEST LLP
7  710 Sansome Street
   San Francisco, CA 94111
8  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
9
   Attorneys for Defendant
10 INTEL CORPORATION
   and Defendant and Counter-Claimant
11 JEAN-MARC VERDIELL

12                UNITED STATES DISTRICT COURT

13            FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                     OAKLAND DIVISION

15 FRANK T. SHUM,                          Case No.:  C 02-03262 DLJ (EMC)

16        Plaintiff,                       **INTEL CORPORATION'S
                                           SUPPLEMENTAL RESPONSES
17 v.                                      TO FRANK T. SHUM'S SECOND
                                           SET OF REQUESTS FOR
18 INTEL CORPORATION, JEAN-MARC            PRODUCTION OF DOCUMENTS**
   VERDIELL, LIGHTLOGIC, INC., LUMEN
19 INTELLECTUAL PROPERTY SERVICES, INC.,
   and MAREK ALBOSZTA,
20
          Defendants.
21

22 JEAN-MARC VERDIELL,

23        Counter-Claimant,

24 v.

25 FRANK T. SHUM,

26        Counter-Defendant.

27

28

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   PROPOUNDING PARTY:   FRANK T. SHUM

2   RESPONDING PARTY:    INTEL CORPORATION

3   SET NUMBER:          TWO (Request Nos. 24-33)

4        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Intel Corporation ("Intel") hereby

5   responds to Frank T. Shum's Requests Second Set of Requests for Production of Documents to Intel

6   Corporation as follows:

7                        **GENERAL STATEMENT AND OBJECTIONS**

8        The following general objections ("General Objections") apply to each separately numbered

9   document request contained in Frank T. Shum's Second Set of Requests for Production of Documents

10  to Intel ("Requests") and are incorporated by this reference, to the extent applicable, into each specific

11  response, as if set forth in full.  By consenting to the production of any document, Intel does not waive

12  any of its general or specific objections to the production of other documents, nor is any fact to be

13  deemed admitted from any objection set forth herein.

14       1.   Intel objects to each request to the extent that it purports to seek the production of

15  documents that are protected by the attorney-client privilege, attorney work product doctrine, trade

16  secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege,

17  doctrine, or immunity.  The inadvertent production of any privileged document is not to be deemed a

18  waiver of privilege, and Intel reserves the right to object to the introduction or other use of any

19  privileged or protected document that may be inadvertently produced.

20       2.   Intel generally objects to each request to the extent that it purports to impose obligations

21  on Intel beyond those set forth in the Federal Rules of Civil Procedure, the California Code of Civil

22  Procedure, and applicable case law.

23       3.   Intel objects to each request to the extent that it calls for documents which are outside of

24  its possession, custody and control.

25       4.   Intel objects to each request to the extent it seeks documents that are protected by

26  privacy rights under the United States Constitution, the California Constitution, or other applicable

27  state or federal law.

28

1.

TAYLOR & CO.
LAW OFFICES, INC.
INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

5.      Intel objects to the use of the terms "referring," "relate," and/or "relating to," in that these terms are overbroad, vague, and ambiguous.

6.      Intel objects to each request to the extent that it seeks production of documents or information that are confidential, proprietary, or contain trade secrets.  Intel will provide such documents only pursuant to the terms of the Protective Order that has been entered in this action.

7.      Intel objects to each request to the extent that it seeks documents or information that are protected by any confidentiality obligations that are owed to a third party.

These General Objections, and any specific objections which hereafter may be asserted, do not constitute a refusal on the part of Intel to meet and confer with plaintiff in connection with the Requests, or necessarily constitute a refusal to produce documents.  However, by meeting and conferring, by responding, or by producing documents, Intel does not concede the relevancy or materiality of any request or of the subject to which the request refers.  Intel's response to each request is made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for any other purpose, of any documents referred to or produced, or of the responses given herein, or of the subject matter thereof, in any proceeding (including trial of this action or in any subsequent proceeding).  These responses contained herein are without prejudice to Intel's right to respond differently should the subject matter of the requests be repeated in other discovery.

Intel has not completed its investigation of facts, witnesses, or documents relating to this case; has not completed discovery in this action; has not completed its analysis of available data; and has not completed preparation for trial.  Thus, although a good faith effort has been made to conduct a diligent search and to supply pertinent documents when they have been requested, and a reasonable inquiry has been made in an effort to comply with the Requests, it has not been possible in many instances for unqualified responses to be made.  Further, the responses are necessarily made without prejudice to Intel's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Intel may adopt.  Intel's responses and production of documents are also made based on the claims and defenses set forth in the pleadings currently on file

2.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  in this case as of the date these responses are made.  Intel's responses and production of documents are

2  made without prejudice to its right to provide facts, witnesses, or documents omitted by oversight,

3  inadvertence, or good faith error or mistake.  Intel has furnished such information and documents as

4  are presently available to it, which may include hearsay and other forms of evidence that are neither

5  reliable nor admissible.

6

7  **SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS**

8  **REQUEST NO. 24:**

9       All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

10  prior to April 1997 in the implementation of fiber alignment and attachment technology.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:**

12       Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

13  further objects to this request insofar as it seeks documents that are confidential, proprietary, or contain

14  trade secrets of a third party.  Subject to and without waiving these objections and the General

15  Objections set forth above, Intel responds that it already has or will produce for inspection and copying

16  responsive, non-privileged documents in its possession, custody or control relating to the subject

17  matter of this request, if any.

18

19  **REQUEST NO. 25:**

20       All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

21  prior to April 1997 in commercial products with optical fibers.

22  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:**

23       Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

24  further objects to this request insofar as it seeks documents that are confidential, proprietary, or contain

25  trade secrets of a third party.  Subject to and without waiving these objections and the General

26  Objections set forth above, Intel responds that it already has or will produce for inspection and copying

27

28

3.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  responsive, non-privileged documents in its possession, custody or control relating to the subject

2  matter of this request, if any.

3

4  **REQUEST NO. 26:**

5      All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

6  prior to April 1997 in the implementation of flexure technology.

7  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:**

8      Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

9  further objects to this request insofar as it seeks documents that are confidential, proprietary, or contain

10  trade secrets of a third party.  Subject to and without waiving these objections and the General

11  Objections set forth above, Intel responds that it already has or will produce for inspection and copying

12  responsive, non-privileged documents in its possession, custody or control relating to the subject

13  matter of this request, if any.

14

15  **REQUEST NO. 27:**

16      All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

17  prior to April 1997 in the design of microlenses for optoelectronics.

18  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 27:**

19      Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

20  further objects to this request insofar as it seeks documents that are confidential, proprietary, or contain

21  trade secrets of a third party.  Subject to and without waiving these objections and the General

22  Objections set forth above, Intel responds that it already has or will produce for inspection and copying

23  responsive, non-privileged documents in its possession, custody or control relating to the subject

24  matter of this request, if any.

25

26

27

28

TAYLOR & CO.
LAW OFFICES, INC.

1   **REQUEST NO. 28:**

2       All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

3   prior to April 1997 in the substrate material.

4   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 28:**

5       Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

6   further objects to this request insofar as it seeks documents that are confidential, proprietary, or contain

7   trade secrets of a third party.  Subject to and without waiving these objections and the General

8   Objections set forth above, Intel responds that it already has or will produce for inspection and copying

9   responsive, non-privileged documents in its possession, custody or control relating to the subject

10  matter of this request, if any.

11

12  **REQUEST NO. 29:**

13      All documents that reflect Jean-Marc Verdiell's education, work experience, and expertise

14  prior to April 1997 in implementation of welding for fiber-optic alignment.

15  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 29:**

16      Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

17  further objects to this request insofar as it seeks documents that are confidential, proprietary, or contain

18  trade secrets of a third party.  Subject to and without waiving these objections and the General

19  Objections set forth above, Intel responds that it already has or will produce for inspection and copying

20  responsive, non-privileged documents in its possession, custody or control relating to the subject

21  matter of this request, if any.

22

23  **REQUEST NO. 30:**

24      All documents that reflect Intel's valuation of LightLogic, Inc. for acquisition or merger.

25  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:**

26      Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks

27  information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

28

5.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1    evidence.  Subject to and without waiving these objections and the General Objections set forth above,

2    Intel responds that documents sufficient to demonstrate Intel's valuation of LightLogic, Inc. for

3    acquisition already have been produced in this litigation (see, e.g., Control Nos. INT0000084-

4    INT0000085; INT0000392-INT0000398; INT0000086-INT0000211; INT0000370-INT0000386;

5    INT0000234-INT0000360; INT0000212-INT000233; INT0000413-NT0000462; and BP&H 0001004-

6    BP&H0001216).  In addition, Intel has produced two witnesses for deposition who have testified

7    concerning the subject matter of this request (see the transcripts of the deposition testimony given by

8    Michael Ricci on March 11, 2004, and by Ramamurthy Sivakumar on January 29, 2004, copies of

9    which are in the possession of plaintiff's counsel).

10

11   **REQUEST NO. 31:**

12        All documents identified in your responses to Frank T. Shum's Interrogatories to Intel, Set

13   Two.

14   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 31:**

15        Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

16   further objects to this request to the extent that as it seeks production of documents or information that

17   are confidential, proprietary, or contain trade secrets of a third party.  Subject to and without waiving

18   these objections and those General Objections set forth above, Intel responds that it has or will produce

19   for inspection and copying responsive, non-privileged documents in its possession, custody or control

20   relating to the subject matter of this request, if any.

21

22   **REQUEST NO. 32:**

23        All documents relating to or evidencing offers by entities besides Intel to acquire or merge with

24   LightLogic, Inc.

25   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 32:**

26        Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks

27   information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

28

TAYLOR & CO.
LAW OFFICES, INC.

1    evidence.  Subject to and without waiving these objections and the General Objections set forth above,

2    Intel responds that responsive, non-privileged documents in its possession, custody or control relating

3    to offers by entities other than Intel to acquire or merge with LightLogic, Inc., if any, already have

4    been produced in this litigation.

5

6    **REQUEST NO.33:**

7         All documents relating to or evidencing memoranda or presentations made to Intel senior

8    management (including but not limited to the Board of Directors) regarding Intel's

9    merger/acquisition of LightLogic, Inc.

10   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

11        Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks

12   the production of documents and information that is irrelevant and not reasonably calculated to lead to

13   the discovery of admissible evidence.  Subject to and without waiving these objections and the General

14   Objections, Intel responds that documents responsive to this request and sufficient to demonstrate

15   Intel's valuation of LightLogic, Inc. for acquisition, as well as the nature of the presentations that were

16   made to Intel Senior Management in this regard, have already been produced in this litigation (see,

17   e.g., Control Nos. INT 0000084-INT0000462, and BP&H 0001004-BP&H0001216).

18

19   Dated:  September 29, 2004                    TAYLOR & COMPANY LAW OFFICES, INC.

20

21                                           By: _____
                                                      Jan J. Klohonatz
22                                           Attorneys for Defendant
                                             INTEL CORPORATION
23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1

**PROOF OF SERVICE**

2      I am employed in the County of San Francisco, State of California.  I am over the age of 18

3 and not a party to the within action.  My business address is Taylor & Company Law Offices, Inc.,

4 One Ferry Building, Suite 355, San Francisco, California 94111.

5      On September 29, 2004, I served a true and correct copy of the document(s) described as:

6 **INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST**

7 **SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the following interested

8 parties in this action:

9

10      Mr. e. robert wallach                          Mr. Gregory S. Cavallo
        155 Jackson Street, Suite 602                  Shopoff & Cavallo LLP
11      San Francisco, CA 94111                        353 Sacramento Street, Suite 1040
        *Telephone:  415-989-6445*                     San Francisco, CA 94111
12      *Facsimile:  415-989-3802*                      *Telephone:  415-984-1975*
                                                       *Facsimile:  415-984-1978*
13      **Counsel for Frank T. Shum**
                                                       **Counsel for Frank T. Shum**
14

15      Mr. Alan L. Barry                              Mr. Harris Zimmerman
        Bell Boyd & Lloyd LLP                          1330 Broadway, Suite 710,
16      70 West Madison Street, Suite 3300             Oakland, CA  94612
        Chicago, IL  60602-4207                        *Telephone:  510-465-0828*
17      *Telephone:  312-807-4438*                     *Facsimile:  510-465-2041*
18      *Facsimile:  312 827-8196*
                                                       **Counsel for Frank T. Shum**
19      **Counsel for Frank T. Shum**

20      [ X ]  **[BY US MAIL, CCP § 1013a(3)]**  I caused the foregoing document(s) to be enclosed

21 in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified

22 above as indicated herein.  I am "readily familiar" with the firm's practice of collection and

23 processing correspondence for mailing and know that, in the ordinary course of Taylor & Company

24 Law Offices, Inc.'s business practice, the document(s) described above would be deposited with the

25 United States Postal Service on that same day at San Francisco, California, in the ordinary course of

26 business.  I am aware that on motion of the party served, service is presumed to be invalid if the

27

28

8.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  postal cancellation date, or postage meter date, is more than one day after the date of deposit for

2  mailing set forth in this declaration.

3      **[ X ]  [BY FACSIMILE, CCP § 1013(e)]**  I caused the foregoing document(s) to be

4  transmitted by facsimile to the offices of the addressees indicated below at the facsimile numbers

5  listed for each addressee served.  Upon completion of said facsimile transmission, the transmitting

6  machine issued a transmission report showing that the transmission was complete and without error.

7

8        Mr. Gregory S. Cavallo
      Shopoff & Cavallo LLP

9        353 Sacramento Street, Suite 1040
      San Francisco, CA  94111

10        *Telephone:  415-984-1975*
      *Facsimile:  415-984-1978*

11        **Counsel for Frank T. Shum**

12      **[  ]  [BY OVERNIGHT DELIVERY, CCP § 1013(d)]**  I caused delivery of the

13  document(s) listed above to be effected by overnight mail, by placing true and correct copies in

14  separate envelopes for each addressee shown above, with the name and address of the person served

15  shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were

16  paid or provided for in accordance with the ordinary business practices of Taylor & Company Law

17  Offices, Inc.

18      **[  ]  [BY PERSONAL SERVICE, CCP § 1011(a)]**   I caused the foregoing document(s)

19  to be served by hand on the following individual(s) as indicated on the "Declaration of Personal

20  Service" attached hereto as <u>Exhibit A</u>.  The person who delivered a true and correct copy of such

21  document(s) to the person(s) identified below is identified in <u>Exhibit A</u> attached hereto.

