# EXHIBIT E

## CATHERINE A. DUNBAR DECLARATION

1   STEPHEN E. TAYLOR (SBN 058452)
    JAN J. KLOHONATZ (SBN 111718)
2   JENNIFER A. LEE (SBN 222255)
    TAYLOR & CO. LAW OFFICES
3   1050 Marina Village Pkwy., Suite 101
    Alameda, California  94501
4   Telephone:  (510) 865-9401
    Facsimile:  (510) 865-9408
5
    Attorneys for Defendant
6   INTEL CORPORATION
    and Defendant and Counter-Claimant
7   JEAN-MARC VERDIELL

8
                    UNITED STATES DISTRICT COURT
9
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                          OAKLAND DIVISION
11

| | |
|---|---|
| FRANK T. SHUM, | Case No.:  C 02-03262 DLJ (EMC) |
| Plaintiff, | **JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| JEAN-MARC VERDIELL, JEAN-MARC VERDIELL, LIGHTLOGIC, INC., LUMEN INTELLECTUAL PROPERTY SERVICES, INC., and MAREK ALBOSZTA, | |
| Defendants. | |
| JEAN-MARC VERDIELL, | |
| Counter-Claimant, | |
| v. | |
| FRANK T. SHUM, | |
| Counter-Defendant. | |

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    PROPOUNDING PARTY:   FRANK T. SHUM

2    RESPONDING PARTY:     JEAN-MARC VERDIELL

3    SET NUMBER:            TWO (Requests 23-32)

4        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Jean-Marc Verdiell ("Verdiell")

5 hereby responds to Frank T. Shum's Requests Second Set of Requests for Production of Documents to

6 Jean-Marc Verdiell as follows:

7                          **GENERAL STATEMENT AND OBJECTIONS**

8        The following general objections ("General Objections") apply to each separately numbered

9 document request contained in Frank T. Shum's Second Set of Requests for Production of Documents

10 to Verdiell ("Requests") and are incorporated by this reference, to the extent applicable, into each

11 specific response, as if set forth in full. By consenting to the production of any document, Verdiell

12 does not waive any of its general or specific objections to the production of other documents, nor is

13 any fact to be deemed admitted from any objection set forth herein.

14        1.      Verdiell objects to each request to the extent that it purports to seek the production of

15 documents that are protected by the attorney-client privilege, attorney work product doctrine, trade

16 secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege,

17 doctrine, or immunity. The inadvertent production of any privileged document is not to be deemed a

18 waiver of privilege, and Verdiell reserves the right to object to the introduction or other use of any

19 privileged or protected document that may be inadvertently produced.

20        2.      Verdiell generally objects to each request to the extent that it purports to impose

21 obligations on Verdiell beyond those set forth in the Federal Rules of Civil Procedure, the California

22 Code of Civil Procedure, and applicable case law.

23        3.      Verdiell objects to each request to the extent that it calls for documents which are

24 outside of its possession, custody and control.

25        4.      Verdiell objects to each request to the extent it seeks documents that are protected by

26 privacy rights under the United States Constitution, the California Constitution, or other applicable

27 state or federal law.

28

1.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

5.      Verdiell objects to the use of the terms "referring," "relate," and/or "relating to," in that these terms are overbroad, vague, and ambiguous.

6.      Verdiell objects to each request to the extent that it seeks production of documents or information that are confidential, proprietary, or contain trade secrets.  Verdiell will provide such documents only pursuant to the terms of the Protective Order that has been entered in this action.

7.      Verdiell objects to each request to the extent that it seeks documents or information that are protected by any confidentiality obligations that are owed to a third party.

These General Objections, and any specific objections which hereafter may be asserted, do not constitute a refusal on the part of Verdiell to meet and confer with plaintiff in connection with the Requests, or necessarily constitute a refusal to produce documents.  However, by meeting and conferring, by responding, or by producing documents, Verdiell does not concede the relevancy or materiality of any request or of the subject to which the request refers.  Verdiell's response to each request is made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for any other purpose, of any documents referred to or produced, or of the responses given herein, or of the subject matter thereof, in any proceeding (including trial of this action or in any subsequent proceeding).  These responses contained herein are without prejudice to Verdiell's right to respond differently should the subject matter of the requests be repeated in other discovery.

Verdiell has not completed its investigation of facts, witnesses, or documents relating to this case; has not completed discovery in this action; has not completed its analysis of available data; and has not completed preparation for trial.  Thus, although a good faith effort has been made to conduct a diligent search and to supply pertinent documents when they have been requested, and a reasonable inquiry has been made in an effort to comply with the Requests, it has not been possible in many instances for unqualified responses to be made.  Further, the responses are necessarily made without prejudice to Verdiell's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Verdiell may adopt.  Verdiell's responses and production of documents are also made based on the claims and defenses set forth in the pleadings

2.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    currently on file in this case as of the date these responses are made.  Verdiell's responses and

2    production of documents are made without prejudice to its right to provide facts, witnesses, or

3    documents omitted by oversight, inadvertence, or good faith error or mistake.  Verdiell has furnished

4    such information and documents as are presently available to it, which may include hearsay and other

5    forms of evidence that are neither reliable nor admissible.

6

7                         **RESPONSES TO DOCUMENT REQUESTS**

8    **REQUEST NO. 23:**

9            All documents that reflect your education, work experience, and expertise prior to April 1997

10   in the implementation of fiber alignment and attachment technology.

11   **RESPONSE TO REQUEST NO. 23:**

12           Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

13   Verdiell further objects to this request to the extent it seeks production of documents or information

14   that are confidential, proprietary, or contain trade secrets of a third party.  Verdiell also objects to this

15   request insofar as it seeks documents already produced to plaintiff in October 2003.  Subject to and

16   without waiving these objections and the General Objections, Verdiell responds that he will produce

17   for inspection and copying additional responsive, non-privileged documents in his possession, custody

18   or control, if any.

19

20   **REQUEST NO. 24:**

21           All documents that reflect your education, work experience, and expertise prior to April 1997

22   in commercial products with optical fibers.

23   **RESPONSE TO REQUEST NO. 24:**

24           Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

25   Verdiell further objects to this request to the extent it seeks production of documents or information

26   that are confidential, proprietary, or contain trade secrets of a third party.  Verdiell also objects to this

27   request insofar as it seeks documents already produced to plaintiff in October 2003.  Subject to and

28

3.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   without waiving these objections and the General Objections, Verdiell responds that he will produce

2   for inspection and copying additional responsive, non-privileged documents in his possession, custody

3   or control, if any.

4

5   **REQUEST NO. 25:**

6         All documents that reflect your education, work experience, and expertise prior to April 1997

7   in the implementation of flexure technology.

8   **RESPONSE TO REQUEST NO. 25:**

9         Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

10  Verdiell further objects to this request to the extent it seeks production of documents or information

11  that are confidential, proprietary, or contain trade secrets of a third party.  Verdiell also objects to this

12  request insofar as it seeks documents already produced to plaintiff in October 2003.  Subject to and

13  without waiving these objections and the General Objections, Verdiell responds that he will produce

14  for inspection and copying additional responsive, non-privileged documents in his possession, custody

15  or control, if any.

16

17  **REQUEST NO. 26:**

18        All documents that reflect your education, work experience, and expertise prior to April 1997

19  in the design of microlenses for optoelectronics.

20  **RESPONSE TO REQUEST NO. 26:**

21        Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

22  Verdiell further objects to this request to the extent it seeks production of documents or information

23  that are confidential, proprietary, or contain trade secrets of a third party.  Verdiell also objects to this

24  request insofar as it seeks documents already produced to plaintiff in October 2003.  Subject to and

25  without waiving these objections and the General Objections, Verdiell responds that he will produce

26  for inspection and copying additional responsive, non-privileged documents in his possession, custody

27  or control, if any.

28

4.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

**REQUEST NO. 27:**

All documents that reflect your education, work experience, and expertise prior to April 1997 in the substrate material.

**RESPONSE TO REQUEST NO. 27:**

Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome. Verdiell further objects to this request to the extent it seeks production of documents or information that are confidential, proprietary, or contain trade secrets of a third party. Verdiell also objects to this request insofar as it seeks documents already produced to plaintiff in October 2003. Subject to and without waiving these objections and the General Objections, Verdiell responds that he will produce for inspection and copying additional responsive, non-privileged documents in his possession, custody or control, if any.

**REQUEST NO. 28:**

All documents that reflect your education, work experience, and expertise prior to April 1997 in implementation of welding for fiber-optic alignment.

**RESPONSE TO REQUEST NO. 28:**

Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome. Verdiell further objects to this request to the extent it seeks production of documents or information that are confidential, proprietary, or contain trade secrets of a third party. Verdiell also objects to this request insofar as it seeks documents already produced to plaintiff in October 2003. Subject to and without waiving these objections and the General Objections, Verdiell responds that he will produce for inspection and copying additional responsive, non-privileged documents in his possession, custody or control, if any.

**REQUEST NO. 29:**

All documents that reflect Intel's valuation of LightLogic, Inc. for acquisition or merger.

5.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   **RESPONSE TO REQUEST NO. 29:**

2      Verdiell incorporates the General Objections as if set forth in full herein.  Verdiell further

3   objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information

4   which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5   Subject to and without waiving these objections and the General Objections, Verdiell responds that he

6   will produce for inspection and copying documents sufficient to demonstrate Intel's valuation of

7   LightLogic, Inc. for acquisition.

8

9   **REQUEST NO. 30:**

10     All documents identified in your responses to Frank T. Shum's Interrogatories to Jean-Marc

11  Verdiell, Set One.

12  **RESPONSE TO REQUEST NO. 30:**

13     Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

14  Verdiell further objects to this request to the extent it seeks production of documents or information

15  that are confidential, proprietary, or contain trade secrets of a third party.  Verdiell also objects to this

16  request insofar as it seeks documents already produced to plaintiff in October 2003.  Subject to and

17  without waiving these objections and the General Objections, Verdiell responds that he will produce

18  for inspection and copying additional responsive, non-privileged documents in his possession, custody

19  or control, if any.

20

21  **REQUEST NO. 31:**

22     All documents relating to or evidencing offers by entities besides Intel to acquire or merge with

23  LightLogic, Inc.

24  **RESPONSE TO REQUEST NO. 31:**

25     Verdiell incorporates the General Objections as if set forth in full herein.  Verdiell further

26  objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information

27  which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

28

TAYLOR & CO.
LAW OFFICES

1   Subject to and without waiving these objections and the General Objections, Verdiell responds that he

2   will produce for inspection and copying additional responsive, non-privileged documents in his

3   possession, custody or control, if any.

4

5   **REQUEST NO.32:**

6          All documents relating to or evidencing memoranda or presentations made to Intel senior

7   management (including but not limited to the Board of Directors) regarding Intel's

8   merger/acquisition of LightLogic, Inc.

9   **RESPONSE TO REQUEST NO. 32:**

10         Verdiell incorporates the General Objections as if set forth in full herein.  Verdiell further

11  objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information

12  which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

13  Subject to and without waiving these objections and the General Objections, Verdiell responds that he

14  will produce for inspection and copying documents responsive to this request sufficient to demonstrate

15  Intel's valuation of LightLogic, Inc. for acquisition, if any exist.

16

17  Dated:  January 2, 2004                    TAYLOR & CO. LAW OFFICES

18

19                                            By:_____

20                                                 Jan J. Klohonatz

21                                            Defendant and Counter-Claimant
                                              JEAN-MARC VERDIELL

22

23

24

25

26

27

28

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

**PROOF OF SERVICE**

I am employed in the County of Alameda, State of California.  I am over the age of 18 and not

a party to the within action.  My business address is Taylor & Co. Law Offices, 1050 Marina Village

Parkway, Suite 101, Alameda, California 94501.

On January 2, 2004, I served a true and correct copy of the document(s) described as:  **JEAN-**

**MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUEST**

**FOR PRODUCTION OF DOCUMENTS** on the following interested parties in this action:

Mr. e. robert wallach
P.O. Box 2670
San Francisco, CA  94126-2670
*Telephone:  415-989-6445*
*Facsimile:  415-989-3802*

**Counsel for Frank T. Shum**

Mr. Gregory S. Cavallo
Shopoff & Cavallo LLP
353 Sacramento Street, Suite 1040
San Francisco, CA  94111
*Telephone:  415-984-1975*
*Facsimile:  415-984-1978*

**Counsel for Frank T. Shum**

Mr. Frear Stephen Schmid
Law Offices of Gary A. Angel
177 Post Street, Eighth Floor
San Francisco, CA  94108
*Telephone:  415-788-5935*
*Facsimile:  415-788-5958*

**Counsel for Lumen Intellectual**
**Property Services, Inc. and**
**Marek Alboszta**

[ X ]  **[BY US MAIL, CCP § 1013a(3)]**  I caused the foregoing document(s) to be enclosed

in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified above

as indicated herein.  I am "readily familiar" with the firm's practice of collection and processing

correspondence for mailing and know that, in the ordinary course of Taylor & Co. Law Office's

business practice, the document(s) described above would be deposited with the United States Postal

Service on that same day at Alameda, California, in the ordinary course of business.  I am aware that

on motion of the party served, service is presumed to be invalid if the postal cancellation date, or

8.

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   postage meter date, is more than one day after the date of deposit for mailing set forth in this

2   declaration.

3       **[ X ]   [BY FACSIMILE, CCP § 1013(e)]**   I caused the foregoing document(s) to be

4   transmitted by facsimile to the offices of the addressees indicated above at the facsimile numbers listed

5   for each addressee served.   Upon completion of said facsimile transmission, the transmitting machine

6   issued a transmission report showing that the transmission was complete and without error.

7       **[   ]   [BY OVERNIGHT DELIVERY, CCP § 1013(d)]**   I caused delivery of the

8   document(s) listed above to be effected by overnight mail, by placing true and correct copies in

9   separate envelopes for each addressee shown above, with the name and address of the person served

10   shown on the envelope, and by sealing the envelope and placing it for collection.   Delivery fees were

11   paid or provided for in accordance with the ordinary business practices of Taylor & Co. Law Offices.

12       **[   ]   [BY PERSONAL SERVICE, CCP § 1011(a)]**   I caused the foregoing document(s) to

13   be served by hand on the following individual(s) as indicated on the "Declaration of Personal Service"

14   attached hereto as <u>Exhibit A</u>.   The person who delivered a true and correct copy of such document(s)

15   to the person(s) identified below is identified in <u>Exhibit A</u> attached hereto.

16       I declare under penalty of perjury, under the laws of the State of California, that the foregoing

17   is true and correct.   Executed this 2nd day of January, 2004, at Alameda, California.

18

19   _____

20                   Susan A. Pope

21

22

23

24

25

26

27

28

9.

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS:   CASE NO. C 02-03262 DLJ (EMC)

1   STEPHEN E. TAYLOR (SBN 058452)
    JAN J. KLOHONATZ (SBN 111718)
2   JENNIFER A. LEE (SBN 222255)
    TAYLOR & COMPANY LAW OFFICES, INC.
3   One Ferry Building, Suite 355
    San Francisco, California 94111
4   Telephone: (415) 788-8200
    Facsimile:  (415) 788-8208
5
    RAGESH K. TANGRI (SBN 159477)
6   JUDY M. SHIH (SBN 206394)
    KEKER & VAN NEST LLP
7   710 Sansome Street
    San Francisco, CA 94111
8   Telephone: (415) 391-5400
    Facsimile:  (415) 397-7188
9
    Attorneys for Defendant
10  INTEL CORPORATION
    and Defendant and Counter-Claimant
11  JEAN-MARC VERDIELL

12              UNITED STATES DISTRICT COURT

13        FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                  OAKLAND DIVISION

15  FRANK T. SHUM,                          Case No.: C 02-03262 DLJ (EMC)

16          Plaintiff,                      **JEAN-MARC VERDIELL'S
                                            SUPPLEMENTAL RESPONSES TO
17  v.                                      FRANK T. SHUM'S SECOND SET OF
                                            REQUESTS FOR PRODUCTION OF
18  JEAN-MARC VERDIELL, JEAN-MARC           DOCUMENTS**
    VERDIELL, LIGHTLOGIC, INC., LUMEN
19  INTELLECTUAL PROPERTY SERVICES, INC.,
    and MAREK ALBOSZTA,
20
            Defendants.
21

22  JEAN-MARC VERDIELL,

23          Counter-Claimant,

24  v.

25  FRANK T. SHUM,

26          Counter-Defendant.

27

28

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    PROPOUNDING PARTY:    FRANK T. SHUM

2    RESPONDING PARTY:    JEAN-MARC VERDIELL

3    SET NUMBER:    TWO (Request Nos. 23-32)

4    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Jean-Marc Verdiell ("Verdiell")

5    hereby supplements his responses to Frank T. Shum's Requests Second Set of Requests for Production

6    of Documents to Verdiell as follows:

7    **GENERAL STATEMENT AND OBJECTIONS**

8    The following general objections ("General Objections") apply to each separately numbered

9    document request contained in Frank T. Shum's Second Set of Requests for Production of Documents

10   to Verdiell ("Requests") and are incorporated by this reference, to the extent applicable, into each

11   specific response, as if set forth in full.  By consenting to the production of any document, Verdiell

12   does not waive any of its general or specific objections to the production of other documents, nor is

13   any fact to be deemed admitted from any objection set forth herein.

14   1.    Verdiell objects to each request to the extent that it purports to seek the production of

15   documents that are protected by the attorney-client privilege, attorney work product doctrine, trade

16   secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege,

17   doctrine, or immunity.  The inadvertent production of any privileged document is not to be deemed a

18   waiver of privilege, and Verdiell reserves the right to object to the introduction or other use of any

19   privileged or protected document that may be inadvertently produced.

20   2.    Verdiell generally objects to each request to the extent that it purports to impose

21   obligations on Verdiell beyond those set forth in the Federal Rules of Civil Procedure, the California

22   Code of Civil Procedure, and applicable case law.

23   3.    Verdiell objects to each request to the extent that it calls for documents which are

24   outside of its possession, custody and control.

25   4.    Verdiell objects to each request to the extent it seeks documents that are protected by

26   privacy rights under the United States Constitution, the California Constitution, or other applicable

27   state or federal law.

28

TAYLOR & CO.
LAW OFFICES, INC.

1.

5.    Verdiell objects to the use of the terms "referring," "relate," and/or "relating to," in that these terms are overbroad, vague, and ambiguous.

6.    Verdiell objects to each request to the extent that it seeks production of documents or information that are confidential, proprietary, or contain trade secrets. Verdiell will provide such documents only pursuant to the terms of the Protective Order that has been entered in this action.

7.    Verdiell objects to each request to the extent that it seeks documents or information that are protected by any confidentiality obligations that are owed to a third party.

These General Objections, and any specific objections which hereafter may be asserted, do not constitute a refusal on the part of Verdiell to meet and confer with plaintiff in connection with the Requests, or necessarily constitute a refusal to produce documents. However, by meeting and conferring, by responding, or by producing documents, Verdiell does not concede the relevancy or materiality of any request or of the subject to which the request refers. Verdiell's response to each request is made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for any other purpose, of any documents referred to or produced, or of the responses given herein, or of the subject matter thereof, in any proceeding (including trial of this action or in any subsequent proceeding). These responses contained herein are without prejudice to Verdiell's right to respond differently should the subject matter of the Requests be repeated in other discovery.

Verdiell has not completed its investigation of facts, witnesses, or documents relating to this case; has not completed discovery in this action; has not completed its analysis of available data; and has not completed preparation for trial. Thus, although a good faith effort has been made to conduct a diligent search and to supply pertinent documents when they have been requested, and a reasonable inquiry has been made in an effort to comply with the Requests, it has not been possible in many instances for unqualified responses to be made. Further, the responses are necessarily made without prejudice to Verdiell's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Verdiell may adopt. Verdiell's responses and production of documents are also made based on the claims and defenses set forth in the pleadings

2.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1   currently on file in this case as of the date these responses are made. Verdiell's responses and

2   production of documents are made without prejudice to his right to provide facts, witnesses, or

3   documents omitted by oversight, inadvertence, or good faith error or mistake. Verdiell has furnished

4   such information and documents as are presently available to him, which may include hearsay and

5   other forms of evidence that are neither reliable nor admissible.

6

7                    **SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS**

8   **REQUEST NO. 23:**

9           All documents that reflect your education, work experience, and expertise prior to April 1997

10  in the implementation of fiber alignment and attachment technology.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 23:**

12          Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

13  Verdiell further objects to this request to the extent it seeks production of documents or information

14  that are confidential, proprietary, or contain trade secrets of a third party. Subject to and without

15  waiving these objections and the General Objections set forth above, Verdiell responds that he already

16  has or will produce for inspection and copying responsive, non-privileged documents in his possession,

17  custody or control relating to the subject matter of this request, if any.

18

19  **REQUEST NO. 24:**

20          All documents that reflect your education, work experience, and expertise prior to April 1997

21  in commercial products with optical fibers.

22  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:**

23          Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

24  Verdiell further objects to this request to the extent it seeks production of documents or information

25  that are confidential, proprietary, or contain trade secrets of a third party. Subject to and without

26  waiving these objections and the General Objections set forth above, Verdiell responds that he already

27

28

                                              3.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1   has or will produce for inspection and copying responsive, non-privileged documents in his possession,

2   custody or control relating to the subject matter of this request, if any.

