# E<span>XHIBIT</span> L

## C<span>ATHERINE</span> A. D<span>UNBAR</span> D<span>ECLARATION</span>

TOWNSEND AND TOWNSEND AND CREW LLP
MARK T. JANSEN (State Bar No. 114896)
PAUL F. KIRSCH (State Bar No. 127446)
ANGUS M. MacDONALD (State Bar No. 212526)
TALI L. ALBAN (State Bar No. 233694)
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email: mtjansen@townsend.com, pkirsch@townsend.com
        ammacdonald@townsend.com, tlalban@townsend.com

Attorneys for Plaintiff FRANK T. SHUM

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>            Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION, JEAN-MARC<br>VERDIELL, and LIGHTLOGIC, INC.,<br><br>            Defendants. | Case No.    C02-3262 DLJ (EMC)<br><br>**PLAINTIFF FRANK T. SHUM'S<br>SEVENTH SET OF REQUESTS FOR<br>PRODUCTION TO JEAN-MARC<br>VERDIELL (NOS. 68 - 71)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Frank T. Shum

("Shum") requests that defendant Jean-Marc Verdiell ("Verdiell") respond to these requests for

production of documents within thirty (30) days from the service hereof.  Unless otherwise agreed

between the parties, the documents shall be produced to Townsend and Townsend and Crew LLP,

Two Embarcadero Center, 8th Floor, San Francisco, California  94111.

## DEFINITIONS AND INSTRUCTIONS

Throughout these requests for production of documents, the following terms shall have the

meanings set forth below:

1.    "Frank T. Shum" refers to plaintiff, Frank T. Shum.

1        2.     "Intel" refers to defendant Intel Corporation, its affiliated entities, predecessors-in-

2    interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

3        3.     "LightLogic" refers to defendant LightLogic, Inc., its affiliated entities, predecessors-

4    in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

5        4.     "You," "your" or "Jean-Marc Verdiell" refers to defendant, Jean-Marc Verdiell.

6        5.     "Merger Agreement" refers to "Agreement and Plan of Merger, Dated as of March 25,

7    2001, By and Among Intel Corporation, LightLogic, Inc., MYL Acquisition Corporation and Lori

8    Crawford, As Securityholder Representative."

9        6.     "LightLogic's intellectual property" refers to U.S. Patent Nos. 5,977,567, 6,376,268,

10   6,207,950, 6,227,724, 6,586,726, 6,585,427 and/or 6,252,726 as well as the technology disclosed

11   therein.

12       7.     "This lawsuit" refers to the present action – captioned *Shum v. Intel Corp.*, Case No.

13   C02-3262 DLJ (EMC), N.D. Cal. – and includes the state court action filed by Frank Shum that was

14   removed to federal court.

15       8.     The term "communication" means every manner or method of disclosure or transfer or

16   exchange of information, whether orally, electronically, or by document, and whether face-to-face, by

17   telephone, mail, facsimile, electronic mail, videoconference, or internet communications.

18       9.     The terms "refers or relates" and "refer or relate" shall mean refer, concern, summarize,

19   demonstrate, constitute, evidence, reflect, contain, study, analyze, consider, explain, mention, show,

20   discuss, describe or comment upon.

21       10.    "Relating to" means concerning, referring to, summarizing, reflecting, constituting,

22   containing, embodying, pertaining to, involved with, mentioning, discussing, constituting of,

23   comprising, showing, commenting upon, evidencing, describing or otherwise relating to the subject

24   matter.

25       11.    "Person" includes natural persons as well as corporations, partnerships, proprietorships

26   and unincorporated associations.

27       12.    The term "document" or "documents" is used in its customarily broad sense within the

28   context of the Federal Rules of Civil Procedure and includes all documents as defined in Fed. R. Civ.

1  P. 34 and, without limitation, each original, or a copy or microfilm in the absence of the original, and

2  every copy bearing notes or markings not present on the original or copy, letters, memoranda, drafts,

3  notes, notebooks, translations, data compilations, reports, e-mails, computer disks, publications,

4  computer printouts, charts, photographs, and other data compilations from which information can be

5  obtained or translated, if necessary, by Shum through detection devices into a reasonably usable form.

6  The term "document" or "documents" also refers to any tangible object such as, but not limited to,

7  prototypes, models and specimens.

8       13.    If Intel finds the meaning of any term in these Requests for Production to be unclear,

9  Intel should assume a reasonable meaning, state what that assumed meaning is and respond to the

10  request on the basis of that assumed meaning.

11       14.    If Intel contends that any document which would otherwise have been identified in

12  response to any request may be withheld on the ground that it is privileged under the attorney-client

13  privilege, the work-product doctrine, or any other basis, then each such document shall be fully

14  identified in writing, except that the substance of it need not be described to the extent that it is

15  claimed to be privileged.

16       15.    To "identify" a communication or document shall mean:

17            a.    The date of the communication or document;

18            b.    The name(s) and title(s) of the author or authors of the document or the person

19                or persons who participated in the communication;

20            c.    The addressee or addressees of the document;

21            d.    The title of the document;

22            e.    The number of pages of the document; and

23            f.    The substance of the communication or document, except to the extent that you

24                claim it is privileged.

25       16.    A request to "identify" or "state the identity of" a "person":

26            a.    when used with respect to a natural person means to state his or her full name,

27                present or last known address (specify which) and, where applicable, present or

28                last known employer or address thereof, and present or last known job, position

1                   or title of that individual.

2           b.      when used with respect to an entity or any other person means to state the full

3                   name thereof, present or last known address (specify which), date, state and

4                   county of organization, the name under which it was organized and the name of

5                   the chief executive officer or person holding a comparable position.

6       17.      If you contend that any document which would otherwise have been produced in

7 response to any request may be withheld on the ground that it is privileged under the attorney-client

8 privilege, the work-product doctrine, or any other basis, then each such document shall be fully

9 identified in writing, except that the substance of it need not be described to the extent that it is

10 claimed to be privileged.

11       18.      To "identify" a communication or document claimed to be privileged shall mean to

12 state:

13           a.      The date of the communication or document;

14           b.      The name(s) and title(s) of the author or authors of the document or the person

15                   or persons who participated in the communication;

16           c.      The addressee or addressees of the document;

17           d.      The title of the document;

18           e.      The number of pages of the document; and

19           f.      The substance of the communication or document, except to the extent that you

20                   claim it is privileged.

21                         **REQUESTS FOR PRODUCTION**

22 **REQUEST FOR PRODUCTION NO. 68:**

23      All "Share Release Agreements" as referenced in the Merger Agreement.

24 **REQUEST FOR PRODUCTION NO. 69:**

25      All documents relating to the "Share Release Agreements" as referenced in the Merger

26 Agreement.

27 **REQUEST FOR PRODUCTION NO. 70:**

28      All documents showing the total consideration you received from the merger between Intel and

1  LightLogic – including the amount of shares of Intel that you received, the value of those shares, and

2  any other consideration received by you as part of the Intel/LightLogic merger.

