Case4:02-cv-03262-DLJ Document574 Filed06/27/08 Page1 of 4

TOWNSEND AND TOWNSEND AND CREW LLP
MARK T. JANSEN (State Bar No. 114896)
PAUL F. KIRSCH (State Bar No. 127446)
ROBERT A. McFARLANE (State Bar No. 172650)
ANGUS M. MacDONALD (State Bar No. 212526)
TALI L. ALBAN (State Bar No. 233694)
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: mtjansen@townsend.com, pkirsch@townsend.com, ramcfarlane@townsend.com, ammacdonald@townsend.com, tlalban@townsend.com

Attorneys for Plaintiff FRANK T. SHUM

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>             Plaintiff,<br><br>     v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, and LIGHTLOGIC, INC.,<br><br>             Defendants. | Case No. C02-3262 DLJ (EMC)<br><br>**PLAINTIFF FRANK T. SHUM'S LIST OF PROPOSED CONSTRUCTIONS** |

**PLAINTIFF FRANK T. SHUM'S LIST OF PROPOSED CONSTRUCTIONS**
CASE NO.C02-3262 DLJ (EMC)                                                                                                              1

1    Pursuant to the April 3, 2008, Amended Order For Pretrial Preparation, plaintiff Frank T.
Shum hereby submits the following:

## I. Claim Terms Proposed By Both Parties

Both Parties proposed in their respective April 25 Disclosure of Claim Terms at Issue that the claim term "leg" be construed. Plaintiff contends that the previous construction of this term set forth in the Court's June 21, 2005 Order is incorrect under the subsequent *en banc* Federal Circuit decision in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed.Cir. 2005), which specifically disapproved *Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002), and the case law following that decision, which unduly and improperly relied upon dictionary definitions in the claim construction process. Plaintiff's requests that the Court construe the term "leg" as follows:

| Claim Term | Plaintiff Frank Shum's Proposed Construction |
|---|---|
| leg | an appendage of the flexure that supports the flexure |

## II. Claim Terms Proposed By Defendants

Defendants proposed in their April 25 Disclosure of Claim Terms at Issue that a total of 33 terms be construed. Plaintiff believed that only a small fraction of those terms warranted construction, either by stipulation or by judicial construction, and requested a telephonic hearing to discuss the appropriate scope of claim construction. Following the June 20 conference with the Court, Defendants served a revised list of claim terms for construction that included 15 terms that Defendants now contend should be construed. Plaintiff continues to believe that the number of terms proposed by Defendants is excessive, particularly in light of the recently revised Northern District of California Local Patent Rules, which limits to 10 the number of claim terms to be judicially construed in infringement and invalidity matters. Plaintiff further believes that construction of numerous terms proffered by Defendants is not pertinent to any disputed issue in this case and will not assist the jury in making the necessary factual determinations in this case. Nonetheless, Plaintiff requests that, should the Court determine that some or all of the terms proffered by Defendants warrant construction, that

the following constructions be adopted:

| Claim Term | Plaintiff Frank Shum's Proposed Construction |
|---|---|
| flexure | a flexible device |
| optical alignment | the positioning of two or more optical devices to produce a particular relationship between their optical axes |
| spring regions | regions that have been modified to provide increased flexibility |
| substrate | supporting material on which components used with an optoelectronic package or optoelectronic assembly may be attached or formed |
| vias | a hole through an insulating wall or insulating layer that may be filled with an electrically conducting material |
| hermetic | airtight |
| body | the portion of the flexure that supports or is attached to the optical component |
| offset distance | a relative distance between two positions |
| in-plane coefficient of thermal expansion (CTE) | the rate at which a linear dimension varies with change in temperature in an in-plane direction |
| active optical device | a device that operates with or performs operations on light with the use of input energy in addition to that contained in the light itself |
| passive optical element | a device that operates with or performs operations on light that does not use electricity or another form of energy other than the light itself |
| fiduciary | a reference surface |
| heat pipe | a heat conducting channel |
| heat dissipating device | a device that transfers, channels, disperses or spreads heat |

The parties have already agreed that the term "hermetic" means "airtight," and are continuing the meet and confer process to further narrow any remaining issues to be submitted to the Court for judicial construction. Pursuant to the discussion during the June 20 telephonic conference, Plaintiff understands that the parties will submit simultaneous claim construction briefs on July 18 addressing

any terms still in dispute.

DATED:  June 27, 2008            Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP


By:  */s/ Robert A. McFarlane*
    MARK T. JANSEN
    PAUL F. KIRSCH
    ROBERT A. McFARLANE
    ANGUS M. MacDONALD
    TALI L. ALBAN

Attorneys for Plaintiff FRANK T. SHUM