

**CARLSON, CALLADINE & PETERSON LLP**   *Offices in San Francisco and Los Angeles*

353 Sacramento Street ▪ 16th Floor ▪ San Francisco, CA 94111 ▪ Tel: 415.391.3911 ▪ Fax: 415.391.3898 ▪ www.ccplaw.com

*Guy D. Calladine, Partner*
*Direct: 415.391.8140*
*gcalladine@ccplaw.com*

July 1, 2008

OUR FILE NO.: 199-002

**VIA ELECTRONIC FILING AND U.S. MAIL**

Honorable D. Lowell Jensen
Senior Judge
United States District Court
Northern District of California
Department One
1301 Clay Street,
Oakland, CA 94612-5212

Re:   Case No. C 02-3262 DLJ (EMC), Shum v. Intel, et. al.
      <u>Aprius, Inc. Motions to Intervene and Disqualify</u>

Dear Judge Jensen:

Following the June 6, 2008 hearing on Aprius' Motions to Intervene and Disqualify Townsend and Townsend and Crew LLP from acting as counsel for plaintiff Frank T. Shum, Aprius and Townsend agreed to sever their attorney-client relationship, and are completing transfer of the files from Townsend to Aprius or its successor counsel.

Despite numerous attempts to agree on the exact wording of a Proposed Order, counsel for Mr. Shum, Aprius, and Mr. Verdiell, respectively, have not been able to agree on the specifics of such language. Counsel for Mr. Shum believe that the accompanying Proposed Order, which grants Aprius' Motion to Intervene for the limited purpose of moving to disqualify Townsend and denies the substantive Motion to Disqualify, accurately reflects the Court's intent in its ruling on this issue.

In contrast, counsel for Aprius and Mr. Verdiell have very recently suggested that they would like the Proposed Order to read that the Motion to Disqualify Townsend was denied "as moot." Frankly, counsel for Mr. Shum are not clear about the meaning of this proposed language and do not believe such language accurately reflects the Court's intent or its actual ruling. Aprius apparently bases the "as moot" language in its proposed order on the termination of the relationship between Aprius and Townsend. The issue of mootness has never been presented to the Court, it is inconsistent with the position Aprius argued in pressing its motion, and, independently, Aprius' proposed order logically would not address Mr. Verdiell, who joined in the motion. Thus, we attach Mr. Shum's Proposed Order, which states simply that Aprius' Motion to Intervene for the

159520

Honorable D. Lowell Jensen
July 1, 2008
Page 2

limited purpose of moving to disqualify Townsend is granted, and the Motion to Disqualify Townsend is denied.

Very truly yours,

Guy D. Calladine

Enclosures

cc: Richard A. Kline, Esq. (via facsimile)
    Ethan P. Schulman, Esq. (via e-filing)
    Stephen E. Taylor, Esq. (via e-filing)

159250