22      I declare under penalty of perjury, under the laws of the United States of America, that the

23  foregoing is true and correct.  Executed this 29th day of September, 2004, at San Francisco,

24  California.

25

26                          Grace D. Frary

27

28                          9.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

# EXHIBIT C

# CATHERINE A. DUNBAR DECLARATION

1    STEPHEN E. TAYLOR (SBN 058452)
     JAN J. KLOHONATZ (SBN 111718)
2    JENNIFER A. LEE (SBN 222255)
     TAYLOR & CO. LAW OFFICES
3    1050 Marina Village Pkwy., Suite 101
     Alameda, California 94501
4    Telephone: (510) 865-9401
     Facsimile: (510) 865-9408

5

6    Attorneys for Defendant
     INTEL CORPORATION
     and Defendant and Counter-Claimant
7    JEAN-MARC VERDIELL

8

9                 UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>       Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, LIGHTLOGIC, INC., LUMEN INTELLECTUAL PROPERTY SERVICES, INC., and MAREK ALBOSZTA,<br><br>       Defendants. | Case No.: C 02-03262 DLJ (EMC)<br><br>**INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| JEAN-MARC VERDIELL,<br><br>       Counter-Claimant,<br><br>v.<br><br>FRANK T. SHUM,<br><br>       Counter-Defendant. | |

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    PROPOUNDING PARTY:    FRANK T. SHUM

2    RESPONDING PARTY:     INTEL CORPORATION

3    SET NUMBER:           THREE (Request Nos. 34-50)

4         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Intel Corporation

5    ("Intel") hereby responds to Frank T. Shum's Requests Third Set of Requests for Production of

6    Documents to Intel as follows:

7                    **GENERAL STATEMENT AND GENERAL OBJECTIONS**

8         The following general objections ("General Objections") apply to each separately numbered

9    document request contained in Frank T. Shum's Third Set of Requests for Production of Documents to

10   Intel and are incorporated by this reference, to the extent applicable, into each specific response, as if

11   set forth in full.  By consenting to the production of any document, Intel does not waive any of its

12   general or specific objections to the production of other documents, nor is any fact to be deemed

13   admitted from any objection set forth herein.

14        1.    Intel objects to each request to the extent that it purports to seek the production of

15   documents that are protected by the attorney-client privilege, attorney work product doctrine, trade

16   secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege,

17   doctrine, or immunity.  The inadvertent production of any privileged document is not to be deemed a

18   waiver of privilege, and Intel reserves the right to object to the introduction or other use of any

19   privileged or protected document that may be inadvertently produced.

20        2.    Intel generally objects to each request to the extent that it purports to impose obligations

21   on Intel beyond those set forth in the Federal Rules of Civil Procedure, the California Code of Civil

22   Procedure, and applicable case law.

23        3.    Intel objects to each request to the extent that it calls for documents which are outside of

24   its possession, custody and control.

25        4.    Intel objects to each request to the extent it seeks documents that are protected by

26   privacy rights under the United States Constitution, the California Constitution, or other applicable

27   state or federal law.

28

1.

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

5.      Intel objects to the use of the terms "referring," "relate," and/or "relating to," in that these terms are overbroad, vague, and ambiguous.

6.      Intel objects to each request to the extent that it seeks production of documents or information that are confidential, proprietary, or contain trade secrets.  Intel will provide such documents only pursuant to the terms of the Protective Order that has been entered in this action.

7.      Intel objects to each request to the extent that it seeks documents or information that are protected by any confidentiality obligations that are owed to a third party.

These General Objections, and any specific objections which hereafter may be asserted, do not constitute a refusal on the part of Intel to meet and confer with plaintiff in connection with the requests, or necessarily constitute a refusal to produce documents.  However, by meeting and conferring, by responding, or by producing documents, Intel does not concede the relevancy or materiality of any request or of the subject to which the request refers.  Intel's response to each request is made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for any other purpose, of any documents referred to or produced, or of the responses given herein, or of the subject matter thereof, in any proceeding (including trial of this action or in any subsequent proceeding).  These responses contained herein are without prejudice to Intel's right to respond differently should the subject matter of the requests be repeated in other discovery.

Intel has not completed its investigation of facts, witnesses, or documents relating to this case; has not completed discovery in this action; has not completed its analysis of available data; and has not completed preparation for trial.  Thus, although a good faith effort has been made to conduct a diligent search and to supply pertinent documents when they have been requested, and a reasonable inquiry has been made in an effort to comply with the requests, it has not been possible in many instances for unqualified responses to be made.  Further, the responses are necessarily made without prejudice to Intel's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Intel may adopt.  Intel's responses and production of documents are also made based on the claims and defenses set forth in the pleadings currently on file

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1    in this case as of the date these responses are made.  Intel's responses and production of documents are

2    made without prejudice to its right to provide facts, witnesses, or documents omitted by oversight,

3    inadvertence, or good faith error or mistake.  Intel has furnished such information and documents as

4    are presently available to it, which may include hearsay and other forms of evidence that are neither

5    reliable nor admissible.

6

7                                **RESPONSES TO DOCUMENT REQUESTS**

8    **REQUEST NO. 34:**

9           All documents relating to or referencing or constituting public disclosure of patent applications

10    filed owned (sic) by LightLogic, Inc. from 1998 through May 2001.

11    **RESPONSE TO REQUEST NO. 34:**

12           Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks

13    documents already produced to plaintiff to by defendant and counter-claimant Jean-Marc Verdiell

14    ("Verdiell").  Intel further objects to this request on the grounds that use of the phrases "relating to or

15    referencing or constituting public" and "filed owned (sic)" render this interrogatory vague, ambiguous,

16    and unintelligible.

17

18    **REQUEST NO. 35:**

19           All documents which you contend demonstrate Frank Shum's knowledge of LightLogic, Inc. at

20    any time before May 13, 2001.

21    **RESPONSE TO REQUEST NO. 35:**

22           Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

23    further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell.

24    Intel also objects to this request on the grounds that the documents relating to Luminance, LLC that are

25    currently the subject of Verdiell's and Intel's pending Motion to Compel set for hearing before the

26    Honorable Edward M. Chen on March 10, 2004, may be responsive to this request.  Subject to and

27    without waiving these objections and its General Statement and General Objections, Intel responds as

28

                                              3.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  follows:  Intel will produce for inspection and copying any additional responsive, non-privileged

2  documents in its possession, custody or control.

3

4  **REQUEST NO. 36:**

5     All documents which you contend demonstrate that Frank Shum had knowledge of LightLogic,

6  Inc.'s patents or patent applications prior to May 13, 2001.

7  **RESPONSE TO REQUEST NO. 36:**

8     Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

9  further objects to this request insofar as it seeks documents already produced to plaintiff to by Verdiell.

10  Intel also objects to this request on the grounds that the documents relating to Luminance, LLC that are

11  currently the subject of Verdiell's and Intel's pending Motion to Compel set for hearing before the

12  Honorable Edward M. Chen on March 10, 2004, may be responsive to this request.  Subject to and

13  without waiving these objections and its General Statement and General Objections, Intel responds as

14  follows:  Intel will produce for inspection and copying any additional responsive, non-privileged

15  documents in its possession, custody or control.

16

17  **REQUEST NO. 37:**

18     All documents referring or relating to, or constituting, contracts or agreements between Jean-

19  Marc Verdiell and Intel Corporation (including LightLogic, Inc.).

20  **RESPONSE TO REQUEST NO. 37:**

21     Intel objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited

22  as to time, and not calculated to lead to the discovery of admissible evidence.  Intel further objects to

23  this request insofar as it seeks documents already produced to plaintiff by Verdiell.  Subject to and

24  without waiving these objections and its General Statement and General Objections, Intel responds as

25  follows:  Intel is willing to meet and confer regarding this request to determine what is actually being

26  sought by plaintiff pursuant to this request.

27

28

TAYLOR & CO.
LAW OFFICES

4.

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    **REQUEST NO. 38:**

2        All documents referring or relating to, or evidencing Intel's valuation of patents, patent

3    applications, or any intellectual property owned by LightLogic, Inc. at the time of LightLogic, Inc.'s

4    merger/acquisition with Intel.

5    **RESPONSE TO REQUEST NO. 38:**

6        Intel objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited

7    as to time, and not calculated to lead to the discovery of admissible evidence.  Subject to and without

8    waiving these objections and its General Statement and General Objections, Intel responds as follows:

9    Intel did not value the patents, patent applications or any intellectual property owned by LightLogic,

10   Inc. at the time of LightLogic, Inc.'s merger/acquisition with Intel.  Intel already has produced to

11   plaintiff documents which disclose the information sought by this request.  Intel also produced a

12   witness for deposition on January 29, 2004, pursuant to Federal Rule of Civil Procedure 30(b)(6), and

13   this individual testified at length concerning the fact that Intel did not value LightLogic, Inc.'s

14   intellectual property at the time of the merger/acquisition with Intel.  A copy of the transcript of that

15   deposition testimony is in plaintiff's possession, custody, and control.

16

17   **REQUEST NO. 39:**

18       All documents relating to or referencing disclosures by Intel to investors or government

19   agencies (including but not limited to 10-K's and other SEC mandated disclosures) relating to or

20   referencing the value of LightLogic, Inc.'s intellectual property at the time of merger/acquisition with

21   Intel, including patents.

22   **RESPONSE TO REQUEST NO. 39:**

23       Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks

24   information which is irrelevant and not reasonably calculated to lead to the discovery of admissible

25   evidence.  Subject to and without waiving these objections and its General Statement and General

26   Objections, Intel responds as follows:  Intel did not value the patents, patent applications or any

27   intellectual property owned by LightLogic, Inc. at the time of LightLogic, Inc.'s merger/acquisition

28

5.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    with Intel.  Intel already has produced to plaintiff documents which disclose the information sought by

2    this request.  Intel also produced a witness for deposition on January 29, 2004, pursuant to Federal

3    Rule of Civil Procedure 30 (b)(6), and this individual testified at length concerning the fact that Intel

4    did not value LightLogic, Inc.'s intellectual property at the time of the merger/acquisition with Intel.

5    A copy of the transcript of that deposition testimony is in plaintiff's possession, custody, and control.

6    To the extent plaintiff seeks production of documents relating to Intel that are publicly filed (e.g., 10-

7    K's and other SEC filings and disclosures, annual reports, etc.), those documents are a matter of public

8    record and, as such, are equally as available to plaintiff as to Intel.

9

10   **REQUEST NO. 40:**

11          All documents relating to or referencing disclosures by Intel to investors or government

12   agencies (including by not limited to 10-K's and other SEC mandated disclosures) relating to or

13   referencing the value of LightLogic, Inc.'s good will.

14   **RESPONSE TO REQUEST NO. 40:**

15          Intel objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited

16   as to time, and seeks information which is irrelevant and not reasonably calculated to lead to the

17   discovery of admissible evidence.  Subject to and without waiving these objections and its General

18   Statement and General Objections set forth above, Intel responds as follows:  Intel already has

19   produced to plaintiff documents which disclose the information sought by this request.  Intel also

20   produced a witness for deposition on January 29, 2004, pursuant to Federal Rule of Civil Procedure 30

21   (b)(6), and this individual testified at length concerning the value of LightLogic, Inc.'s good will.  A

22   copy of the transcript of that deposition testimony is in plaintiff's possession, custody, and control.  To

23   the extent plaintiff seeks production of documents relating to Intel that are publicly filed (e.g., 10-K's

24   and other SEC filings and disclosures, annual reports, etc.), those documents are a matter of public

25   record and, as such, are equally as available to plaintiff as to Intel.

26

27

28

TAYLOR & CO.
LAW OFFICES

6.

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    **REQUEST NO. 41:**

2         . All documents relating or referring to the employment status, including titles, description,

3    duties, and income, and any change in such employment status, of Jean-Marc Verdiell at Intel since the

4    time of LightLogic, Inc.'s merger/acquisition with Intel.

5    **RESPONSE TO REQUEST NO. 41:**

6         Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks

7    information which is irrelevant and not reasonably calculated to lead to the discovery of admissible

8    evidence.  Intel further objects to this request insofar as it seeks production of documents and

9    information protected by the attorney-client privilege, attorney work product doctrine, or other

10   applicable federal or state privilege, as well as the employee's right of privacy under the United States

11   and California Constitutions.  Subject to and without waiving these objections and its General

12   Statement and General Objections, Intel responds as follows:  Intel is willing to meet and confer

13   regarding this request to determine what is actually being sought by plaintiff pursuant to this request.

14

15   **REQUEST NO. 42:**

16        All documents referring, relating to, or constituting any indemnity or reservation of rights

17   agreements between Jean-Marc Verdiell and Intel Corporation relating to this litigation.

18   **RESPONSE TO REQUEST NO. 42:**

19        Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

20   further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell or

21   Intel.  Intel further objects to this request insofar as it seeks production of documents and information

22   protected by the attorney-client privilege, attorney work product doctrine, or other applicable federal or

23   state privilege, as well as the employee's right of privacy under the United States and California

24   Constitutions.  Subject to and without waiving these objections and its General Statement and General

25   Objections, Intel responds as follows:  Intel is willing to meet and confer regarding this request to

26   determine what is actually being sought by plaintiff pursuant to this request.

27

28

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1    **REQUEST NO.43:**

2        Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

3    computer server, and other electronic recording device in your possession, custody and control that

4    was used by Jean-Marc Verdiell during the period January 1, 1996, through May 24, 2001.

5    **RESPONSE TO REQUEST NO. 43:**

6        Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

7    burdensome and seeks information which is irrelevant and not reasonably calculated to lead to the

8    discovery of admissible evidence.  Intel further objects to this request on the grounds that it seeks

9    documents and information protected by the attorney-client privilege, work-product doctrine, and

10   employee rights of privacy under both the California and United States Constitutions.  Subject to and

11   without waiving these objections and its General Statement and General Objections, Intel responds as

12   follows:  Intel is willing to meet and confer regarding this request to determine what information that

13   already has not been produced in hardcopy format, actually is being sought by plaintiff pursuant to this

14   request.

15

16   **REQUEST NO. 44:**

17       Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

18   computer server, and other electronic recording device in your possession, custody and control that

19   was used by John McGraw during the period January 1, 1996, through May 24, 2001.