3

4   **REQUEST NO. 25:**

5       All documents that reflect your education, work experience, and expertise prior to April 1997

6   in the implementation of flexure technology.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:**

8       Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

9   Verdiell further objects to this request to the extent it seeks production of documents or information

10  that are confidential, proprietary, or contain trade secrets of a third party.  Subject to and without

11  waiving these objections and the General Objections set forth above, Verdiell responds that he already

12  has or will produce for inspection and copying responsive, non-privileged documents in his possession,

13  custody or control relating to the subject matter of this request, if any.

14

15  **REQUEST NO. 26:**

16      All documents that reflect your education, work experience, and expertise prior to April 1997

17  in the design of microlenses for optoelectronics.

18  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:**

19      Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

20  Verdiell further objects to this request to the extent it seeks production of documents or information

21  that are confidential, proprietary, or contain trade secrets of a third party.  Subject to and without

22  waiving these objections and the General Objections set forth above, Verdiell responds that he already

23  has or will produce for inspection and copying responsive, non-privileged documents in his possession,

24  custody or control relating to the subject matter of this request, if any.

25

26

27

28

TAYLOR & CO.
LAW OFFICES, INC.

4.

**REQUEST NO. 27:**

All documents that reflect your education, work experience, and expertise prior to April 1997 in the substrate material.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 27:**

Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome. Verdiell further objects to this request to the extent it seeks production of documents or information that are confidential, proprietary, or contain trade secrets of a third party. Verdiell further objects on the grounds that the reference in this request to "the substrata material" is vague and ambiguous. Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that he already has or will produce for inspection and copying responsive, non-privileged documents in his possession, custody or control relating to the subject matter of this request, if any.

**REQUEST NO. 28:**

All documents that reflect your education, work experience, and expertise prior to April 1997 in implementation of welding for fiber-optic alignment.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 28:**

Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome. Verdiell further objects to this request to the extent it seeks production of documents or information that are confidential, proprietary, or contain trade secrets of a third party. Verdiell further objects to this request on the grounds that the use of the phrase "implementation of welding for fiber-optic alignment" is vague and ambiguous. Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that he already has or will produce for inspection and copying responsive, non-privileged documents in his possession, custody or control relating to the subject matter of this request, if any.

**REQUEST NO. 29:**

All documents that reflect Intel's valuation of LightLogic, Inc. for acquisition or merger.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 29:**

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that documents sufficient to demonstrate Intel's valuation of LightLogic, Inc. for acquisition already have been produced in this litigation (see, e.g., Control Nos. INT0000084-INT0000085; INT0000392-INT0000398; INT0000086-INT0000211; INT0000370-INT0000386; INT0000234-INT0000360; INT0000212-INT000233; INT0000413-NT0000462; and BP&H 0001004-BP&H0001216). In addition, Intel has produced two witnesses for deposition who have testified concerning the subject matter of this request (see the transcripts of the deposition testimony given by Michael Ricci on March 11, 2004, and by Ramamurthy Sivakumar on January 29, 2004, copies of which are in the possession of plaintiff's counsel).

**REQUEST NO. 30:**

All documents identified in your responses to Frank T. Shum's Interrogatories to Jean-Marc Verdiell, Set One.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:**

Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome. Verdiell further objects to this request to the extent it seeks production of documents or information that are confidential, proprietary, or contain trade secrets of a third party. Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that he already has or will produce for inspection and copying responsive, non-privileged documents in his possession, custody or control relating to the subject matter of this request, if any.

**REQUEST NO. 31:**

All documents relating to or evidencing offers by entities besides Intel to acquire or merge with LightLogic, Inc.

6.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 31:**

2         Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

3    seeks production of documents or information that is irrelevant and not reasonably calculated to lead to

4    the discovery of admissible evidence.  Subject to and without waiving these objections and the General

5    Objections set forth above, Verdiell responds that responsive, non-privileged documents in his

6    possession, custody or control relating to any offers by entities besides Intel to acquire or merge with

7    LightLogic, Inc., if any, already have been produced in this litigation.

8

9    **REQUEST NO. 32:**

10        All documents relating to or evidencing memoranda or presentations made to Intel senior

11   management (including but not limited to the Board of Directors) regarding Intel's

12   merger/acquisition of LightLogic, Inc.

13   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 32:**

14        Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

15   seeks production of documents or information that is irrelevant and not reasonably calculated to lead to

16   the discovery of admissible evidence.  Subject to and without waiving these objections and the General

17   Objections set forth above, Verdiell responds that documents responsive to this request and sufficient

18   to demonstrate Intel's valuation of LightLogic, Inc. for acquisition, as well as the nature of the

19   presentations that were made to Intel senior management in this regard, have already been produced in

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

7.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  this litigation (see, e.g., Control Nos. INT0000084-INT0000085; INT0000392-INT0000398;

2  INT0000086-INT0000211; INT0000370-INT0000386; INT0000234-INT0000360; INT0000212-

3  INT000233; INT0000413-NT0000462; and BP&H0001004-BP&H0001216).

4

5  Dated:  September 29, 2004                    TAYLOR & COMPANY LAW OFFICES, INC.

6

7                                               By: _____

8                                                         Jan J. Klohonatz

9                                               Attorneys for Defendant and Counter-Claimant
                                                JEAN-MARC VERDIELL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              8.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1

**PROOF OF SERVICE**

2        I am employed in the County of San Francisco, State of California.  I am over the age of 18

3   and not a party to the within action.  My business address is Taylor & Company Law Offices, Inc.,

4   One Ferry Building, Suite 355, San Francisco, California 94111.

5        On September 29, 2004, I served a true and correct copy of the document(s) described as:

6   **JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S**

7   **SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the following

8   interested parties in this action:

9

10       Mr. e. robert wallach                          Mr. Gregory S. Cavallo
         155 Jackson Street, Suite 602                  Shopoff & Cavallo LLP
11       San Francisco, CA 94111                        353 Sacramento Street, Suite 1040
         *Telephone:  415-989-6445*                     San Francisco, CA  94111
12       *Facsimile:  415-989-3802*                     *Telephone:  415-984-1975*
                                                        *Facsimile:  415-984-1978*
13       **Counsel for Frank T. Shum**
                                                        **Counsel for Frank T. Shum**
14

15       Mr. Alan L. Barry                              Mr. Harris Zimmerman
         Bell Boyd & Lloyd LLP                          1330 Broadway, Suite 710,
16       70 West Madison Street, Suite 3300             Oakland, CA  94612
         Chicago, IL  60602-4207                        *Telephone:  510-465-0828*
17       *Telephone:  312-807-4438*                     *Facsimile:  510-465-2041*
         *Facsimile:  312 827-8196*
18                                                      **Counsel for Frank T. Shum**
         **Counsel for Frank T. Shum**
19

20       **[ X ]  [BY US MAIL, CCP § 1013a(3)]**  I caused the foregoing document(s) to be enclosed

21   in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified

22   above as indicated herein.  I am "readily familiar" with the firm's practice of collection and

23   processing correspondence for mailing and know that, in the ordinary course of Taylor & Company

24   Law Offices, Inc.'s business practice, the document(s) described above would be deposited with the

25   United States Postal Service on that same day at San Francisco, California, in the ordinary course of

26   business.  I am aware that on motion of the party served, service is presumed to be invalid if the

27

28

9.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    postal cancellation date, or postage meter date, is more than one day after the date of deposit for

2    mailing set forth in this declaration.

3        **[ X ]  [BY FACSIMILE, CCP § 1013(e)]** I caused the foregoing document(s) to be

4    transmitted by facsimile to the offices of the addressees indicated below at the facsimile numbers

5    listed for each addressee served.  Upon completion of said facsimile transmission, the transmitting

6    machine issued a transmission report showing that the transmission was complete and without error.

7

8          Mr. Gregory S. Cavallo
      Shopoff & Cavallo LLP

9          353 Sacramento Street, Suite 1040
      San Francisco, CA  94111

10         *Telephone:  415-984-1975*
      *Facsimile:  415-984-1978*

11         **Counsel for Frank T. Shum**

12       **[   ]  [BY OVERNIGHT DELIVERY, CCP § 1013(d)]** I caused delivery of the

13   document(s) listed above to be effected by overnight mail, by placing true and correct copies in

14   separate envelopes for each addressee shown above, with the name and address of the person served

15   shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were

16   paid or provided for in accordance with the ordinary business practices of Taylor & Company Law

17   Offices, Inc.

18       **[   ]  [BY PERSONAL SERVICE, CCP § 1011(a)]** I caused the foregoing document(s)

19   to be served by hand on the following individual(s) as indicated on the "Declaration of Personal

20   Service" attached hereto as <u>Exhibit A</u>.  The person who delivered a true and correct copy of such

21   document(s) to the person(s) identified below is identified in <u>Exhibit A</u> attached hereto.

22       I declare under penalty of perjury, under the laws of the United States of America, that the

23   foregoing is true and correct.  Executed this 29th day of September, 2004, at San Francisco,

24   California.

25

26                                               Grace D. Frary

27

28
                                    10.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

# EXHIBIT F

## CATHERINE A. DUNBAR DECLARATION

1   STEPHEN E. TAYLOR (SBN 058452)
    JAN J. KLOHONATZ (SBN 111718)
2   JENNIFER A. LEE (SBN 222255)
    TAYLOR & CO. LAW OFFICES
3   1050 Marina Village Pkwy., Suite 101
    Alameda, California  94501
4   Telephone: (510) 865-9401
    Facsimile:  (510) 865-9408
5
    Attorneys for Defendant
6   INTEL CORPORATION
    and Defendant and Counter-Claimant
7   JEAN-MARC VERDIELL

8                   UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                       OAKLAND DIVISION

11
    FRANK T. SHUM,                    Case No.:  C 02-03262 DLJ (EMC)
12
            Plaintiff,                JEAN-MARC VERDIELL'S RESPONSES
13                                    TO FRANK T. SHUM'S THIRD SET OF
    v.                                REQUESTS FOR PRODUCTION OF
14                                    DOCUMENTS
    JEAN-MARC VERDIELL, JEAN-MARC
15  VERDIELL, LIGHTLOGIC, INC., LUMEN
    INTELLECTUAL PROPERTY SERVICES, INC.,
16  and MAREK ALBOSZTA,

17          Defendants.

18  JEAN-MARC VERDIELL,

19          Counter-Claimant,

20  v.

21  FRANK T. SHUM,

22          Counter-Defendant.

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES
        JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
        OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    PROPOUNDING PARTY:    FRANK T. SHUM

2    RESPONDING PARTY:    JEAN-MARC VERDIELL

3    SET NUMBER:    THREE (Requests Nos. 33-43)

4    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant and counter-claimant

5    Jean-Marc Verdiell ("Verdiell") hereby responds to Frank T. Shum's Third Set of Requests for

6    Production of Documents to Verdiell as follows:

7    **GENERAL STATEMENT AND OBJECTIONS**

8    The following general objections ("General Objections") apply to each separately numbered

9    document request contained in Frank T. Shum's Third Set of Requests for Production of Documents to

10    Verdiell and are incorporated by this reference, to the extent applicable, into each specific response, as

11    if set forth in full. By consenting to the production of any document, Verdiell does not waive any of

12    his general or specific objections to the production of other documents, nor is any fact to be deemed

13    admitted from any objection set forth herein.

14    1.    Verdiell objects to each request to the extent that it purports to seek the production of

15    documents that are protected by the attorney-client privilege, attorney work product doctrine, trade

16    secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege,

17    doctrine, or immunity. The inadvertent production of any privileged document is not to be deemed a

18    waiver of privilege, and Verdiell reserves the right to object to the introduction or other use of any

19    privileged or protected document that may be inadvertently produced.

20    2.    Verdiell generally objects to each request to the extent that it purports to impose

21    obligations on Verdiell beyond those set forth in the Federal Rules of Civil Procedure, the California

22    Code of Civil Procedure, and applicable case law.

23    3.    Verdiell objects to each request to the extent that it calls for documents which are

24    outside of his possession, custody and control.

25    4.    Verdiell objects to each request to the extent it seeks documents that are protected by

26    privacy rights under the United States Constitution, the California Constitution, or other applicable

27    state or federal law.

28

1.

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

5.     Verdiell objects to the use of the terms "referring," "relate," and/or "relating to," in that these terms are overbroad, vague, and ambiguous.

6.     Verdiell objects to each request to the extent that it seeks production of documents or information that are confidential, proprietary, or contain trade secrets.  Verdiell will provide such documents only pursuant to the terms of the Protective Order that has been entered in this action.

7.     Verdiell objects to each request to the extent that it seeks documents or information that are protected by any confidentiality obligations that are owed to a third party.

These General Objections, and any specific objections which hereafter may be asserted, do not constitute a refusal on the part of Verdiell to meet and confer with plaintiff in connection with the requests, or necessarily constitute a refusal to produce documents.  However, by meeting and conferring, by responding, or by producing documents, Verdiell does not concede the relevancy or materiality of any request or of the subject to which the request refers.  Verdiell's response to each request is made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for any other purpose, of any documents referred to or produced, or of the responses given herein, or of the subject matter thereof, in any proceeding (including trial of this action or in any subsequent proceeding).  These responses contained herein are without prejudice to Verdiell's right to respond differently should the subject matter of the requests be repeated in other discovery.

Verdiell has not completed his investigation of facts, witnesses, or documents relating to this case; has not completed discovery in this action; has not completed his analysis of available data; and has not completed preparation for trial.  Thus, although a good faith effort has been made to conduct a diligent search and to supply pertinent documents when they have been requested, and a reasonable inquiry has been made in an effort to comply with the requests, it has not been possible in many instances for unqualified responses to be made.  Further, the responses are necessarily made without prejudice to Verdiell's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Verdiell may adopt.  Verdiell's responses and production of documents are also made based on the claims and defenses set forth in the pleadings

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

currently on file in this case as of the date these responses are made. Verdiell's responses and production of documents are made without prejudice to his right to provide facts, witnesses, or documents omitted by oversight, inadvertence, or good faith error or mistake. Verdiell has furnished such information and documents as are presently available him, which may include hearsay and other forms of evidence that are neither reliable nor admissible.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 33:**

All documents relating to or referencing or constituting public disclosure of patent applications filed owned (sic) by LightLogic, Inc. from 1998 through May 2001.

**RESPONSE TO REQUEST NO. 33:**

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents already produced to plaintiff by Verdiell. Verdiell further objects to this request on the grounds that use of the phrases "relating to or referencing or constituting public" and "filed owned (sic)" render this interrogatory vague, ambiguous, and unintelligible.

**REQUEST NO. 34:**

All documents which you contend demonstrate Frank Shum's knowledge of LightLogic, Inc., at any time before May 31, 2001.

**RESPONSE TO REQUEST NO. 34:**

Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome. Intel further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell. Verdiell also objects to this request on the grounds that the documents relating to Luminance, LLC that are currently the subject of Verdiell's and Intel's pending Motion to Compel set for hearing before the Honorable Edward M. Chen on March 10, 2004, may be responsive to this request. Subject to and without waiving these objections and his General Statement and General

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1 │ Objections, Verdiell responds as follows:  Verdiell will produce for inspection and copying any

2 │ additional responsive, non-privileged documents in his possession, custody or control.

3 │

4 │ **REQUEST NO. 35:**

5 │     All documents which you contend demonstrate that Frank Shum had knowledge of LightLogic,

6 │ Inc.'s patents or patent applications prior to May 13, 2001.

7 │ **RESPONSE TO REQUEST NO. 35:**

8 │     Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

9 │ Verdiell further objects to this request insofar as it seeks documents already produced to plaintiff by

10 │ Verdiell.  Verdiell also objects to this request on the grounds that the documents relating to

11 │ Luminance, LLC that are currently the subject of Verdiell's and Intel's pending Motion to Compel set

12 │ for hearing before the Honorable Edward M. Chen on March 10, 2004, may be responsive to this

13 │ request.  Subject to and without waiving these objections and his General Statement and General

14 │ Objections, Intel responds as follows:  Intel will produce for inspection and copying any additional

15 │ responsive, non-privileged documents in his possession, custody or control.

16 │

17 │ **REQUEST NO. 36:**

18 │     All documents referring or relating to, or constituting, contracts or agreements between you and

19 │ LightLogic, Inc. or Intel Corporation.

20 │ **RESPONSE TO REQUEST NO. 36:**

21 │     Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome,

22 │ unlimited as to time, and not calculated to lead to the discovery of admissible evidence.  Verdiell

23 │ further objects to this request insofar as it seeks documents already produced to plaintiff by Verdiell.

24 │ Subject to and without waiving these objections and his General Statement and General Objections,

25 │ Verdiell responds as follows:  Verdiell is willing to meet and confer regarding this request to determine

26 │ what is actually being sought by plaintiff pursuant to this request.

27 │

28 │

4.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

**REQUEST NO. 37:**

All documents referring, relating to, or evidencing valuation of patents or patent applications or any intellectual property owned by LightLogic, Inc. at the time of LightLogic, Inc.'s merger/acquisition with Intel.

**RESPONSE TO REQUEST NO. 37:**

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited as to time, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and his General Statement and General Objections, Verdiell responds as follows: Verdiell is informed and believes that Intel Corporation ("Intel") did not value the patents, patent applications or any intellectual property owned by LightLogic, Inc. at the time of LightLogic, Inc.'s merger/acquisition with Intel. Intel already has produced to plaintiff documents which disclose the information sought by this request. Intel produced a witness for deposition on January 29, 2004, pursuant to Federal Rule of Civil Procedure 30(b)(6), and that this individual testified at length concerning the fact Intel did not value LightLogic, Inc.'s intellectual property at the time of the merger/acquisition with Intel. A copy of the transcript of that deposition testimony is in plaintiff's possession, custody, and control.

**REQUEST NO. 38:**

All documents relating to or referencing disclosures by Intel to investors or government agencies (including but not limited to 10-K's and other SEC mandated disclosures) relating to or referencing the value of LightLogic, Inc.'s intellectual property at the time or merger/acquisition with Intel, including patents.

**RESPONSE TO REQUEST NO. 38:**

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and his General Statement and General Objections, Verdiell responds as follows: Verdiell is informed and believes that Intel did not

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  value the patents, patent applications or any intellectual property owned by LightLogic, Inc. at the time

2  of LightLogic, Inc.'s merger/acquisition with Intel.  Intel already has produced to plaintiff documents

3  which disclose the information sought by this request.  Intel also produced a witness for deposition on

4  January 29, 2004, pursuant to Federal Rule of Civil Procedure 30(b)(6), and this individual testified at

5  length concerning the fact that Intel did not value LightLogic, Inc.'s intellectual property at the time of

6  the merger/acquisition with Intel.  A copy of the transcript of that deposition testimony is in plaintiff's

7  possession, custody, and control.  To the extent plaintiff seeks production of documents relating to

8  Intel that are publicly filed (e.g., 10-K's and other SEC filings and disclosures, annual reports, etc.),

9  those documents are a matter of public record and, as such, are equally as available to plaintiff as to

10  Verdiell.

11

12  **REQUEST NO. 39:**

13      All documents relating to or referencing disclosures by Intel to investors or government

14  agencies (including but not limited to 10-K's and other SEC mandated disclosures) relating to or

15  referencing the value of LightLogic, Inc.'s good will.

16  **RESPONSE TO REQUEST NO. 39:**

17      Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome,

18  unlimited as to time, and seeks information which is irrelevant and not reasonably calculated to lead to

19  the discovery of admissible evidence.  Subject to and without waiving these objections and his General

20  Statement and General Objections set forth above, Verdiell responds as follows:  Verdiell is informed

21  and believes that Intel already has produced to plaintiff documents which disclose the information

22  sought by this request.  Intel also produced a witness for deposition on January 29, 2004, pursuant to

23  Federal Rule of Civil Procedure 30(b)(6), and this individual testified at length concerning the value of

24  LightLogic, Inc.'s good will.  A copy of the transcript of that deposition testimony is in plaintiff's

25  possession, custody, and control.  To the extent plaintiff seeks production of documents relating to

26  Intel that are publicly filed (e.g., 10-K's and other SEC filings and disclosures, annual reports, etc.),

27

28

6.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   those documents are a matter of public record and, as such, are equally as available to plaintiff as to

2   Verdiell.

3

4   **REQUEST NO. 40:**

5       All documents relating or referring to your employment status at Intel since the time of

6   LightLogic, Inc.'s merger/acquisition with Intel, including titles, description, duties, income, and any

7   change in such employment status.

8   **RESPONSE TO REQUEST NO. 40:**

9       Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

10  seeks information which is irrelevant and not reasonably calculated to lead to the discovery of

11  admissible evidence.  Verdiell further objects to this request insofar as it seeks production of

12  documents and information protected by the attorney-client privilege, attorney work product doctrine,

13  or other applicable federal or state privilege, as well as his rights of privacy under the United States

14  and California Constitutions.  Subject to and without waiving these objections and his General

15  Statement and General Objections, Verdiell responds as follows:  Verdiell is willing to meet and confer

16  regarding this request to determine what is actually being sought by plaintiff pursuant to this request.