3  **REQUEST FOR PRODUCTION NO. 71:**

4        All documents relating to agreements to indemnify or defend – between Intel on one hand, and

5  you or LightLogic on the other hand – that reference this lawsuit, Frank Shum, LightLogic and/or

6  LightLogic's intellectual property.

7

8  DATED:  June 16, 2008            Respectfully submitted,

                                       TOWNSEND AND TOWNSEND AND CREW LLP

9

10                                        By:

11                                            MARK T. JANSEN

                                        PAUL F. KIRSCH

12                                          ANGUS M. MacDONALD

                                        TALI L. ALBAN

13                                      Attorneys for Plaintiff FRANK T. SHUM

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

2

3     I declare that I am employed in the City and County of San Francisco, California; I am over
the age of 18 years and not a party to the within action; my business address is Two Embarcadero
Center, Eighth Floor, San Francisco, California, 94111.  On the date set forth below, I served a true
4     and accurate copy of the document(s) entitled:

5     **PLAINTIFF FRANK T. SHUM'S SIXTH SEVENTH OF**
**REQUESTS FOR PRODUCTION TO JEAN-MARC VERDIELL (NOS. 68 -71)**

6

7     on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as
follows:

8     Stephen E. Taylor                          Ragesh K. Tangri
Jessica L. Grant                           Steven K. Taylor
9     Nicholas G. Campins                        Quyen L. Ta
Stephen McG. Bundy                         Keker & Van Nest LLP
10    Taylor & Company Law Offices, LLP          710 Sansome Street
One Ferry Building, Suite 355              San Francisco, CA  94111
11    San Francisco, CA  94111                   Tel:   415-788-8200
Tel:   415-391-5400                        Fax:   415-397-7188
12    Fax:   415-788-8208                        Email: rtangri@kvn.com
Email: staylor@tcolaw.com                         staylor@kvn.com
13           jgrant@tcolaw.com                          qta@kvn.com
ncampins@tcolaw.com
14           sbundy@tcolaw.com

15    *Attorneys for Intel Corporation, Jean-Marc*       *Attorneys for Intel Corporation, Jean-Marc*
*Verdiell, and Lightlogic, Inc.*                   *Verdiell, and Lightlogic, Inc.*

16    ☐     [By First Class Mail]  I am readily familiar with my employer's practice for collecting
and processing documents for mailing with the United States Postal Service.  On the date listed herein,
17    following ordinary business practice, I served the within document(s) at my place of business, by
placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for
18    collection and mailing with the United States Postal Service where it would be deposited with the
United States Postal Service that same day in the ordinary course of business.

19
☐     [By Overnight Courier]  I caused each envelope to be delivered by a commercial carrier
20    service for overnight delivery to the offices of the addressee(s).

21    ☒     [By Hand]  I directed each envelope to the party(ies) so designated on the service list to
be delivered by courier this date.

22
☐     [By Facsimile Transmission]  I caused said document to be sent by facsimile
23    transmission to the fax number indicated for the party(ies) listed above.

24    ☐     [By Electronic Transmission]  I caused said document to be sent by electronic
transmission to the e-mail address(es) indicated for the party(ies) listed above.

25
I declare under penalty of perjury that the foregoing is true and correct and that this declaration
26    was executed this date at San Francisco, California.

27    Dated:  June 16, 2008.                     _Diane Sunnen_
                                              Diane G. Sunnen

28    61387101 v1

CERTIFICATE OF SERVICE
CASE NO.C02-3262 DLJ (EMC)

# EXHIBIT M

## CATHERINE A. DUNBAR DECLARATION

1 | e. robert (bob) wallach (Bar No. 29078)
Lawyer-Counselor
2 | Law offices of e. robert (bob) wallach, P.C.
P.O. Box 2670
3 | San Francisco, CA 94126-2670
Telephone: (415) 989-6445
4 | Facsimile: (415) 989-3802

5 | Jeffrey W. Shopoff (Bar No. 46278)
Gregory S. Cavallo (Bar No. 173270)
6 | SHOPOFF & CAVALLO LLP
353 Sacramento Street, Suite 1040
7 | San Francisco, CA 94111
Telephone: (415) 984-1975
8 | Facsimile: (415) 984-1978

9 | Attorneys for Plaintiff FRANK T. SHUM

10

11 | UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | OAKLAND DIVISION

14

15 | FRANK T. SHUM,                                  ) CASE NO.: C 02-3262 (DLJ)

16 |          Plaintiff,                            )
                                                    )
17 | v.                                             )
     INTEL CORPORATION, JEAN-MARC                   ) **NOTICE OF DEPOSITION OF INTEL**
18 | VERDIELL, LIGHTLOGIC, INC., LUMEN              ) **CORPORATION (FRCP 30(b)(6))**
     INTELLECTUAL PROPERTY SERVICES,                )
19 | INC., and MAREK ALBOSZTA,                      )
                                                    )
20 |          Defendants.                           )
                                                    )
21 | _____            )
                                                    )
22 | JEAN-MARC VERDIELL,                            )
                                                    )
23 |          Counterclaimant,                      )
                                                    )
24 | v.                                             )
                                                    )
25 | FRANK T. SHUM,                                 )
                                                    )
26 |          Counterdefendant.                     )
                                                    )
27 | _____            )

28 | TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

1

1       PLEASE TAKE NOTICE that at 9:30 a.m. on January 20, 2004, at the offices of Taylor &

2    Co., 1050 Marina Village Parkway, Suite 101, Alameda, CA 94501, Intel Corporation is hereby

3    requested, pursuant to FRCP 30(b)(6), to designate and produce a person or persons to testify on

4    behalf of Intel Corporation on the following matters:

5       1.      The substance of presentations made to the Intel Board of Directors about

6    the purchase of LightLogic, Inc.

7       2.      Offers (informal and formal) for the purchase of LightLogic, Inc. by entities

8    other than Intel.

9       3.      Intel's valuation of LightLogic, Inc. at the time of Intel's merger/acquisition

10   of LightLogic, Inc.

11      4.      The valuation of LightLogic, Inc.'s patent rights at the time of Intel's

12   merger/acquisition of LightLogic, Inc.

13      The deposition will be taken before a notary public authorized to administer oaths and before

14   a certified shorthand reporter or other person authorized to record testimony, and will continue from

15   day to day, excepting Saturdays, Sundays, and holidays, until completed.

16

17   Dated:  December 18, 2003                   LAW OFFICES OF e. robert (bob) wallach, P.C.

18                                              SHOPOFF & CAVALLO LLP

19

20                                              By

21                                                 Gregory S. Cavallo
                                                One of the Attorneys for Plaintiff and
22                                              Counterdefendant FRANK T. SHUM

23

24

25

26

27

28

2

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the city and county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 353 Sacramento Street, Suite 1040, San Francisco, California 94111.

On December 18, 2003, I served the document described as **NOTICE OF DEPOSITION OF INTEL CORPORATION** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Stephen E. Taylor
Jan J. Klohonatz
Charles G. McKeag
Taylor & Co. Law Offices
1050 Marina Village Pkwy., Suite 101
Alameda, CA 94501
Telephone:  510-865-9401
Facsimile:   510-865-9408

Frear Stephen Schmid
Law Offices of Gary A. Angel
177 Post Street, 8th Floor
San Francisco, CA 94108
Telephone: 415-788-5935
Facsimile: 415-788-5958

[ ]    (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    (BY FAX) At _____ .m., I transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (415) 398-5584 or (415) 956-6763 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

[ ]    (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the offices of the addressee.