20   **RESPONSE TO REQUEST NO. 44:**

21       Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

22   burdensome and seeks information which is irrelevant and not reasonably calculated to lead to the

23   discovery of admissible evidence.  Intel further objects to this request on the grounds that it seeks

24   documents and information protected by the attorney-client privilege, work-product doctrine, and

25   employee rights of privacy under both the California and United States Constitutions.  Subject to and

26   without waiving these objections and its General Statement and General Objections, Intel responds as

27   follows:  Intel is willing to meet and confer regarding this request to determine what information that

28

8.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  already has not been produced in hardcopy format, actually is being sought by plaintiff pursuant to this

2  request.

3

4  **REQUEST NO. 45:**

5      Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

6  computer server, and other electronic recording device in your possession, custody and control that

7  was used by Marc Epitux during the period January 1, 1996, through May 24, 2001.

8  **RESPONSE TO REQUEST NO. 45:**

9      Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

10  burdensome and seeks information which is irrelevant and not reasonably calculated to lead to the

11  discovery of admissible evidence.  Intel further objects to this request on the grounds that it seeks

12  documents and information protected by the attorney-client privilege, work-product doctrine, and

13  employee rights of privacy under both the California and United States Constitutions.  Subject to and

14  without waiving these objections and its General Statement and General Objections, Intel responds as

15  follows:  Intel has not employed an individual named Marc Epitux.  If this request was intended to

16  refer to Marc Epitaux, Intel is willing to meet and confer regarding this request to determine what

17  information that already has not been produced in hardcopy format, actually is being sought by

18  plaintiff pursuant to this request.

19

20  **REQUEST NO. 46:**

21      Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

22  computer server, and other electronic recording device in your possession, custody and control that

23  was used by Jonas Webjorn during the period January 1, 1996, through May 24, 2001.

24  **RESPONSE TO REQUEST NO. 46:**

25      Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

26  burdensome and seeks information which is irrelevant and not reasonably calculated to lead to the

27  discovery of admissible evidence.  Intel further objects to this request on the grounds that it seeks

28

9.

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  documents and information protected by the attorney-client privilege, work-product doctrine, and

2  employee rights of privacy under both the California and United States Constitutions.  Subject to and

3  without waiving these objections and its General Statement and General Objections, Intel responds as

4  follows:  Intel is willing to meet and confer regarding this request to determine what information that

5  already has not been produced in hardcopy format, actually is being sought by plaintiff pursuant to this

6  request.

7

8  **REQUEST NO. 47:**

9       Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

10  computer server, and other electronic recording device in your possession, custody and control that

11  was used by Marc Finot during the period January 1, 1996, through May 24, 2001.

12  **RESPONSE TO REQUEST NO. 47:**

13       Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

14  burdensome and seeks information which is irrelevant and not reasonably calculated to lead to the

15  discovery of admissible evidence.  Intel further objects to this request on the grounds that it seeks

16  documents and information protected by the attorney-client privilege, work-product doctrine, and

17  employee rights of privacy under both the California and United States Constitutions.  Subject to and

18  without waiving these objections and its General Statement and General Objections, Intel responds as

19  follows:  Intel is willing to meet and confer regarding this request to determine what information that

20  already has not been produced in hardcopy format, actually is being sought by plaintiff pursuant to this

21  request.

22

23  **REQUEST NO. 48:**

24       Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

25  computer server, and other electronic recording device in your possession, custody and control that

26  was used by Greg Baldridge during the period January 1, 1996, through May 24, 2001.

27

28

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1

**RESPONSE TO REQUEST NO. 48:**

2      Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

3   burdensome and seeks information which is irrelevant and not reasonably calculated to lead to the

4   discovery of admissible evidence.  Intel further objects to this request on the grounds that it seeks

5   documents and information protected by the attorney-client privilege, work-product doctrine, and

6   employee rights of privacy under both the California and United States Constitutions.  Subject to and

7   without waiving these objections and its General Statement and General Objections, Intel responds as

8   follows:  Intel is willing to meet and confer regarding this request to determine what information that

9   already has not been produced in hardcopy format, actually is being sought by plaintiff pursuant to this

10   request.

11

12   **REQUEST NO. 49:**

13      Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

14   computer server, and other electronic recording device in your possession, custody and control that

15   was used by Frank Shum during the period January 1, 1996, through May 24, 2001.

16   **RESPONSE TO REQUEST NO. 49:**

17      Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

18   burdensome.  Intel further objects to this request on the grounds that it seeks documents and

19   information protected by the attorney-client privilege, work-product doctrine, and employee rights of

20   privacy under both the California and United States Constitutions.  Subject to and without waiving

21   these objections and its General Statement and General Objections, Intel responds as follows:  Intel

22   does not have in its possession, custody or control any computers used by Frank Shum.

23

24   **REQUEST NO. 50:**

25      All documents referring or relating to any company or entity named aCADian Technologies, or

26   using the name "aCADian" in any way.

27

28

11.

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1   **RESPONSE TO REQUEST NO. 50:**

2   Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel further

3   objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell in this

4   litigation.  Subject to and without waiving these objects and its General Statement and General

5   Objections set forth above, Intel responds that it does not have possession, custody, or control over

6   documents relating to aCADian Technologies.

7

8   Dated: February 27, 2004                          TAYLOR & CO. LAW OFFICES

9

10                                                    By: _____

11                                                           Jan J. Klohonatz

                                                      Attorneys for Defendant
12                                                    INTEL CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                12.

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

## PROOF OF SERVICE

I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. My business address is Taylor & Co. Law Offices, 1050 Marina Village Parkway, Suite 101, Alameda, California 94501.

On February 27, 2004, I served a true and correct copy of the document(s) described as: **INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUEST FOR PRODUCTION OF DOCUMENTS** on the following interested parties in this action:

Mr. e. robert wallach
P.O. Box 2670
San Francisco, CA 94126-2670
*Telephone: 415-989-6445*
*Facsimile: 415-989-3802*

**Counsel for Frank T. Shum**

Mr. Gregory S. Cavallo
Shopoff & Cavallo LLP
353 Sacramento Street, Suite 1040
San Francisco, CA 94111
*Telephone: 415-984-1975*
*Facsimile: 415-984-1978*

**Counsel for Frank T. Shum**

Mr. Frear Stephen Schmid
Law Offices of Gary A. Angel
177 Post Street, Eighth Floor
San Francisco, CA 94108
*Telephone: 415-788-5935*
*Facsimile: 415-788-5958*

**Counsel for Lumen Intellectual
Property Services, Inc. and
Marek Alboszta**

[ X ] **[BY US MAIL, CCP § 1013a(3)]** I caused the foregoing document(s) to be enclosed in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified above as indicated herein. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing and know that, in the ordinary course of Taylor & Co. Law Office's business practice, the document(s) described above would be deposited with the United States Postal Service on that same day at Alameda, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed to be invalid if the postal cancellation date, or

13.

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  postage meter date, is more than one day after the date of deposit for mailing set forth in this

2  declaration.

3      [   ]  **[BY FACSIMILE, CCP § 1013(e)]**  I caused the foregoing document(s) to be

4  transmitted by facsimile to the offices of the addressees indicated above at the facsimile numbers listed

5  for each addressee served.  Upon completion of said facsimile transmission, the transmitting machine

6  issued a transmission report showing that the transmission was complete and without error.

7      [   ]  **[BY OVERNIGHT DELIVERY, CCP § 1013(d)]**  I caused delivery of the

8  document(s) listed above to be effected by overnight mail, by placing true and correct copies in

9  separate envelopes for each addressee shown above, with the name and address of the person served

10  shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were

11  paid or provided for in accordance with the ordinary business practices of Taylor & Co. Law Offices.

12      [   ]  **[BY PERSONAL SERVICE, CCP § 1011(a)]**  I caused the foregoing document(s) to

13  be served by hand on the following individual(s) as indicated on the "Declaration of Personal Service"

14  attached hereto as <u>Exhibit A</u>.  The person who delivered a true and correct copy of such document(s)

15  to the person(s) identified below is identified in <u>Exhibit A</u> attached hereto.

16      I declare under penalty of perjury, under the laws of the State of California, that the foregoing

17  is true and correct.  Executed this <u>27</u> day of February, 2004, at Alameda, California.

19                                        _Susan A. Pope_
20                                        Susan A. Pope

TAYLOR & CO.
LAW OFFICES

INTEL CORPORATION'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

STEPHEN E. TAYLOR (SBN 058452)
JAN J. KLOHONATZ (SBN 111718)
JENNIFER A. LEE (SBN 222255)
TAYLOR & COMPANY LAW OFFICES, INC.
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:   (415) 788-8208

RAGESH K. TANGRI (SBN 159477)
JUDY M. SHIH (SBN 206394)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
INTEL CORPORATION
and Defendant and Counter-Claimant
JEAN-MARC VERDIELL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>     Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, LIGHTLOGIC, INC., LUMEN INTELLECTUAL PROPERTY SERVICES, INC., and MAREK ALBOSZTA,<br><br>     Defendants.<br> | Case No.:  C 02-03262 DLJ (EMC)<br><br>**INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| JEAN-MARC VERDIELL,<br><br>     Counter-Claimant,<br><br>v.<br><br>FRANK T. SHUM,<br><br>     Counter-Defendant. | |

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   PROPOUNDING PARTY:   FRANK T. SHUM

2   RESPONDING PARTY:   INTEL CORPORATION

3   SET NUMBER:   THREE (Request Nos. 34-50)

4   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Intel Corporation

5   ("Intel") hereby supplements its response to Frank T. Shum's Requests Third Set of Requests for

6   Production of Documents to Intel Corporation as follows:

7   **GENERAL STATEMENT AND GENERAL OBJECTIONS**

8   The following general objections ("General Objections") apply to each separately numbered

9   document request contained in Frank T. Shum's Third Set of Requests for Production of Documents to

10   Intel and are incorporated by this reference, to the extent applicable, into each specific response, as if

11   set forth in full.  By consenting to the production of any document, Intel does not waive any of its

12   general or specific objections to the production of other documents, nor is any fact to be deemed

13   admitted from any objection set forth herein.

14   1.   Intel objects to each request to the extent that it purports to seek the production of

15   documents that are protected by the attorney-client privilege, attorney work product doctrine, trade

16   secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege,

17   doctrine, or immunity.  The inadvertent production of any privileged document is not to be deemed a

18   waiver of privilege, and Intel reserves the right to object to the introduction or other use of any

19   privileged or protected document that may be inadvertently produced.

20   2.   Intel generally objects to each request to the extent that it purports to impose obligations

21   on Intel beyond those set forth in the Federal Rules of Civil Procedure, the California Code of Civil

22   Procedure, and applicable case law.

23   3.   Intel objects to each request to the extent that it calls for documents which are outside of

24   its possession, custody and control.

25   4.   Intel objects to each request to the extent it seeks documents that are protected by

26   privacy rights under the United States Constitution, the California Constitution, or other applicable

27   state or federal law.

28

1.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

5. Intel objects to the use of the terms "referring," "relate," and/or "relating to," in that these terms are overbroad, vague, and ambiguous.

6. Intel objects to each request to the extent that it seeks production of documents or information that are confidential, proprietary, or contain trade secrets. Intel will provide such documents only pursuant to the terms of the Protective Order that has been entered in this action.

7. Intel objects to each request to the extent that it seeks documents or information that are protected by any confidentiality obligations that are owed to a third party.

These General Objections, and any specific objections which hereafter may be asserted, do not constitute a refusal on the part of Intel to meet and confer with plaintiff in connection with the requests, or necessarily constitute a refusal to produce documents. However, by meeting and conferring, by responding, or by producing documents, Intel does not concede the relevancy or materiality of any request or of the subject to which the request refers. Intel's response to each request is made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for any other purpose, of any documents referred to or produced, or of the responses given herein, or of the subject matter thereof, in any proceeding (including trial of this action or in any subsequent proceeding). These responses contained herein are without prejudice to Intel's right to respond differently should the subject matter of the requests be repeated in other discovery.

Intel has not completed its investigation of facts, witnesses, or documents relating to this case; has not completed discovery in this action; has not completed its analysis of available data; and has not completed preparation for trial. Thus, although a good faith effort has been made to conduct a diligent search and to supply pertinent documents when they have been requested, and a reasonable inquiry has been made in an effort to comply with the requests, it has not been possible in many instances for unqualified responses to be made. Further, the responses are necessarily made without prejudice to Intel's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Intel may adopt. Intel's responses and production of documents are also made based on the claims and defenses set forth in the pleadings currently on file

2.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  in this case as of the date these responses are made. Intel's responses and production of documents are

2  made without prejudice to its right to provide facts, witnesses, or documents omitted by oversight,

3  inadvertence, or good faith error or mistake. Intel has furnished such information and documents as

4  are presently available to it, which may include hearsay and other forms of evidence that are neither

5  reliable nor admissible.

6

7  **SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS**

8  **REQUEST NO. 34:**

9  All documents relating to or referencing or constituting public disclosure of patent applications

10 filed owned (sic) by LightLogic, Inc. from 1998 through May 2001.

11 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 34:**

12 Intel objects to this request on the grounds that it is overbroad, and unduly burdensome. Intel

13 further objects to this request on the grounds that the use of the phrase "relating to or referencing or

14 constituting public disclosure" renders this interrogatory vague, ambiguous, and unintelligible. Subject

15 to, and without waiving these objections and the General Objections set forth above, Intel responds, as

16 follows: Based on representations by plaintiff's counsel in an e-mail communication dated August 16,

17 2004, that the word "or" was mistakenly omitted between the two words "filed" and "owned," Intel

18 will produce for inspection and copying responsive, non-privileged documents in his possession,

19 custody or control, relating to the subject matter of this request, if any.

20

21 **REQUEST NO. 35:**

22 All documents which you contend demonstrate Frank Shum's knowledge of LightLogic, Inc. at

23 any time before May 13, 2001.

24 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 35:**

25 Intel objects to this request on the grounds that it is overbroad and unduly burdensome. Intel

26 further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell.

27 Subject to and without waiving these objections and the General Objections set forth above, Intel

28

TAYLOR & CO.
LAW OFFICES, INC.

3.

1 | responds that it will produce for inspection and copying responsive, non-privileged documents in its

2 | possession, custody or control regarding the subject matter of this request, if any.

3

4 | **REQUEST NO. 36:**

5 |     All documents which you contend demonstrate that Frank Shum had knowledge of LightLogic,

6 | Inc.'s patents or patent applications prior to May 13, 2001.