17

18  **REQUEST NO. 41:**

19      All documents referring, relating to, or constituting any indemnity or reservation of rights

20  between you and Intel Corporation relating to this litigation.

21  **RESPONSE TO REQUEST NO. 41:**

22      Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

23  Verdiell further objects to this request insofar as it seeks documents already produced to plaintiff by

24  Verdiell or Intel.  Verdiell further objects to this request insofar as it seeks production of documents

25  and information protected by the attorney-client privilege, attorney work product doctrine, or other

26  applicable federal or state privilege, as well as his rights of privacy under the United States and

27  California Constitutions.  Subject to and without waiving these objections and his General Statement

28

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   and General Objections, Verdiell responds as follows:  Verdiell is willing to meet and confer regarding

2   this request to determine what is actually being sought by plaintiff pursuant to this request.

3   **REQUEST NO.42:**

4        Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

5   computer server, and other electronic recording device in your possession, custody and control that

6   was used by you during the period January 1, 1996, through May 24, 2001.

7   **RESPONSE TO REQUEST NO. 42:**

8        Verdiell objects to this request on the grounds that it is vague, ambiguous, overbroad, and

9   unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.  Verdiell

10  further objects to this request on the grounds that it seeks information and documents that are

11  proprietary to third parties, documents and information protected by the attorney-client privilege,

12  work-product doctrine, and rights of privacy under both the California and United States Constitutions.

13  Subject to and without waiving these objections and his General Statement and General Objections,

14  Verdiell responds that he is willing to meet and confer regarding this request to determine what is

15  actually being sought by plaintiff pursuant to this request.

16

17  **REQUEST NO. 43:**

18       All documents referring or relating to any company or entity named aCADian Technologies, or

19  using the name "aCADian" in any way.

20  **RESPONSE TO REQUEST NO. 43:**

21       Verdiell objects to this request on the grounds that it is vague, ambiguous, overbroad, and

22  unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.  Verdiell

23  further objects to this request on the grounds that it seeks information and documents that are

24  proprietary to third parties, and documents and information protected by the attorney-client privilege,

25  work-product doctrine, and rights of privacy under both the California and United States Constitutions.

26  Subject to and without waiving these objections and his General Statement and General Objections,

27  ///

28

8.

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  Verdiell responds that he is willing to meet and confer regarding this request to determine what is

2  actually being sought by plaintiff pursuant to this request.

3

4

5  Dated:  February 27, 2004                          TAYLOR & CO. LAW OFFICES

6

7                                                     By:_____

8                                                            Jan J. Klohonatz

   Defendant and Counter-Claimant

9  JEAN-MARC VERDIELL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    9.

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1

**PROOF OF SERVICE**

2
     I am employed in the County of Alameda, State of California.  I am over the age of 18 and not

3
a party to the within action.  My business address is Taylor & Co. Law Offices, 1050 Marina Village

4
Parkway, Suite 101, Alameda, California 94501.

5
     On February 27, 2004, I served a true and correct copy of the document(s) described as:

6
**JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF**

7
**REQUESTS FOR PRODUCTION OF DOCUMENTS** on the following interested parties in this

8
action:

9

10
Mr. e. robert wallach
P.O. Box 2670
San Francisco, CA  94126-2670
*Telephone:  415-989-6445*
*Facsimile:  415-989-3802*

11

12

13
**Counsel for Frank T. Shum**

Mr. Gregory S. Cavallo
Shopoff & Cavallo LLP
353 Sacramento Street, Suite 1040
San Francisco, CA  94111
*Telephone:  415-984-1975*
*Facsimile:  415-984-1978*

**Counsel for Frank T. Shum**

14

15
Mr. Frear Stephen Schmid
Law Offices of Gary A. Angel
177 Post Street, Eighth Floor
San Francisco, CA  94108
*Telephone:  415-788-5935*
*Facsimile:  415-788-5958*

16

17

18
**Counsel for Lumen Intellectual**
**Property Services, Inc. and**
**Marek Alboszta**

19

20

21
   **[ X ]  [BY US MAIL, CCP § 1013a(3)]**  I caused the foregoing document(s) to be enclosed

22
in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified above

23
as indicated herein.  I am "readily familiar" with the firm's practice of collection and processing

24
correspondence for mailing and know that, in the ordinary course of Taylor & Co. Law Office's

25
business practice, the document(s) described above would be deposited with the United States Postal

26
Service on that same day at Alameda, California, in the ordinary course of business.  I am aware that

27
on motion of the party served, service is presumed to be invalid if the postal cancellation date, or

28

TAYLOR & CO.
LAW OFFICES

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1 | postage meter date, is more than one day after the date of deposit for mailing set forth in this

2 | declaration.

3 |     [  ]  **[BY FACSIMILE, CCP § 1013(e)]** I caused the foregoing document(s) to be

4 | transmitted by facsimile to the offices of the addressees indicated above at the facsimile numbers listed

5 | for each addressee served.  Upon completion of said facsimile transmission, the transmitting machine

6 | issued a transmission report showing that the transmission was complete and without error.

7 |     [  ]  **[BY OVERNIGHT DELIVERY, CCP § 1013(d)]** I caused delivery of the

8 | document(s) listed above to be effected by overnight mail, by placing true and correct copies in

9 | separate envelopes for each addressee shown above, with the name and address of the person served

10 | shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were

11 | paid or provided for in accordance with the ordinary business practices of Taylor & Co. Law Offices.

12 |     [  ]  **[BY PERSONAL SERVICE, CCP § 1011(a)]**  I caused the foregoing document(s) to

13 | be served by hand on the following individual(s) as indicated on the "Declaration of Personal Service"

14 | attached hereto as <u>Exhibit A</u>.  The person who delivered a true and correct copy of such document(s)

15 | to the person(s) identified below is identified in <u>Exhibit A</u> attached hereto.

16 |     I declare under penalty of perjury, under the laws of the State of California, that the foregoing

17 | is true and correct.  Executed this **27** day of February, 2004, at Alameda, California.

18 |

19 | _Susan A. Pope_

20 |         Susan A. Pope

JEAN-MARC VERDIELL'S RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1  STEPHEN E. TAYLOR (SBN 058452)
   JAN J. KLOHONATZ (SBN 111718)
2  JENNIFER A. LEE (SBN 222255)
   TAYLOR & COMPANY LAW OFFICES, INC.
3  One Ferry Building, Suite 355
   San Francisco, California  94111
4  Telephone:  (415) 788-8200
   Facsimile:   (415) 788-8208
5
   RAGESH K. TANGRI (SBN 159477)
6  JUDY M. SHIH (SBN 206394)
   KEKER & VAN NEST LLP
7  710 Sansome Street
   San Francisco, CA 94111
8  Telephone: (415) 391-5400
   Facsimile:  (415) 397-7188
9
   Attorneys for Defendant
10 INTEL CORPORATION
   and Defendant and Counter-Claimant
11 JEAN-MARC VERDIELL

12                 UNITED STATES DISTRICT COURT

13            FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                        OAKLAND DIVISION

15 FRANK T. SHUM,                        Case No.:  C 02-03262 DLJ (EMC)

16         Plaintiff,                    **JEAN-MARC VERDIELL'S**
                                         **SUPPLEMENTAL RESPONSES TO**
17 v.                                    **FRANK T. SHUM'S THIRD SET OF**
                                         **REQUESTS FOR PRODUCTION OF**
18 JEAN-MARC VERDIELL, JEAN-MARC         **DOCUMENTS**
   VERDIELL, LIGHTLOGIC, INC., LUMEN
19 INTELLECTUAL PROPERTY SERVICES, INC.,
   and MAREK ALBOSZTA,
20
           Defendants.
21

22 JEAN-MARC VERDIELL,

23         Counter-Claimant,

24 v.

25 FRANK T. SHUM,

26         Counter-Defendant.

27

28

TAYLOR & CO.
LAW OFFICES, INC.

1   PROPOUNDING PARTY:   FRANK T. SHUM

2   RESPONDING PARTY:   JEAN-MARC VERDIELL

3   SET NUMBER:   THREE (Request Nos. 33-43)

4   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant and counter-claimant

5   Jean-Marc Verdiell ("Verdiell") hereby supplements his responses to Frank T. Shum's Third Set of

6   Requests for Production of Documents to Verdiell as follows:

7   **GENERAL STATEMENT AND OBJECTIONS**

8   The following general objections ("General Objections") apply to each separately numbered

9   document request contained in Frank T. Shum's Third Set of Requests for Production of Documents to

10   Verdiell ("Requests") and are incorporated by this reference, to the extent applicable, into each specific

11   response, as if set forth in full.  By consenting to the production of any document, Verdiell does not

12   waive any of his general or specific objections to the production of other documents, nor is any fact to

13   be deemed admitted from any objection set forth herein.

14   1.   Verdiell objects to each request to the extent that it purports to seek the production of

15   documents that are protected by the attorney-client privilege, attorney work product doctrine, trade

16   secret doctrine, patent confidentiality doctrine, and/or any other applicable federal or state privilege,

17   doctrine, or immunity.  The inadvertent production of any privileged document is not to be deemed a

18   waiver of privilege, and Verdiell reserves the right to object to the introduction or other use of any

19   privileged or protected document that may be inadvertently produced.

20   2.   Verdiell generally objects to each request to the extent that it purports to impose

21   obligations on Verdiell beyond those set forth in the Federal Rules of Civil Procedure, the California

22   Code of Civil Procedure, and applicable case law.

23   3.   Verdiell objects to each request to the extent that it calls for documents which are

24   outside of his possession, custody and control.

25   4.   Verdiell objects to each request to the extent it seeks documents that are protected by

26   privacy rights under the United States Constitution, the California Constitution, or other applicable

27   state or federal law.

28

1.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

5.      Verdiell objects to the use of the terms "referring," "relate," and/or "relating to," in that these terms are overbroad, vague, and ambiguous.

6.      Verdiell objects to each request to the extent that it seeks production of documents or information that are confidential, proprietary, or contain trade secrets. Verdiell will provide such documents only pursuant to the terms of the Protective Order that has been entered in this action.

7.      Verdiell objects to each request to the extent that it seeks documents or information that are protected by any confidentiality obligations that are owed to a third party.

These General Objections, and any specific objections which hereafter may be asserted, do not constitute a refusal on the part of Verdiell to meet and confer with plaintiff in connection with the Requests, or necessarily constitute a refusal to produce documents. However, by meeting and conferring, by responding, or by producing documents, Verdiell does not concede the relevancy or materiality of any request or of the subject to which the request refers. Verdiell's response to each request is made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence, or for any other purpose, of any documents referred to or produced, or of the responses given herein, or of the subject matter thereof, in any proceeding (including trial of this action or in any subsequent proceeding). These responses contained herein are without prejudice to Verdiell's right to respond differently should the subject matter of the Requests be repeated in other discovery.

Verdiell has not completed his investigation of facts, witnesses, or documents relating to this case; has not completed discovery in this action; has not completed his analysis of available data; and has not completed preparation for trial. Thus, although a good faith effort has been made to conduct a diligent search and to supply pertinent documents when they have been requested, and a reasonable inquiry has been made in an effort to comply with the requests, it has not been possible in many instances for unqualified responses to be made. Further, the responses are necessarily made without prejudice to Verdiell's rights to produce evidence of any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Verdiell may adopt. Verdiell's responses and production of documents are also made based on the claims and defenses set forth in the pleadings

2.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   currently on file in this case as of the date these responses are made.  Verdiell's responses and

2   production of documents are made without prejudice to his right to provide facts, witnesses, or

3   documents omitted by oversight, inadvertence, or good faith error or mistake.  Verdiell has furnished

4   such information and documents as are presently available him, which may include hearsay and other

5   forms of evidence that are neither reliable nor admissible.

6

7                       **SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS**

8   **REQUEST NO. 33:**

9          All documents relating to or referencing or constituting public disclosure of patent applications

10   filed owned (sic) by LightLogic, Inc. from 1998 through May 2001.

11   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

12          Verdiell objects to this request on the grounds that it is overbroad, and unduly burdensome.

13   Verdiell further objects to this request on the grounds that the use of the phrase "relating to or

14   referencing or constituting public disclosure" renders this interrogatory vague, ambiguous, and

15   unintelligible.  Subject to, and without waiving these objections and the General Objections set forth

16   above, Verdiell responds, as follows:  Based on representations by plaintiff's counsel in an e-mail

17   communication dated August 16, 2004, that the word "or" was mistakenly omitted between the two

18   words "filed" and "owned," Verdiell will produce for inspection and copying responsive, non-

19   privileged documents in his possession, custody or control, relating to the subject matter of this

20   request, if any.

21

22   **REQUEST NO. 34:**

23          All documents which you contend demonstrate Frank Shum's knowledge of LightLogic, Inc.,

24   at any time before May 31, 2001.

25   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 34:**

26          Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

27   Subject to and without waiving these objections and the General Objections set forth above, Verdiell

28                                                        3.

TAYLOR & CO.   JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
LAW OFFICES, INC.   FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    responds that he will produce for inspection and copying responsive, non-privileged documents in his

2    possession, custody or control regarding the subject matter of this request, if any.

3

4    **REQUEST NO. 35:**

5         All documents which you contend demonstrate that Frank Shum had knowledge of LightLogic,

6    Inc.'s patents or patent applications prior to May 13, 2001.

7    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 35:**

8         Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

9    Subject to and without waiving these objections and the General Objections set forth above, Verdiell

10   responds that he will produce for inspection and copying responsive, non-privileged documents in his

11   possession, custody or control regarding the subject matter of this request, if any.

12

13   **REQUEST NO. 36:**

14        All documents referring or relating to, or constituting, contracts or agreements between you and

15   LightLogic, Inc. or Intel Corporation.

16   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 36:**

17        Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome,

18   unlimited as to time, and not calculated to lead to the discovery of admissible evidence.  Subject to and

19   without waiving these objections and the General Objections set forth above, Verdiell responds that he

20   will produce for inspection and copying his responsive, non-privileged documents constituting

21   Verdiell's employment agreement with LightLogic, dated March 25, 2001, Verdiell's employee

22   agreement with Intel, dated May 14, 2001, and indemnity agreements between Verdiell and Intel

23   relating to the subject matter of this litigation.

24

25

26

27

28

4.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

**REQUEST NO. 37:**

All documents referring, relating to, or evidencing valuation of patents or patent applications or any intellectual property owned by LightLogic, Inc. at the time of LightLogic, Inc.'s merger/acquisition with Intel.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 37:**

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, unlimited as to time, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the General Objections set forth above, Verdiell responds that he is informed and believes that Intel Corporation did not value the patents, patent applications, or any of the intellectual property owned by LightLogic, Inc. at the time of LightLogic, Inc.'s merger/acquisition with Intel. Verdiell is further informed and believes that Intel already has produced to plaintiff documents that disclose the information sought by this request. Intel also produced Ramamurthy Sivakumar as a witness for deposition on January 29, 2004, pursuant to Federal Rule of Civil Procedure 30(b)(6), and this individual testified concerning the issue of Intel's valuation of LightLogic, Inc.'s intellectual property at the time of the merger/acquisition. Verdiell is informed and believes that a copy of the transcript of that deposition testimony is in plaintiff's possession, custody, and control.

**REQUEST NO. 38:**

All documents relating to or referencing disclosures by Intel to investors or government agencies (including but not limited to 10-K's and other SEC mandated disclosures) relating to or referencing the value of LightLogic, Inc.'s intellectual property at the time or merger/acquisition with Intel, including patents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 38:**

Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the General Objections set forth above,

5.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1   Verdiell responds that he is informed and believes that Intel did not value the patents, patent

2   applications, or any intellectual property owned by LightLogic, Inc. at the time of LightLogic, Inc.'s

3   merger/acquisition with Intel.  Intel already has produced to plaintiff documents that disclose the

4   information sought by this request.  Intel also produced a witness for deposition on January 29, 2004,

5   pursuant to Federal Rule of Civil Procedure 30(b)(6), and this individual also testified concerning the

6   subject matter of this request.  Verdiell is informed and believes that a copy of the transcript of that

7   deposition testimony is in plaintiff's possession, custody, and control.  To the extent plaintiff seeks

8   production of documents relating to Intel that are publicly filed (e.g., 10-K's and other SEC filings and

9   disclosures, Intel's annual reports, etc.), those documents are a matter of public record and, as such, are

10  equally as available to plaintiff as to Verdiell.

11

12  **REQUEST NO. 39:**

13          All documents relating to or referencing disclosures by Intel to investors or government

14  agencies (including but not limited to 10-K's and other SEC mandated disclosures) relating to or

15  referencing the value of LightLogic, Inc.'s good will.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 39:**

17          Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome,

18  unlimited as to time, and seeks information that is irrelevant and not reasonably calculated to lead to

19  the discovery of admissible evidence.  Subject to and without waiving these objections and the General

20  Objections set forth above, Verdiell responds that he is informed and believes that Intel already has

21  produced to plaintiff documents that disclose the information sought by this request.  Intel also

22  produced a witness for deposition on January 29, 2004, pursuant to Federal Rule of Civil Procedure

23  30(b)(6), and this individual testified concerning the value of LightLogic, Inc.'s good will.  Verdiell is

24  further informed and believes that a copy of the transcript of that deposition testimony is in plaintiff's

25  possession, custody, and control.  To the extent plaintiff seeks production of documents relating to

26  Intel that are publicly filed (e.g., 10-K's and other SEC filings and disclosures, annual reports, etc.),

27  those documents are a matter of public record and, as such, are equally as available to plaintiff as to

28

TAYLOR & CO.
LAW OFFICES, INC.

1   Verdiell.  Verdiell will produce for inspection and copying responsive non-privileged documents in his

2   possession, custody or control, of a non-public nature, that disclosed to investors or government

3   agencies the value of LightLogic, Inc.'s good will at the time of the LightLogic, Inc. acquisition, if

4   any.

5

6   **REQUEST NO. 40:**

7       All documents relating or referring to your employment status at Intel since the time of

8   LightLogic, Inc.'s merger/acquisition with Intel, including titles, description, duties, income, and any

9   change in such employment status.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 40:**

11      Verdiell objects to this request on the grounds that it is overbroad, unduly burdensome, and

12  seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

13  evidence.  Verdiell further objects to this request insofar as it seeks production of documents and

14  information protected by the attorney-client privilege, the attorney work product doctrine, or other

15  applicable federal or state privilege, as well as his rights of privacy under the United States and

16  California Constitutions.  Subject to and without waiving these objections and the General Objections

17  set forth above, Verdiell responds that he already has or will produce responsive, non-privileged

18  documents sufficient to show his employment status at Intel since the time of the acquisition.

19

20  **REQUEST NO. 41:**

21      All documents referring, relating to, or constituting any indemnity or reservation of rights

22  between you and Intel Corporation relating to this litigation.

23  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 41:**

24      Verdiell objects to this request on the grounds that it is overbroad and unduly burdensome.

25  Verdiell further objects to this request insofar as it seeks documents already produced to plaintiff by

26  Verdiell or Intel.  Verdiell further objects to this request insofar as it seeks production of documents

27  and information protected by the attorney-client privilege, the attorney work product doctrine, or other

28

7.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    applicable federal or state privilege, as well as his rights of privacy under the United States and

2    California Constitutions.  Subject to and without waiving these objections and the General Objections

3    set forth above, Verdiell responds as follows: See supplemental response to Request No. 36 above.

4

5    **REQUEST NO. 42:**

6          Each computer (including laptop, desktop and palmtop units), computer hard drive, zip drive,

7    computer server, and other electronic recording device in your possession, custody and control that

8    was used by you during the period January 1, 1996, through May 24, 2001.

9    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 42:**

10         Verdiell objects to this request on the grounds that it is vague, ambiguous, overbroad, and

11   unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.  Verdiell

12   further objects to this request on the grounds that it seeks information and documents that are

13   proprietary to third parties, documents and information that are protected by the attorney-client

14   privilege or the attorney work-product doctrine, and violates his rights of privacy under both the

15   California and United States Constitutions.  Subject to and without waiving these objections and the

16   General Objections set forth above, Verdiell responds that his search for documents responsive to all

17   document request propounded by plaintiff to date has included a review of the electronic files

18   contained on computers in his possession, custody and control, including the computer Verdiell utilizes

19   at Intel.  As part of the meet and confer process, counsel for Verdiell has made this representation to

20   plaintiff's counsel, in lieu of providing access to each such computer for inspection.

21

22   **REQUEST NO. 43:**

23         All documents referring or relating to any company or entity named aCADian Technologies, or

24   using the name "aCADian" in any way.

25   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 43:**

26         Verdiell objects to this request on the grounds that it is vague, ambiguous, overbroad, and

27   unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.  Verdiell

28

8.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1   further objects to this request on the grounds that it seeks information and documents that are

2   proprietary to third parties, as well as documents and information that are protected by the attorney-

3   client privilege, the attorney work-product doctrine, and Verdiell's rights of privacy under both the

4   California and United States Constitutions.  Subject to and without waiving these objections and the

5   General Objections set forth above, Verdiell responds that he will produce for inspection and copying

6   responsive, non-privileged documents in his possession, custody or control relating to aCADian

7   Technologies, if any, dated on or before April 30, 2004.

8

9   Dated:  September 29, 2004                             TAYLOR & COMPANY LAW OFFICES, INC.

10

11

12                                                        By:  _____
                                                                    Jan J. Klohonatz

13                                                        Attorneys for Defendant and Counter-Claimant
                                                          JEAN-MARC VERDIELL

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    9.