[ ]    (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on December 18, 2003, at San Francisco, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Cynthia McIver

# EXHIBIT N

## CATHERINE A. DUNBAR DECLARATION

1   TOWNSEND AND TOWNSEND AND CREW LLP
    MARK T. JANSEN (State Bar No. 114896)
2   PAUL F. KIRSCH (State Bar No. 127446)
    ANGUS M. MacDONALD (State Bar No. 212526)
3   TALI L. ALBAN (State Bar No. 233694)
    Two Embarcadero Center, Eighth Floor
4   San Francisco, California 94111
    Telephone: (415) 576-0200
5   Facsimile: (415) 576-0300
    Email: mtjansen@townsend.com, pkirsch@townsend.com
6           ammacdonald@townsend.com, tlalban@townsend.com

7   Attorneys for Plaintiff FRANK T. SHUM

8

9

10                  UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

13  FRANK T. SHUM,                      Case No. C02-3262 DLJ (EMC)

14              Plaintiff,              **PLAINTIFF FRANK T. SHUM'S**
                                        **NOTICE OF SUBPOENA FOR**
15       v.                             **DOCUMENTS AND DEPOSITION**
                                        **OF ERNST & YOUNG LLP**
16  INTEL CORPORATION, JEAN-MARC
    VERDIELL, and LIGHTLOGIC, INC.,
17
                Defendants.
18

19

20          PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, Plaintiff Frank T. Shum

21  ("Shum") has served the attached subpoena for deposition and inspection and copying of documents

22  on Ernst & Young LLP. The documents are requested to be produced on July 11, 2008, at the offices

23  of U.S. Legal Support, One Penn Plaza, 34th Street, Suite 1410, New York, NY 10119.

24          The deposition will take place on July 18, 2008, at 9:00 a.m., at the offices of U.S. Legal, One

25  Penn Plaza, 34th Street, Suite 1410, New York, NY 10119, upon oral examination pursuant to the

26  Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and

27  record testimony. The testimony will be recorded by stenographic means, including the use of

28  interactive real time transcription (i.e., Live Notes) and may be videotaped. The deposition will

1   continue from day to day if necessary until completed or adjourned.

2       A copy of the subpoena and Attachments A and B are attached hereto and served herewith.

3   DATED:  June 10, 2008        Respectfully submitted,

4                    TOWNSEND AND TOWNSEND AND CREW LLP

6                    By: _____

7                     MARK T. JANSEN
                      PAUL F. KIRSCH

8                     ANGUS M. MACDONALD
                      TALI L. ALBAN

9                    Attorneys for Plaintiff FRANK T. SHUM

PLAINTIFF FRANK T. SHUM'S NOTICE OF SUBPOENA FOR DOCUMENTS AND DEPOSITION OF ERNST & YOUNG LLP
CASE NO.C02-3262 DLJ (EMC)

2

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Frank T. Shum,

    Plaintiff,

      v.

Intel Corporation, Jean-Marc Verdiell, and LightLogic, Inc.,

    Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C02-3262 DLJ (EMC)
(Pending in the Northern District of California)

TO: The Person Most Knowledgeable
Ernst & Young LLP
Five Times Square, 14th Fl.
New York, NY 10036-6527

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the following topics:
Please see Attachment "B."

| PLACE OF DEPOSITION<br>US Legal, One Penn Plaza, 34th Street, Suite 1410, NY 10119, Tel. 212-227-9490 | DATE AND TIME<br>July 18, 2008<br>9:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents as listed in Attachment "A."

| PLACE<br>FedEx to Townsend and Townsend and Crew LLP, Two Embarcadero Center, 8th Floor, San Francisco, CA 94111, or US Legal, One Penn Plaza, 34th Street, Suite 1410, NY 10119, Tel. 212-227-9490 | DATE AND TIME<br>July 11, 2008<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_Mark Jansen_ ,Attorneys for Plaintiff FRANK T. SHUM | DATE<br>June 9, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark T. Jansen (SBN 114896)/Paul F. Kirsch (SBN 127446)/Angus M. MacDonald (SBN 212526)/Tali L. Alban (SBN 233694)
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor, San Francisco, CA 94111       Telephone: (415) 576-0200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT "A"

I.   **DEFINITIONS**

1.     The term "document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and includes, without limitation, any written, recorded, or graphic matter, however produced or reproduced, including correspondence, e-mails and/or documents which are maintained in electronic format, telegrams, memoranda, reports, notes, interoffice communications, inter-company communications, letters, agreements, invoices, shipping papers, charts, purchase orders, photographs, sketches, models, drawings, promotional material, technical manuals, technical drawings, laboratory notebooks, printed publications, computer inputs or outputs in any medium, accounting records, and all other writings.  A copy of a document with additions or deletions is a separate document.

2.     The terms "you" or "your" refer to Ernst & Young, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

3.     The term "LightLogic" means LightLogic, Inc. or Luminis.

4.     The term "LightLogic's Intellectual Property" refers to all technology purportedly owned, developed, produced, assigned to or by, sold to or by, or which was in any other way under the control of LightLogic, including, but not limited to, United States Patent Nos. 5,977,567, 6,376,268, 6,207,950, 6,227,724, 6,586,726, 6,585,427, and 6,252,726, including the applications resulting in the Patents and any reissue or reexamination of those Patents.

5.     The term "Radiance Design, Inc." means the company incorporated in April 1997, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

6.     The term "Intel" refers to defendant Intel Corporation, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

7.      The term "LightLogic transaction" refers to Intel's acquisition of LightLogic, which was completed in April, 2001.

8.      The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally, electronically, or by document, and whether face-to-face, by telephone, mail, facsimile, electronic mail, videoconference, or internet communications.

9.      The terms "refer" or "relate" shall mean refer, concern, summarize, demonstrate, constitute, evidence, reflect, contain, study, analyze, consider, explain, mention, show, discuss, describe or comment upon.

10.      The term "relating to" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, constituting of, comprising, showing, commenting upon, evidencing, describing or otherwise relating to the subject matter.

11.      The terms "and" "or" and "and/or" should be construed in the conjunctive or disjunctive, whichever makes the Request more inclusive.  The use of the singular form should be deemed to include the plural and vice versa.

## II.    DOCUMENT REQUESTS

1.      All communications with Intel concerning LightLogic, any LightLogic assets, including LightLogic intellectual property, the LightLogic transaction, or accounting for LightLogic.

2.      All documents, including but not limited to reports and memoranda relating to any analysis or accounting done by you of LightLogic or of any LightLogic assets.

3.      All documents relating to any audits, financial reports or analyses performed by you for LightLogic.

4.      All valuations performed by you of LightLogic and/or LightLogic's intellectual property.

5. All documents, whether prepared by you, Intel, LightLogic, or a third-party, relating to the LightLogic transaction, including but not limited to correspondence, due diligence analyses, projections, reports or memoranda.

6. All documents relating to Intel's accounting, financial analyses and/or reporting of the LightLogic transaction.

7. All documents, including but not limited to reports and memoranda relating to the allocation of the purchase price paid by Intel for LightLogic, or to the value or accounting for any parts, components or assets of LightLogic.

8. All documents, including but not limited to reports and memoranda, relating to the past, future or present depreciation of any LightLogic assets.

9. All documents relating to allocation of the purchase price of LightLogic for financial accounting purposes.

10. All documents relating to allocation of the purchase price of LightLogic for tax purposes.

11. All documents relating to the $9 million amount listed under "Identified intangibles" of LightLogic, as referred to in Intel's 10-K statement for fiscal year 2002, including but not limited to reports and memoranda, and any documents relating to the derivation of or accounting for this $9 million amount.