7 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 36:**

8 |     Intel objects to this request on the grounds that it is overbroad and unduly burdensome. Intel

9 | further objects to this request insofar as it seeks documents already produced to plaintiff to by Verdiell.

10 | Subject to and without waiving these objections and the General Objections set forth above, Intel

11 | responds that it will produce for inspection and copying responsive, non-privileged documents in its

12 | possession, custody or control regarding the subject matter of this request, if any.

13

14 | **REQUEST NO. 37:**

15 |     All documents referring or relating to, or constituting, contracts or agreements between Jean-

16 | Marc Verdiell and Intel Corporation (including LightLogic, Inc.).

17 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 37:**

18 |     Intel objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited

19 | as to time, and not calculated to lead to the discovery of admissible evidence. Intel further objects to

20 | this request insofar as it seeks documents already produced to plaintiff by Verdiell. Subject to and

21 | without waiving these objections and the General Objections set forth above, Intel responds that it will

22 | produce for inspection and copying Jean-Marc Verdiell's ("Verdiell") employment agreement with

23 | LightLogic, dated March 25, 2001, Verdiell's employee agreement with Intel, dated May 14, 2001,

24 | Verdiell's employee agreement with Intel, dated May 14, 2001, and indemnity agreements between

25 | Verdiell and Intel relating to the subject matter of this litigation.

26

27

28

4.

1    **REQUEST NO. 38:**

2         All documents referring or relating to, or evidencing Intel's valuation of patents, patent

3    applications, or any intellectual property owned by LightLogic, Inc. at the time of LightLogic, Inc.'s

4    merger/acquisition with Intel.

5    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 38:**

6         Intel objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited

7    as to time, and not calculated to lead to the discovery of admissible evidence.  Subject to and without

8    waiving these objections and the General Objections set forth above, Intel responds it did not value the

9    patents, patent applications, or any intellectual property owned by LightLogic, Inc. at the time of

10   LightLogic, Inc.'s merger/acquisition with Intel.  Intel has produced to plaintiff documents which

11   disclose the information sought by this request.  Intel also produced a witness for deposition on

12   January 29, 2004, pursuant to Federal Rule of Civil Procedure 30(b)(6), and this individual testified

13   concerning the issue of Intel's valuation of LightLogic, Inc.'s intellectual property at the time of the

14   merger/acquisition.  A copy of the transcript of that deposition testimony is in plaintiff's possession,

15   custody, and control.

16

17   **REQUEST NO. 39:**

18        All documents relating to or referencing disclosures by Intel to investors or government

19   agencies (including but not limited to 10-K's and other SEC mandated disclosures) relating to or

20   referencing the value of LightLogic, Inc.'s intellectual property at the time of merger/acquisition with

21   Intel, including patents.

22   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 39:**

23        Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks

24   information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

25   evidence.  Subject to and without waiving these objections and the General Objections set forth above,

26   Intel responds that it did not value the patents, patent applications, or any intellectual property owned

27   by LightLogic, Inc. at the time of LightLogic, Inc.'s merger/acquisition with Intel.  Intel already has

28

TAYLOR & CO.
LAW OFFICES, INC.

1    produced to plaintiff documents which disclose the information sought by this request.  Intel also

2    produced a witness for deposition on January 29, 2004, pursuant to Federal Rule of Civil Procedure 30

3    (b)(6), and this individual testified at length concerning the fact that Intel did not value LightLogic,

4    Inc.'s intellectual property at the time of the merger/acquisition with Intel.  A copy of the transcript of

5    that deposition testimony is in plaintiff's possession, custody, and control.  To the extent plaintiff seeks

6    production of documents relating to Intel that are publicly filed (e.g., 10-K's and other SEC filings and

7    disclosures, Intel's annual reports, etc.), those documents are a matter of public record and, as such, are

8    equally as available to plaintiff as to Intel.

9

10   **REQUEST NO. 40:**

11        All documents relating to or referencing disclosures by Intel to investors or government

12   agencies (including by not limited to 10-K's and other SEC mandated disclosures) relating to or

13   referencing the value of LightLogic, Inc.'s good will.

14   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 40:**

15        Intel objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited

16   as to time, and seeks information that is irrelevant and not reasonably calculated to lead to the

17   discovery of admissible evidence.  Subject to and without waiving these objections and the General

18   Objections set forth above, Intel responds that it already has produced to plaintiff documents that

19   disclose the information sought by this request.  Intel also produced a witness for deposition on

20   January 29, 2004, pursuant to Federal Rule of Civil Procedure 30 (b)(6), and this individual testified

21   concerning the value of LightLogic, Inc.'s good will.  A copy of the transcript of that deposition

22   testimony is in plaintiff's possession, custody, and control.  To the extent plaintiff seeks production of

23   documents relating to Intel that are publicly filed (e.g., 10-K's and other SEC filings and disclosures,

24   annual reports, etc.), those documents are a matter of public record and, as such, are equally as

25   available to plaintiff as to Intel.  Intel will produce for inspection and copying responsive non-

26   privileged documents in its possession, custody or control, of a non-public nature, that disclosed to

27

28

6.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1 | investors or government agencies the value of LightLogic, Inc.'s good will at the time of the

2 | LightLogic, Inc. acquisition, if any.

3

4 | **REQUEST NO. 41:**

5 |     All documents relating or referring to the employment status, including titles, description,

6 | duties, and income, and any change in such employment status, of Jean-Marc Verdiell at Intel since the

7 | time of LightLogic, Inc.'s merger/acquisition with Intel.

8 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 41:**

9 |     Intel objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks

10 | information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

11 | evidence.  Intel further objects to this request insofar as it seeks production of documents and

12 | information protected by the attorney-client privilege, attorney work product doctrine, or other

13 | applicable federal or state privilege, as well as the employee's right of privacy under the United States

14 | and California Constitutions.  Subject to and without waiving these objections and the General

15 | Objections set forth above, Intel responds that is already has or will produce responsive, non-privileged

16 | documents sufficient to show Verdiell's employment status at Intel since the time of the acquisition.

17

18 | **REQUEST NO. 42:**

19 |     All documents referring, relating to, or constituting any indemnity or reservation of rights

20 | agreements between Jean-Marc Verdiell and Intel Corporation relating to this litigation.

21 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 42:**

22 |     Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

23 | further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell or

24 | Intel.  Intel further objects to this request insofar as it seeks production of documents and information

25 | protected by the attorney-client privilege, attorney work product doctrine, or other applicable federal or

26 | state privilege, as well as the employee's right of privacy under the United States and California

27 | Constitutions.  Subject to and without waiving these objections and the General Objections set forth

28

TAYLOR & CO.
LAW OFFICES, INC.

1   above, Intel responds as follows:  Intel will produce for inspection and copying Jean-Marc Verdiell's

2   ("Verdiell") employment agreement with LightLogic, dated March 25, 2001, Verdiell's employee

3   agreement with Intel, dated May 14, 2001, Verdiell's employee agreement with Intel, dated May 14,

4   2001, and indemnity agreements between Verdiell and Intel relating to the subject matter of this

5   litigation.

6

7   **REQUEST NO.43:**

8       Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

9   computer server, and other electronic recording device in your possession, custody and control that

10  was used by Jean-Marc Verdiell during the period January 1, 1996, through May 24, 2001.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 43:**

12      Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

13  burdensome, and is not calculated to lead to the discovery of admissible evidence.  Intel further objects

14  to this request on the grounds that it seeks information and documents that are proprietary to third

15  parties, documents and information that are protected by the attorney-client privilege or the attorney

16  work-product doctrine, and violates his rights of privacy under both the California and United States

17  Constitutions.  Subject to and without waiving these objections and the General Objections set forth

18  above, Intel responds that his search for documents responsive to all document request propounded by

19  plaintiff to date has included a review of the electronic files contained on computers in his possession,

20  custody and control, including the computer Intel utilizes at Intel.  As part of the meet and confer

21  process, counsel for Intel has made this representation to plaintiff's counsel, in lieu of providing access

22  to each such computer for inspection.

23

24  **REQUEST NO. 44:**

25      Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

26  computer server, and other electronic recording device in your possession, custody and control that

27  was used by John McGraw during the period January 1, 1996, through May 24, 2001.

28

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 44:**

2      Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

3  burdensome, and is not calculated to lead to the discovery of admissible evidence. Intel further objects

4  to this request on the grounds that it seeks information and documents that are proprietary to third

5  parties, documents and information that are protected by the attorney-client privilege or the attorney

6  work-product doctrine, and violates his rights of privacy under both the California and United States

7  Constitutions. Subject to and without waiving these objections and the General Objections set forth

8  above, Intel responds that his search for documents responsive to all document request propounded by

9  plaintiff to date has included a review of the electronic files contained on computers in his possession,

10  custody and control, including the computer Intel utilizes at Intel. As part of the meet and confer

11  process, counsel for Intel has made this representation to plaintiff's counsel, in lieu of providing access

12  to each such computer for inspection.

13

14  **REQUEST NO. 45:**

15      Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

16  computer server, and other electronic recording device in your possession, custody and control that

17  was used by Marc Epitux (sic) during the period January 1, 1996, through May 24, 2001.

18  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 45:**

19      Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

20  burdensome, and is not calculated to lead to the discovery of admissible evidence. Intel further objects

21  to this request on the grounds that it seeks information and documents that are proprietary to third

22  parties, documents and information that are protected by the attorney-client privilege or the attorney

23  work-product doctrine, and violates his rights of privacy under both the California and United States

24  Constitutions. Subject to and without waiving these objections and the General Objections set forth

25  above, Intel responds that his search for documents responsive to all document request propounded by

26  plaintiff to date has included a review of the electronic files contained on computers in his possession,

27  custody and control, including the computer Intel utilizes at Intel. As part of the meet and confer

28

9.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  process, counsel for Intel has made this representation to plaintiff's counsel, in lieu of providing access

2  to each such computer for inspection.

3

4  **REQUEST NO. 46:**

5        Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

6  computer server, and other electronic recording device in your possession, custody and control that

7  was used by Jonas Webjorn during the period January 1, 1996, through May 24, 2001.

8  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 46:**

9        Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

10  burdensome, and is not calculated to lead to the discovery of admissible evidence.  Intel further objects

11  to this request on the grounds that it seeks information and documents that are proprietary to third

12  parties, documents and information that are protected by the attorney-client privilege or the attorney

13  work-product doctrine, and violates his rights of privacy under both the California and United States

14  Constitutions.  Subject to and without waiving these objections and the General Objections set forth

15  above, Intel responds that his search for documents responsive to all document request propounded by

16  plaintiff to date has included a review of the electronic files contained on computers in his possession,

17  custody and control, including the computer Intel utilizes at Intel.  As part of the meet and confer

18  process, counsel for Intel has made this representation to plaintiff's counsel, in lieu of providing access

19  to each such computer for inspection.

20

21  **REQUEST NO. 47:**

22        Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

23  computer server, and other electronic recording device in your possession, custody and control that

24  was used by Marc Finot during the period January 1, 1996, through May 24, 2001.

25  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 47:**

26        Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

27  burdensome, and is not calculated to lead to the discovery of admissible evidence.  Intel further objects

28

10.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   to this request on the grounds that it seeks information and documents that are proprietary to third

2   parties, documents and information that are protected by the attorney-client privilege or the attorney

3   work-product doctrine, and violates his rights of privacy under both the California and United States

4   Constitutions.  Subject to and without waiving these objections and the General Objections set forth

5   above, Intel responds that his search for documents responsive to all document request propounded by

6   plaintiff to date has included a review of the electronic files contained on computers in his possession,

7   custody and control, including the computer Intel utilizes at Intel.  As part of the meet and confer

8   process, counsel for Intel has made this representation to plaintiff's counsel, in lieu of providing access

9   to each such computer for inspection.

10

11   **REQUEST NO. 48:**

12          Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

13   computer server, and other electronic recording device in your possession, custody and control that

14   was used by Greg Baldridge during the period January 1, 1996, through May 24, 2001.

15   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 48:**

16          Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

17   burdensome, and is not calculated to lead to the discovery of admissible evidence.  Intel further objects

18   to this request on the grounds that it seeks information and documents that are proprietary to third

19   parties, documents and information that are protected by the attorney-client privilege or the attorney

20   work-product doctrine, and violates his rights of privacy under both the California and United States

21   Constitutions.  Subject to and without waiving these objections and the General Objections set forth

22   above, Intel responds that his search for documents responsive to all document request propounded by

23   plaintiff to date has included a review of the electronic files contained on computers in his possession,

24   custody and control, including the computer Intel utilizes at Intel.  As part of the meet and confer

25   process, counsel for Intel has made this representation to plaintiff's counsel, in lieu of providing access

26   to each such computer for inspection.

27

28

11.

TAYLOR & CO.
LAW OFFICES, INC.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1

**REQUEST NO. 49:**

2

Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

3

computer server, and other electronic recording device in your possession, custody and control that

4

was used by Frank Shum during the period January 1, 1996, through May 24, 2001.

5

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 49:**

6

Intel objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly

7

burdensome.  Intel further objects to this request on the grounds that it seeks documents and

8

information protected by the attorney-client privilege, work-product doctrine, and employee rights of

9

privacy under both the California and United States Constitutions.  Subject to and without waiving

10

these objections and the General Objections set forth above, Intel responds that it does not have in its

11

possession, custody or control any computers, computer hard drives, zip drives, computer server, or

12

other electronic recording device used by Frank Shum.

13

///

14

///

15

///

16

///

17

///

18

///

19

///

20

///

21

///

22

///

23

///

24

///

25

///

26

///

27

///

28

TAYLOR & CO.
LAW OFFICES, INC.

12.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    **REQUEST NO. 50:**

2         All documents referring or relating to any company or entity named aCADian Technologies, or

3    using the name "aCADian" in any way.

4    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 50:**

5         Intel objects to this request on the grounds that it is overbroad and unduly burdensome.  Intel

6    further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell in

7    this litigation.  Subject to and without waiving these objects and the General Objections set forth

8    above, Intel responds that it does not have possession, custody, or control over documents relating to

9    aCADian Technologies.