TAYLOR & CO.
LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1

## PROOF OF SERVICE

2       I am employed in the County of San Francisco, State of California.  I am over the age of 18

3   and not a party to the within action.  My business address is Taylor & Company Law Offices, Inc.,

4   One Ferry Building, Suite 355, San Francisco, California 94111.

5       On September 29, 2004, I served a true and correct copy of the document(s) described as:

6   **JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S**

7   **THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the following

8   interested parties in this action:

9

10       Mr. e. robert wallach                          Mr. Gregory S. Cavallo

    155 Jackson Street, Suite 602             Shopoff & Cavallo LLP

11       San Francisco, CA 94111               353 Sacramento Street, Suite 1040

    *Telephone:  415-989-6445*               San Francisco, CA 94111

12       *Facsimile:  415-989-3802*               *Telephone:  415-984-1975*

                                       *Facsimile:  415-984-1978*

13       **Counsel for Frank T. Shum**

                                     **Counsel for Frank T. Shum**

14

15       Mr. Alan L. Barry                            Mr. Harris Zimmerman

    Bell Boyd & Lloyd LLP                1330 Broadway, Suite 710,

16       70 West Madison Street, Suite 3300       Oakland, CA 94612

    Chicago, IL 60602-4207               *Telephone:  510-465-0828*

17       *Telephone:  312-807-4438*             *Facsimile:  510-465-2041*

    *Facsimile:  312 827-8196*

18                                          **Counsel for Frank T. Shum**

19       **Counsel for Frank T. Shum**

20       **[ X ]  [BY US MAIL, CCP § 1013a(3)]**  I caused the foregoing document(s) to be enclosed

21   in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified

22   above as indicated herein.  I am "readily familiar" with the firm's practice of collection and

23   processing correspondence for mailing and know that, in the ordinary course of Taylor & Company

24   Law Offices, Inc.'s business practice, the document(s) described above would be deposited with the

25   United States Postal Service on that same day at San Francisco, California, in the ordinary course of

26   business.  I am aware that on motion of the party served, service is presumed to be invalid if the

27

28                                       10.

TAYLOR & CO. LAW OFFICES, INC.

JEAN-MARC VERDIELL'S SUPPLEMENTAL RESPONSES TO FRANK T. SHUM'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS:  CASE NO. C 02-03262 DLJ (EMC)

1    postal cancellation date, or postage meter date, is more than one day after the date of deposit for

2    mailing set forth in this declaration.

3        **[ X ]  [BY FACSIMILE, CCP § 1013(e)]**  I caused the foregoing document(s) to be

4    transmitted by facsimile to the offices of the addressees indicated below at the facsimile numbers

5    listed for each addressee served.  Upon completion of said facsimile transmission, the transmitting

6    machine issued a transmission report showing that the transmission was complete and without error.

7

8        Mr. Gregory S. Cavallo
         Shopoff & Cavallo LLP
9        353 Sacramento Street, Suite 1040
         San Francisco, CA  94111
10       *Telephone:  415-984-1975*
         *Facsimile:  415-984-1978*

11       **Counsel for Frank T. Shum**

12       **[   ]  [BY OVERNIGHT DELIVERY, CCP § 1013(d)]**  I caused delivery of the

13   document(s) listed above to be effected by overnight mail, by placing true and correct copies in

14   separate envelopes for each addressee shown above, with the name and address of the person served

15   shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were

16   paid or provided for in accordance with the ordinary business practices of Taylor & Company Law

17   Offices, Inc.

18       **[   ]  [BY PERSONAL SERVICE, CCP § 1011(a)]**  I caused the foregoing document(s)

19   to be served by hand on the following individual(s) as indicated on the "Declaration of Personal

20   Service" attached hereto as <u>Exhibit A</u>.  The person who delivered a true and correct copy of such

21   document(s) to the person(s) identified below is identified in <u>Exhibit A</u> attached hereto.

22       I declare under penalty of perjury, under the laws of the United States of America, that the

23   foregoing is true and correct.  Executed this 29th day of September, 2004, at San Francisco,

24   California.

25
                                          _Grace D. Geary_
26                                        Grace D. Geary

27

28                                        11.

# EXHIBIT G

# CATHERINE A. DUNBAR DECLARATION

1  STEPHEN E. TAYLOR (SBN 58452)
   JAYESH HINES-SHAH (SBN 214256)
2  NICHOLAS G. CAMPINS (SBN 238022)
   TAYLOR & COMPANY LAW OFFICES, LLP
3  One Ferry Building, Suite 355
   San Francisco, California  94111
4  Telephone:  (415) 788-8200
   Facsimile:   (415) 788-8208
5  E-mail: staylor@tcolaw.com
   E-mail: jhinesshah@tcolaw.com
6  E-mail: ncampins@tcolaw.com

7  RAGESH K. TANGRI (SBN 159477)
   KEKER & VAN NEST LLP
8  710 Sansome Street
   San Francisco, California 94111
9  Telephone: (415) 391-5400
   Facsimile:  (415) 397-7188
10 E-mail:  rtangri@kvn.com

11 Attorneys for Defendants INTEL
   CORPORATION, LIGHTLOGIC, INC.
12 and JEAN-MARC VERDIELL

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          OAKLAND DIVISION

16

17 FRANK T. SHUM,                          Case No.: C 02-03262 DLJ (EMC)

18        Plaintiff,                       **RESPONSE OF DEFENDANT INTEL
                                           CORPORATION TO FIFTH REQUEST
19 v.                                      FOR PRODUCTION OF DOCUMENTS
                                           PROPOUNDED BY PLAINTIFF FRANK
20 INTEL CORPORATION, JEAN-MARC            T. SHUM**
   VERDIELL and LIGHTLOGIC, INC.,
21
22        Defendants.

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1 | PROPOUNDING PARTY:    Plaintiff FRANK T. SHUM

2 | RESPONDING PARTY:    Defendant INTEL CORPORATION

3 | SET NO.:    Five (5)

4 |     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Intel Corporation

5 | ("Intel"), through its attorneys, Taylor & Company Law Offices, LLP and Keker & Van Nest LLP

6 | hereby responds to Plaintiff Frank T. Shum's Fifth Request for Production of Documents, dated

7 | March 26, 2008, as follows:

8 | **PRELIMINARY STATEMENT**

9 |     Nothing herein should be construed as an admission by Intel respecting the admissibility or

10 | relevance of any fact or document, or of the truth or accuracy of any characterization or statement

11 | of any kind contained in Plaintiff's Fifth Set of Requests For Production of Documents ("Request

12 | for Production"). Intel has not completed its investigation of the facts relating to this case or its

13 | preparation for trial. All responses and objections contained herein are based only upon such

14 | information and such documents as are presently available to and specifically known to Intel. It is

15 | anticipated that independent investigation, legal research and analysis will supply additional facts

16 | and add meaning to known facts, as well as establish entirely new factual conclusions and legal

17 | contentions, all of which may lead to substantial additions to, changes in and variations from the

18 | responses set forth herein.

19 |     The following objections and responses are made without prejudice to Intel's right to

20 | produce at trial, or otherwise, evidence regarding any subsequently discovered documents. Intel

21 | accordingly reserves the right to modify and amend any and all responses herein as research is

22 | completed and contentions are made.

23 | **GENERAL OBJECTIONS TO REQUEST FOR PRODUCTION**

24 |     Plaintiff Frank T. Shum has already had extensive fact discovery relating to damages,

25 | including unjust enrichment damages. Intel has already produced documents in response to

26 | Plaintiff's 52 previous document requests, many of which relate to the valuation of LightLogic,

27 | Inc. ("LightLogic") and its intellectual property portfolio. In December 2003, Plaintiff noticed a

28 | Rule 30(b)(6) deposition of Intel concerning the same subject matter. Intel designated two

1.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS; CASE NO. C 02-03262 DLJ (EMC)

1   persons, each of whom appeared for daylong depositions in early 2004 and testified concerning

2   Intel's due diligence analysis, valuation and eventual acquisition of LightLogic in 2001.  Though

3   that discovery took place after the Court had dismissed the substantive unjust enrichment count in

4   Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained a potential right to

5   unjust enrichment remedies for fraudulent concealment (*see* March 25, 2003 Motion to Dismiss

6   Order, at p. 44), and his Complaint sought such remedies.  *See* Fourth Amended Complaint at p.

7   14 (seeking the identical remedies sought in Plaintiff's Second Amended Complaint).

8           Plaintiff's current Request for Production duplicates entirely the subject matter – and in

9   many instances the specific wording – of these previous requests and the subject matter areas

10  specified in Plaintiff's Rule 30(b)(6) deposition notice.  Plaintiff does not, by virtue of the

11  reinstatement of his substantive unjust enrichment claim, have the right to re-ask questions that he

12  did ask, or was obliged to and could have asked, during remedial discovery in 2003 and 2004.

13  Intel objects to the extent the Request for Production relates to Plaintiff's theory of damages

14  generally, for which Plaintiff has already received Intel's responses and documents.

15          In view of the foregoing, Intel generally objects to the Request for Production as follows:

16          A.      The Request for Production, and certain of the requests contained therein,

17  seeks to elicit information that is neither relevant to the subject matter of unjust enrichment, nor

18  reasonably calculated to lead to the discovery of admissible evidence.

19          B.      The Request for Production, and certain of the requests contained therein,

20  seeks to elicit information that Intel already has produced, and is therefore cumulative.

21          C.      The Request for Production seeks information that Plaintiff had both the

22  opportunity and the obligation to seek in discovery in 2003 and 2004.

23          D.      The Request for Production, and certain of the requests contained therein, is

24  unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request

25  seeks information pertaining to items and matters that are not relevant to the subject matter of this

26  action, or, if relevant, are so remote therefrom as to make its disclosure of little or no practical

27  benefit to Plaintiff, while placing a wholly unwarranted burden and expense on Intel in locating,

28  reviewing and producing the requested information.

2.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1         E.     The Request for Production, and certain of the requests contained therein, is

2   burdensome and oppressive, in that ascertaining the information necessary to respond thereto, and

3   to produce documents in accordance therewith, would require the review and compilation of

4   information from multiple locations, and voluminous records and files, thereby involving

5   substantial time of Intel's employees and great expense to Intel, whereas the information sought to

6   be obtained by Plaintiff would be of little use or benefit to Plaintiff.

7         F.     The Request for Production, and certain of the requests contained therein, is

8   vague, uncertain and overbroad, being without limitation as to time or specific subject matter.

9         G.     The Request for Production, and certain of the requests contained therein,

10  seeks information at least some of which is protected by the attorney-client privilege, the attorney

11  work-product doctrine, or other applicable federal or state privilege, doctrine or immunity.  Intel

12  will not produce any information or material protected from discovery by those privileges or

13  protections.  In the event that material subject to the attorney-client privilege, the attorney work

14  product doctrine, or any other privilege or protection is inadvertently produced, such inadvertent

15  production shall not be deemed to constitute a waiver of such privilege or doctrine.

16        H.     The Request for Production, and certain of the requests contained therein,

17  seeks information at least some of which is confidential or proprietary, contains trade secrets, or is

18  protected by the patent confidentiality doctrine.  Intel will produce such information or documents

19  only pursuant to the terms of the Protective Order that has been entered in this action.

20        I.     The Request for Production, and certain of the requests contained therein,

21  seeks to have Intel furnish information and identify documents that are protected by

22  confidentiality obligations that are owed to a third party.

23        J.     The Request for Production, and certain of the requests contained therein,

24  purports to impose on Intel obligations or responsibilities in excess of those imposed by the

25  Federal Rules of Civil Procedure, the applicable Local Rules, any other applicable procedural

26  rules, case law, statutes governing the proper scope of discovery, or applicable Court Orders.

27        K.     The Request for Production, and certain of the requests contained therein,

28  calls for documents which are outside the possession, custody or control of Intel.

3.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1    L.  The Request for Production, and certain of the requests contained therein,

2 seeks to have Intel furnish information and identify documents that are a matter of public record

3 and, therefore, are equally available to the propounding party as they are to Intel.

4    Intel incorporates, as though fully set forth therein, these general objections into each of

5 the specific objections and responses set forth below.  Without waiver of the foregoing, Intel

6 further responds as follows:

7        **RESPONSES TO REQUEST FOR PRODUCTION**

8 **REQUEST FOR PRODUCTION NO. 56:**

9    All documents relating to the value or benefit Intel received – or expected to receive –

10 through Intel's acquisition of LightLogic.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

12    Intel incorporates its general objections as though fully set forth herein.  Intel further

13 objects to this request on the ground and to the extent this request is overbroad and unduly

14 burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

15 reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

16 the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

17 fact discovery relating to damages, including unjust enrichment damages, having received

18 documents from Intel in response to his 52 previous document requests and taken two daylong

19 depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

20 portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

21 enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

22 a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

23 sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

24 and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

25 virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

26 questions that he did ask, or was obliged to and could have asked, during remedial discovery in

27 2003 and 2004.

28

4.

1   **REQUEST FOR PRODUCTION NO. 57:**

2       All documents relating to Intel's analyses and/or reports (including but not limited to

3   projections and forecasts) from 1999-2001 concerning the opto-electronic industry, including but

4   not limited to any analyses or reports of LightLogic and LightLogic's competitors.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

6       Intel incorporates its general objections as though fully set forth herein.  Intel further

7   objects to this request on the ground and to the extent this request is overbroad and unduly

8   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

9   reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

10  the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

11  fact discovery relating to damages, including unjust enrichment damages, having received

12  documents from Intel in response to his 52 previous document requests and taken two daylong

13  depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

14  portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

15  enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

16  a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

17  sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

18  and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

19  virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

20  questions that he did ask, or was obliged to and could have asked, during remedial discovery in

21  2003 and 2004.

22  **REQUEST FOR PRODUCTION NO. 58:**

23      All documents relating to third party analyses and/or industry reports from 1999-2001

24  concerning the opto-electronic industry, including but not limited to any analyses or reports of

25  LightLogic and LightLogic's competitors.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

27      Intel incorporates its general objections as though fully set forth herein.  Intel further

28  objects to this request on the ground and to the extent this request is overbroad and unduly

TAYLOR & CO.
LAW OFFICES, LLP

1    burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

2    reasonably calculated to the discovery of admissible evidence. Intel further objects to the extent

3    the request relates to Plaintiff's theory of damages generally. Plaintiff has already had extensive

4    fact discovery relating to damages, including unjust enrichment damages, having received

5    documents from Intel in response to his 52 previous document requests and taken two daylong

6    depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

7    portfolio. Though that discovery took place after the Court had dismissed the substantive unjust

8    enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

9    a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

10   sought such remedies. Plaintiff's request duplicates the subject matter of these previous requests

11   and the subject matter areas specified in his Rule 30(b)(6) deposition notice. Plaintiff does not, by

12   virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

13   questions that he did ask, or was obliged to and could have asked, during remedial discovery in

14   2003 and 2004.

15   **REQUEST FOR PRODUCTION NO. 59:**

16          All documents relating to the value of companies in the opto-electronic industry that Intel

17   acquired or Intel considered acquiring in the 1999-2001 timeframe.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

19          Intel incorporates its general objections as though fully set forth herein. Intel further

20   objects to this request on the ground and to the extent this request is overbroad and unduly

21   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

22   reasonably calculated to the discovery of admissible evidence. Intel further objects to the extent

23   the request relates to Plaintiff's theory of damages generally. Plaintiff has already had extensive

24   fact discovery relating to damages, including unjust enrichment damages, having received

25   documents from Intel in response to his 52 previous document requests and taken two daylong

26   depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

27   portfolio. Though that discovery took place after the Court had dismissed the substantive unjust

28   enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

6.

TAYLOR & CO.
LAW OFFICES, LLP

1  a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

2  sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

3  and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

4  virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

5  questions that he did ask, or was obliged to and could have asked, during remedial discovery in

6  2003 and 2004.

7  **REQUEST FOR PRODUCTION NO. 60:**

8      All documents relating to value of the technology or intellectual property of LightLogic's

9  competitors from 1999-2001.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

11      Intel incorporates its general objections as though fully set forth herein.  Intel further

12  objects to this request on the ground and to the extent this request is overbroad and unduly

13  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

14  reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

15  the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

16  fact discovery relating to damages, including unjust enrichment damages, having received

17  documents from Intel in response to his 52 previous document requests and taken two daylong

18  depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

19  portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

20  enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

21  a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

22  sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

23  and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

24  virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

25  questions that he did ask, or was obliged to and could have asked, during remedial discovery in

26  2003 and 2004.

27  **REQUEST FOR PRODUCTION NO. 61:**

28      All documents relating to analyses (including but not limited to valuations, projections,

TAYLOR & CO.
LAW OFFICES, LLP

7.

1   pricing, reports and memoranda), at any time, by Intel regarding LightLogic, its technology, its

2   assets and/or intellectual property.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

4          Intel incorporates its general objections as though fully set forth herein.  Intel further

5   objects to this request on the ground and to the extent this request is overbroad and unduly

6   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

7   reasonably calculated to the discovery of admissible evidence, particularly as the request seeks

8   information postdating the acquisition of LightLogic.  Intel further objects to the extent the request

9   relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive fact

10  discovery relating to damages, including unjust enrichment damages, having received documents

11  from Intel in response to his 52 previous document requests and taken two daylong depositions in

12  early 2004 relating to the valuation of LightLogic and its intellectual property portfolio.  Though

13  that discovery took place after the Court had dismissed the substantive unjust enrichment count in

14  Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained a potential right to

15  unjust enrichment remedies for fraudulent concealment, and his Complaint sought such remedies.

16  Plaintiff's request duplicates the subject matter of these previous requests and the subject matter

17  areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by virtue of the

18  reinstatement of his substantive unjust enrichment claim, have the right to re-ask questions that he

19  did ask, or was obliged to and could have asked, during remedial discovery in 2003 and 2004.

20  **REQUEST FOR PRODUCTION NO. 62:**

21         All documents relating to analyses (including but not limited to valuations, projections,

22  pricing, reports and memoranda), at any time, by LightLogic regarding LightLogic, its technology,

23  its assets and/or intellectual property.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

25         Intel incorporates its general objections as though fully set forth herein.  Intel further

26  objects to this request on the ground and to the extent this request is overbroad and unduly

27  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

28  reasonably calculated to the discovery of admissible evidence, particularly as the request seeks

8.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1   information postdating the acquisition of LightLogic. Intel further objects to the extent the request

2   relates to Plaintiff's theory of damages generally. Plaintiff has already had extensive fact

3   discovery relating to damages, including unjust enrichment damages, having received documents

4   from Intel in response to his 52 previous document requests and taken two daylong depositions in

5   early 2004 relating to the valuation of LightLogic and its intellectual property portfolio. Though

6   that discovery took place after the Court had dismissed the substantive unjust enrichment count in

7   Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained a potential right to

8   unjust enrichment remedies for fraudulent concealment, and his Complaint sought such remedies.

9   Plaintiff's request duplicates the subject matter of these previous requests and the subject matter

10  areas specified in his Rule 30(b)(6) deposition notice. Plaintiff does not, by virtue of the

11  reinstatement of his substantive unjust enrichment claim, have the right to re-ask questions that he

12  did ask, or was obliged to and could have asked, during remedial discovery in 2003 and 2004.

13  **REQUEST FOR PRODUCTION NO. 63:**

14      All documents relating to analyses (including but not limited to valuations, projections,

15  pricing, reports and memoranda), at any time, by third parties (including but not limited to banks,

16  financial institution, investment banks, accounting firms and industry analysts) regarding

17  LightLogic, its technology, its assets and/or intellectual property.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

19      Intel incorporates its general objections as though fully set forth herein. Intel further

20  objects to this request on the ground and to the extent this request is overbroad and unduly

21  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

22  reasonably calculated to the discovery of admissible evidence, particularly as the request seeks

23  information postdating the acquisition of LightLogic. Intel further objects to the extent the request

24  relates to Plaintiff's theory of damages generally. Plaintiff has already had extensive fact

25  discovery relating to damages, including unjust enrichment damages, having received documents

26  from Intel in response to his 52 previous document requests and taken two daylong depositions in

27  early 2004 relating to the valuation of LightLogic and its intellectual property portfolio. Though

28  that discovery took place after the Court had dismissed the substantive unjust enrichment count in

9.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS; CASE NO. C 02-03262 DLJ (EMC)

1   Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained a potential right to

2   unjust enrichment remedies for fraudulent concealment, and his Complaint sought such remedies.

3   Plaintiff's request duplicates the subject matter of these previous requests and the subject matter

4   areas specified in his Rule 30(b)(6) deposition notice. Plaintiff does not, by virtue of the

5   reinstatement of his substantive unjust enrichment claim, have the right to re-ask questions that he

6   did ask, or was obliged to and could have asked, during remedial discovery in 2003 and 2004.