12. All documents relating to the $46 million amount listed under "Purchased in-process research and development" of LightLogic, as referred to in Intel's 10-K statement for fiscal year 2002, including but not limited to reports and memoranda, and any documents relating to the derivation of accounting for this $46 million amount.

13. All documents relating to the $295 million amount listed under "Goodwill" of LightLogic, as referred to in Intel's 10-K statement for fiscal year 2002, including but not limited to reports and memoranda, and any documents relating to the derivation of or accounting for this $295 million amount.

14. All documents relating to any analysis and/or itemization of assets acquired through the LightLogic transaction.

15.    All Intel board of director meeting minutes, board handouts, presentations or materials relating to the LightLogic transaction.

16.    All documents prepared by or for financial advisors, LightLogic or Intel relating to the LightLogic transaction, or tax issues relating to the LightLogic transaction.

17.    Any fairness opinions, and all documents reviewed or prepared in connection with any fairness opinions relating to the LightLogic transaction.

18.    All documents relating to amortization and/or depreciation of assets acquired through the LightLogic transaction.

19.    All documents relating to Intel's "quarterly review of its identified intangible assets" – as referenced in Intel's 10-K statements – relating to "identified intangible assets" acquired through the LightLogic transaction.

20.    All documents relating to due diligence or underwriting efforts related to the LightLogic transaction.

21.    All documents, relating to any sale by Intel of any LightLogic assets, including LightLogic intellectual property.

22.    All documents that refer or relate to Radiance Design, Inc., including but not limited to all correspondence and materials received from Radiance Design, Inc., Frank T. Shum, Jean-Marc Verdiell, or any other representative of Radiance Design, Inc.

23.    All documents that refer or relate to aCADian Technologies, including, but not limited to, all materials received from or sent to aCADian Technologies, Jean-Marc Verdiell, or any other representative of aCADian Technologies, due diligence materials, technical valuations and financial valuations of aCADian Technologies.

24.    All documents that refer or relate to Jean-Marc Verdiell.

25.    All documents that refer or relate to Frank T. Shum.

26.    All documents that refer or relate to the rights of Frank T. Shum or Radiance Design, Inc., in LightLogic's Intellectual Property.

## ATTACHMENT "B"

### I.     DEFINITIONS

1.      The term "document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and includes, without limitation, any written, recorded, or graphic matter, however produced or reproduced, including correspondence, e-mails and/or documents which are maintained in electronic format, telegrams, memoranda, reports, notes, interoffice communications, inter-company communications, letters, agreements, invoices, shipping papers, charts, purchase orders, photographs, sketches, models, drawings, promotional material, technical manuals, technical drawings, laboratory notebooks, printed publications, computer inputs or outputs in any medium, accounting records, and all other writings.  A copy of a document with additions or deletions is a separate document.

2.      The terms "you" or "your" refer to Ernst & Young, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

3.      The term "LightLogic" means LightLogic, Inc. or Luminis.

4.      The term "LightLogic's Intellectual Property" refers to all technology purportedly owned, developed, produced, assigned to or by, sold to or by, or which was in any other way under the control of LightLogic, including, but not limited to, United States Patent Nos. 5,977,567, 6,376,268, 6,207,950, 6,227,724, 6,586,726, 6,585,427, and 6,252,726, including the applications resulting in the Patents and any reissue or reexamination of those Patents.

5.      The term "Radiance Design, Inc." means the company incorporated in April 1997, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

6.      The term "Intel" refers to defendant Intel Corporation, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

7.      The term "LightLogic transaction" refers to Intel's acquisition of LightLogic, which was completed in April, 2001.

8.      The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally, electronically, or by document, and whether face-to-face, by telephone, mail, facsimile, electronic mail, videoconference, or internet communications.

9.      The terms "refer" or "relate" shall mean refer, concern, summarize, demonstrate, constitute, evidence, reflect, contain, study, analyze, consider, explain, mention, show, discuss, describe or comment upon.

10.     The term "relating to" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, constituting of, comprising, showing, commenting upon, evidencing, describing or otherwise relating to the subject matter.

11.     The terms "and" "or" and "and/or" should be construed in the conjunctive or disjunctive, whichever makes the Request more inclusive.  The use of the singular form should be deemed to include the plural and vice versa.

## II.    MATTERS ON WHICH EXAMINATION IS REQUESTED (FRCP 30(b)(6))

1.      Shum Seeks to depose the Person Most Knowledgeable on all topics related to the documents requested in Attachment "A," including but not limited to the custodian(s) and person(s) who can authenticate the documents requested and to be produced.

61392682 v1

**CERTIFICATE OF SERVICE**
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111. On the date set forth below, I served a true and accurate copy of the document(s) entitled:

**PLAINTIFF FRANK T. SHUM'S NOTICE OF SUBPOENA FOR DOCUMENTS AND DEPOSITION OF ERNST & YOUNG LLP**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

Stephen E. Taylor
Jessica L. Grant
Jayesh Hines-Shah
Nicholas G. Campins
Stephen McG. Bundy
Taylor & Company Law Offices, LLP
One Ferry Building, Suite 355
San Francisco, CA 94111
Tel:   415-391-5400
Fax:   415-788-8208
Email: staylor@tcolaw.com
       jgrant@tcolaw.com
       jhinesshah@tcolaw.com
       ncampins@tcolaw.com
       sbundy@tcolaw.com

*Attorneys for Intel Corporation, Jean-Marc
Verdiell, and Lightlogic, Inc.*

Ragesh K. Tangri
Steven K. Taylor
Quyen L. Ta
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
Tel:   415-788-8200
Fax:   415-397-7188
Email: rtangri@kvn.com
       staylor@kvn.com
       qta@kvn.com

*Attorneys for Intel Corporation, Jean-Marc
Verdiell, and Lightlogic, Inc.*

☒   **[By First Class Mail]** I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐   **[By Overnight Courier]** I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐   **[By Hand]** I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐   **[By Facsimile Transmission]** I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒   **[By Electronic Transmission]** I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: June 10, 2008.

*Diane G. Sunnen*
Diane G. Sunnen

61396561 v1

CERTIFICATE OF SERVICE
CASE NO.C02-3262 DLJ (EMC)

# EXHIBIT O

# CATHERINE A. DUNBAR DECLARATION

1  Joel E. Bonner (105492)
   ERNST & YOUNG LLP
2  725 South Figueroa Street, Suite 300
   Los Angeles, California 90017
3  Telephone: (213) 977-3200
   Telecopier: (213) 977-3541
4
   Attorneys for Non-Party
5  ERNST & YOUNG LLP
6
7
8
                     UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
11                                        ) CASE NO. C02-3262 DIJ (EMC)
   FRANK T. SHUM,                         )
12                                        )
                    Plaintiff,            ) OBJECTIONS OF NON-PARTY ERNST
13      v.                                ) & YOUNG LLP TO SUBPOENA IN A
                                          ) CIVIL CASE
14 INTEL CORPORATION, JEAN-MARC           )
   VERDIELL, and LIGHTLOGIC, INC.,        )
15                                        )
                    Defendants.           )
16 _____)
17
18      Non-Party Ernst & Young LLP ("Ernst & Young") received a subpoena on June 10, 2008,

19 which purports to require Ernst & Young to produce a witness for testimony on July 18, 2008 and

20 to produce documents on July 11, 2008.  Ernst & Young hereby objects to the subpoena on the

21 grounds stated below:

22      1.      Ernst & Young is informed and believes and on that basis objects to the subpoena

23 on the ground that discovery was closed on March 17, 2006 with respect to the topics and

24 materials sought from EY.