10

11   Dated:  September 29, 2004                    TAYLOR & COMPANY LAW OFFICES, INC.

12

13                                                By: _____

14                                                     Jan J. Klohonatz

15                                                Attorneys for Defendant
                                                  INTEL CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1

**PROOF OF SERVICE**

2     I am employed in the County of San Francisco, State of California. I am over the age of 18

3 and not a party to the within action. My business address is Taylor & Company Law Offices, Inc.,

4 One Ferry Building, Suite 355, San Francisco, California 94111.

5     On September 29, 2004, I served a true and correct copy of the document(s) described as:

6 **INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S**

7 **THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the following

8 interested parties in this action:

9

| | |
|---|---|
| Mr. e. robert wallach | Mr. Gregory S. Cavallo |
| 155 Jackson Street, Suite 602 | Shopoff & Cavallo LLP |
| San Francisco, CA 94111 | 353 Sacramento Street, Suite 1040 |
| *Telephone: 415-989-6445* | San Francisco, CA 94111 |
| *Facsimile: 415-989-3802* | *Telephone: 415-984-1975* |
| | *Facsimile: 415-984-1978* |
| **Counsel for Frank T. Shum** | |
| | **Counsel for Frank T. Shum** |

10

11

12

13

14

| | |
|---|---|
| Mr. Alan L. Barry | Mr. Harris Zimmerman |
| Bell Boyd & Lloyd LLP | 1330 Broadway, Suite 710, |
| 70 West Madison Street, Suite 3300 | Oakland, CA 94612 |
| Chicago, IL 60602-4207 | *Telephone: 510-465-0828* |
| *Telephone: 312-807-4438* | *Facsimile: 510-465-2041* |
| *Facsimile: 312 827-8196* | |
| | **Counsel for Frank T. Shum** |
| **Counsel for Frank T. Shum** | |

15

16

17

18

19

20     [ X ] **[BY US MAIL, CCP § 1013a(3)]** I caused the foregoing document(s) to be enclosed

21 in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified

22 above as indicated herein. I am "readily familiar" with the firm's practice of collection and

23 processing correspondence for mailing and know that, in the ordinary course of Taylor & Company

24 Law Offices, Inc.'s business practice, the document(s) described above would be deposited with the

25 United States Postal Service on that same day at San Francisco, California, in the ordinary course of

26 business. I am aware that on motion of the party served, service is presumed to be invalid if the

27

28

14.

INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  postal cancellation date, or postage meter date, is more than one day after the date of deposit for

2  mailing set forth in this declaration.

3      **[ X ]  [BY FACSIMILE, CCP § 1013(e)]**  I caused the foregoing document(s) to be

4  transmitted by facsimile to the offices of the addressees indicated below at the facsimile numbers

5  listed for each addressee served.  Upon completion of said facsimile transmission, the transmitting

6  machine issued a transmission report showing that the transmission was complete and without error.

7

8      Mr. Gregory S. Cavallo
       Shopoff & Cavallo LLP

9      353 Sacramento Street, Suite 1040
       San Francisco, CA  94111

10     *Telephone:  415-984-1975*
       *Facsimile:  415-984-1978*

11     **Counsel for Frank T. Shum**

12     **[   ]  [BY OVERNIGHT DELIVERY, CCP § 1013(d)]**  I caused delivery of the

13  document(s) listed above to be effected by overnight mail, by placing true and correct copies in

14  separate envelopes for each addressee shown above, with the name and address of the person served

15  shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were

16  paid or provided for in accordance with the ordinary business practices of Taylor & Company Law

17  Offices, Inc.

18     **[   ]  [BY PERSONAL SERVICE, CCP § 1011(a)]**  I caused the foregoing document(s)

19  to be served by hand on the following individual(s) as indicated on the "Declaration of Personal

20  Service" attached hereto as <u>Exhibit A</u>.  The person who delivered a true and correct copy of such

21  document(s) to the person(s) identified below is identified in <u>Exhibit A</u> attached hereto.

22     I declare under penalty of perjury, under the laws of the United States of America, that the

23  foregoing is true and correct.  Executed this 29th day of September, 2004, at San Francisco,

24  California.

25

26                                    _____
                                            Grace D. Frary

27

28
                                    15.

TAYLOR & CO.      INTEL CORPORATION'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
LAW OFFICES, INC.   FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

# EXHIBIT D

# CATHERINE A. DUNBAR DECLARATION

1  STEPHEN E. TAYLOR (SBN 058452)
   JENNIFER A. LEE (SBN 222255)
2  TAYLOR & CO. LAW OFFICES
   1050 Marina Village Pkwy., Suite 101
3  Alameda, California  94501
   Telephone:  (510) 865-9401
4  Facsimile:   (510) 865-9408

5  Attorneys for Defendant
   INTEL CORPORATION
6  and Defendant and Counter-Claimant
   JEAN-MARC VERDIELL

7

8                 UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      OAKLAND DIVISION

11 FRANK T. SHUM,                          Case No.:  C 02-03262 DLJ (EMC)

12        Plaintiff,                       **JEAN-MARC VERDIELL'S RESPONSES
                                           TO FRANK T. SHUM'S FIRST SET OF
13 v.                                      REQUESTS FOR PRODUCTION OF
                                           DOCUMENTS**
14 INTEL CORPORATION, JEAN-MARC
   VERDIELL, LIGHTLOGIC, INC., LUMEN
15 INTELLECTUAL PROPERTY SERVICES, INC.,
   and MAREK ALBOSZTA,
16
          Defendants.
17

18 JEAN-MARC VERDIELL,

19        Counter-Claimant,

20 v.

21 FRANK T. SHUM,

22        Counter-Defendant.

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   PROPOUNDING PARTY:   FRANK T. SHUM

2   RESPONDING PARTY:   JEAN-MARC VERDIELL

3   SET NUMBER:   ONE (Request Nos. 1-22)

4   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Jean-Marc Verdiell ("Verdiell")

5   hereby responds to Frank T. Shum's First Set of Requests for Production of Documents as follows:

6   ## I.   GENERAL STATEMENT AND OBJECTIONS

7   The following general objections ("General Objections") apply to each separately numbered

8   document request contained in Frank T. Shum's First Set of Requests for Production of Documents

9   to Jean-Marc Verdiell ("Requests") and are incorporated by this reference, to the extent applicable,

10   into each specific response, as if set forth in full. By consenting to the production of any document,

11   Verdiell does not waive any of his general or specific objections to the production of other

12   documents, nor is any fact to be deemed admitted from any objection set forth herein.

13   1.   Verdiell objects to each request to the extent that it purports to seek the production of

14   documents that are protected by the attorney-client privilege, attorney work product doctrine, trade

15   secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege,

16   doctrine, or immunity. The inadvertent production of any privileged document is not to be deemed a

17   waiver of privilege, and Verdiell reserves the right to object to the introduction or other use of any

18   privileged or protected document that may be inadvertently produced.

19   2.   Verdiell generally objects to each request to the extent that it purports to impose

20   obligations on Verdiell beyond those set forth in the Federal Rules of Civil Procedure, the California

21   Code of Civil Procedure, and applicable case law.

22   3.   Verdiell objects to each request to the extent that it calls for documents which are

23   outside of his possession, custody and control.

24   4.   Verdiell objects to each request to the extent it seeks documents that are protected by

25   privacy rights under the United States Constitution, the California Constitution, or other applicable

26   state or federal law.

27

28

TAYLOR & CO.
LAW OFFICES

1.

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262-DLJ (EMC)

5.     Verdiell objects to the use of the terms "referring," "relate," and/or "relating to," in that these terms are overbroad, vague, and ambiguous.

6.     Verdiell objects to each request to the extent that it seeks production of documents or information that are confidential, proprietary, or contain trade secrets.  Verdiell will provide such documents only pursuant to the terms of the Protective Order that has been entered in this action.

7.     Verdiell objects to each request to the extent that it seeks documents or information that are protected by any confidentiality obligations that are owed to a third party.

These General Objections, and any specific objections which hereafter may be asserted, do not constitute a refusal on the part of Verdiell to meet and confer with plaintiff in connection with the Requests, or necessarily constitute a refusal to produce documents.  However, by meeting and conferring, by responding, or by producing documents, Verdiell does not concede the relevancy or materiality of any request or of the subject to which the request refers.  Verdiell's response to each request is made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for any other purpose, of any documents referred to or produced, or of the responses given herein, or of the subject matter thereof, in any proceeding (including trial of this action or in any subsequent proceeding).  These responses contained herein are without prejudice to Verdiell's right to respond differently should the subject matter of the requests be repeated in other discovery.

Verdiell has not completed his investigation of facts, witnesses, or documents relating to this case; has not completed discovery in this action; has not completed his analysis of available data; and has not completed preparation for trial.  Thus, although a good faith effort has been made to conduct a diligent search and to supply pertinent documents when they have been requested, and a reasonable inquiry has been made in an effort to comply with the Requests, it has not been possible in many instances for unqualified responses to be made.  Further, the responses are necessarily made without prejudice to Verdiell's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Verdiell may adopt.  Verdiell's responses and production of documents are also made based on the claims and defenses

2.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

set forth in the pleadings currently on file in this case as of the date these responses are made.
Verdiell's responses and production of documents are made without prejudice to his right to provide
facts, witnesses, or documents omitted by oversight, inadvertence, or good faith error or mistake.
Verdiell has furnished such information and documents as are presently available to him, which may
include hearsay and other forms of evidence that are neither reliable nor admissible.

## II.  RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents referring or relating to Frank Shum.

**RESPONSE TO REQUEST NO. 1:**

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and
unlimited as to time. Subject to and without waiving these objections and his General Objections,
Verdiell responds that he will produce for inspection and copying all responsive, non-privileged
documents in his possession, custody or control, if any.

**REQUEST NO. 2:**

All documents referring or relating to Radiance Design.

**RESPONSE TO REQUEST NO. 2:**

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and
unlimited as to time. Subject to and without waiving these objections and his General Objections,
Verdiell responds that he will produce for inspection and copying all responsive, non-privileged
documents in his possession, custody or control, if any.

**REQUEST NO. 3:**

All documents referring or relating to Marek Alboszta and/or Lumen Intellectual Property
Services (collectively, hereinafter "Lumen").

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262-DLJ (EMC)

Minimum

1    **RESPONSE TO REQUEST NO. 3:**

2      Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome,

3 unlimited as to time, and not limited to the subject matter of this case. Verdiell further objects to this

4 request on the ground that it is not reasonably calculated to lead to the discovery of admissible

5 evidence. Subject to and without waiving these objections and his General Objections, Verdiell

6 responds that he will produce for inspection and copying all responsive, non-privileged documents in

7 his possession, custody or control that pertain to the subject matter of this litigation, if any.

8

9    **REQUEST NO. 4:**

10      All documents constituting, referring or relating to any communications between Frank

11 Shum and any officer, employee or agent of LightLogic, Inc. or Intel (collectively hereinafter,

12 "LightLogic").

13    **RESPONSE TO REQUEST NO. 4:**

14      Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

15 unlimited as to time. Verdiell further objects to this request on the ground that it is not limited to the

16 subject matter of this case and, thus, is not reasonably calculated to lead to the discovery of

17 admissible evidence. Subject to and without waiving these objections and his General Objections,

18 Verdiell responds that he will produce for inspection and copying all responsive, non-privileged

19 documents in his possession, custody or control reflecting communications that pertain to the subject

20 matter of this litigation, if any.

21

22    **REQUEST NO. 5:**

23      All documents referring or relating to any aspect of Radiance Design's Patent Application

24 Serial No. 08/838,022; LightLogic Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726;

25 6,376,268; 6,511,236; 6,585,427, and 6,586,726; and Patent Application No. 20030029051

26 (collectively hereafter, the "Patents and Patent Applications"), including but not limited to

27

28

4.

TAYLOR & Co.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262-DLJ (EMC)

1  communications with the USPTO, the subject matter of the Patents, and the conception,

2  development, and reduction to practice of such subject matter.

3  **RESPONSE TO REQUEST NO. 5:**

4       Verdiell objects to this request on the grounds that it is compound and seeks information

5  which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6  Verdiell further objects to this request on the grounds that it is overbroad and unduly burdensome,

7  and seeks documents and information relating to patents and patent applications that are not the

8  subject of plaintiff's Third Amended Complaint.  Verdiell also objects to this request on the ground

9  that it is unlimited as to time.  Verdiell further objects to this request on the grounds that its use of

10  the phrase "referring or relating to any aspect of ..." is vague, ambiguous and overbroad.  Subject to

11  and without waiving these objections and his General Objections, Verdiell responds that he will

12  produce for inspection and copying all responsive, non-privileged documents in his possession,

13  custody or control that pertain to Radiance Design's Patent Application Serial No. 08/838,022.  If

14  such documents exist, he will also produce for inspection and copying responsive, non-privileged

15  documents in his possession, custody or control sufficient to establish the subject matter, the

16  conception, and the reduction to practice of Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726;

17  6,376,268; 6,585,427; and 6,586,726, as well as communications with the United States Patent and

18  Trademark Office regarding these patents.

19

20  **REQUEST NO. 6:**

21       All documents constituting, referring or relating to any communication between Lumen and

22  any officer, employee or agent of LightLogic.

23  **RESPONSE TO REQUEST NO. 6:**

24       Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

25  unlimited as to time.  Verdiell further objects to this request on the grounds that it is not limited to

26  the subject matter of this litigation and, thus, is not reasonably calculated to lead to the discovery of

27  admissible evidence.  Verdiell also objects to this request on the grounds that it is vague and

28

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1   ambiguous in its use of the defined term "LightLogic" which, by its definition, includes literally

2   thousands of employees of Intel Corporation and LightLogic, Inc.  Subject to and without waiving

3   these objections and his General Objections, Verdiell responds that he will produce for inspection

4   and copying all responsive, non-privileged documents in his possession, custody or control reflecting

5   communications that pertain to the subject matter of this litigation, if any.

6

7   **REQUEST NO. 7:**

8          All documents constituting, referring or relating to communication by or between you, any

9   officer of LightLogic, any listed inventor of Patents and Patent Applications, and any persons or

10   entities not affiliated with a party to this action (hereinafter "Third Party") about this lawsuit or its

11   subject matter.

12   **RESPONSE TO REQUEST NO. 7:**

13          Verdiell objects to this request on the grounds that it is compound, unintelligible, and seeks

14   information which is neither relevant nor reasonably calculated to lead to the discovery of admissible

15   evidence.  Verdiell further objects to this request on the grounds that it is overbroad and unduly

16   burdensome, and seeks documents and information relating to patents and patent applications that

17   are not the subject of plaintiff's Third Amended Complaint.  Verdiell also objects to this request on

18   the grounds that it is unlimited as to time, and is vague and ambiguous in its use of the defined term

19   "Patents and Patent Applications."  Subject to and without waiving these objections and his General

20   Objections, and interpreting the term "Patent and Patent Applications" to include Radiance Design's

21   Patent Application Serial No. 08/838,022, and Patent Nos. 5,977,567; 6,207,950; 6,227,724;

22   6,252,726; 6,376,268; 6,585,427; and 6,586,726, Verdiell responds that he will produce for

23   inspection and copying all responsive, non-privileged documents in his possession, custody or

24   control that reflect communications regarding this lawsuit, if any.