7   **REQUEST FOR PRODUCTION NO. 64:**

8          All documents relating to Intel's accounting, financial analyses and/or reporting of the

9   LightLogic acquisition.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

11         Intel incorporates its general objections as though fully set forth herein. Intel further

12  objects to this request on the ground and to the extent this request is overbroad and unduly

13  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

14  reasonably calculated to the discovery of admissible evidence. Intel further objects to the extent

15  the request relates to Plaintiff's theory of damages generally. Plaintiff has already had extensive

16  fact discovery relating to damages, including unjust enrichment damages, having received

17  documents from Intel in response to his 52 previous document requests and taken two daylong

18  depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

19  portfolio. Though that discovery took place after the Court had dismissed the substantive unjust

20  enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

21  a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

22  sought such remedies. Plaintiff's request duplicates the subject matter of these previous requests

23  and the subject matter areas specified in his Rule 30(b)(6) deposition notice. Plaintiff does not, by

24  virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

25  questions that he did ask, or was obliged to and could have asked, during remedial discovery in

26  2003 and 2004.

27  **REQUEST FOR PRODUCTION NO. 65:**

28         All documents relating to allocation of the purchase price of LightLogic for financial

10.

1 | accounting purposes.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

3 |        Intel incorporates its general objections as though fully set forth herein.  Intel further

4 | objects to this request on the ground and to the extent this request is overbroad and unduly

5 | burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

6 | reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

7 | the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

8 | fact discovery relating to damages, including unjust enrichment damages, having received

9 | documents from Intel in response to his 52 previous document requests and taken two daylong

10 | depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

11 | portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

12 | enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

13 | a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

14 | sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

15 | and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

16 | virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

17 | questions that he did ask, or was obliged to and could have asked, during remedial discovery in

18 | 2003 and 2004.

19 | **REQUEST FOR PRODUCTION NO. 66:**

20 |        All documents relating to allocation of the purchase price of LightLogic for tax purposes.

21 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

22 |        Intel incorporates its general objections as though fully set forth herein.  Intel further

23 | objects to this request on the ground and to the extent this request is overbroad and unduly

24 | burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

25 | reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

26 | the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

27 | fact discovery relating to damages, including unjust enrichment damages, having received

28 | documents from Intel in response to his 52 previous document requests and taken two daylong

TAYLOR & CO.
LAW OFFICES, LLP

1   depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

2   portfolio. Though that discovery took place after the Court had dismissed the substantive unjust

3   enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

4   a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

5   sought such remedies. Plaintiff's request duplicates the subject matter of these previous requests

6   and the subject matter areas specified in his Rule 30(b)(6) deposition notice. Plaintiff does not, by

7   virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

8   questions that he did ask, or was obliged to and could have asked, during remedial discovery in

9   2003 and 2004.

10   **REQUEST FOR PRODUCTION NO. 67:**

11        All documents relating to the derivation of the $409 million paid by Intel in Intel common

12   stock to acquire LightLogic.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

14        Intel incorporates its general objections as though fully set forth herein. Intel further

15   objects to this request on the ground and to the extent this request is overbroad and unduly

16   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

17   reasonably calculated to the discovery of admissible evidence. Intel further objects to the extent

18   the request relates to Plaintiff's theory of damages generally. Plaintiff has already had extensive

19   fact discovery relating to damages, including unjust enrichment damages, having received

20   documents from Intel in response to his 52 previous document requests and taken two daylong

21   depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

22   portfolio. Though that discovery took place after the Court had dismissed the substantive unjust

23   enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

24   a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

25   sought such remedies. Plaintiff's request duplicates the subject matter of these previous requests

26   and the subject matter areas specified in his Rule 30(b)(6) deposition notice. Plaintiff does not, by

27   virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

28   questions that he did ask, or was obliged to and could have asked, during remedial discovery in

12.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS; CASE NO. C 02-03262 DLJ (EMC)

1   2003 and 2004.

2   **REQUEST FOR PRODUCTION NO. 68:**

3          All documents relating to the $9 million amount listed under "Identified intangibles" of

4   LightLogic, as referred to in Intel's 10-K statement for fiscal year 2002, including but not limited

5   to documents relating to the derivation or accounting of this $9 million amount.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

7          Intel incorporates its general objections as though fully set forth herein.  Intel further

8   objects to this request on the ground and to the extent this request is overbroad and unduly

9   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

10  reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

11  the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

12  fact discovery relating to damages, including unjust enrichment damages, having received

13  documents from Intel in response to his 52 previous document requests and taken two daylong

14  depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

15  portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

16  enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

17  a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

18  sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

19  and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

20  virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

21  questions that he did ask, or was obliged to and could have asked, during remedial discovery in

22  2003 and 2004.

23  **REQUEST FOR PRODUCTION NO. 69:**

24         All documents relating to the $46 million amount listed under "Purchased in-process

25  research and development" of LightLogic, as referred to in Intel's 10-K statement for fiscal year

26  2002, including but not limited to documents relating to the derivation or accounting of this $46

27  million amount.

28

13.

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS; CASE NO.  C 02-03262-DLJ (EMC)

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

2        Intel incorporates its general objections as though fully set forth herein.  Intel further

3   objects to this request on the ground and to the extent this request is overbroad and unduly

4   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

5   reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

6   the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

7   fact discovery relating to damages, including unjust enrichment damages, having received

8   documents from Intel in response to his 52 previous document requests and taken two daylong

9   depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

10  portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

11  enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

12  a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

13  sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

14  and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

15  virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

16  questions that he did ask, or was obliged to and could have asked, during remedial discovery in

17  2003 and 2004.

18  **REQUEST FOR PRODUCTION NO. 70:**

19       All documents relating to the $295 million amount listed under "Goodwill" of LightLogic,

20  as referred to in Intel's 10-K statement for fiscal year 2002, including but not limited to documents

21  relating to the derivation or accounting of this $295 million amount.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

23       Intel incorporates its general objections as though fully set forth herein.  Intel further

24  objects to this request on the ground and to the extent this request is overbroad and unduly

25  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

26  reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

27  the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

28  fact discovery relating to damages, including unjust enrichment damages, having received

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1  documents from Intel in response to his 52 previous document requests and taken two daylong

2  depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

3  portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

4  enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

5  a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

6  sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

7  and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

8  virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

9  questions that he did ask, or was obliged to and could have asked, during remedial discovery in

10  2003 and 2004.

11  **REQUEST FOR PRODUCTION NO. 71:**

12        All documents referring, referencing or relating to the goodwill of LightLogic acquired

13  through Intel's acquisition of LightLogic.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

15        Intel incorporates its general objections as though fully set forth herein.  Intel further

16  objects to this request on the ground and to the extent this request is overbroad and unduly

17  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

18  reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

19  the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

20  fact discovery relating to damages, including unjust enrichment damages, having received

21  documents from Intel in response to his 52 previous document requests and taken two daylong

22  depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

23  portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

24  enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

25  a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

26  sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

27  and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

28  virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

15.

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1 | questions that he did ask, or was obliged to and could have asked, during remedial discovery in

2 | 2003 and 2004.

3 | **REQUEST FOR PRODUCTION NO. 72:**

4 | All documents relating to any analysis and/or itemization of assets acquired through Intel's

5 | acquisition of LightLogic.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

7 | Intel incorporates its general objections as though fully set forth herein. Intel further

8 | objects to this request on the ground and to the extent this request is overbroad and unduly

9 | burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

10 | reasonably calculated to the discovery of admissible evidence. Intel further objects to the extent

11 | the request relates to Plaintiff's theory of damages generally. Plaintiff has already had extensive

12 | fact discovery relating to damages, including unjust enrichment damages, having received

13 | documents from Intel in response to his 52 previous document requests and taken two daylong

14 | depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

15 | portfolio. Though that discovery took place after the Court had dismissed the substantive unjust

16 | enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

17 | a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

18 | sought such remedies. Plaintiff's request duplicates the subject matter of these previous requests

19 | and the subject matter areas specified in his Rule 30(b)(6) deposition notice. Plaintiff does not, by

20 | virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

21 | questions that he did ask, or was obliged to and could have asked, during remedial discovery in

22 | 2003 and 2004.

23 | **REQUEST FOR PRODUCTION NO. 73:**

24 | All documents relating to amortization and/or depreciation of assets acquired through

25 | Intel's acquisition of LightLogic.

26 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

27 | Intel incorporates its general objections as though fully set forth herein. Intel further

28 | objects to this request on the ground and to the extent this request is overbroad and unduly

16.

1  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

2  reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

3  the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

4  fact discovery relating to damages, including unjust enrichment damages, having received

5  documents from Intel in response to his 52 previous document requests and taken two daylong

6  depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

7  portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

8  enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

9  a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

10  sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

11  and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

12  virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

13  questions that he did ask, or was obliged to and could have asked, during remedial discovery in

14  2003 and 2004.

15  **REQUEST FOR PRODUCTION NO. 74:**

16        All documents relating to Intel's "quarterly review of its identified intangible assets" – as

17  referenced in Intel's 10-K statements – relating to "identified intangible assets" acquired through

18  Intel's acquisition of LightLogic.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

20        Intel incorporates its general objections as though fully set forth herein.  Intel further

21  objects to this request on the ground and to the extent this request is overbroad and unduly

22  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

23  reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

24  the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

25  fact discovery relating to damages, including unjust enrichment damages, having received

26  documents from Intel in response to his 52 previous document requests and taken two daylong

27  depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

28  portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1 enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

2 a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

3 sought such remedies. Plaintiff's request duplicates the subject matter of these previous requests

4 and the subject matter areas specified in his Rule 30(b)(6) deposition notice. Plaintiff does not, by

5 virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

6 questions that he did ask, or was obliged to and could have asked, during remedial discovery in

7 2003 and 2004.

8 **REQUEST FOR PRODUCTION NO. 75:**

9 All of Intel's "quarterly review of its identified intangible assets" – as referenced in Intel's

10 10-K statements – that refer to any "identified intangible assets" acquired through Intel's

11 acquisition of LightLogic.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

13 Intel incorporates its general objections as though fully set forth herein. Intel further

14 objects to this request on the ground and to the extent this request is overbroad and unduly

15 burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

16 reasonably calculated to the discovery of admissible evidence. Intel further objects to the extent

17 the request relates to Plaintiff's theory of damages generally. Plaintiff has already had extensive

18 fact discovery relating to damages, including unjust enrichment damages, having received

19 documents from Intel in response to his 52 previous document requests and taken two daylong

20 depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

21 portfolio. Though that discovery took place after the Court had dismissed the substantive unjust

22 enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

23 a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

24 sought such remedies. Plaintiff's request duplicates the subject matter of these previous requests

25 and the subject matter areas specified in his Rule 30(b)(6) deposition notice. Plaintiff does not, by

26 virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

27 questions that he did ask, or was obliged to and could have asked, during remedial discovery in

28 2003 and 2004.

18.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS; CASE NO. C 02-03262 DLJ (EMC)

1   **REQUEST FOR PRODUCTION NO. 76:**

2       All documents relating to due diligence or underwriting efforts related to Intel's

3   acquisition of LightLogic.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

5       Intel incorporates its general objections as though fully set forth herein. Intel further

6   objects to this request on the ground and to the extent this request is overbroad and unduly

7   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

8   reasonably calculated to the discovery of admissible evidence. Intel further objects to the extent

9   the request relates to Plaintiff's theory of damages generally. Plaintiff has already had extensive

10  fact discovery relating to damages, including unjust enrichment damages, having received

11  documents from Intel in response to his 52 previous document requests and taken two daylong

12  depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

13  portfolio. Though that discovery took place after the Court had dismissed the substantive unjust

14  enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

15  a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

16  sought such remedies. Plaintiff's request duplicates the subject matter of these previous requests

17  and the subject matter areas specified in his Rule 30(b)(6) deposition notice. Plaintiff does not, by

18  virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

19  questions that he did ask, or was obliged to and could have asked, during remedial discovery in

20  2003 and 2004.

21  **REQUEST FOR PRODUCTION NO. 77:**

22      All documents relating to plans, discussions or efforts – whether successful or unsuccessful

23  – to license the intellectual property that was acquired through Intel's acquisition of LightLogic.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

25      Intel incorporates its general objections as though fully set forth herein. Intel further

26  objects to this request on the ground and to the extent this request is overbroad and unduly

27  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

28  reasonably calculated to the discovery of admissible evidence. Intel further objects to the extent

19.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1   the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

2   fact discovery relating to damages, including unjust enrichment damages, having received

3   documents from Intel in response to his 52 previous document requests and taken two daylong

4   depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

5   portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

6   enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

7   a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

8   sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

9   and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

10   virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

11   questions that he did ask, or was obliged to and could have asked, during remedial discovery in

12   2003 and 2004.

13   **REQUEST FOR PRODUCTION NO. 78:**

14        All documents relating to whether any companies infringed or may have infringed the

15   intellectual property that was acquired through Intel's acquisition of LightLogic.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

17        Intel incorporates its general objections as though fully set forth herein.  Intel further

18   objects to this request on the ground and to the extent this request is overbroad and unduly

19   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

20   reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

21   the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

22   fact discovery relating to damages, including unjust enrichment damages, having received

23   documents from Intel in response to his 52 previous document requests and taken two daylong

24   depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

25   portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

26   enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

27   a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

28   sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

20.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1    and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

2    virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

3    questions that he did ask, or was obliged to and could have asked, during remedial discovery in

4    2003 and 2004.

5    **REQUEST FOR PRODUCTION NO. 79:**

6         All documents relating to a royalty rate or potential royalty rate for the intellectual property

7    that was acquired through Intel's acquisition of LightLogic.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

9         Intel incorporates its general objections as though fully set forth herein.  Intel further

10   objects to this request on the ground and to the extent this request is overbroad and unduly

11   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

12   reasonably calculated to the discovery of admissible evidence.  Intel further objects to the extent

13   the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive

14   fact discovery relating to damages, including unjust enrichment damages, having received

15   documents from Intel in response to his 52 previous document requests and taken two daylong

16   depositions in early 2004 relating to the valuation of LightLogic and its intellectual property

17   portfolio.  Though that discovery took place after the Court had dismissed the substantive unjust

18   enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained

19   a potential right to unjust enrichment remedies for fraudulent concealment, and his Complaint

20   sought such remedies.  Plaintiff's request duplicates the subject matter of these previous requests

21   and the subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

21.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1   virtue of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask

2   questions that he did ask, or was obliged to and could have asked, during remedial discovery in

3   2003 and 2004.

4

5   Dated: April 25, 2008                    TAYLOR & COMPANY LAW OFFICES, LLP

6

7                                    By:  _Jayesh Hines-Shah / RSC_

8                                          Jayesh Hines-Shah

9                                    Attorneys for Defendants INTEL CORPORATION,
                                     LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS; CASE NO.  C 02-03262 DLJ (EMC)

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Ferry Building, Suite 355, San Francisco, California 94111.

On April 25, 2008, I served true copies of the following document(s) described as **RESPONSE OF DEFENDANT INTEL CORPORATION TO FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF FRANK T. SHUM** on the interested parties in this action as follows:

Mr. Alan L. Barry
Bell Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, IL 60602

**Counsel for Frank T. Shum**

Mr. Paul F. Kirsch
Townsend and Townsend and Crew
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111-3834

**Counsel for Frank T. Shum**

Mr. Harris Zimmerman
1330 Broadway, Suite 710
Oakland, CA 94612

**Counsel for Frank T. Shum**

Mr. e. robert wallach
P.O. Box 2670
San Francisco, CA 94126-2670

**Counsel for Frank T. Shum**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Taylor & Company's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed above. The telephone number of the sending facsimile machine was (415) 788-8208. No error was reported by the fax machine that I used.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jlim@tcolaw.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such

23.

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1   document(s) to a courier or driver authorized by the overnight service carrier to receive
    documents.

2   ☐  **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the office
3       of the addressee(s).

4   ☐  **BY MESSENGER SERVICE:**  I provided such document(s) to a professional messenger
        service for service.  *(A declaration by the messenger must accompany this Proof of Service*
5       *or be contained in the Declaration of Messenger below.)*

6   ☐  **BY PERSONAL SERVICE:**  I personally delivered the document(s) to the person being
        at the addresses listed above.  (1) For a party represented by an attorney, delivery was
7       made to the attorney or at the attorney's office by leaving the documents in an envelope or
        package clearly labeled to identify the attorney being served with a receptionist or an
8       individual in charge of the office.  (2) For a party, delivery was made to the party or by
        leaving the documents at the party's residence with some person not less than 18 years of
9       age between the hours of eight in the morning and six in the evening.

10  ☐  **BY PERSONAL SERVICE:**  I personally delivered the document(s) directly to the
        person(s) being served.

11      I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct and that I am employed in the office of a member of the bar of this

13  Court at whose direction the service was made.

14      Executed on April 25, 2008, at San Francisco, California.

15

16

17                                                          Jennifer M. Lim

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

# EXHIBIT H

# CATHERINE A. DUNBAR DECLARATION

1  STEPHEN E. TAYLOR (SBN 58452)
   JAYESH HINES-SHAH (SBN 214256)
2  NICHOLAS G. CAMPINS (SBN 238022)
   TAYLOR & COMPANY LAW OFFICES, LLP
3  One Ferry Building, Suite 355
   San Francisco, California  94111
4  Telephone:  (415) 788-8200
   Facsimile:   (415) 788-8208
5  E-mail: staylor@tcolaw.com
   E-mail: jhinesshah@tcolaw.com
6  E-mail: sbundy@tcolaw.com

7  RAGESH K. TANGRI (SBN 159477)
   KEKER & VAN NEST LLP
8  710 Sansome Street
   San Francisco, California 94111
9  Telephone: (415) 391-5400
   Facsimile:  (415) 397-7188
10 E-mail:  rtangri@kvn.com

11 Attorneys for Defendants INTEL
   CORPORATION, LIGHTLOGIC, INC.
12 and JEAN-MARC VERDIELL

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                          OAKLAND DIVISION

17

18 FRANK T. SHUM,                         Case No.: C 02-03262 DLJ (EMC)

19        Plaintiff,                      **RESPONSE OF DEFENDANT JEAN-
                                          MARC VERDIELL TO FIFTH REQUEST
20 v.                                     FOR PRODUCTION OF DOCUMENTS
                                          PROPOUNDED BY PLAINTIFF FRANK
21 INTEL CORPORATION, JEAN-MARC           T. SHUM**
   VERDIELL and LIGHTLOGIC, INC.,
22
          Defendants.
23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1 | PROPOUNDING PARTY:   Plaintiff FRANK T. SHUM

2 | RESPONDING PARTY:   Defendant JEAN-MARC VERDIELL

3 | SET NO.:   Five (5)

4 |       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Jean-Marc Verdiell

5 | ("Verdiell"), through his attorneys, Taylor & Company Law Offices, LLP and Keker & Van Nest

6 | LLP hereby responds to Plaintiff Frank T. Shum's Fifth Request for Production of Documents,

7 | dated March 26, 2008, as follows:

8 | **PRELIMINARY STATEMENT**

9 |       Nothing herein should be construed as an admission by Verdiell respecting the

10 | admissibility or relevance of any fact or document, or of the truth or accuracy of any

11 | characterization or statement of any kind contained in Plaintiff's Fifth Set of Requests For

12 | Production of Documents ("Request for Production").  Verdiell has not completed his

13 | investigation of the facts relating to this case or his preparation for trial.  All responses and

14 | objections contained herein are based only upon such information and such documents as are

15 | presently available to and specifically known to Verdiell.  It is anticipated that independent

16 | investigation, legal research and analysis will supply additional facts and add meaning to known

17 | facts, as well as establish entirely new factual conclusions and legal contentions, all of which may

18 | lead to substantial additions to, changes in and variations from the responses set forth herein.

19 |       The following objections and responses are made without prejudice to Verdiell's right to

20 | produce at trial, or otherwise, evidence regarding any subsequently discovered documents.

21 | Verdiell accordingly reserves the right to modify and amend any and all responses herein as

22 | research is completed and contentions are made.

23 | **GENERAL OBJECTIONS TO REQUEST FOR PRODUCTION**

24 |       Plaintiff Frank T. Shum has already had extensive fact discovery relating to damages,

25 | including unjust enrichment damages.  Verdiell has already produced documents in response to

26 | Plaintiff's 44 previous document requests, many of which relate to the valuation of LightLogic,

27 | Inc. ("LightLogic") and its intellectual property portfolio.  In December 2003, Plaintiff noticed a

28 | Rule 30(b)(6) deposition of Intel concerning the same subject matter.  Intel designated two

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1   persons, each of whom appeared for daylong depositions in early 2004 and testified concerning

2   Intel's due diligence analysis, valuation and eventual acquisition of LightLogic in 2001. Though

3   that discovery took place after the Court had dismissed the substantive unjust enrichment count in

4   Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained a potential right to

5   unjust enrichment remedies for fraudulent concealment (*see* March 25, 2003 Motion to Dismiss

6   Order, at p. 44), and his Complaint sought such remedies. *See* Fourth Amended Complaint at 14

7   (seeking the identical remedies sought in Plaintiff's Second Amended Complaint).