25      2.      Ernst & Young objects to the subpoena on the ground that it seeks information that

26 is available from sources other than Ernst & Young, including parties to the action, and as such it

27 is improper, burdensome and oppressive to require Ernst & Young to produce such information.

28      3.      Ernst & Young objects to the subpoena on the ground that the subpoena violates

Rule 45(c)(1) and its express mandate that "[a] party or an attorney responsible for the issuance

1  and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense"

2  on Ernst & Young, including without limitation defendants' failure to narrow the scope of each

3  and every request insofar as it is vague, ambiguous and overbroad.

4      4.  Ernst & Young objects to the subpoena on the ground that it seeks proprietary,

5  confidential and trade secret information of Ernst & Young, which is not relevant to the subject

6  matter of this action.

7      5.  Ernst & Young objects to the subpoena on the ground that it seeks proprietary,

8  confidential and trade secret information of persons or entities other than Ernst & Young and that

9  was provided to Ernst & Young based on an expectation, understanding or obligation of

10  confidentiality.

11      6.  Ernst & Young objects to the subpoena on the ground that it is vague and

12  ambiguous, in part because it fails to include a relevant time frame.  In subsequent discussions

13  with counsel they have stated that they are requesting documents from a four year time frame.

14  Ernst & Young objects to a four year period as overbroad and burdensome.

15      7.  Ernst & Young objects to the subpoena on the ground that it is unduly burdensome

16  and oppressive, and calculated to vex, harass, and annoy Ernst & Young.

17      8.  Ernst & Young objects to the subpoena to the extent it seeks the production of

18  information protected by the attorney-client privilege, work product doctrine, or any other

19  applicable privilege or immunity.

20      9.  Ernst & Young objects to the production of any documents until there is a court

21  order regarding confidentiality.

22      10.  The subpoena seeks the production of information that Ernst & Young is prohibited

23  from producing by virtue of various taxpayer privileges, including 26 U.S.C.§ 7216.

24      11.  Ernst & Young objects to the date and place set forth for production of documents

25  as it does not afford adequate time for the production of documents.

26      12.  EY objects to any request that would require EY to search backup tapes or drives,

27  deleted data, or legacy data from obsolete systems for responsive documents.  These types of

28  media are not reasonably accessible and would entail undue burden and expense to restore and

1  search. EY also objects to any request that would require EY to suspend the routine operation of
2  its electronic information systems.

3       13.    Ernst & Young objects to the instructions and definitions on the grounds that they
4  render the subpoena overly broad, compound, unduly burdensome, oppressive, vague and
5  ambiguous. Ernst & Young further objects to the instructions and definitions on the ground that
6  they would subject Ernst & Young to oppression, undue burden, and expense to require Ernst &
7  Young and purport to impose on Ernst & Young obligations in excess of the requirements of the
8  Federal Rules of Civil Procedure.

9

10  Dated: June 23, 2008

                         ERNST & YOUNG LLP

11

12                           By:

13                               Joel E. Bonner
                             Attorney for Non-Party
14                               ERNST & YOUNG LLP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3

# PROOF OF SERVICE BY MAIL

[Shum v. Intel Corporation, Jean-Marc Verdiell, and LightLogic, Inc.]

UNITED STATES DISTRICT COURT      )
                                   ) ss,

NORTHERN DISTRICT OF CALIFORNIA   )

       I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 725 South Figueroa Street, 3rd Floor, Los Angeles, California 90017.

       On June 24, 2008, I served the foregoing document(s) described as OBJECTIONS OF NON-PARTY ERNST & YOUNG LLP TO CIVIL SUBPOENA, on the parties in said action or proceeding by placing [ ] an original and/or [ X ] a true copy thereof enclosed in a sealed envelope, addressed to the attorney(s) of record for said parties as follows:

## BY FACSIMILE & U.S. MAIL:

Mark T. Jansen, Esq.
Paul F. Kirsch, Esq.
Angus M. MacDonald, Esq.
Tali L. Alban, Esq.
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111-3834

Steve Taylor, Esq.
Taylor & Company Law Offices, LLP
One Ferry Building, Suite 355
San Francisco, CA 94111

       The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

       Executed on June 24, at Los Angeles, California.

[ ]    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]  (Federal)   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Kora T. Dusendschon
Paralegal

4

# EXHIBIT P

## CATHERINE A. DUNBAR DECLARATION

**CORNING**

Daniel P. Christmas
Assistant Counsel

Corning Incorporated
One Riverfront Plaza
MP-HQ-02-E10
Corning, NY 14831

t 607 974 7715
f 607 974 6135
christmadp@corning.com
www.corning.com

## VIA FACSIMILE AND FIRST CLASS MAIL

June 24, 2008

Angus M. MacDonald
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
Fax (415) 576-0300

Re:     *Frank Shum v. Intel Corporation, Lightlogic, Inc. and Jean-Marc Verdiell*
        U.S.D.C. N.D. of Calif., Case No. C 02-3262-DLJ (EMC)

Dear Mr. MacDonald:

Corning Incorporated ("Corning") is in receipt of the Subpoena Duces Tecum (the "Subpoena") dated June 12, 2008 from you as counsel for Plaintiff Frank T. Shum in connection with the above-referenced matter. Corning objects to the Subpoena on the basis of grounds set forth herein (the "Objections"). Subject to and without waiving the enclosed Objections, Corning states it will make a reasonable inquiry regarding the matters contained in Shum's subpoena in a good faith effort to respond to its Document Requests. We ask that you first confirm that discovery is open in your case and that you provide a copy of any relevant protective orders, which include provisions for the production of third party information. We can then provide a time estimate for producing responsive documents, if any, and arrange to have them delivered to your California office.

Please circulate our response and Objections to all counsel of record.

Sincerely,

Daniel P. Christmas

Enclosures

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

FRANK T. SHUM,                                )
                                             )
      Plaintiff,                         )        C02-3262 DLJ (EMC)
                                             )        (pending in the United States
vs.                                          )        District Court for the
                                             )        Northern District of
INTEL CORPORATION, JEAN-MARC                 )        California)
VERDIELL, and LIGHTLOGIC, INC.               )
                                             )
      Defendants.                        )

## OBJECTIONS OF CORNING INCORPORATED TO THE INSPECTION AND COPYING OF MATERIALS DESIGNATED IN THE SUBPOENA DUCES TECUM OF PLAINTIFF FRANK T. SHUM

Pursuant to Rule 45(c)(2)(b), Federal Rules of Civil Procedure, Corning Incorporated objects to the inspection and/or copying of the materials designated in the subpoena duces tecum served upon it by Plaintiff Frank T. Shum ("Shum") in the above-referenced action. A copy of the subpoena duces tecum, which issued from the United States District Court for the Western District of New York on June 12, 2008, is enclosed. Corning objects to the subpoena on the following grounds:

    1.    The Document Requests seek information pertaining to Corning's contemplated acquisition of Lightlogic, Inc., ("Lightlogic") in early 2001. Given that this contemplated acquisition was more than seven years ago, it is likely that persons with historical knowledge of information requested by the subpoena have either retired from Corning or were reassigned within Corning to different jobs. In addition, compliance

with the subpoena would require Corning to expend significant time and monies to search for and locate responsive documents or electronic records that might not have been processed in accordance with Corning's standard document retention policy.