25

26

27

28

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1

**REQUEST NO. 8:**

2

3

All documents constituting, referring or relating to communication by and between you, any officer of LightLogic, any listed inventor of the Patents, and any Third Party about the January 5, 1998 Radiance Design, Inc. Plan of Liquidation (hereinafter, "Plan of Liquidation").

4

5

**RESPONSE TO REQUEST NO. 8:**

6

Verdiell objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and unlimited as to time. Verdiell further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Verdiell also objects to this request on the grounds that it is vague and ambiguous in its use of the defined term "LightLogic" which, by its definition, includes literally thousands of employees of Intel Corporation and LightLogic, Inc. Verdiell also objects to this request on the ground its use of the undefined term "Patents" is vague and ambiguous. Subject to and without waiving these objections and his General Objections, Verdiell responds that he will produce for inspection and copying all responsive, non-privileged documents in his possession, custody or control that reflect communications regarding the Radiance Design Plan of Liquidation, if any.

7

8

9

10

11

12

13

14

15

16

17

**REQUEST NO. 9:**

18

All documents constituting, referring or relating to communication by and between Jean-Marc Verdiell, any officer of LightLogic, any listed inventor of the Patents, and any Third Party about Radiance Design or Frank Shum's inventorship or work on the Patents and Patent Applications.

19

20

21

22

**RESPONSE TO REQUEST NO. 9:**

23

Verdiell objects to this request on the grounds that it is compound, overbroad, unintelligible as presently drafted, unduly burdensome, and unlimited as to time. Verdiell further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Verdiell also objects to this request on the grounds that it is vague and ambiguous in its use of the defined terms "LightLogic," which by its definition includes literally thousands of

24

25

26

27

28

7.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262-DLJ (EMC)

1  employees of Intel Corporation and LightLogic, Inc., and "Patents and Patent Applications."

2  Subject to and without waiving these objections and his General Objections, Verdiell responds that

3  he will produce for inspection and copying all responsive, non-privileged documents in his

4  possession, custody or control, if any.

5

6  **REQUEST NO. 10:**

7        All materials referring or relating to Radiance Design's dissolution, including but not limited

8  to its documentation, scope, validity, and the meaning of any term or phrase used in the Plan of

9  Liquidation.

10 **RESPONSE TO REQUEST NO. 10:**

11       Verdiell objects to this request on the grounds that it is compound, overbroad, unduly

12 burdensome, and unlimited as to time.  Verdiell further objects to this request on the grounds that it

13 is vague and ambiguous in its use of the terms "scope" and "validity" with respect to the Plan of

14 Liquidation.  Verdiell also objects to this request on the ground that it is not reasonably calculated to

15 lead to the discovery of admissible evidence.  Subject to and without waiving these objections and

16 his General Objections, Verdiell responds that he will produce for inspection and copying all

17 responsive, non-privileged documents in his possession, custody or control that relate to the

18 dissolution of Radiance Design, if any.

19

20 **REQUEST NO. 11:**

21       All documents referring or relating to John Gorman's representation of Lumen.

22 **RESPONSE TO REQUEST NO. 11:**

23       Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

24 unlimited as to time.  Verdiell further objects to this request on the grounds that it calls for disclosure

25 of documents protected by the attorney-client privilege and/or the attorney work product doctrine.

26 Verdiell also objects to this request on the grounds that it is not limited to the subject matter of this

27 litigation and, thus, is not reasonably calculated to lead to the discovery of admissible evidence.

28

8.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1   Subject to and without waiving these objections and his General Objections, Verdiell responds that

2   he will produce for inspection and copying all responsive, non-privileged documents in his

3   possession, custody or control that pertain to the subject matter of this litigation, if any.

4

5   **REQUEST NO. 12:**

6       All documents referring or relating to the formation of LightLogic, Inc.

7   **RESPONSE TO REQUEST NO. 12:**

8       Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

9   unlimited as to time.  Verdiell further objects to this request on the ground that it is not reasonably

10  calculated to lead to the discovery of admissible evidence.  Verdiell further objects to this request on

11  the grounds that the term "formation," as used in the context of this request, is vague and ambiguous.

12  Subject to and without waiving these objections and his General Objections, Verdiell responds that

13  he will produce for inspection and copying all responsive, non-privileged documents in his

14  possession, custody or control, if any.

15

16  **REQUEST NO. 13:**

17      All documents provided to potential and actual investors in LightLogic, Inc. (including Intel)

18  designed to provide information about LightLogic, Inc.'s assets, liabilities, intellectual property, and

19  business plans to such investors.

20  **RESPONSE TO REQUEST NO. 13:**

21      Verdiell objects to this request on the grounds that it is compound, overbroad, unduly

22  burdensome, and unlimited as to time.  Verdiell further objects to this request on the grounds that it

23  is vague and ambiguous in its use of the undefined term "intellectual property."  Verdiell also

24  objects to this request on the ground that it is not reasonably calculated to lead to the discovery of

25  admissible evidence.  Subject to and without waiving these objections and his General Objections,

26  Verdiell responds that he will produce for inspection and copying all responsive, non-privileged

27  documents in his possession, custody or control, if any.

28

9.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1

**REQUEST NO. 14:**

2

All documents referring or relating to capital investment in LightLogic, Inc.

3

**RESPONSE TO REQUEST NO. 14:**

4

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

5

unlimited as to time.  Verdiell further objects to this request on the ground that it is not reasonably

6

calculated to lead to the discovery of admissible evidence.  Verdiell also objects to this request on

7

the grounds that the use of the undefined phrase "capital investment in LightLogic, Inc." is vague

8

and ambiguous.  Subject to and without waiving these objections and his General Objections,

9

Verdiell responds that he will produce for inspection and copying all responsive, non-privileged

10

documents in his possession, custody or control, if any.

11

12

**REQUEST NO. 15:**

13

All documents referring or relating to communication between and among you, Frank Shum,

14

Lumen, John Gorman, Thomas Bahrick, Joseph Mason, and Lucas Chang.

15

**RESPONSE TO REQUEST NO. 15:**

16

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome,

17

unlimited as to time, and not limited to the subject matter of this case.  Verdiell further objects to this

18

request on the grounds that it calls for disclosure of documents protected by the attorney-client

19

privilege and/or the attorney work product doctrine.  Verdiell also objects to this request on the

20

grounds that it is compound and is not reasonably calculated to lead to the discovery of admissible

21

evidence.  Subject to and without waiving these objections and his General Objections, Verdiell

22

responds that he will produce for inspection and copying all responsive, non-privileged documents in

23

his possession, custody or control that pertain to the subject matter of this litigation, if any.

24

25

**REQUEST NO. 16:**

26

All documents provided by you to Lumen.

27

28

10.

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1  **RESPONSE TO REQUEST NO. 16:**

2      Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome,

3  unlimited as to time, and not limited to the subject matter of this case. Verdiell further objects to this

4  request on the ground that it is not reasonably calculated to lead to the discovery of admissible

5  evidence. Subject to and without waiving these objections and his General Objections, Verdiell

6  responds that he will produce for inspection and copying all responsive, non-privileged documents in

7  his possession, custody or control that pertain to the subject matter of this litigation, if any.

8

9  **REQUEST NO. 17:**

10     All diaries, desk calendars, pocket calendars, daytimer calendars, lab notebooks, or other

11 similar types of documents maintained by you during the period May 1, 1996 through May 31, 2001.

12 **RESPONSE TO REQUEST NO. 17:**

13     Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome, is

14 not limited to the subject matter of this case, and is not reasonably calculated to lead to the discovery

15 of admissible evidence. Verdiell further objects to this request on the ground that it violates his

16 rights to privacy. Subject to and without waiving these objections and his General Objections,

17 Verdiell responds that he will produce for inspection and copying all responsive, non-privileged

18 documents in his possession, custody or control, if any, redacted as necessary to protect his privacy

19 in personal matters unrelated to this litigation, as well as any trade secrets or other proprietary

20 information of third parties.

21

22 **REQUEST NO. 18:**

23     All of the corporate records of LightLogic, Inc., including, without limitation, minutes of the

24 board of directors, shareholders, bylaws, articles of incorporation, and stock books.

25 **RESPONSE TO REQUEST NO. 18:**

26     Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

27 unlimited as to time. Verdiell further objects to this request on the ground that it is not reasonably

28

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS: CASE NO. C 02-03262-DLJ (EMC)

1  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

2  objections and his General Objections, Verdiell responds that he will produce for inspection and

3  copying all responsive, non-privileged documents in his possession, custody or control, if any.

4

5  **REQUEST NO. 19:**

6      Documents sufficient to thoroughly and accurately describe your work or research while

7  employed by SDL.

8  **RESPONSE TO REQUEST NO. 19:**

9      Verdiell objects to this request on the grounds that it seeks information which is proprietary

10  to and constitute the trade secrets of an unrelated third party.  Verdiell further objects to this request

11  on the ground that it is overbroad as to time, is neither relevant nor reasonably calculated to lead to

12  the discovery of admissible evidence, and is overbroad and unduly burdensome.  Verdiell also

13  objects on the ground that a request for documents "sufficient to thoroughly and accurately describe

14  your work or research," as used in this context, is vague and ambiguous.  Subject to and without

15  waiving these objections and his General Objections, Verdiell responds that he will produce for

16  inspection and copying all responsive, non-privileged documents in his possession, custody or

17  control, if any.

18

19  **REQUEST NO. 20:**

20      Documents sufficient to thoroughly and accurately describe your work or research while

21  employed by AT&T Bell Laboratories.

22  **RESPONSE TO REQUEST NO. 20:**

23      Verdiell objects to this request on the grounds that it seeks information which is proprietary

24  to and constitute the trade secrets of an unrelated third party.  Verdiell further objects to this request

25  on the ground that it is overbroad as to time, is neither relevant nor reasonably calculated to lead to

26  the discovery of admissible evidence, and is overbroad and unduly burdensome.  Verdiell also

27  objects on the ground that a request for documents "sufficient to thoroughly and accurately describe

28

TAYLOR & CO.
LAW OFFICES

1  your work or research," as used in this context, is vague and ambiguous.  Subject to and without

2  waiving these objections and his General Objections, Verdiell responds that he will produce for

3  inspection and copying all responsive, non-privileged documents in his possession, custody or

4  control, if any.

5

6  **REQUEST NO. 21:**

7      Documents sufficient to thoroughly and accurately describe your work or research at the

8  University of Maryland.

9  **RESPONSE TO REQUEST NO. 21:**

10      Verdiell objects to this request on the grounds that it seeks information which is proprietary

11  to and constitute the trade secrets of an unrelated third party.  Verdiell further objects to this request

12  on the ground that it is overbroad as to time, is neither relevant nor reasonably calculated to lead to

13  the discovery of admissible evidence, and is overbroad and unduly burdensome.  Verdiell also

14  objects on the ground that a request for documents "sufficient to thoroughly and accurately describe

15  your work or research," as used in this context, is vague and ambiguous.  Subject to and without

16  waiving these objections and his General Objections, Verdiell responds that he will produce for

17  inspection and copying all responsive, non-privileged documents in his possession, custody or

18  control, if any.

19

20  **REQUEST NO. 22:**

21      Documents sufficient to thoroughly and accurately describe your work or research at the

22  Thomson-CSF Central Research Laboratories.

23  **RESPONSE TO REQUEST NO. 22:**

24      Verdiell objects to this request on the grounds that it seeks information which is proprietary

25  to and constitute the trade secrets of an unrelated third party.  Verdiell further objects to this request

26  on the ground that it is overbroad as to time, is neither relevant nor reasonably calculated to lead to

27  the discovery of admissible evidence, and is overbroad and unduly burdensome.  Verdiell also

28

13.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1  objects on the ground that a request for documents "sufficient to thoroughly and accurately describe

2  your work or research," as used in this context, is vague and ambiguous.  Subject to and without

3  waiving these objections and his General Objections, Verdiell responds that he will produce for

4  inspection and copying all responsive, non-privileged documents in his possession, custody or

5  control, if any.

6

7  Dated:  September 8, 2003             TAYLOR & CO. LAW OFFICES

8

9                          By: _____

                                 Jennifer A. Lee

10

                          Attorneys for Defendant and Counter-Claimant

11                     JEAN-MARC VERDIELL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES

14.

1

## PROOF OF SERVICE

2      I am employed in the County of Alameda, State of California.  I am over the age of 18 and

3  not a party to the within action.  My business address is Taylor & Co. Law Offices, 1050 Marina

4  Village Parkway, Suite 101, Alameda, California 94501.

5      On September 8, 2003, I served a true and correct copy of the document(s) described as:

6  **JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF**

7  **REQUESTS FOR PRODUCTION OF DOCUMENTS** on the following interested parties in this

8  action:

9      Mr. e. robert wallach                    Mr. Jeffrey W. Shopoff
       P.O. Box 2670                            Shopoff & Cavallo LLP
10     San Francisco, CA  94126-2670            353 Sacramento Street, Suite 1040
                                                San Francisco, CA  94111
11     *Telephone: 415-989-6445*                *Telephone: 415-984-1975*
       *Facsimile: 415-989-3802*                *Facsimile: 415-984-1978*
12     **Counsel for Frank T. Shum**            **Counsel for Frank T. Shum**

13

14     Mr. R. Stephen Goldstein
       Goldstein, Gellman, Melbostad,
15     Gibson & Harris, LLP
       100 Van Ness Avenue, 21st Floor
16     San Francisco, CA  94102
       *Telephone: 415-621-5600*
17     *Facsimile: 415-621-0656*
18     **Counsel for Lumen Intellectual**
       **Property Services, Inc. and**
19     **Marek Alboszta**

20     [ X ]  [BY US MAIL, CCP § 1013a(3)] I caused the foregoing document(s) to be enclosed

21  in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified

22  above as indicated herein.  I am "readily familiar" with the firm's practice of collection and

23  processing correspondence for mailing and know that, in the ordinary course of Taylor & Co. Law

24  Office's business practice, the document(s) described above would be deposited with the United

25  States Postal Service on that same day at Alameda, California, in the ordinary course of business.  I

26  am aware that on motion of the party served, service is presumed to be invalid if the postal

27

28

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1    cancellation date, or postage meter date, is more than one day after the date of deposit for mailing set

2    forth in this declaration.