8         Plaintiff's current Request for Production duplicates entirely the subject matter – and in

9   many instances the specific wording – of these previous requests and the subject matter areas

10   specified in Plaintiff's Rule 30(b)(6) deposition notice. Plaintiff does not, by virtue of the

11   reinstatement of his substantive unjust enrichment claim, have the right to re-ask questions that he

12   did ask, or was obliged to and could have asked, during remedial discovery in 2003 and 2004.

13   Verdiell objects to the extent the Request for Production relates to Plaintiff's theory of damages

14   generally, for which Plaintiff has already received Verdiell's responses and documents.

15         In view of the foregoing, Verdiell generally objects to the Request for Production as

16   follows:

17         A.      The Request for Production, and certain of the requests contained therein,

18   seeks to elicit information that is neither relevant to the subject matter of unjust enrichment, nor

19   reasonably calculated to lead to the discovery of admissible evidence.

20         B.      The Request for Production, and certain of the requests contained therein,

21   seeks to elicit information that the Verdiell already has produced, and is therefore cumulative.

22         C.      The Request for Production seeks information that Plaintiff had both the

23   opportunity and the obligation to seek in discovery in 2003 and 2004.

24         D.      The Request for Production, and certain of the requests contained therein, is

25   unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request

26   seeks information pertaining to items and matters that are not relevant to the subject matter of this

27   action, or, if relevant, are so remote therefrom as to make its disclosure of little or no practical

28   benefit to Plaintiff, while placing a wholly unwarranted burden and expense on Verdiell in

2.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  locating, reviewing and producing the requested information.

2          E.      The Request for Production, and certain of the requests contained therein, is

3  burdensome and oppressive, in that ascertaining the information necessary to respond thereto, and

4  to produce documents in accordance therewith, would require the review and compilation of

5  information from multiple locations, and voluminous records and files, thereby involving

6  substantial time and great expense to Verdiell, whereas the information sought to be obtained by

7  Plaintiff would be of little use or benefit to Plaintiff.

8          F.       The Request for Production, and certain of the requests contained therein, is

9  vague, uncertain and overbroad, being without limitation as to time or specific subject matter.

10          G.      The Request for Production, and certain of the requests contained therein,

11  seeks information at least some of which is protected by the attorney-client privilege, the attorney

12  work-product doctrine, or other applicable federal or state privilege, doctrine or immunity.

13  Verdiell will not produce any information or material protected from discovery by those privileges

14  or protections. In the event that material subject to the attorney-client privilege, the attorney work

15  product doctrine, or any other privilege or protection is inadvertently produced, such inadvertent

16  production shall not be deemed to constitute a waiver of such privilege or doctrine.

17          H.      The Request for Production, and certain of the requests contained therein,

18  seeks information at least some of which is confidential or proprietary, contains trade secrets, or is

19  protected by the patent confidentiality doctrine.  Verdiell will produce such information or

20  documents only pursuant to the terms of the Protective Order that has been entered in this action.

21          I.       The Request for Production, and certain of the requests contained therein,

22  seeks to have Verdiell furnish information and identify documents that are protected by

23  confidentiality obligations that are owed to a third party.

24          J.      The Request for Production, and certain of the requests contained therein,

25  purports to impose on Verdiell obligations or responsibilities in excess of those imposed by the

26  Federal Rules of Civil Procedure, the applicable Local Rules, any other applicable procedural

27  rules, case law, statutes governing the proper scope of discovery, or applicable Court Orders.

28          K.      The Request for Production, certain of the requests contained therein, and

3.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1    Instruction No. 2 thereto, call for documents which are outside the possession, custody or control

2    of Verdiell.

3             L.      The Request for Production, and certain of the requests contained therein,

4    seeks to have Verdiell furnish information and identify documents that are a matter of public

5    record and, therefore, are equally available to the propounding party as they are to Verdiell.

6             Verdiell incorporates, as though fully set forth therein, these general objections into each

7    of the specific objections and responses set forth below.  Without waiver of the foregoing, Verdiell

8    further responds as follows:

9                    **RESPONSES TO REQUEST FOR PRODUCTION**

10   **REQUEST FOR PRODUCTION NO. 45:**

11            All documents relating to the proposed or actual value or benefits that Intel received or

12   would receive through its acquisition of LightLogic.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

14            Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

15   further objects to this request on the ground and to the extent this request is overbroad and unduly

16   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

17   reasonably calculated to the discovery of admissible evidence.  Verdiell further objects to the

18   extent the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had

19   extensive fact discovery relating to damages, including unjust enrichment damages, having

20   received documents from Verdiell in response to his 44 previous document requests and taken two

21   daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

22   intellectual property portfolio.  Though that discovery took place after the Court had dismissed the

23   substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

24   relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

25   and his Complaint sought such remedies.  Plaintiff's request duplicates the subject matter of these

26   previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

27   Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

28   the right to re-ask questions that he did ask, or was obliged to and could have asked, during

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1    remedial discovery in 2003 and 2004.

2    **REQUEST FOR PRODUCTION NO. 46:**

3        All monthly, quarterly or annual financial statements of LightLogic.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

5        Verdiell incorporates his general objections as though fully set forth herein. Verdiell

6    further objects to this request on the ground and to the extent this request is overbroad and unduly

7    burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

8    reasonably calculated to the discovery of admissible evidence. Verdiell further objects to the

9    extent the request relates to Plaintiff's theory of damages generally. Plaintiff has already had

10   extensive fact discovery relating to damages, including unjust enrichment damages, having

11   received documents from Verdiell in response to his 44 previous document requests and taken two

12   daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

13   intellectual property portfolio. Though that discovery took place after the Court had dismissed the

14   substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

15   relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

16   and his Complaint sought such remedies. Plaintiff's request duplicates the subject matter of these

17   previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

18   Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

19   the right to re-ask questions that he did ask, or was obliged to and could have asked, during

20   remedial discovery in 2003 and 2004.

21   **REQUEST FOR PRODUCTION NO. 47:**

22        All documents relating to the financial performance of LightLogic.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

24        Verdiell incorporates his general objections as though fully set forth herein. Verdiell

25   further objects to this request on the ground and to the extent this request is overbroad and unduly

26   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

27   reasonably calculated to the discovery of admissible evidence. Verdiell further objects to the

28   extent the request relates to Plaintiff's theory of damages generally. Plaintiff has already had

5.

TAYLOR & CO.
LAW OFFICES, LLP.

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  extensive fact discovery relating to damages, including unjust enrichment damages, having

2  received documents from Verdiell in response to his 44 previous document requests and taken two

3  daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

4  intellectual property portfolio. Though that discovery took place after the Court had dismissed the

5  substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

6  relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

7  and his Complaint sought such remedies. Plaintiff's request duplicates the subject matter of these

8  previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

9  Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

10  the right to re-ask questions that he did ask, or was obliged to and could have asked, during

11  remedial discovery in 2003 and 2004.

12  **REQUEST FOR PRODUCTION NO. 48:**

13        All documents (including but not limited to budgets, projections, forecasts and reports)

14  relating to business plans of LightLogic.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

16        Verdiell incorporates his general objections as though fully set forth herein. Verdiell

17  further objects to this request on the ground and to the extent this request is overbroad and unduly

18  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

19  reasonably calculated to the discovery of admissible evidence. Verdiell further objects to the

20  extent the request relates to Plaintiff's theory of damages generally. Plaintiff has already had

21  extensive fact discovery relating to damages, including unjust enrichment damages, having

22  received documents from Verdiell in response to his 44 previous document requests and taken two

23  daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

24  intellectual property portfolio. Though that discovery took place after the Court had dismissed the

25  substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

26  relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

27  and his Complaint sought such remedies. Plaintiff's request duplicates the subject matter of these

28  previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

TAYLOR & CO.
LAW OFFICES, LLP

1  Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

2  the right to re-ask questions that he did ask, or was obliged to and could have asked, during

3  remedial discovery in 2003 and 2004.

4  **REQUEST FOR PRODUCTION NO. 49:**

5      All documents relating to offers – communicated to or by LightLogic – to acquire

6  LightLogic, its technology, its assets and/or intellectual property.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

8      Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

9  further objects to this request on the ground and to the extent this request is overbroad and unduly

10  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

11  reasonably calculated to the discovery of admissible evidence.  Verdiell further objects to the

12  extent the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had

13  extensive fact discovery relating to damages, including unjust enrichment damages, having

14  received documents from Verdiell in response to his 44 previous document requests and taken two

15  daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

16  intellectual property portfolio.  Though that discovery took place after the Court had dismissed the

17  substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

18  relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

19  and his Complaint sought such remedies.  Plaintiff's request duplicates the subject matter of these

20  previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

21  Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

22  the right to re-ask questions that he did ask, or was obliged to and could have asked, during

23  remedial discovery in 2003 and 2004.

24  **REQUEST FOR PRODUCTION NO. 50:**

25      All documents relating to LightLogic's analyses and/or reports (including but not limited

26  to projections and forecasts) from 1999-2001 concerning the opto-electronic industry.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

28      Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

7.

1 further objects to this request on the ground and to the extent this request is overbroad and unduly

2 burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

3 reasonably calculated to the discovery of admissible evidence. Verdiell further objects to the

4 extent the request relates to Plaintiff's theory of damages generally. Plaintiff has already had

5 extensive fact discovery relating to damages, including unjust enrichment damages, having

6 received documents from Verdiell in response to his 44 previous document requests and taken two

7 daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

8 intellectual property portfolio. Though that discovery took place after the Court had dismissed the

9 substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

10 relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

11 and his Complaint sought such remedies. Plaintiff's request duplicates the subject matter of these

12 previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

13 Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

14 the right to re-ask questions that he did ask, or was obliged to and could have asked, during

15 remedial discovery in 2003 and 2004.

16 **REQUEST FOR PRODUCTION NO. 51:**

17      All documents relating to third party analyses and/or industry reports from 1999-2001

18 concerning the opt-electronic industry, including but not limited to any analyses or reports of

19 LightLogic or LightLogic's competitors.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

21      Verdiell incorporates his general objections as though fully set forth herein. Verdiell

22 further objects to this request on the ground and to the extent this request is overbroad and unduly

23 burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

24 reasonably calculated to the discovery of admissible evidence. Verdiell further objects to the

25 extent the request relates to Plaintiff's theory of damages generally. Plaintiff has already had

26 extensive fact discovery relating to damages, including unjust enrichment damages, having

27 received documents from Verdiell in response to his 44 previous document requests and taken two

28 daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  intellectual property portfolio.  Though that discovery took place after the Court had dismissed the

2  substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

3  relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

4  and his Complaint sought such remedies.  Plaintiff's request duplicates the subject matter of these

5  previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

6  Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

7  the right to re-ask questions that he did ask, or was obliged to and could have asked, during

8  remedial discovery in 2003 and 2004.

9  **REQUEST FOR PRODUCTION NO. 52:**

10       All documents relating to value the technology or intellectual property of LightLogic's

11  competitors from 1999-2001.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

13       Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

14  further objects to this request on the ground and to the extent this request is overbroad and unduly

15  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

16  reasonably calculated to the discovery of admissible evidence.  Verdiell further objects to the

17  extent the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had

18  extensive fact discovery relating to damages, including unjust enrichment damages, having

19  received documents from Verdiell in response to his 44 previous document requests and taken two

20  daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

21  intellectual property portfolio.  Though that discovery took place after the Court had dismissed the

22  substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

23  relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

24  and his Complaint sought such remedies.  Plaintiff's request duplicates the subject matter of these

25  previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

26  Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

27  the right to re-ask questions that he did ask, or was obliged to and could have asked, during

28  remedial discovery in 2003 and 2004.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1    **REQUEST FOR PRODUCTION NO. 53:**

2       All documents relating to valuations, projections and/or pricing – at any time – regarding

3    LightLogic, its technology, its assets and/or intellectual property.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

5       Verdiell incorporates his general objections as though fully set forth herein. Verdiell

6    further objects to this request on the ground and to the extent this request is overbroad and unduly

7    burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

8    reasonably calculated to the discovery of admissible evidence. Verdiell further objects to the

9    extent the request relates to Plaintiff's theory of damages generally. Plaintiff has already had

10    extensive fact discovery relating to damages, including unjust enrichment damages, having

11    received documents from Verdiell in response to his 44 previous document requests and taken two

12    daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

13    intellectual property portfolio. Though that discovery took place after the Court had dismissed the

14    substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

15    relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

16    and his Complaint sought such remedies. Plaintiff's request duplicates the subject matter of these

17    previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

18    Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

19    the right to re-ask questions that he did ask, or was obliged to and could have asked, during

20    remedial discovery in 2003 and 2004.

21    **REQUEST FOR PRODUCTION NO. 54:**

22       All documents relating to analyses (including but not limited to valuations, projections,

23    pricing, reports and memoranda), at any time, by third parties (including but not limited to banks,

24    financial institution, investment banks, accounting firms and industry analysts) regarding

25    LightLogic, its technology, its assets and/or intellectual property.

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

27       Verdiell incorporates his general objections as though fully set forth herein. Verdiell

28    further objects to this request on the ground and to the extent this request is overbroad and unduly

10.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

2  reasonably calculated to the discovery of admissible evidence. Verdiell further objects to the

3  extent the request relates to Plaintiff's theory of damages generally. Plaintiff has already had

4  extensive fact discovery relating to damages, including unjust enrichment damages, having

5  received documents from Verdiell in response to his 44 previous document requests and taken two

6  daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

7  intellectual property portfolio. Though that discovery took place after the Court had dismissed the

8  substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

9  relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

10  and his Complaint sought such remedies. Plaintiff's request duplicates the subject matter of these

11  previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

12  Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

13  the right to re-ask questions that he did ask, or was obliged to and could have asked, during

14  remedial discovery in 2003 and 2004.

15  **REQUEST FOR PRODUCTION NO. 55:**

16      All documents relating to analyses (including but not limited to valuations, projections,

17  pricing, reports and memoranda), at any time, of LightLogic's goodwill.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

19      Verdiell incorporates his general objections as though fully set forth herein. Verdiell

20  further objects to this request on the ground and to the extent this request is overbroad and unduly

21  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

22  reasonably calculated to the discovery of admissible evidence. Verdiell further objects to the

23  extent the request relates to Plaintiff's theory of damages generally. Plaintiff has already had

24  extensive fact discovery relating to damages, including unjust enrichment damages, having

25  received documents from Verdiell in response to his 44 previous document requests and taken two

26  daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

27  intellectual property portfolio. Though that discovery took place after the Court had dismissed the

28  substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

TAYLOR & CO.
LAW OFFICES, LLP

1   relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

2   and his Complaint sought such remedies.  Plaintiff's request duplicates the subject matter of these

3   previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

4   Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

5   the right to re-ask questions that he did ask, or was obliged to and could have asked, during

6   remedial discovery in 2003 and 2004.

7   **REQUEST FOR PRODUCTION NO. 56:**

8          All documents relating to sales contracts and agreements between LightLogic and its

9   customers.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

11         Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

12  further objects to this request on the ground and to the extent this request is overbroad and unduly

13  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

14  reasonably calculated to the discovery of admissible evidence.  Verdiell further objects to the

15  extent the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had

16  extensive fact discovery relating to damages, including unjust enrichment damages, having

17  received documents from Verdiell in response to his 44 previous document requests and taken two

18  daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

19  intellectual property portfolio.  Though that discovery took place after the Court had dismissed the

20  substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

21  relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

22  and his Complaint sought such remedies.  Plaintiff's request duplicates the subject matter of these

23  previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

24  Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

25  the right to re-ask questions that he did ask, or was obliged to and could have asked, during

26  remedial discovery in 2003 and 2004.

27  **REQUEST FOR PRODUCTION NO. 57:**

28         All documents relating to plans, discussions or efforts – whether successful or unsuccessful

12.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1  – to license LightLogic's intellectual property.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

3       Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

4  further objects to this request on the ground and to the extent this request is overbroad and unduly

5  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

6  reasonably calculated to the discovery of admissible evidence, particularly as the request seeks

7  information postdating the acquisition of LightLogic.  Verdiell further objects to the extent the

8  request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive fact

9  discovery relating to damages, including unjust enrichment damages, having received documents

10  from Verdiell in response to his 44 previous document requests and taken two daylong depositions

11  of Intel in early 2004 relating to the valuation of LightLogic and its intellectual property portfolio.

12  Though that discovery took place after the Court had dismissed the substantive unjust enrichment

13  count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained a potential

14  right to unjust enrichment remedies for fraudulent concealment, and his Complaint sought such

15  remedies.  Plaintiff's request duplicates the subject matter of these previous requests and the

16  subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by virtue

17  of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask questions

18  that he did ask, or was obliged to and could have asked, during remedial discovery in 2003 and

19  2004.

20  **REQUEST FOR PRODUCTION NO. 58:**

21       All documents relating to whether any companies infringed or may have infringed

22  LightLogic's intellectual property.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

24       Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

25  further objects to this request on the ground and to the extent this request is overbroad and unduly

26  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

27  reasonably calculated to the discovery of admissible evidence, particularly as the request seeks

28  information postdating the acquisition of LightLogic.  Verdiell further objects to the extent the

13.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive fact

2  discovery relating to damages, including unjust enrichment damages, having received documents

3  from Verdiell in response to his 44 previous document requests and taken two daylong depositions

4  of Intel in early 2004 relating to the valuation of LightLogic and its intellectual property portfolio.

5  Though that discovery took place after the Court had dismissed the substantive unjust enrichment

6  count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained a potential

7  right to unjust enrichment remedies for fraudulent concealment, and his Complaint sought such

8  remedies.  Plaintiff's request duplicates the subject matter of these previous requests and the

9  subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by virtue

10 of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask questions

11 that he did ask, or was obliged to and could have asked, during remedial discovery in 2003 and

12 2004.

13 **REQUEST FOR PRODUCTION NO. 59:**

14      All documents relating to a royalty rate or potential royalty rate for LightLogic's

15 intellectual property.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

17      Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

18 further objects to this request on the ground and to the extent this request is overbroad and unduly

19 burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

20 reasonably calculated to the discovery of admissible evidence, particularly as the request seeks

21 information postdating the acquisition of LightLogic.  Verdiell further objects to the extent the

22 request relates to Plaintiff's theory of damages generally.  Plaintiff has already had extensive fact

23 discovery relating to damages, including unjust enrichment damages, having received documents

24 from Verdiell in response to his 44 previous document requests and taken two daylong depositions

25 of Intel in early 2004 relating to the valuation of LightLogic and its intellectual property portfolio.

26 Though that discovery took place after the Court had dismissed the substantive unjust enrichment

27 count in Plaintiff's Second Amended Complaint, Plaintiff at all relevant times retained a potential

28 right to unjust enrichment remedies for fraudulent concealment, and his Complaint sought such

TAYLOR & CO.
LAW OFFICES, LLP

14.

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1  remedies.  Plaintiff's request duplicates the subject matter of these previous requests and the

2  subject matter areas specified in his Rule 30(b)(6) deposition notice.  Plaintiff does not, by virtue

3  of the reinstatement of his substantive unjust enrichment claim, have the right to re-ask questions

4  that he did ask, or was obliged to and could have asked, during remedial discovery in 2003 and

5  2004.

6  **REQUEST FOR PRODUCTION NO. 60:**

7       All documents prepared for or provided to actual or potential investors of LightLogic.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

9       Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

10  further objects to this request on the ground and to the extent this request is overbroad and unduly

11  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

12  reasonably calculated to the discovery of admissible evidence.  Verdiell further objects to the

13  extent the request relates to Plaintiff's theory of damages generally.  Plaintiff has already had

14  extensive fact discovery relating to damages, including unjust enrichment damages, having

15  received documents from Verdiell in response to his 44 previous document requests and taken two

16  daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

17  intellectual property portfolio.  Though that discovery took place after the Court had dismissed the

18  substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

19  relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

20  and his Complaint sought such remedies.  Plaintiff's request duplicates the subject matter of these

21  previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

22  Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

23  the right to re-ask questions that he did ask, or was obliged to and could have asked, during

24  remedial discovery in 2003 and 2004.

25  **REQUEST FOR PRODUCTION NO. 61:**

26       All documents prepared for or provided to actual or potential acquirors of LightLogic.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

28       Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

TAYLOR & CO.
LAW OFFICES, LLP

1   further objects to this request on the ground and to the extent this request is overbroad and unduly

2   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

3   reasonably calculated to the discovery of admissible evidence. Verdiell further objects to the

4   extent the request relates to Plaintiff's theory of damages generally. Plaintiff has already had

5   extensive fact discovery relating to damages, including unjust enrichment damages, having

6   received documents from Verdiell in response to his 44 previous document requests and taken two

7   daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

8   intellectual property portfolio. Though that discovery took place after the Court had dismissed the

9   substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

10   relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

11   and his Complaint sought such remedies. Plaintiff's request duplicates the subject matter of these

12   previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

13   Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

14   the right to re-ask questions that he did ask, or was obliged to and could have asked, during

15   remedial discovery in 2003 and 2004.