2.     The Document Requests, each of which begins by seeking "All documents," are overly broad, unduly burdensome and oppressive in that they request a nonparty to search for and produce documents that have no apparent relevance to the issues being litigated in the above-referenced litigation.

3.     The Document Requests seek information subject to the attorney-client privilege and work-product immunity.   Corning reserves the right to withhold from production any documents subject to privilege or work-product immunity.   In addition, Corning's inadvertent production of any document protected by the attorney-client privilege, the attorney work-product doctrine or any other protection shall not constitute a waiver of the applicable privilege or protection as to the inadvertently produced documents or as to any other documents.

4.     The Document Requests' use of the terms "valuations", "analyses", and "possible rights" are vague, ambiguous and undefined.

Corning is willing to cooperate with Shum to satisfy any reasonable requests with respect to any non-privileged, non-work-product documents that are relevant to the pending action between Shum and the Defendants specified in the case caption above.

Respectfully submitted,

Daniel P. Christmas
Assistant Counsel
Corning Incorporated
One Riverfront Plaza
MP-HQ-02-E10
Corning, NY 14831

June 24, 2008

3

AO88 (Rev. 12/07) Subpoena in a Civil Case

## 125
## Issued by the
# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK

Frank T. Shum,

    Plaintiff,

    v.

Intel Corporation, Jean-Marc Verdiell, and LightLogic, Inc.,

    Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C02-3262 DLJ (EMC)
(Pending in the Northern District of California)

TO:  CUSTODIAN OF RECORDS
    Corning Inc.
    ATTN: Legal Department
    One Riverfront Plaza
    Corning, NY 14831

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the topics listed below:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents as listed in Attachment "A."

| PLACE | DATE AND TIME |
|---|---|
| FedEx to Townsend and Townsend and Crew LLP, Two Embarcadero Center, 8th Floor, San Francisco, CA 94111. or Verbatim, 224 Williams St., Elmira, NY 14901, Tel. 607-733-1262 | July 2, 2008 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorneys for Plaintiff FRANK T. SHUM | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark T. Jansen (SBN 114896)/Paul F. Kirsch (SBN 127446)/Angus M. MacDonald (SBN 212526)/Tali L. Alban (SBN 233694)
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor, San Francisco, CA 94111.    Telephone: (415) 576-0200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

American Legalnet Inc.
www.FormsWorkflow.com

## ATTACHMENT "A"

**I.     DEFINITIONS**

1.      The term "document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and includes, without limitation, any written, recorded, or graphic matter, however produced or reproduced, including correspondence, e-mails and/or documents which are maintained in electronic format, telegrams, memoranda, reports, notes, interoffice communications, inter-company communications, letters, agreements, invoices, shipping papers, charts, purchase orders, photographs, sketches, models, drawings, promotional material, technical manuals, technical drawings, laboratory notebooks, printed publications, computer inputs or outputs in any medium, accounting records, and all other writings. A copy of a document with additions or deletions is a separate document.

2.      The terms "you" or "your" refers to Corning Incorporated, Corning Cable Systems, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

3.      The term "LightLogic" means LightLogic, Inc. or Luminis.

4.      The term "LightLogic's intellectual property" refers to all technology purportedly owned, developed, produced, assigned to or by, sold to or by, or which was in any other way under the control of LightLogic, including, but not limited to, United States Patent Nos. 5,977,567, 6,376,268, 6,207,950, 6,227,724, 6,586,726, 6,585,427, and 6,252,726, including the applications resulting in these Patents and any reissue or reexamination of these Patents.

5.      The term "JP Morgan" means J.P. Morgan Chase & Co, JP Morgan, JP Morgan H&Q and any affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

6.      The term "Radiance Design, Inc." means the company incorporated in April 1997, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

7.     The term "Intel" refers to defendant Intel Corporation, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

8.     The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally, electronically, or by document, and whether face-to-face, by telephone, mail, facsimile, electronic mail, videoconference, or internet communications.

9.     The terms "refer" or "relate" shall mean refer, concern, summarize, demonstrate, constitute, evidence, reflect, contain, study, analyze, consider, explain, mention, show, discuss, describe or comment upon.

10.    The term "relating to" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, constituting of, comprising, showing, commenting upon, evidencing, describing or otherwise relating to the subject matter.

11.    The terms "and" "or" and "and/or" should be construed in the conjunctive or disjunctive, whichever makes the Request more inclusive. The use of the singular form should be deemed to include the plural and vice versa.

## II.     DOCUMENT REQUESTS

1.     All documents relating to offers by you – from January 2000 through December 2001 – to purchase or acquire LightLogic.

2.     All documents prepared by you – from January 2000 through December 2001 – relating to valuations or analyses of LightLogic and/or LightLogic's intellectual property.

3.     All documents prepared by LightLogic and transmitted to you – from January 2000 through December 2001 – relating to valuations or analyses of LightLogic and/or LightLogic's intellectual property.

2

4.  All documents prepared by a third party (including, without limitation, JP Morgan) and transmitted to you – from January 2000 through December 2001 – relating to valuations or analyses of LightLogic and/or LightLogic's intellectual property.

5.  All documents that refer or relate to Radiance Design, Inc.

6.  All documents that refer or relate to Jean-Marc Verdiell.

7.  All documents that refer or relate to Frank T. Shum.

8.  All documents that refer or relate to possible rights of Frank T. Shum or Radiance Design, Inc. in LightLogic's intellectual property.

3

# EXHIBIT Q

## CATHERINE A. DUNBAR DECLARATION

**CORNING**

Daniel P. Christmas
Assistant Counsel

Corning Incorporated
One Riverfront Plaza
MP-HQ-02-E10
Corning, NY 14831

t 607 974 7715
f 607 974 6135
christmadp@corning.com
www.corning.com

<u>**VIA FACSIMILE AND FIRST CLASS MAIL**</u>

June 24, 2008

Angus M. MacDonald
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
Fax (415) 576-0300

Re:     *Frank Shum v. Intel Corporation, Lightlogic, Inc. and Jean-Marc Verdiell*
        U.S.D.C. N.D. of Calif., Case No. C 02-3262-DLJ (EMC)

Dear Mr. MacDonald:

Corning Incorporated ("Corning") is in receipt of the Subpoena Duces Tecum (the "Subpoena") dated June 12, 2008 from you as counsel for Plaintiff Frank T. Shum in connection with the above-referenced matter.  Corning objects to the Subpoena on the basis of grounds set forth herein (the "Objections").  Subject to and without waiving the enclosed Objections, Corning states it will make a reasonable inquiry regarding the matters contained in Shum's subpoena in a good faith effort to respond to its Document Requests.  We ask that you first confirm that discovery is open in your case and that you provide a copy of any relevant protective orders, which include provisions for the production of third party information.  We can then provide a time estimate for producing responsive documents, if any, and arrange to have them delivered to your California office.

Please circulate our response and Objections to all counsel of record.