3        [ X ]  [BY FACSIMILE, CCP § 1013(e)]  I caused the foregoing document(s) to be

4    transmitted by facsimile to the offices of the addressees indicated above at the facsimile numbers

5    listed for each addressee served.  Upon completion of said facsimile transmission, the transmitting

6    machine issued a transmission report showing that the transmission was complete and without error.

7        [   ]   [BY OVERNIGHT DELIVERY, CCP § 1013(d)]  I caused delivery of the

8    document(s) listed above to be effected by overnight mail, by placing true and correct copies in

9    separate envelopes for each addressee shown above, with the name and address of the person served

10   shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were

11   paid or provided for in accordance with the ordinary business practices of Taylor & Co. Law

12   Offices.

13       [   ]   [BY PERSONAL SERVICE, CCP § 1011(a)]   I caused the foregoing document(s)

14   to be served by hand on the following individual(s) as indicated on the "Declaration of Personal

15   Service" attached hereto as Exhibit A.  The person who delivered a true and correct copy of such

16   document(s) to the person(s) identified below is identified in Exhibit A attached hereto.

17       I declare under penalty of perjury, under the laws of the State of California, that the

18   foregoing is true and correct.  Executed this 8th day of September, 2003, at Alameda, California.

19

20                                      _Susan A. Pope_
                                         Susan A. Pope

21

22

23

24

25

26

27

28

16.

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

STEPHEN E. TAYLOR (SBN 058452)
JAN J. KLOHONATZ (SBN 111718)
JENNIFER A. LEE (SBN 222255)
TAYLOR & COMPANY LAW OFFICES, INC.
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208

RAGESH K. TANGRI (SBN 159477)
JUDY M. SHIH (SBN 206394)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
INTEL CORPORATION
and Defendant and Counter-Claimant
JEAN-MARC VERDIELL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>          Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, LIGHTLOGIC, INC., LUMEN INTELLECTUAL PROPERTY SERVICES, INC., and MAREK ALBOSZTA,<br><br>          Defendants.<br><br>JEAN-MARC VERDIELL,<br><br>          Counter-Claimant,<br><br>v.<br><br>FRANK T. SHUM,<br><br>          Counter-Defendant. | Case No.:  C 02-03262 DLJ (EMC)<br><br>**JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

TAYLOR & CO.
LAW OFFICES, INC.

PROPOUNDING PARTY:   FRANK T. SHUM

RESPONDING PARTY:    JEAN-MARC VERDIELL

SET NUMBER:          ONE (Request Nos. 1-22)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Jean-Marc Verdiell ("Verdiell") hereby provides supplemental responses to Frank T. Shum's First Set of Requests for Production of Documents to Verdiell as follows:

## **GENERAL STATEMENT AND OBJECTIONS**

The following general objections ("General Objections") apply to each separately numbered document request contained in Frank T. Shum's First Set of Requests for Production of Documents to Jean-Marc Verdiell ("Requests") and are incorporated by this reference, to the extent applicable, into each specific response, as if set forth in full. By consenting to the production of any document, Verdiell does not waive any of his general or specific objections to the production of other documents, nor is any fact to be deemed admitted from any objection set forth herein.

1.      Verdiell objects to each request to the extent that it purports to seek the production of documents that are protected by the attorney-client privilege, attorney work product doctrine, trade secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege, doctrine, or immunity. The inadvertent production of any privileged document is not to be deemed a waiver of privilege, and Verdiell reserves the right to object to the introduction or other use of any privileged or protected document that may be inadvertently produced.

2.      Verdiell generally objects to each request to the extent that it purports to impose obligations on Verdiell beyond those set forth in the Federal Rules of Civil Procedure, the California Code of Civil Procedure, and applicable case law.

3.      Verdiell objects to each request to the extent that it calls for documents which are outside of his possession, custody and control.

4.      Verdiell objects to each request to the extent it seeks documents that are protected by privacy rights under the United States Constitution, the California Constitution, or other applicable state or federal law.

1.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1     5.     Verdiell objects to the use of the terms "referring," "relate," and/or "relating to," in

2   that these terms are overbroad, vague, and ambiguous.

3     6.     Verdiell objects to each request to the extent that it seeks production of documents or

4   information that are confidential, proprietary, or contain trade secrets.  Verdiell will provide such

5   documents only pursuant to the terms of the Protective Order that has been entered in this action.

6     7.     Verdiell objects to each request to the extent that it seeks documents or information

7   that are protected by any confidentiality obligations that are owed to a third party.

8         These General Objections, and any specific objections which hereafter may be asserted, do

9   not constitute a refusal on the part of Verdiell to meet and confer with plaintiff in connection with

10  the Requests, or necessarily constitute a refusal to produce documents.  However, by meeting and

11  conferring, by responding, or by producing documents, Verdiell does not concede the relevancy or

12  materiality of any request or of the subject to which the request refers.  Verdiell's response to each

13  request is made expressly subject to, and without in any way waiving or intending to waive, any

14  questions or objections as to the competency, relevance, materiality, privilege or admissibility as

15  evidence, or for any other purpose, of any documents referred to or produced, or of the responses

16  given herein, or of the subject matter thereof, in any proceeding (including trial of this action or in

17  any subsequent proceeding).  These responses contained herein are without prejudice to Verdiell's

18  right to respond differently should the subject matter of the Requests be repeated in other discovery.

19        Verdiell has not completed his investigation of facts, witnesses, or documents relating to this

20  case; has not completed discovery in this action; has not completed his analysis of available data;

21  and has not completed his preparation for trial.  Thus, although a good faith effort has been made to

22  conduct a diligent search and to supply pertinent documents when they have been requested, and a

23  reasonable inquiry has been made in an effort to comply with the Requests, it has not been possible

24  in many instances for unqualified responses to be made.  Further, the responses are necessarily made

25  without prejudice to Verdiell's rights to produce evidence of any subsequently discovered facts,

26  witnesses, or documents, as well as any new theories or contentions that Verdiell may adopt.

27  Verdiell's responses and production of documents are also made based on the claims and defenses

28

2.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

set forth in the pleadings currently on file in this case as of the date these responses are made. Verdiell's responses and production of documents are made without prejudice to his right to provide facts, witnesses, or documents omitted by oversight, inadvertence, or good faith error or mistake. Verdiell has furnished such information and documents as are presently available to him, which may include hearsay and other forms of evidence that are neither reliable nor admissible.

## SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS

### REQUEST NO. 1:

All documents referring or relating to Frank Shum.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and unlimited as to time.  Verdiell further objects to this request on the grounds that it calls for production of documents that are protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that he already has or will produce for inspection and copying responsive, non-privileged documents in his possession, custody or control, if any, dated on or before April 30, 2004.

### REQUEST NO. 2:

All documents referring or relating to Radiance Design.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and unlimited as to time.  Verdiell further objects to this request on the grounds that it calls for production of documents that are protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that he already has or will produce for inspection and copying

3.

TAYLOR & CO.
LAW OFFICES, INC.

1  responsive, non-privileged documents in his possession, custody or control, if any, dated on or

2  before April 30, 2004.

3

4  **REQUEST NO. 3:**

5      All documents referring or relating to Marek Alboszta and/or Lumen Intellectual Property

6  Services (collectively, hereinafter "Lumen").

7  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

8      Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome,

9  unlimited as to time, and not limited to the subject matter of this case.  Verdiell further objects to this

10  request on the grounds that it calls for production of documents that are protected by the attorney-

11  client privilege or the attorney work product doctrine.  Verdiell also objects to this request on the

12  ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to

13  and without waiving these objections and the General Objections set forth above, Verdiell responds

14  that he already has or will produce for inspection and copying responsive, non-privileged documents

15  in his possession, custody or control regarding the subject matter of this litigation, if any, dated on or

16  before April 30, 2004.

17

18  **REQUEST NO. 4:**

19      All documents constituting, referring or relating to any communications between Frank

20  Shum and any officer, employee or agent of LightLogic, Inc. or Intel (collectively hereinafter,

21  "LightLogic").

22  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

23      Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

24  unlimited as to time.  Verdiell further objects to this request on the grounds that it calls for

25  production of documents that are protected by the attorney-client privilege or the attorney work

26  product doctrine.  Verdiell also objects to this request on the ground that it is not limited to the

27  subject matter of this case and, thus, is not reasonably calculated to lead to the discovery of

28

4.

1   admissible evidence.  Subject to and without waiving these objections and the General Objections

2   set forth above, Verdiell responds that he already has or will produce for inspection and copying

3   responsive, non-privileged documents in his possession, custody or control reflecting

4   communications that pertain to the subject matter of this litigation, if any, dated on or before April

5   30, 2004.

6

7   **REQUEST NO. 5:**

8       All documents referring or relating to any aspect of Radiance Design's Patent Application

9   Serial No. 08/838,022; LightLogic Patent Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726;

10   6,376,268; 6,511,236; 6,585,427, and 6,586,726; and Patent Application No. 20030029051

11   (collectively hereafter, the "Patents and Patent Applications"), including but not limited to

12   communications with the USPTO, the subject matter of the Patents, and the conception,

13   development, and reduction to practice of such subject matter.

14   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

15       Verdiell objects to this request on the grounds that it is compound and seeks information

16   which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17   Verdiell further objects to this request on the grounds that it is overbroad and unduly burdensome,

18   and seeks documents and information relating to patents and patent applications that are not the

19   subject of plaintiff's Third Amended Complaint.  Verdiell also objects to this request on the ground

20   that it is unlimited as to time.  Verdiell further objects to this request on the grounds that it calls for

21   production of documents that are protected by the attorney-client privilege or the attorney work

22   product doctrine.  Verdiell also objects to this request on the grounds that its use of the phrase

23   "referring or relating to any aspect of ..." is vague, ambiguous and overbroad.  Subject to and

24   without waiving these objections and the General Objections set forth above, Verdiell responds that

25   he already has or will produce for inspection and copying responsive, non-privileged documents in

26   his possession, custody or control that pertain to Radiance Design's Patent Application Serial No.

27   08/838,022, dated on or before April 30, 2004.  Verdiell already has produced for inspection and

28

5.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1  copying responsive, non-privileged documents in his possession, custody or control sufficient to

2  establish the subject matter, the conception, and the reduction to practice of United States Patent

3  Nos. 5,977,567; 6,207,950; 6,227,724; 6,252,726; 6,376,268; 6,585,427; and 6,586,726, as well as

4  communications with the United States Patent and Trademark Office regarding these patents.  To the

5  extent Verdiell determines that any additional responsive, non-privileged documents regarding the

6  subject matter of this request (as limited by this response) should be produced, he will do so prior to

7  October 29, 2004.

8

9  **REQUEST NO. 6:**

10       All documents constituting, referring or relating to any communication between Lumen and

11  any officer, employee or agent of LightLogic.

12  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

13       Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

14  unlimited as to time.  Verdiell further objects to this request on the grounds that it is not limited to

15  the subject matter of this litigation and, thus, is not reasonably calculated to lead to the discovery of

16  admissible evidence.  Verdiell further objects to this request on the grounds that it calls for

17  production of documents that are protected by the attorney-client privilege or the attorney work

18  product doctrine.  Verdiell also objects to this request on the grounds that it is vague and ambiguous

19  in its use of the defined term "LightLogic" which, by its definition, includes literally thousands of

20  employees of Intel Corporation and LightLogic, Inc.  Subject to and without waiving these

21  objections and the General Objections set forth above, Verdiell responds that he already has or will

22  produce for inspection and copying responsive, non-privileged documents in his possession, custody

23  or control reflecting communications that pertain to the subject matter of this request and relate to

24  this litigation, if any, dated on or before April 30, 2004.

25

26

27

28

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1

**REQUEST NO. 7:**

2

   All documents constituting, referring or relating to communication by or between you, any

3

officer of LightLogic, any listed inventor of Patents and Patent Applications, and any persons or

4

entities not affiliated with a party to this action (hereinafter "Third Party") about this lawsuit or its

5

subject matter.

6

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

7

   Verdiell objects to this request on the grounds that it is compound, unintelligible, and seeks

8

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

9

evidence.  Verdiell further objects to this request on the grounds that it is overbroad and unduly

10

burdensome, and seeks documents and information relating to patents and patent applications that

11

are not the subject of plaintiff's Third Amended Complaint.  Verdiell also objects to this request on

12

the grounds that it is unlimited as to time, and is vague and ambiguous in its use of the defined term

13

"Patents and Patent Applications."  Verdiell further objects to this request on the grounds that it calls

14

for production of documents that are protected by the attorney-client privilege or the attorney work

15

product doctrine.  Subject to and without waiving these objections and the General Objections set

16

forth above, and interpreting the term "Patent and Patent Applications" to include Radiance Design's

17

Patent Application Serial No. 08/838,022, and United States Patent Nos. 5,977,567; 6,207,950;

18

6,227,724; 6,252,726; 6,376,268; 6,585,427; and 6,586,726, Verdiell responds that he already has or

19

will produce for inspection and copying responsive, non-privileged documents in his possession,

20

custody or control that reflect communications of the type described in this request, if any, dated on

21

or before April 30, 2004.

22

23

**REQUEST NO. 8:**

24

   All documents constituting, referring or relating to communication by and between you, any

25

officer of LightLogic, any listed inventor of the Patents, and any Third Party about the January 5,

26

1998 Radiance Design, Inc. Plan of Liquidation (hereinafter, "Plan of Liquidation").

27

28

TAYLOR & CO.
LAW OFFICES, INC.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Verdiell objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and unlimited as to time. Verdiell further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Verdiell also objects to this request on the grounds that it is vague and ambiguous in its use of the defined term "LightLogic" which, by its definition, includes literally thousands of employees of Intel Corporation and LightLogic, Inc. Verdiell also objects to this request on the ground its use of the undefined term "Patents" is vague and ambiguous. Verdiell further objects to this request on the grounds that it calls for production of documents that are protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that he already has or will produce for inspection and copying responsive, non-privileged documents in his possession, custody or control that reflect communications of the type described in this request, if any, dated on or before April 30, 2004.