16   **REQUEST FOR PRODUCTION NO. 62:**

17       All documents relating to potential mergers or acquisitions involving LightLogic.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

19       Verdiell incorporates his general objections as though fully set forth herein. Verdiell

20   further objects to this request on the ground and to the extent this request is overbroad and unduly

21   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

22   reasonably calculated to the discovery of admissible evidence. Verdiell further objects to the

23   extent the request relates to Plaintiff's theory of damages generally. Plaintiff has already had

24   extensive fact discovery relating to damages, including unjust enrichment damages, having

25   received documents from Verdiell in response to his 44 previous document requests and taken two

26   daylong depositions of Intel in early 2004 relating to the valuation of LightLogic and its

27   intellectual property portfolio. Though that discovery took place after the Court had dismissed the

28   substantive unjust enrichment count in Plaintiff's Second Amended Complaint, Plaintiff at all

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1  relevant times retained a potential right to unjust enrichment remedies for fraudulent concealment,

2  and his Complaint sought such remedies.  Plaintiff's request duplicates the subject matter of these

3  previous requests and the subject matter areas specified in his Rule 30(b)(6) deposition notice.

4  Plaintiff does not, by virtue of the reinstatement of his substantive unjust enrichment claim, have

5  the right to re-ask questions that he did ask, or was obliged to and could have asked, during

6  remedial discovery in 2003 and 2004.

7

8  Dated: April 25, 2008                    TAYLOR & COMPANY LAW OFFICES, LLP

9

10                                          By:  _____

11                                               Jayesh Hines-Shah

12                                          Attorneys for Defendants INTEL CORPORATION,
                                            LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1

**PROOF OF SERVICE**

2        At the time of service, I was over 18 years of age and not a party to this action. I am

3    employed in the County of San Francisco, State of California. My business address is One Ferry

4    Building, Suite 355, San Francisco, California 94111.

5        On April 25, 2008, I served true copies of the following document(s) described as

6    **RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO FIFTH REQUEST FOR**

7    **PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF FRANK T. SHUM** on

8    the interested parties in this action as follows:

9    Mr. Alan L. Barry                                    Mr. Harris Zimmerman
     Bell Boyd & Lloyd LLC                                1330 Broadway, Suite 710
10   70 West Madison Street, Suite 3300                   Oakland, CA 94612
     Chicago, IL 60602
11

12   **Counsel for Frank T. Shum**                        **Counsel for Frank T. Shum**

13   Mr. Paul F. Kirsch                                   Mr. e. robert wallach
     Townsend and Townsend and Crew                       P.O. Box 2670
14   Two Embarcadero Center, 8th Floor                    San Francisco, CA 94126-2670
     San Francisco, CA 94111-3834
15

16   **Counsel for Frank T. Shum**                        **Counsel for Frank T. Shum**

17

18   ☒    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
          persons at the addresses listed above and placed the envelope for collection and mailing,
19        following our ordinary business practices. I am readily familiar with Taylor & Company's
          practice for collecting and processing correspondence for mailing. On the same day that
20        the correspondence is placed for collection and mailing, it is deposited in the ordinary
          course of business with the United States Postal Service, in a sealed envelope with postage
21        fully prepaid.

22   ☐    **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax
          numbers listed above. The telephone number of the sending facsimile machine was
23        (415) 788-8208. No error was reported by the fax machine that I used.

24   ☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the
          document(s) to be sent from e-mail address jlim@tcolaw.com to the persons at the e-mail
25        addresses listed above. I did not receive, within a reasonable time after the transmission,
          any electronic message or other indication that the transmission was unsuccessful.

26
     ☐    **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package
27        provided by the overnight service carrier and addressed to the persons at the addresses
          listed above. I placed the envelope or package for collection and overnight delivery at an
28        office or a regularly utilized drop box of the overnight service carrier or delivered such

TAYLOR & CO.
LAW OFFICES, LLP

18.

1    document(s) to a courier or driver authorized by the overnight service carrier to receive
     documents.

2

☐    **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office
3    of·the addressee(s).

4    ☐    **BY MESSENGER SERVICE:** I provided such document(s) to a professional messenger
     service for service. *(A declaration by the messenger must accompany this Proof of Service*
5    *or be contained in the Declaration of Messenger below.)*

6    ☐    **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person being
     at the addresses listed above.  (1) For a party represented by an attorney, delivery was
7    made to the attorney or at the attorney's office by leaving the documents in an envelope or
     package clearly labeled to identify the attorney being served with a receptionist or an
8    individual in charge of the office.  (2) For a party, delivery was made to the party or by
     leaving the documents at the party's residence with some person not less than 18 years of
9    age between the hours of eight in the morning and six in the evening.

10   ☐    **BY PERSONAL SERVICE:** I personally delivered the document(s) directly to the
     person(s) being served.

11

12   I declare under penalty of perjury under the laws of the United States of America that the

13   foregoing is true and correct and that I am employed in the office of a member of the bar of this

     Court at whose direction the service was made.
14

15   Executed on April 25, 2008, at San Francisco, California.

16

17                                                      _____
                                                        Jennifer M. Lim
18

19

20

21

22

23

24

25

26

27

28

19.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S FIFTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

# EXHIBIT I

## CATHERINE A. DUNBAR DECLARATION

1 | STEPHEN E. TAYLOR (SBN 58452)
JAYESH HINES-SHAH (SBN 214256)
2 | NICHOLAS G. CAMPINS (SBN 238022)
TAYLOR & COMPANY LAW OFFICES, LLP
3 | One Ferry Building, Suite 355
San Francisco, California  94111
4 | Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
5 | E-mail: staylor@tcolaw.com
E-mail: jhinesshah@tcolaw.com
6 | E-mail: ncampins@tcolaw.com

7 | RAGESH K. TANGRI (SBN 159477)
KEKER & VAN NEST LLP
8 | 710 Sansome Street
San Francisco, California 94111
9 | Telephone: (415) 391-5400
Facsimile:  (415) 397-7188
10 | E-mail: rtangri@kvn.com

11 | Attorneys for Defendants INTEL
CORPORATION, LIGHTLOGIC, INC.
12 | and JEAN-MARC VERDIELL

13 |

14 | UNITED STATES DISTRICT COURT

15 | NORTHERN DISTRICT OF CALIFORNIA

16 | OAKLAND DIVISION

17 |

18 | FRANK T. SHUM,                        Case No.: C 02-03262 DLJ (EMC)

19 |         Plaintiff,                   **RESPONSE OF DEFENDANT INTEL
                                          CORPORATION TO SIXTH REQUEST
20 | v.                                   FOR PRODUCTION OF DOCUMENTS
                                          PROPOUNDED BY PLAINTIFF FRANK
21 | INTEL CORPORATION, JEAN-MARC         T. SHUM**
VERDIELL and LIGHTLOGIC, INC.,
22 |
         Defendants.
23 |

24 |

25 |

26 |

27 |

28 |

TAYLOR & CO.
LAW OFFICES, LLP

1  PROPOUNDING PARTY:   Plaintiff FRANK T. SHUM

2  RESPONDING PARTY:   Defendant INTEL CORPORATION

3  SET NO.:   Six (6)

4       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Intel Corporation

5  ("Intel"), through its attorneys, Taylor & Company Law Offices, LLP and Keker & Van Nest LLP

6  hereby responds to Plaintiff Frank T. Shum's Sixth Request for Production of Documents, dated

7  April 21, 2008, as follows:

8                    **PRELIMINARY STATEMENT**

9       Nothing herein should be construed as an admission by Intel respecting the admissibility or

10  relevance of any fact or document, or of the truth or accuracy of any characterization or statement

11  of any kind contained in Plaintiff's Sixth Set of Requests For Production of Documents ("Request

12  for Production"). Intel has not completed its investigation of the facts relating to this case or its

13  preparation for trial. All responses and objections contained herein are based only upon such

14  information and such documents as are presently available to and specifically known to Intel. It is

15  anticipated that independent investigation, legal research and analysis will supply additional facts

16  and add meaning to known facts, as well as establish entirely new factual conclusions and legal

17  contentions, all of which may lead to substantial additions to, changes in and variations from the

18  responses set forth herein.

19       The following objections and responses are made without prejudice to Intel's right to

20  produce at trial, or otherwise, evidence regarding any subsequently discovered documents. Intel

21  accordingly reserves the right to modify and amend any and all responses herein as research is

22  completed and contentions are made.

23                **GENERAL OBJECTIONS TO REQUEST FOR PRODUCTION**

24       Plaintiff Frank T. Shum has already had extensive fact discovery relating to damages,

25  including unjust enrichment damages. Intel has already produced documents in response to

26  Plaintiff's 52 document requests propounded in 2003 and 2004, many of which relate to the

27  valuation of LightLogic, Inc. ("LightLogic") and its intellectual property portfolio. In December

28  2003, Plaintiff noticed a Rule 30(b)(6) deposition of Intel concerning the same subject matter.

TAYLOR & CO.
LAW OFFICES, LLP

1.

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1   Intel designated two persons, each of whom appeared for daylong depositions in early 2004 and

2   testified concerning Intel's due diligence analysis, valuation and the eventual acquisition of

3   LightLogic in 2001.

4          Plaintiff's Request for Production primarily concerns a transaction that occurred more than

5   six years after Intel acquired LightLogic.  This transaction is too remote in time and unrelated in

6   subject matter to be relevant to Plaintiff's unjust enrichment cause of action or his purported

7   damages.  In view of the foregoing, Intel generally objects to the Request for Production as

8   follows:

9          A.     The Request for Production, and certain of the requests contained therein,

10  seeks to elicit information that is neither relevant to the cause of action for unjust enrichment, nor

11  reasonably calculated to lead to the discovery of admissible evidence.

12         B.     The Request for Production, and certain of the requests contained therein,

13  seeks to elicit information that Intel already has produced, and is therefore cumulative.

14         C.     The Request for Production, and certain of the requests contained therein, is

15  unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request

16  seeks information pertaining to items and matters that are not relevant to the subject matter of this

17  action, or, if relevant, are so remote therefrom as to make its disclosure of little or no practical

18  benefit to Plaintiff, while placing a wholly unwarranted burden and expense on Intel in locating,

19  reviewing and producing the requested information.

20         D.     The Request for Production, and certain of the requests contained therein, is

21  burdensome and oppressive, in that ascertaining the information necessary to respond thereto, and

22  to produce documents in accordance therewith, would require the review and compilation of

23  information from multiple locations, and voluminous records and files, thereby involving

24  substantial time of Intel's employees and great expense to Intel, whereas the information sought to

25  be obtained by Plaintiff would be of little use or benefit to Plaintiff.

26         E.     The Request for Production, and certain of the requests contained therein, is

27  vague, uncertain and overbroad, being without limitation as to time or specific subject matter.

28         F.     The Request for Production, and certain of the requests contained therein,

2.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1  seeks information at least some of which is protected by the attorney-client privilege, the attorney

2  work-product doctrine, or other applicable federal or state privilege, doctrine or immunity.  Intel

3  will not produce any information or material protected from discovery by those privileges or

4  protections.  In the event that material subject to the attorney-client privilege, the attorney work

5  product doctrine, or any other privilege or protection is inadvertently produced, such inadvertent

6  production shall not be deemed to constitute a waiver of such privilege or doctrine.

7            G.       The Request for Production, and certain of the requests contained therein,

8  seeks information at least some of which is confidential or proprietary, contains trade secrets, or is

9  protected by the patent confidentiality doctrine.  Intel will produce such information or documents

10  only pursuant to the terms of the Protective Order that has been entered in this action.

11           H.       The Request for Production, and certain of the requests contained therein,

12  seeks to have Intel furnish information and identify documents that are protected by

13  confidentiality obligations that are owed to a third party.

14           I.        The Request for Production, and certain of the requests contained therein,

15  purports to impose on Intel obligations or responsibilities in excess of those imposed by the

16  Federal Rules of Civil Procedure, the applicable Local Rules, any other applicable procedural

17  rules, case law, statutes governing the proper scope of discovery, or applicable Court Orders.

18           J.        The Request for Production, and certain of the requests contained therein,

19  calls for documents which are outside the possession, custody or control of Intel.

20           K.       The Request for Production, and certain of the requests contained therein,

21  seeks to have Intel furnish information and identify documents that are a matter of public record

22  and, therefore, are equally available to the propounding party as they are to Intel.

23  Intel incorporates, as though fully set forth therein, these general objections into each of the

24  specific objections and responses set forth below.  Without waiver of the foregoing, Intel further

25  responds as follows:

26  ///

27  ///

28  ///

TAYLOR & CO.
LAW OFFICES, LLP

1   **RESPONSES TO REQUEST FOR PRODUCTION**

2   **REQUEST FOR PRODUCTION NO. 80:**

3        All documents relating to EMCORE's acquisition of "the telecom-related portion of Intel's

4   Optical Platform Division of $85 million" – as announced in Intel's December 18, 2007 news

5   release (attached hereto as Exhibit A) – that reference LightLogic, Jean-Marc Verdiell, Frank

6   Shum, LightLogic's intellectual property and/or this lawsuit.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

8        Intel incorporates its general objections as though fully set forth herein.  Intel further

9   objects to this request on the ground and to the extent this request is overbroad and unduly

10  burdensome.  Intel further objects to this request on the ground and to the extent that it calls for

11  documents that are irrelevant to any matter at issue in this case and not reasonably calculated to

12  lead to the discovery of admissible evidence.  The request concerns a transaction that occurred

13  more than six years after Intel acquired LightLogic, and is simply too remote in time and unrelated

14  in subject matter to be relevant to plaintiff's unjust enrichment cause of action or his purported

15  damages.  The documents setting forth the terms of the transaction do not purport to sell, assign or

16  transfer rights to the patents-in-suit, except to the extent that the buyer was granted a limited, non-

17  exclusive royalty-free license to those patents, and any other patents in Intel's portfolio, to the

18  extent implicated by products acquired by the buyer in the transaction.  Without waiving and

19  subject to the foregoing objections, Intel responds that it will produce documents sufficient to

20  demonstrate that the patents-in-suit were not sold, assigned or transferred to Emcore as part of the

21  above-described transaction.

22

23  **REQUEST FOR PRODUCTION NO. 81:**

24       All documents provided to EMCORE that reference LightLogic, Jean-Marc Verdiell,

25  Frank Shum, LightLogic's intellectual property and/or this lawsuit.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

27       Intel incorporates its general objections as though fully set forth herein.  Intel further

28  objects to this request on the ground and to the extent this request is overbroad and unduly

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1  burdensome.  Intel further objects to this request on the ground and to the extent that it calls for

2  documents that are irrelevant to any matter at issue in this case and not reasonably calculated to

3  lead to the discovery of admissible evidence.  The request concerns a transaction that occurred

4  more than six years after Intel acquired LightLogic, and is simply too remote in time and unrelated

5  in subject matter to be relevant to plaintiff's unjust enrichment cause of action or his purported

6  damages.  Intel further objects to this request on the ground and to the extent the phrase

7  "documents provided to EMCORE" is vague and ambiguous, and potentially encompasses matters

8  unrelated to the transaction referred to in Plaintiff's Request No. 80.  Intel will respond only in the

9  context of the above-described transaction.  Intel further objects to this request on the ground and

10  to the extent that it calls for documents that are irrelevant to any matter at issue in this case and not

11  reasonably calculated to lead to the discovery of admissible evidence.  Without waiving and

12  subject to the foregoing objections, Intel responds that it will produce documents sufficient to

13  demonstrate that the patents-in-suit were not sold, assigned or transferred to Emcore as part of the

14  above-described transaction.

15

16  **REQUEST FOR PRODUCTION NO. 82:**

17       All documents relating to agreements to indemnify or defend, between Intel and

18  EMCORE, that reference this lawsuit, Frank Shum and/or LightLogic's intellectual property.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

20       Intel incorporates its general objections as though fully set forth herein.  Intel further

21  objects to this request on the ground and to the extent this request is overbroad and unduly

22  burdensome.  Intel further objects to this request on the ground and to the extent that it calls for

23  documents that are irrelevant to any matter at issue in this case and not reasonably calculated to

24  lead to the discovery of admissible evidence.  Without waiving and subject to the foregoing

25  objections, Intel responds that no such agreements to indemnify or defend exist.

26  ///

27  ///

28  ///

TAYLOR & CO.
LAW OFFICES, LLP

5.

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1    **REQUEST FOR PRODUCTION NO. 83:**

2         All documents relating to offers, counter-offers or discussions with entities to purchase

3    from Intel the assets formerly owned by LightLogic and/or LightLogic's intellectual property.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

5         Intel incorporates its general objections as though fully set forth herein.  Intel further

6    objects to this request on the ground and to the extent this request is overbroad and unduly

7    burdensome.  Intel further objects to this request on the ground and to the extent this request is

8    overbroad and unduly burdensome.  Intel further objects to this request on the ground and to the

9    extent the terms "assets" and "formerly owned" are vague and ambiguous, as they potentially

10   encompass every asset and piece of equipment once "owned" or "co-owned" by, or otherwise in

11   the control of LightLogic.  Intel further objects to this request on the ground and to the extent that

12   it calls for documents that are irrelevant to any matter at issue in this case and not reasonably

13   calculated to lead to the discovery of admissible evidence.

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

6.

1  **REQUEST FOR PRODUCTION NO. 84:**

2      All documents relating to efforts by Intel or Jean-Marc Verdiell to sell or valuate the assets

3  formerly owned by LightLogic and/or LightLogic's intellectual property.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

5      Intel incorporates its general objections as though fully set forth herein.  Intel further

6  objects to this request on the ground and to the extent this request is overbroad and unduly

7  burdensome.  Intel further objects to this request on the ground and to the extent the terms "assets"

8  and "formerly owned" are vague and ambiguous, as they potentially encompass every asset and

9  piece of equipment once "owned" or "co-owned" by, or otherwise in the control of LightLogic.

10 Intel further objects to this request on the ground and to the extent this request purports to require

11 that Intel respond on behalf of Jean-Marc Verdiell.  Intel will only respond on behalf of itself.

12 Intel further objects to this request on the ground and to the extent that it calls for documents that

13 are irrelevant to any matter at issue in this case and not reasonably calculated to lead to the

14 discovery of admissible evidence.

15

16 Dated: May 21, 2008                    TAYLOR & COMPANY LAW OFFICES, LLP

17

18                                        By: _____

19                                             Jayesh Hines-Shah

20                                        Attorneys for Defendants INTEL CORPORATION,
                                          LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is Taylor & Company Law Offices, LLP ("Taylor & Company") One Ferry Building, Suite 355, San Francisco, California 94111.

On May 21, 2008, I served true copies of the following document(s) described as **RESPONSE OF DEFENDANT INTEL CORPORATION TO SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF FRANK T. SHUM** on the interested parties in this action as follows:

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Taylor & Company's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Mr. Alan L. Barry
Bell Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, IL 60602
**Counsel for Frank T. Shum**

Mr. Harris Zimmerman
1330 Broadway, Suite 710
Oakland, CA 94612
**Counsel for Frank T. Shum**

Mr. e. robert wallach
P.O. Box 2670
San Francisco, CA 94126-2670
**Counsel for Frank T. Shum**

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1    ☒       **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the

2  office of the addressee(s) below.

3    Mr. Paul F. Kirsch
     Townsend and Townsend and Crew
4    Two Embarcadero Center, 8th Floor
     San Francisco, CA  94111-3834
5    **Counsel for Frank T. Shum**

6

7        I declare under penalty of perjury, under the laws of the United States of America, that the

8  foregoing is true and correct, and that I am employed in the office of a member of the bar of this

9  Court at whose direction the service was made.

10       Executed on May 21, 2008, at San Francisco, California.

11

12                                                    _____
                                                              Jennifer M. Lim
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT INTEL CORPORATION TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

# EXHIBIT J

## CATHERINE A. DUNBAR DECLARATION

1   STEPHEN E. TAYLOR (SBN 58452)
    JAYESH HINES-SHAH (SBN 214256)
2   NICHOLAS G. CAMPINS (SBN 238022)
    TAYLOR & COMPANY LAW OFFICES, LLP
3   One Ferry Building, Suite 355
    San Francisco, California  94111
4   Telephone:  (415) 788-8200
    Facsimile:   (415) 788-8208
5   E-mail: staylor@tcolaw.com
    E-mail: jhinesshah@tcolaw.com
6   E-mail: ncampins@tcolaw.com

7   RAGESH K. TANGRI (SBN 159477)
    KEKER & VAN NEST LLP
8   710 Sansome Street
    San Francisco, California 94111
9   Telephone: (415) 391-5400
    Facsimile:   (415) 397-7188
10  E-mail: rtangri@kvn.com

11  Attorneys for Defendants INTEL
    CORPORATION, LIGHTLOGIC, INC.
12  and JEAN-MARC VERDIELL

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          OAKLAND DIVISION

16

17  FRANK T. SHUM,                          Case No.: C 02-03262 DLJ (EMC)

18          Plaintiff,                      **RESPONSE OF DEFENDANT JEAN-
                                            MARC VERDIELL TO SIXTH REQUEST
19  v.                                      FOR PRODUCTION OF DOCUMENTS
                                            PROPOUNDED BY PLAINTIFF FRANK
20  INTEL CORPORATION, JEAN-MARC            T. SHUM**
    VERDIELL and LIGHTLOGIC, INC.,
21
22          Defendants.