Sincerely,

Daniel P. Christmas

Enclosures

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRANK T. SHUM, | ) | |
| | ) | |
| Plaintiff, | ) | C02-3262 DLJ (EMC) |
| | ) | (pending in the United States |
| vs. | ) | District Court for the |
| | ) | Northern District of |
| INTEL CORPORATION, JEAN-MARC | ) | California) |
| VERDIELL, and LIGHTLOGIC, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## OBJECTIONS OF CORNING INCORPORATED TO THE INSPECTION AND COPYING OF MATERIALS DESIGNATED IN THE SUBPOENA DUCES TECUM OF PLAINTIFF FRANK T. SHUM

Pursuant to Rule 45(c)(2)(b), Federal Rules of Civil Procedure, Corning Incorporated objects to the inspection and/or copying of the materials designated in the subpoena duces tecum served upon it by Plaintiff Frank T. Shum ("Shum") in the above-referenced action. A copy of the subpoena duces tecum, which issued from the United States District Court for the Western District of New York on June 12, 2008, is enclosed. Corning objects to the subpoena on the following grounds:

1.     The Document Requests seek information pertaining to Corning's contemplated acquisition of Lightlogic, Inc., ("Lightlogic") in early 2001. Given that this contemplated acquisition was more than seven years ago, it is likely that persons with historical knowledge of information requested by the subpoena have either retired from Corning or were reassigned within Corning to different jobs. In addition, compliance

with the subpoena would require Corning to expend significant time and monies to search for and locate responsive documents or electronic records that might not have been processed in accordance with Corning's standard document retention policy.

2.    The Document Requests, each of which begins by seeking "All documents," are overly broad, unduly burdensome and oppressive in that they request a nonparty to search for and produce documents that have no apparent relevance to the issues being litigated in the above-referenced litigation.

3.    The Document Requests seek information subject to the attorney-client privilege and work-product immunity.   Corning reserves the right to withhold from production any documents subject to privilege or work-product immunity.   In addition, Corning's inadvertent production of any document protected by the attorney-client privilege, the attorney work-product doctrine or any other protection shall not constitute a waiver of the applicable privilege or protection as to the inadvertently produced documents or as to any other documents.

4.    The Document Requests' use of the terms "valuations", "analyses", and "possible rights" are vague, ambiguous and undefined.

Corning is willing to cooperate with Shum to satisfy any reasonable requests with respect to any non-privileged, non-work-product documents that are relevant to the pending action between Shum and the Defendants specified in the case caption above.

Respectfully submitted,

Daniel P. Christmas
Assistant Counsel
Corning Incorporated
One Riverfront Plaza
MP-HQ-02-E10
Corning, NY 14831

June 24, 2008

3

JUN 12 2008 11:42 FR                    4152789670 TO 16072779348          P.03/07

A088 (Rev. 12/07) Subpoena in a Civil Case

## 125
## Issued by the
# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK

Frank T. Shum,

    Plaintiff,                          **SUBPOENA IN A CIVIL CASE**

    v.

Intel Corporation, Jean-Marc Verdiell, and LightLogic, Inc.,    Case Number:[1] C02-3262 DLJ (EMC)
    Defendants.                     (Pending in the Northern District of California)

TO:  CUSTODIAN OF RECORDS
     Corning Inc.
     ATTN: Legal Department
     One Riverfront Plaza
     Corning, NY 14831

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the topics listed below:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents as listed in Attachment "A."

| PLACE | DATE AND TIME |
|---|---|
| FedEx to Townsend and Townsend and Crew LLP, Two Embarcadero Center, 8th Floor, San Francisco, CA 94111, or Verbatim, 224 Williams St., Elmira, NY 14901, Tel. 607-733-1262 | July 2, 2008 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ Attorneys for Plaintiff FRANK T. SHUM | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark T. Jansen (SBN 114896)/Paul F. Kirsch (SBN 127446)/Angus M. MacDonald (SBN 212526)/Tali L. Alban (SBN 233694)
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor, San Francisco, CA 94111          Telephone: (415) 576-0203

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT "A"

**I.   DEFINITIONS**

1.      The term "document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and includes, without limitation, any written, recorded, or graphic matter, however produced or reproduced, including correspondence, e-mails and/or documents which are maintained in electronic format, telegrams, memoranda, reports, notes, interoffice communications, inter-company communications, letters, agreements, invoices, shipping papers, charts, purchase orders, photographs, sketches, models, drawings, promotional material, technical manuals, technical drawings, laboratory notebooks, printed publications, computer inputs or outputs in any medium, accounting records, and all other writings. A copy of a document with additions or deletions is a separate document.

2.      The terms "you" or "your" refers to Corning Incorporated, Corning Cable Systems, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

3.      The term "LightLogic" means LightLogic, Inc. or Luminis.

4.      The term "LightLogic's intellectual property" refers to all technology purportedly owned, developed, produced, assigned to or by, sold to or by, or which was in any other way under the control of LightLogic, including, but not limited to, United States Patent Nos. 5,977,567, 6,376,268, 6,207,950, 6,227,724, 6,586,726, 6,585,427, and 6,252,726, including the applications resulting in these Patents and any reissue or reexamination of these Patents.

5.      The term "JP Morgan" means J.P. Morgan Chase & Co, JP Morgan, JP. Morgan H&Q and any affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

6.      The term "Radiance Design, Inc." means the company incorporated in April 1997, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

7.     The term "Intel" refers to defendant Intel Corporation, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

8.     The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally, electronically, or by document, and whether face-to-face, by telephone, mail, facsimile, electronic mail, videoconference, or internet communications.

9.     The terms "refer" or "relate" shall mean refer, concern, summarize, demonstrate, constitute, evidence, reflect, contain, study, analyze, consider, explain, mention, show, discuss, describe or comment upon.

10.    The term "relating to" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, constituting of, comprising, showing, commenting upon, evidencing, describing or otherwise relating to the subject matter.

11.    The terms "and" "or" and "and/or" should be construed in the conjunctive or disjunctive, whichever makes the Request more inclusive.  The use of the singular form should be deemed to include the plural and vice versa.

## II.    DOCUMENT REQUESTS

1.     All documents relating to offers by you – from January 2000 through December 2001 – to purchase or acquire LightLogic.

2.     All documents prepared by you – from January 2000 through December 2001 – relating to valuations or analyses of LightLogic and/or LightLogic's intellectual property.

3.     All documents prepared by LightLogic and transmitted to you – from January 2000 through December 2001 – relating to valuations or analyses of LightLogic and/or LightLogic's intellectual property.

2

4.    All documents prepared by a third party (including, without limitation, JP Morgan) and transmitted to you – from January 2000 through December 2001 – relating to valuations or analyses of LightLogic and/or LightLogic's intellectual property.

5.    All documents that refer or relate to Radiance Design, Inc.

6.    All documents that refer or relate to Jean-Marc Verdiell.

7.    All documents that refer or relate to Frank T. Shum.

8.    All documents that refer or relate to possible rights of Frank T. Shum or Radiance Design, Inc. in LightLogic's intellectual property.