**REQUEST NO. 9:**

All documents constituting, referring or relating to communication by and between Jean-Marc Verdiell, any officer of LightLogic, any listed inventor of the Patents, and any Third Party about Radiance Design or Frank Shum's inventorship or work on the Patents and Patent Applications.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Verdiell objects to this request on the grounds that it is compound, overbroad, unintelligible as presently drafted, unduly burdensome, and unlimited as to time. Verdiell further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Verdiell also objects to this request on the grounds that it is vague and ambiguous in its use of the defined terms "LightLogic," which by its definition includes literally thousands of employees of Intel Corporation and LightLogic, Inc., and "Patents and Patent Applications." Verdiell further objects to this request on the grounds that it calls for production of documents that

8.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1   are protected by the attorney-client privilege or the attorney work product doctrine. Verdiell also

2   objects to this request on the grounds that the term "inventorship," as used in the context of this

3   request, is vague and ambiguous. Subject to and without waiving these objections and the General

4   Objections set forth above, Verdiell responds that he already has or will produce for inspection and

5   copying responsive, non-privileged documents in his possession, custody or control, if any, dated on

6   or before April 30, 2004.

7

8   **REQUEST NO. 10:**

9        All materials referring or relating to Radiance Design's dissolution, including but not limited

10   to its documentation, scope, validity, and the meaning of any term or phrase used in the Plan of

11   Liquidation.

12   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

13        Verdiell objects to this request on the grounds that it is compound, overbroad, unduly

14   burdensome, and unlimited as to time. Verdiell further objects to this request on the grounds that it

15   is vague and ambiguous in its use of the terms "scope" and "validity" with respect to the Plan of

16   Liquidation. Verdiell also objects to this request on the ground that it is not reasonably calculated to

17   lead to the discovery of admissible evidence. Verdiell further objects to this request on the grounds

18   that it calls for production of documents that are protected by the attorney-client privilege or the

19   attorney work product doctrine. Subject to and without waiving these objections and the General

20   Objections set forth above, Verdiell responds that he already has or will produce for inspection and

21   copying responsive, non-privileged documents in his possession, custody or control that relate to the

22   dissolution of Radiance Design, Inc., if any, dated on or before April 30, 2004.

23

24

25

26

27

28

9.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1

**REQUEST NO. 11:**

2

All documents referring or relating to John Gorman's representation of Lumen.

3

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

4

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

5

unlimited as to time. Verdiell further objects to this request on the grounds that it calls for disclosure

6

of documents protected by the attorney-client privilege or the attorney work product doctrine.

7

Verdiell also objects to this request on the grounds that it is not limited to the subject matter of this

8

litigation and, thus, is not reasonably calculated to lead to the discovery of admissible evidence.

9

Subject to and without waiving these objections and the General Objections set forth above, Verdiell

10

responds that he already has or will produce for inspection and copying responsive, non-privileged

11

documents in his possession, custody or control that pertain to the subject matter of this litigation, if

12

any, dated on or before April 30, 2004.

13

14

**REQUEST NO. 12:**

15

All documents referring or relating to the formation of LightLogic, Inc.

16

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

17

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

18

unlimited as to time. Verdiell further objects to this request on the ground that it is not reasonably

19

calculated to lead to the discovery of admissible evidence. Verdiell also objects to this request on

20

the grounds that the term "formation," as used in the context of this request, is vague and ambiguous.

21

Verdiell further objects to this request on the grounds that it calls for production of documents that

22

are protected by the attorney-client privilege or the attorney work product doctrine. Subject to and

23

without waiving these objections and the General Objections set forth above, Verdiell responds that

24

he already has produced the articles of incorporation and the bylaws of LightLogic, Inc., as well as

25

the LightLogic, Inc. Board of Directors minutes.

26

27

28

10.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

**REQUEST NO. 13:**

All documents provided to potential and actual investors in LightLogic, Inc. (including Intel) designed to provide information about LightLogic, Inc.'s assets, liabilities, intellectual property, and business plans to such investors.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Verdiell objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and unlimited as to time. Verdiell further objects to this request on the grounds that it is vague and ambiguous in its use of the undefined term "intellectual property." Verdiell also objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Verdiell further objects to this request on the grounds that it calls for production of documents that are protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that responsive, non-privileged documents sufficient to establish the terms and conditions of the acquisition of LightLogic, Inc., as well as documents and information provided to potential and actual investors in LightLogic, Inc. prior to the acquisition of that company by Intel, already have been produced in this litigation.

**REQUEST NO. 14:**

All documents referring or relating to capital investment in LightLogic, Inc.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 14:**

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and unlimited as to time. Verdiell further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Verdiell also objects to this request on the grounds that the use of the undefined phrase "capital investment in LightLogic, Inc." is vague and ambiguous. Verdiell further objects to this request on the grounds that it calls for production of documents that are protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving these objections and the General Objections set forth above, Verdiell

11.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1   responds that he already has produced for inspection and copying responsive, non-privileged

2   documents in his possession, custody or control that identify the shareholders of LightLogic, Inc.

3   and the individuals and business entities that participated in LightLogic, Inc.'s Series A, Series B,

4   and Series C rounds of financing, together with the amounts of their investments.

5

6   **REQUEST NO. 15:**

7       All documents referring or relating to communication between and among you, Frank Shum,

8   Lumen, John Gorman, Thomas Bahrick, Joseph Mason, and Lucas Chang.

9   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

10      Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome,

11  unlimited as to time, and not limited to the subject matter of this case.  Verdiell further objects to this

12  request on the grounds that it calls for the production of documents protected by the attorney-client

13  privilege or the attorney work product doctrine.  Verdiell also objects to this request on the grounds

14  that it is compound and is not reasonably calculated to lead to the discovery of admissible evidence.

15  Subject to and without waiving these objections and the General Objections set forth above, Verdiell

16  responds that he already has or will produce for inspection and copying responsive, non-privileged

17  documents in his possession, custody or control that pertain to the subject matter of this litigation, if

18  any, dated on or before April 30, 2004.

19

20  **REQUEST NO. 16:**

21      All documents provided by you to Lumen.

22  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

23      Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome,

24  unlimited as to time, and not limited to the subject matter of this case.  Verdiell further objects to this

25  request on the grounds that it calls for production of documents that are protected by the attorney-

26  client privilege or the attorney work product doctrine.  Verdiell also objects to this request on the

27  ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to

28

12.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1   and without waiving these objections and the General Objections set forth above, Verdiell responds

2   that he already has or will produce for inspection and copying responsive, non-privileged documents

3   provided to Lumen that are in his possession, custody or control and pertain to the subject matter of

4   this litigation, if any, dated on or before April 30, 2004.

5

6   **REQUEST NO. 17:**

7       All diaries, desk calendars, pocket calendars, daytimer calendars, lab notebooks, or other

8   similar types of documents maintained by you during the period May 1, 1996 through May 31, 2001.

9   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

10      Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome, is

11  not limited to the subject matter of this case, and is not reasonably calculated to lead to the discovery

12  of admissible evidence.  Verdiell further objects to this request on the ground that it violates his

13  rights to privacy.  Subject to and without waiving these objections and the General Objections set

14  forth above, Verdiell responds that he already has produced for inspection and copying responsive,

15  non-privileged documents in his possession, custody or control maintained by Verdiell during the

16  Radiance Design, Inc. and LightLogic, Inc. time periods and that contain information relevant to the

17  claims in this litigation, if any, redacted as necessary to protect Verdiell's privacy in personal

18  matters unrelated to this litigation, as well as any trade secrets or other proprietary information of

19  third parties.

20

21  **REQUEST NO. 18:**

22      All of the corporate records of LightLogic, Inc., including, without limitation, minutes of the

23  board of directors, shareholders, bylaws, articles of incorporation, and stock books.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

25      Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

26  unlimited as to time.  Verdiell further objects to this request on the ground that it is not reasonably

27  calculated to lead to the discovery of admissible evidence.  Verdiell also objects to this request on

28

13.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

1  the grounds that it violates his and other LightLogic, Inc./Intel employees' rights to privacy. Subject

2  to and without waiving these objections and the General Objections set forth above, Verdiell

3  responds that he already has produced for inspection and copying LightLogic, Inc. Board of

4  Directors minutes, the bylaws, and the articles of incorporation of LightLogic, Inc., as well as

5  documents sufficient to identify the shareholders of LightLogic, Inc.

6

7  **REQUEST NO. 19:**

8      Documents sufficient to thoroughly and accurately describe your work or research while

9  employed by SDL.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

11      Verdiell objects to this request on the grounds that it seeks information which is proprietary

12  to and constitute the trade secrets of an unrelated third party. Verdiell further objects to this request

13  on the ground that it is overbroad as to time, is neither relevant nor reasonably calculated to lead to

14  the discovery of admissible evidence, and is overbroad and unduly burdensome. Verdiell also

15  objects on the ground that a request for documents "sufficient to thoroughly and accurately describe

16  your work or research," as used in this context, is vague and ambiguous. Subject to and without

17  waiving these objections and the General Objections set forth above, Verdiell responds that he

18  already has or will produce for inspection and copying responsive, non-privileged documents in his

19  possession, custody or control, if any, describing his work or research while Verdiell was employed

20  by SDL.

21

22  **REQUEST NO. 20:**

23      Documents sufficient to thoroughly and accurately describe your work or research while

24  employed by AT&T Bell Laboratories.

25  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

26      Verdiell objects to this request on the grounds that it seeks information which is proprietary

27  to and constitute the trade secrets of an unrelated third party. Verdiell further objects to this request

28

14.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262-DLJ (EMC)

on the ground that it is overbroad as to time, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is overbroad and unduly burdensome.  Verdiell also objects on the ground that a request for documents "sufficient to thoroughly and accurately describe your work or research," as used in this context, is vague and ambiguous.  Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that he has produced for inspection and copying responsive, non-privileged documents in his possession, custody or control sufficient to describe his work or research at AT&T Bell Laboratories (see, e.g., Control Nos. MV0020960-MV0021443).

**REQUEST NO. 21:**

Documents sufficient to thoroughly and accurately describe your work or research at the University of Maryland.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Verdiell objects to this request on the grounds that it seeks information which is proprietary to and constitute the trade secrets of an unrelated third party.  Verdiell further objects to this request on the ground that it is overbroad as to time, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is overbroad and unduly burdensome.  Verdiell also objects on the ground that a request for documents "sufficient to thoroughly and accurately describe your work or research," as used in this context, is vague and ambiguous.  Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that he has produced for inspection and copying the non-privileged documents in his possession, custody or control sufficient to describe his work or research at the University of Maryland (see, e.g., Control Nos. MV0020760-MV0020959).

**REQUEST NO. 22:**

Documents sufficient to thoroughly and accurately describe your work or research at the Thomson-CSF Central Research Laboratories.

15.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:**

Verdiell objects to this request on the grounds that it seeks information which is proprietary to and constitute the trade secrets of an unrelated third party.  Verdiell further objects to this request on the ground that it is overbroad as to time, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is overbroad and unduly burdensome.  Verdiell also objects on the ground that a request for documents "sufficient to thoroughly and accurately describe your work or research," as used in this context, is vague and ambiguous.  Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that he has produced for inspection and copying responsive, non-privileged documents in his possession, custody or control sufficient to describe his work or research at Thompson-CSF Research Laboratories (see, e.g., Control Nos. MV0020130-MV0020500).

Dated:  September 29, 2004                    TAYLOR & COMPANY LAW OFFICES, INC.


By: _____
               Jan J. Klohonatz
    Attorneys for Defendant and Counter-Claimant
    JEAN-MARC VERDIELL

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Taylor & Company Law Offices, Inc., One Ferry Building, Suite 355, San Francisco, California 94111.

On September 29, 2004, I served a true and correct copy of the document(s) described as: **JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the following interested parties in this action:

Mr. e. robert wallach
155 Jackson Street, Suite 602
San Francisco, CA 94111
*Telephone: 415-989-6445*
*Facsimile: 415-989-3802*
**Counsel for Frank T. Shum**

Mr. Gregory S. Cavallo
Shopoff & Cavallo LLP
353 Sacramento Street, Suite 1040
San Francisco, CA 94111
*Telephone: 415-984-1975*
*Facsimile: 415-984-1978*
**Counsel for Frank T. Shum**

Mr. Alan L. Barry
Bell Boyd & Lloyd LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207
*Telephone: 312-807-4438*
*Facsimile: 312 827-8196*
**Counsel for Frank T. Shum**

Mr. Harris Zimmerman
1330 Broadway, Suite 710,
Oakland, CA 94612
*Telephone: 510-465-0828*
*Facsimile: 510-465-2041*
**Counsel for Frank T. Shum**

**[ X ] [BY US MAIL, CCP § 1013a(3)]** I caused the foregoing document(s) to be enclosed in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified above as indicated herein. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing and know that, in the ordinary course of Taylor & Company Law Offices, Inc.'s business practice, the document(s) described above would be deposited with the United States Postal Service on that same day at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed to be invalid if the

17.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262-DLJ (EMC)

postal cancellation date, or postage meter date, is more than one day after the date of deposit for mailing set forth in this declaration.

[ X ] **[BY FACSIMILE, CCP § 1013(e)]** I caused the foregoing document(s) to be transmitted by facsimile to the offices of the addressees indicated below at the facsimile numbers listed for each addressee served. Upon completion of said facsimile transmission, the transmitting machine issued a transmission report showing that the transmission was complete and without error.

Mr. Gregory S. Cavallo
Shopoff & Cavallo LLP
353 Sacramento Street, Suite 1040
San Francisco, CA 94111
*Telephone: 415-984-1975*
*Facsimile: 415-984-1978*

**Counsel for Frank T. Shum**

[   ] **[BY OVERNIGHT DELIVERY, CCP § 1013(d)]** I caused delivery of the document(s) listed above to be effected by overnight mail, by placing true and correct copies in separate envelopes for each addressee shown above, with the name and address of the person served shown on the envelope, and by sealing the envelope and placing it for collection. Delivery fees were paid or provided for in accordance with the ordinary business practices of Taylor & Company Law Offices, Inc.

[   ] **[BY PERSONAL SERVICE, CCP § 1011(a)]** I caused the foregoing document(s) to be served by hand on the following individual(s) as indicated on the "Declaration of Personal Service" attached hereto as Exhibit A. The person who delivered a true and correct copy of such document(s) to the person(s) identified below is identified in Exhibit A attached hereto.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 29th day of September, 2004, at San Francisco, California.

Grace D. Frary

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262-DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, INC.