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1   PROPOUNDING PARTY:    Plaintiff FRANK T. SHUM

2   RESPONDING PARTY:    Defendant JEAN-MARC VERDIELL

3   SET NO.:       Six (6)

4       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Jean-Marc Verdiell

5   ("Verdiell"), through his attorneys, Taylor & Company Law Offices, LLP and Keker & Van Nest

6   LLP hereby responds to Plaintiff Frank T. Shum's Sixth Requests for Production of Documents,

7   dated April 21, 2008, as follows:

8                    **PRELIMINARY STATEMENT**

9       Nothing herein should be construed as an admission by Verdiell respecting the

10   admissibility or relevance of any fact or document, or of the truth or accuracy of any

11   characterization or statement of any kind contained in Plaintiff's Sixth Set of Requests For

12   Production of Documents ("Request for Production"). Verdiell has not completed his

13   investigation of the facts relating to this case or his preparation for trial. All responses and

14   objections contained herein are based only upon such information and such documents as are

15   presently available to and specifically known to Verdiell. It is anticipated that independent

16   investigation, legal research and analysis will supply additional facts and add meaning to known

17   facts, as well as establish entirely new factual conclusions and legal contentions, all of which may

18   lead to substantial additions to, changes in and variations from the responses set forth herein.

19       The following objections and responses are made without prejudice to Verdiell's right to

20   produce at trial, or otherwise, evidence regarding any subsequently discovered documents.

21   Verdiell accordingly reserves the right to modify and amend any and all responses herein as

22   research is completed and contentions are made.

23         **GENERAL OBJECTIONS TO REQUEST FOR PRODUCTION**

24       Plaintiff Frank T. Shum has already had extensive fact discovery relating to damages,

25   including unjust enrichment damages. Verdiell has already produced documents in response to

26   Plaintiff's 44 document requests propounded in 2003 and 2004, many of which relate to the

27   valuation of LightLogic, Inc. ("LightLogic") and its intellectual property portfolio. In December

28   2003, Plaintiff noticed a Rule 30(b)(6) deposition of defendant Intel Corporation ("Intel")

1   concerning the same subject matter.  Intel designated two persons, each of whom appeared for

2   daylong depositions in early 2004 and testified concerning Intel's due diligence analysis, valuation

3   and the eventual acquisition of LightLogic in 2001.

4        Plaintiff's Request for Production primarily concerns a transaction that occurred more than

5   six years after Intel acquired LightLogic.  This transaction is too remote in time and unrelated in

6   subject matter to be relevant to Plaintiff's unjust enrichment cause of action or his purported

7   damages.  In view of the foregoing, Verdiell generally objects to the Request for Production as

8   follows:

9        A.    The Request for Production, and certain of the requests contained therein,

10   seeks to elicit information that is neither relevant to the cause of action for unjust enrichment, nor

11   reasonably calculated to lead to the discovery of admissible evidence.

12       B.    The Request for Production, and certain of the requests contained therein,

13   seeks to elicit information that Verdiell already has produced, and is therefore cumulative.

14       C.    The Request for Production, and certain of the requests contained therein, is

15   unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request

16   seeks information pertaining to items and matters that are not relevant to the subject matter of this

17   action, or, if relevant, are so remote therefrom as to make its disclosure of little or no practical

18   benefit to Plaintiff, while placing a wholly unwarranted burden and expense on Verdiell in

19   locating, reviewing and producing the requested information.

20       D.    The Request for Production, and certain of the requests contained therein, is

21   burdensome and oppressive, in that ascertaining the information necessary to respond thereto, and

22   to produce documents in accordance therewith, would require the review and compilation of

23   information from multiple locations, and voluminous records and files, thereby involving

24   substantial time great expense to Verdiell, whereas the information sought to be obtained by

25   Plaintiff would be of little use or benefit to Plaintiff.

26       E.    The Request for Production, and certain of the requests contained therein, is

27   vague, uncertain and overbroad, being without limitation as to time or specific subject matter.

28       F.    The Request for Production, and certain of the requests contained therein,

TAYLOR & CO.
LAW OFFICES, LLP

1  seeks information at least some of which is protected by the attorney-client privilege, the attorney

2  work-product doctrine, or other applicable federal or state privilege, doctrine or immunity.

3  Verdiell will not produce any information or material protected from discovery by those privileges

4  or protections.  In the event that material subject to the attorney-client privilege, the attorney work

5  product doctrine, or any other privilege or protection is inadvertently produced, such inadvertent

6  production shall not be deemed to constitute a waiver of such privilege or doctrine.

7              G.      The Request for Production, and certain of the requests contained therein,

8  seeks information at least some of which is confidential or proprietary, contains trade secrets, or is

9  protected by the patent confidentiality doctrine.  Verdiell will produce such information or

10 documents only pursuant to the terms of the Protective Order that has been entered in this action.

11             H.      The Request for Production, and certain of the requests contained therein,

12 seeks to have Verdiell furnish information and identify documents that are protected by

13 confidentiality obligations that are owed to a third party.

14             I.      The Request for Production, and certain of the requests contained therein,

15 purports to impose on Verdiell obligations or responsibilities in excess of those imposed by the

16 Federal Rules of Civil Procedure, the applicable Local Rules, any other applicable procedural

17 rules, case law, statutes governing the proper scope of discovery, or applicable Court Orders.

18             J.      The Request for Production, and certain of the requests contained therein,

19 calls for documents which are outside the possession, custody or control of Verdiell.

20             K.      The Request for Production, and certain of the requests contained therein,

21 seeks to have Verdiell furnish information and identify documents that are a matter of public

22 record and, therefore, are equally available to the propounding party as they are to Verdiell.

23 Verdiell incorporates, as though fully set forth therein, these general objections into each of the

24 specific objections and responses set forth below.  Without waiver of the foregoing, Verdiell

25 further responds as follows:

26 ///

27 ///

28 ///

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 63:**

All documents relating to EMCORE's acquisition of "the telecom-related portion of Intel's Optical Platform Division for $85 million" – as announced in Intel's December 18, 2007 news release (attached hereto as Exhibit A) – that reference you, LightLogic, Frank Shum, LightLogic's intellectual property and/or this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Verdiell incorporates his general objections as though fully set forth herein.  Verdiell further objects to this request on the ground and to the extent this request is overbroad and unduly burdensome and calls for information that is irrelevant to any matter at issue in this case and is not reasonably calculated to the discovery of admissible evidence.  Without waiving and subject to the foregoing objections, Verdiell responds that he has no responsive and non-privileged documents within his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 64:**

All documents provided to EMCORE that reference you, LightLogic, Frank Shum, LightLogic's intellectual property and/or this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Verdiell incorporates his general objections as though fully set forth herein.  Verdiell further objects to this request on the ground and to the extent this request is overbroad and unduly burdensome and calls for information that is irrelevant to any matter at issue in this case and is not reasonably calculated to the discovery of admissible evidence.  Without waiving and subject to the foregoing objections, Verdiell responds that he has no responsive and non-privileged documents within his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 65:**

All documents relating to agreements to indemnify or defend, between Intel and EMCORE, that reference this lawsuit, Frank Shum and/or LightLogic's intellectual property.

4.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

1    <u>**RESPONSES TO REQUEST FOR PRODUCTION**</u>

2    <u>**REQUEST FOR PRODUCTION NO. 63:**</u>

3        All documents relating to EMCORE's acquisition of "the telecom-related portion of Intel's

4    Optical Platform Division for $85 million" – as announced in Intel's December 18, 2007 news

5    release (attached hereto as Exhibit A) – that reference you, LightLogic, Frank Shum, LightLogic's

6    intellectual property and/or this lawsuit.

7    <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**</u>

8        Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

9    further objects to this request on the ground and to the extent this request is overbroad and unduly

10   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

11   reasonably calculated to the discovery of admissible evidence.  Without waiving and subject to the

12   foregoing objections, Verdiell responds that he has no responsive and non-privileged documents

13   within his possession, custody or control.

14

15   <u>**REQUEST FOR PRODUCTION NO. 64:**</u>

16       All documents provided to EMCORE that reference you, LightLogic, Frank Shum,

17   LightLogic's intellectual property and/or this lawsuit.

18   <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**</u>

19       Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

20   further objects to this request on the ground and to the extent this request is overbroad and unduly

21   burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

22   reasonably calculated to the discovery of admissible evidence.  Without waiving and subject to the

23   foregoing objections, Verdiell responds that he has no responsive and non-privileged documents

24   within his possession, custody or control.

25

26   <u>**REQUEST FOR PRODUCTION NO. 65:**</u>

27       All documents relating to agreements to indemnify or defend, between Intel and

28   EMCORE, that reference this lawsuit, Frank Shum and/or LightLogic's intellectual property.

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2       Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

3  further objects to this request on the ground and to the extent this request is overbroad and unduly

4  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

5  reasonably calculated to the discovery of admissible evidence.  Without waiving and subject to the

6  foregoing objections, Verdiell responds that he has no responsive and non-privileged documents

7  within his possession, custody or control.

8

9  **REQUEST FOR PRODUCTION NO. 66:**

10       All documents relating to offers, counter-offers or discussions with entities to purchase

11  from Intel the assets formerly owned by LightLogic and/or LightLogic's intellectual property.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

13       Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

14  further objects to this request on the ground and to the extent this request is overbroad and unduly

15  burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

16  reasonably calculated to the discovery of admissible evidence.  Without waiving and subject to the

17  foregoing objections, Verdiell responds that he has no responsive and non-privileged documents

18  within his possession, custody or control.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

5.

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1    **REQUEST FOR PRODUCTION NO. 67:**

2        All documents relating to efforts by Intel or you to sell or valuate the assets formerly

3 owned by LightLogic and/or LightLogic's intellectual property

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

5        Verdiell incorporates his general objections as though fully set forth herein.  Verdiell

6 further objects to this request on the ground and to the extent this request is overbroad and unduly

7 burdensome and calls for information that is irrelevant to any matter at issue in this case and is not

8 reasonably calculated to the discovery of admissible evidence.  Without waiving and subject to the

9 foregoing objections, Verdiell responds that he has no responsive and non-privileged documents

10 within his possession, custody or control.

11

12 Dated: May 21, 2008            TAYLOR & COMPANY LAW OFFICES, LLP

13

14             By: _____

15                   Jayesh Hines-Shah

            Attorneys for Defendants INTEL CORPORATION,

16             LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS  FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is Taylor & Company Law Offices, LLP ("Taylor & Company") One Ferry Building, Suite 355, San Francisco, California 94111.

On May 21, 2008, I served true copies of the following document(s) described as **RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF FRANK T. SHUM** on the interested parties in this action as follows:

☒   **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed below and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Taylor & Company's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Mr. Alan L. Barry
Bell Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, IL 60602
**Counsel for Frank T. Shum**

Mr. Harris Zimmerman
1330 Broadway, Suite 710
Oakland, CA 94612
**Counsel for Frank T. Shum**

Mr. e. robert wallach
P.O. Box 2670
San Francisco, CA 94126-2670
**Counsel for Frank T. Shum**

TAYLOR & CO.
LAW OFFICES, LLP

RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS: CASE NO.  C 02-03262 DLJ (EMC)

1    ☒    **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the

2    office of the addressee(s) below.

3    Mr. Paul F. Kirsch
     Townsend and Townsend and Crew

4    Two Embarcadero Center, 8th Floor
     San Francisco, CA  94111-3834

5    **Counsel for Frank T. Shum**

6

7        I declare under penalty of perjury, under the laws of the United States of America, that the

8    foregoing is true and correct, and that I am employed in the office of a member of the bar of this

9    Court at whose direction the service was made.

10       Executed on May 21, 2008, at San Francisco, California.

11

12                                                          _____
                                                                 Jennifer M. Lim

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

                                          8.
RESPONSE OF DEFENDANT JEAN-MARC VERDIELL TO PLAINTIFF FRANK T. SHUM'S SIXTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS; CASE NO.  C 02-03262 DLJ (EMC)

# EXHIBIT K

## CATHERINE A. DUNBAR DECLARATION

1  TOWNSEND AND TOWNSEND AND CREW LLP
   MARK T. JANSEN (State Bar No. 114896)
2  PAUL F. KIRSCH (State Bar No. 127446)
   ANGUS M. MacDONALD (State Bar No. 212526)
3  TALI L. ALBAN (State Bar No. 233694)
   Two Embarcadero Center, Eighth Floor
4  San Francisco, California 94111
   Telephone: (415) 576-0200
5  Facsimile: (415) 576-0300
   Email: mtjansen@townsend.com, pkirsch@townsend.com
6         ammacdonald@townsend.com, tlalban@townsend.com

7  Attorneys for Plaintiff FRANK T. SHUM

8

9

10                    UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13  FRANK T. SHUM,                          Case No.   C02-3262 DLJ (EMC)

14              Plaintiff,                   **PLAINTIFF FRANK T. SHUM'S**
                                             **SEVENTH SET OF REQUESTS FOR**
15         v.                                **PRODUCTION TO INTEL**
                                             **CORPORATION (NOS. 85 -88)**
16  INTEL CORPORATION, JEAN-MARC
    VERDIELL, and LIGHTLOGIC, INC.,
17
                Defendants.
18

19

20        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Frank T. Shum

21  ("Shum") requests that defendant Intel Corporation ("Intel") respond to these requests for production

22  of documents within thirty (30) days from the service hereof.  Unless otherwise agreed between the

23  parties, the documents shall be produced to Townsend and Townsend and Crew LLP, Two

24  Embarcadero Center, 8th Floor, San Francisco, California 94111.

25                        **DEFINITIONS AND INSTRUCTIONS**

26        Throughout these requests for production of documents, the following terms shall have the

27  meanings set forth below:

28        1.       "Frank T. Shum" refers to plaintiff, Frank T. Shum.

1   2.   "Intel," "you" or "your" refers to defendant Intel Corporation, its affiliated entities,

2   predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives

3   and attorneys.

4   3.   "LightLogic" refers to defendant LightLogic, Inc., its affiliated entities, predecessors-

5   in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

6   4.   "Jean-Marc Verdiell" refers to defendant, Jean-Marc Verdiell.

7   5.   "Merger Agreement" refers to "Agreement and Plan of Merger, Dated as of March 25,

8   2001, By and Among Intel Corporation, LightLogic, Inc., MYL Acquisition Corporation and Lori

9   Crawford, As Securityholder Representative."

10   6.   "LightLogic's intellectual property" refers to U.S. Patent Nos. 5,977,567, 6,376,268,

11   6,207,950, 6,227,724, 6,586,726, 6,585,427 and/or 6,252,726 as well as the technology disclosed

12   therein.

13   7.   "This lawsuit" refers to the present action – captioned *Shum v. Intel Corp.*, Case No.

14   C02-3262 DLJ (EMC), N.D. Cal. – and includes the state court action filed by Frank Shum that was

15   removed to federal court.

16   8.   The term "communication" means every manner or method of disclosure or transfer or

17   exchange of information, whether orally, electronically, or by document, and whether face-to-face, by

18   telephone, mail, facsimile, electronic mail, videoconference, or internet communications.

19   9.   The terms "refers or relates" and "refer or relate" shall mean refer, concern, summarize,

20   demonstrate, constitute, evidence, reflect, contain, study, analyze, consider, explain, mention, show,

21   discuss, describe or comment upon.

22   10.   "Relating to" means concerning, referring to, summarizing, reflecting, constituting,

23   containing, embodying, pertaining to, involved with, mentioning, discussing, constituting of,

24   comprising, showing, commenting upon, evidencing, describing or otherwise relating to the subject

25   matter.

26   11.   "Person" includes natural persons as well as corporations, partnerships, proprietorships

27   and unincorporated associations.

28   12.   The term "document" or "documents" is used in its customarily broad sense within the

1   context of the Federal Rules of Civil Procedure and includes all documents as defined in Fed. R. Civ.

2   P. 34 and, without limitation, each original, or a copy or microfilm in the absence of the original, and

3   every copy bearing notes or markings not present on the original or copy, letters, memoranda, drafts,

4   notes, notebooks, translations, data compilations, reports, e-mails, computer disks, publications,

5   computer printouts, charts, photographs, and other data compilations from which information can be

6   obtained or translated, if necessary, by Shum through detection devices into a reasonably usable form.

7   The term "document" or "documents" also refers to any tangible object such as, but not limited to,

8   prototypes, models and specimens.

9       13.    If Intel finds the meaning of any term in these Requests for Production to be unclear,

10  Intel should assume a reasonable meaning, state what that assumed meaning is and respond to the

11  request on the basis of that assumed meaning.

12      14.    If Intel contends that any document which would otherwise have been identified in

13  response to any request may be withheld on the ground that it is privileged under the attorney-client

14  privilege, the work-product doctrine, or any other basis, then each such document shall be fully

15  identified in writing, except that the substance of it need not be described to the extent that it is

16  claimed to be privileged.

17      15.    To "identify" a communication or document shall mean:

18          a.    The date of the communication or document;

19          b.    The name(s) and title(s) of the author or authors of the document or the person

20               or persons who participated in the communication;

21          c.    The addressee or addressees of the document;

22          d.    The title of the document;

23          e.    The number of pages of the document; and

24          f.    The substance of the communication or document, except to the extent that you

25               claim it is privileged.

26      16.    A request to "identify" or "state the identity of" a "person":

27          a.    when used with respect to a natural person means to state his or her full name,

28               present or last known address (specify which) and, where applicable, present or

1          last known employer or address thereof, and present or last known job, position

2          or title of that individual.

3      b.   when used with respect to an entity or any other person means to state the full

4          name thereof, present or last known address (specify which), date, state and

5          county of organization, the name under which it was organized and the name of

6          the chief executive officer or person holding a comparable position.

7   17.   If you contend that any document which would otherwise have been produced in

8   response to any request may be withheld on the ground that it is privileged under the attorney-client

9   privilege, the work-product doctrine, or any other basis, then each such document shall be fully

10  identified in writing, except that the substance of it need not be described to the extent that it is

11  claimed to be privileged.

12  18.   To "identify" a communication or document claimed to be privileged shall mean to

13  state:

14      a.   The date of the communication or document;

15      b.   The name(s) and title(s) of the author or authors of the document or the person

16          or persons who participated in the communication;

17      c.   The addressee or addressees of the document;

18      d.   The title of the document;

19      e.   The number of pages of the document; and

20      f.   The substance of the communication or document, except to the extent that you

21          claim it is privileged.

22                          **REQUESTS FOR PRODUCTION**

23  **REQUEST FOR PRODUCTION NO. 85:**

24      All "Share Release Agreements" as referenced in the Merger Agreement.

25  **REQUEST FOR PRODUCTION NO. 86:**

26      All documents relating to the "Share Release Agreements" as referenced in the Merger

27  Agreement.

28  **REQUEST FOR PRODUCTION NO. 87:**

1    All documents showing the total consideration Jean-Marc Verdiell received from the merger

2    between Intel and LightLogic – including the amount of shares of Intel that Mr. Verdiell received, the

3    value of those shares, and any other consideration received by Mr. Verdiell as part of the

4    Intel/LightLogic merger.

5    **REQUEST FOR PRODUCTION NO. 88:**

6    All documents relating to agreements to indemnify or defend – between Intel on one hand, and

7    Jean-Marc Verdiell or LightLogic on the other hand – that reference this lawsuit, Frank Shum,

8    LightLogic and/or LightLogic's intellectual property.

9

10   DATED:  June 16, 2008                   Respectfully submitted,

11                                           TOWNSEND AND TOWNSEND AND CREW LLP

12                                           By: _____

13                                               MARK T. JANSEN
                                                 PAUL F. KIRSCH
14                                               ANGUS M. MacDONALD
                                                 TALI L. ALBAN

15                                           Attorneys for Plaintiff FRANK T. SHUM

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111.  On the date set forth below, I served a true and accurate copy of the document(s) entitled:

**PLAINTIFF FRANK T. SHUM'S SEVENTH SET OF REQUESTS
FOR PRODUCTION TO INTEL CORPORATION (NOS. 85 - 88)**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

| | |
|---|---|
| Stephen E. Taylor | Ragesh K. Tangri |
| Jessica L. Grant | Steven K. Taylor |
| Nicholas G. Campins | Quyen L. Ta |
| Stephen McG. Bundy | Keker & Van Nest LLP |
| Taylor & Company Law Offices, LLP | 710 Sansome Street |
| One Ferry Building, Suite 355 | San Francisco, CA  94111 |
| San Francisco, CA  94111 | Tel:    415-788-8200 |
| Tel:    415-391-5400 | Fax:    415-397-7188 |
| Fax:    415-788-8208 | Email: rtangri@kvn.com |
| Email: staylor@tcolaw.com | staylor@kvn.com |
| jgrant@tcolaw.com | qta@kvn.com |
| ncampins@tcolaw.com | |
| sbundy@tcolaw.com | |

*Attorneys for Intel Corporation, Jean-Marc Verdiell, and Lightlogic, Inc.*   *Attorneys for Intel Corporation, Jean-Marc Verdiell, and Lightlogic, Inc.*

☐    [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service.  On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐    [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☒    [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐    [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☐    [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated:  June 16, 2008.                                       *Diane G. Sunnen*
                                                                        Diane G. Sunnen

61387096 v1

CERTIFICATE OF SERVICE
CASE NO.C02-3262 DLJ (EMC)