3

# EXHIBIT R

## CATHERINE A. DUNBAR DECLARATION

1  TOWNSEND AND TOWNSEND AND CREW LLP
   MARK T. JANSEN (State Bar No. 114896)
2  PAUL F. KIRSCH (State Bar No. 127446)
   ANGUS M. MacDONALD (State Bar No. 212526)
3  TALI L. ALBAN (State Bar No. 233694)
   Two Embarcadero Center, Eighth Floor
4  San Francisco, California  94111
   Telephone:  (415) 576-0200
5  Facsimile:  (415) 576-0300
   Email: mtjansen@townsend.com, pkirsch@townsend.com
6          ammacdonald@townsend.com, tlalban@townsend.com

7  Attorneys for Plaintiff FRANK T. SHUM

8

9

10                    UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

13  FRANK T. SHUM,                      Case No. C02-3262 DLJ (EMC)

14              Plaintiff,              **PLAINTIFF FRANK T. SHUM'S
                                        NOTICE OF SUBPOENA DUCES
15         v.                           TECUM TO ALCATEL USA, INC.**

16  INTEL CORPORATION, JEAN-MARC
    VERDIELL, and LIGHTLOGIC, INC.,
17
                Defendants.
18

19

20  TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

21         PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, Plaintiff Frank T. Shum

22  ("Shum") is serving Alcatel USA, Inc., with a subpoena duces tecum for the production of documents

23  by July 2, 2008, at the offices of U.S. Legal, 900 Jackson Street, Suite B200, Dallas, TX 75202, or by

24  FedEx to Townsend and Townsend and Crew LLP, Two Embarcadero Center, 8th Floor, San

25  / / /

26  / / /

27  / / /

28  / / /

1 | Francisco, California 94111. A copy of the subpoena is attached hereto.

2

3 | DATED: June 12, 2008

Respectfully submitted,

4 | TOWNSEND AND TOWNSEND AND CREW LLP

5

6 | By:

MARK T. JANSEN
7 | PAUL F. KIRSCH
ANGUS M. MacDONALD
8 | TALI L. ALBAN

9 | Attorneys for Plaintiff FRANK T. SHUM

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

Frank T. Shum,

      Plaintiff,

      v.

Intel Corporation, Jean-Marc Verdiell, and LightLogic, Inc.,

      Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C02-3262 DLJ (EMC)
(Pending in the Northern District of California)

TO:  CUSTODIAN OF RECORDS
      Alcatel USA, Inc.
      ATTN:  Legal Department
      3400 West Plano Parkway
      Plano, TX  75075

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents as listed in Attachment "A."

| PLACE | DATE AND TIME |
|---|---|
| FedEx to Townsend and Townsend and Crew LLP, Two Embarcadero Center, 8th Floor, San Francisco, CA  94111, or US Legal, 900 Jackson St., Suite B200, Dallas, TX  75202, Tel. 214-741-6001 | July 2, 2008 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  ,Attorneys for Plaintiff FRANK T. SHUM | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark T. Jansen (SBN 114896)/Paul F. Kirsch (SBN 127446)/Angus M. MacDonald (SBN 212526)/Tali L. Alban (SBN 233694)
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor, San Francisco, CA  94111      Telephone:  (415) 576-0200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for suing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT "A"

### I. DEFINITIONS

1.    The term "document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and includes, without limitation, any written, recorded, or graphic matter, however produced or reproduced, including correspondence, e-mails and/or documents which are maintained in electronic format, telegrams, memoranda, reports, notes, interoffice communications, inter-company communications, letters, agreements, invoices, shipping papers, charts, purchase orders, photographs, sketches, models, drawings, promotional material, technical manuals, technical drawings, laboratory notebooks, printed publications, computer inputs or outputs in any medium, accounting records, and all other writings.  A copy of a document with additions or deletions is a separate document.

2.    The terms "you" or "your" means Alcatel-Lucent or Alcatel Optronics, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

3.    The term "LightLogic" means LightLogic, Inc. or Luminis.

4.    The term "LightLogic's intellectual property" refers to all technology purportedly owned, developed, produced, assigned to or by, sold to or by, or which was in any other way under the control of LightLogic, including, but not limited to, United States Patent Nos. 5,977,567, 6,376,268, 6,207,950, 6,227,724, 6,586,726, 6,585,427, and 6,252,726, including the applications resulting in these Patents and any reissue or reexamination of these Patents.

5.    The term "JP Morgan" means J.P. Morgan Chase & Co, JP Morgan, JP Morgan H&Q and any affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

6.    The term "Radiance Design, Inc." means the company incorporated in April 1997, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

7.     The term "Intel" refers to defendant Intel Corporation, its affiliated entities, predecessors-in-interest, directors, officers, trustees, agents, employees, consultants, representatives and attorneys.

8.     The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally, electronically, or by document, and whether face-to-face, by telephone, mail, facsimile, electronic mail, videoconference, or internet communications.

9.     The terms "refer" or "relate" shall mean refer, concern, summarize, demonstrate, constitute, evidence, reflect, contain, study, analyze, consider, explain, mention, show, discuss, describe or comment upon.

10.    The term "relating to" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, constituting of, comprising, showing, commenting upon, evidencing, describing or otherwise relating to the subject matter.

11.    The terms "and" "or" and "and/or" should be construed in the conjunctive or disjunctive, whichever makes the Request more inclusive.  The use of the singular form should be deemed to include the plural and vice versa.

## II.    DOCUMENT REQUESTS

1.     All documents relating to offers by you – from January 2000 through December 2001 – to purchase or acquire LightLogic.

2.     All documents prepared by you – from January 2000 through December 2001 – relating to valuations or analyses of LightLogic and/or LightLogic's intellectual property.

3.     All documents prepared by LightLogic and transmitted to you – from January 2000 through December 2001 – relating to valuations or analyses of LightLogic and/or LightLogic's intellectual property.

4.     All documents prepared by a third party (including, without limitation, JP Morgan) and transmitted to you -- from January 2000 through December 2001 -- relating to valuations or analyses of LightLogic and/or LightLogic's intellectual property.

5.     All documents that refer or relate to Radiance Design, Inc.

6.     All documents that refer or relate to Jean-Marc Verdiell.

7.     All documents that refer or relate to Frank T. Shum.

8.     All documents that refer or relate to possible rights of Frank T. Shum or Radiance Design, Inc. in LightLogic's intellectual property.

61391061 v2

1

**CERTIFICATE OF SERVICE**
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

2

3   I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111. On the date set forth below, I served a true and accurate copy of the document(s) entitled:

4

5   **PLAINTIFF FRANK T. SHUM'S NOTICE OF SUBPOENA DUCES TECUM TO ALCATEL USA, INC.**

6

7   on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

8   Stephen E. Taylor
    Jessica L. Grant
9   Jayesh Hines-Shah
    Nicholas G. Campins
10  Stephen McG. Bundy
    Taylor & Company Law Offices, LLP
11  One Ferry Building, Suite 355
    San Francisco, CA 94111
12  Tel:   415-391-5400
    Fax:   415-788-8208
13  Email: staylor@tcolaw.com
             jgrant@tcolaw.com
14           jhinesshah@tcolaw.com
             ncampins@tcolaw.com
15           sbundy@tcolaw.com

    Ragesh K. Tangri
    Steven K. Taylor
    Quyen L. Ta
    Keker & Van Nest LLP
    710 Sansome Street
    San Francisco, CA 94111
    Tel:   415-788-8200
    Fax:   415-397-7188
    Email: rtangri@kvn.com
             staylor@kvn.com
             qta@kvn.com

    *Attorneys for Intel Corporation, Jean-Marc Verdiell, and Lightlogic, Inc.*

16  *Attorneys for Intel Corporation, Jean-Marc Verdiell, and Lightlogic, Inc.*

17  ☒   [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

18

19

20  ☐   [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

21

22  ☐   [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

23  ☐   [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

24  ☐   [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

25  I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

26

27  Dated: June 12, 2008.                    _Diane G. Sunnen_ (signature)
                                              Diane G. Sunnen

28  61399434 v1