TOWNSEND AND TOWNSEND AND CREW LLP
MARK T. JANSEN (State Bar No. 114896)
PAUL F. KIRSCH (State Bar No. 127446)
ANGUS M. MacDONALD (State Bar No. 212526)
TALI L. ALBAN (State Bar No. 233694)
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone:   (415) 576-0200
Facsimile:   (415) 576-0300
Email:        mtjansen@townsend.com, pkirsch@townsend.com
              ammacdonald@townsend.com, tlalban@townsend.com

Attorneys for Plaintiff FRANK T. SHUM

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>            Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, and LIGHTLOGIC, INC.,<br><br>            Defendants. | Case No.   C02-3262 DLJ (EMC)<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S FIFTH AND SIXTH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Date:          July 16, 2008<br>Time:          10:30 a.m.<br>Mag. Judge: Hon. Edward M. Chen<br>Courtroom:  C, 15th Floor |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. DEFENDANT'S NUMEROUS MISSTATEMENTS OF THE FACTUAL RECORD ..... 1

A. There Was Not Four Years Of Discovery, Nor Is Shum Attempting To "Re-open Discovery" ..... 1

B. Defendants Improperly Attempt To Limit Judge Jensen's Order Opening Unjust Enrichment Discovery ..... 3

C. The Parties Met And Conferred Numerous Times As To The Sixth Set Of RFPs ..... 4

D. Defendants' Purported "Compromise" To "Search For Documents" Was Illusory and Improperly One-Sided ..... 4

III. SHUM'S FIFTH SET OF RFPS ARE PROPERLY THE SUBJECT OF DISCOVERY ..... 5

A. Shum Is Entitled To Seek Discovery On His Reinstated Unjust Enrichment Cause of Action ..... 5

B. Defendants – Not Shum – Are Seeking A "Second Bite At The Apple" On Arguments They Already Lost ..... 7

C. Shum Has Not Received "Sufficient Discovery" ..... 8

D. Defendants' Rule 26(e) Arguments Are Erroneous ..... 10

IV. SHUM'S MOTION TO COMPEL ON THE SIXTH SET OF RFPS IS RIPE ..... 11

V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carson v. Bethlehem Steel Corp.*,
 82 F.3d 157 (7th Cir. 1996) .................................................................................................... 7

*County of San Bernardino v. Walsh*,
 158 Cal. App. 4th 533 (2007) .................................................................................................. 7

*Haber v. United States*,
 846 F.2d 1379 (Fed. Cir. 1988) ................................................................................................ 8

*Hartco Eng'g, Inc. v. Wang's Intern., Inc.*,
 2006 WL 1663812, *2-3 (E.D. La. June 12, 2006) ................................................................. 8

*Havenfield Corp. v. H&R Block, Inc.*,
 509 F.2d 1263 (8th Cir. 1975) ................................................................................................ 11

*Hussain v. Nicholson*,
 435 F.3d 359 (D.C. Cir. 2006) ................................................................................................. 7

*In re ATM Fee Antitrust Litig.*,
 2007 U.S. Dist. LEXIS 47942 (N.D. Cal. June 25, 2007) ...................................................... 11

*Persson v. Smart Inventions, Inc.*,
 125 Cal. App. 4th 1141 (2005) ................................................................................................ 6

*Porter v. California Dept. of Corrections*,
 2006 U.S. Dist. LEXIS 368 (E.D. Cal. 2006) ......................................................................... 7

*Shum v. Intel Corp.*,
 499 F.3d 1272 (Fed Cir. 2007) ................................................................................................ 6

*Taylor Assocs. v. Diamant (In re Advent Mgmt. Corp.)*,
 178 B.R. 480 (B.A.P. 9th Cir. 1995) ....................................................................................... 7

*United States v. Procter & Gamble Co.*,
 356 U.S. 677 (1958) .............................................................................................................. 10

*United States v. Thrasher*,
 483 F.3d 977 (9th Cir. 2007) ................................................................................................... 6

*Webber v. Mefford*,
 43 F.3d 1340 (10th Cir. 1994) ................................................................................................. 7

**Statutes**

Cal. Civil Code:
 § 3343 ...................................................................................................................................... 6

**Rules**

Fed. R. Civ. P.:
 Rule 26(b)(1) ........................................................................................................................... 8
 Rule 26(e) .............................................................................................................................. 10

## I. INTRODUCTION

Defendants concede they are withholding responsive documents that are directly relevant to Shum's recently-reinstated unjust enrichment cause of action. Defendants' only rationale for withholding these documents is that "Shum could – and did – take" similar discovery related to his fraudulent concealment claim, but did not move to compel on these earlier requests. But that was before the Federal Circuit reinstated Shum's unjust enrichment cause of action, and before Judge Jensen opened discovery on this cause of action over Defendants' repeated objections. As to the current requests at issue here, Defendants refused to agree to a reasonable proposal for a collaborative, staged production of specified document categories, thereby necessitating this motion to compel. Defendants have resorted to pure gamesmanship in withholding significant categories of documents, both then and now. Defendants also rely on arguments in their Opposition that they made – and lost – before the Federal Circuit and Judge Jensen. Even worse, Defendants engage in blatant mischaracterizations of the factual record to support their inequitable refusal to produce relevant documents.

Moreover, Defendants completely ignore Shum's primary argument that this case should be tried on the merits based on "the fullest practicable" exchange of information. Shum has done his part. Defendants' refusal to provide discovery that they admit is relevant to the reinstated unjust enrichment cause of action is improper and should be rejected so that Shum can get the discovery he needs – and that Judge Jensen has ordered he should be allowed to get – to prepare for trial. Defendants' refusal to produce is antithetical to basic principles of discovery and fundamental fairness. Nor have Defendants shown any prejudice they will suffer in producing the requested, but withheld, documents.

## II. DEFENDANT'S NUMEROUS MISSTATEMENTS OF THE FACTUAL RECORD

Defendants' brief is laden with numerous factual distortions. The following is a sampling of the more egregious misstatements.

### A. There Was Not Four Years Of Discovery, Nor Is Shum Attempting To "Re-open Discovery"

Throughout their Opposition brief, Defendants repeatedly claim that discovery was open for four years. *See, e.g.*, Defendants' Opposition to Plaintiff's Motion to Compel ("Opp'n") at 1, 6, 7, 11. Defendants know otherwise, and it is telling they cite no authority whatsoever for their "four year"

1 claim. The fact of the matter is that discovery previously was open for not more than two years.[1]

2      In any event, the length of the first discovery phase is irrelevant to the present motion. Shum did not have an unjust enrichment cause of action previously. After the Federal Circuit reinstated this cause of action, Judge Jensen explicitly ordered unjust enrichment discovery to proceed through July 28, 2008, per his March 14, 2008 Orders. All of the requests at issue in Shum's motion to compel (i.e., the Fifth and Sixth Sets of RFPs) were timely served during the newly-opened unjust enrichment discovery period, and they all relate to Shum's reinstated unjust enrichment claim.

     For these same reasons, Defendants' repetitive claim that Shum is attempting to "re-open discovery" (*e.g.*, Opp'n at 4-5, 9, 12) has no merit. Shum's motion is not an attempt to re-open discovery because the Court already has explicitly opened discovery with respect to Shum's unjust enrichment cause of action – over Defendants' objections at the two Case Management Conferences and without the restrictions ascribed by Defendants. *See* Reply Declaration of Mark T. Jansen in Support of Motion to Compel ("Jansen Reply Decl."), ¶¶ 2-3 & Exs. A, B. Accordingly, all of the cases cited by Defendants throughout their brief (especially at pp. 9-10 of their Opposition) – in which the courts of appeals affirmed, under an abuse of discretion standard, the district court's refusal to reopen discovery – are entirely inapposite to the present motion. In this case, the District Court applied its discretion in ordering that more discovery should and would occur, but Defendants refuse to accept and obey the District Court's order. There is simply no legal or equitable reason for Defendants' brazen withholding of highly relevant documents.

---

[1] Discovery commenced on or about June 2003, after the case was at-issue and after Shum's unjust enrichment cause of action was dismissed on the pleadings. (The first discovery request – by any of the parties to this lawsuit – was not served until June 10, 2003.) By stipulation, the Court entered an Order on October 25, 2004 setting a fact discovery cut-off date of November 12, 2004. *See* Reply Declaration of Angus M. MacDonald in Support of Motion to Compel ("MacDonald Reply Decl."), Ex. U.[1] (Even Defendants, in their recently-filed Reply brief for their motion for summary judgment, refer to the "close of fact discovery in October 2004." *Id.*, Ex. V at 3:19-20.) After conducting a bench trial solely on Shum's correction of inventorship claim in January 2005 and after Defendants filed for summary judgment on all remaining causes of action, Judge Jensen issued his Pretrial Order on July 22, 2005. This re-opened discovery only through March 17, 2006. Therefore, the parties had approximately 25 months of discovery, not the claimed four years.

### B. Defendants Improperly Attempt To Limit Judge Jensen's Order Opening Unjust Enrichment Discovery

Judge Jensen did not state what Defendants self-servingly attribute to him regarding purported restrictions on unjust enrichment discovery. Jansen Reply Decl., ¶¶ 2-3. At the status conference on February 6, 2008, Judge Jensen recognized – over Defendants' objections – that discovery needed to be opened on Shum's unjust enrichment cause of action that had been dismissed on March 25, 2003 (prior to the commencement of discovery), but reinstated by the Federal Circuit Court of Appeals in its August 24, 2007 decision. Jansen Reply Decl., ¶ 2. Judge Jensen did *not* say, indicate or otherwise suggest – as Defendants contend on pages 3-4 of their brief – that the discovery would be limited to just "any new factual issues" that had been added to the case. *Id*., ¶ 2.

At the subsequent Case Management Conference on March 14, 2008, Defendants continued to object to allowing discovery concerning Shum's reinstated unjust enrichment cause of action. Jansen Reply Decl., ¶ 3. Judge Jensen continued to reject Defendants' arguments and ordered that discovery on the unjust enrichment cause of action would proceed. *See id.* At this March 14 conference, Judge Jensen specifically stated that Shum was entitled to take discovery on the unjust enrichment claim, and that any dispute about the appropriate scope of such discovery should be decided by Magistrate Judge Chen. *See id.* Again, Judge Jensen did not state or otherwise indicate that the scope of unjust enrichment discovery should be limited to "new issues presented by reinstatement of the unjust enrichment cause of action" or in any other way. *See id.* Indeed, Judge Jensen entered his Minute Order and a written Scheduling Order that allowed unjust enrichment to proceed until July 28, 2008, without the restrictions that Defendants claim was verbally "indicated" by Judge Jensen. *See id.*, Exs. A and B (March 14, 2008 Minute Order & March 14, 2008 Scheduling Order).

And because Judge Jensen did not order that Shum's unjust enrichment discovery must somehow be limited to "new issues" (Opp'n at 4, 6), Defendants' lead-off argument regarding "no new issues for discovery" (Opp'n at 6-7) must fail. Moreover, this invented argument misses the point. Discovery is warranted not because there may be "new facts," but because: (1) the requests are relevant to Shum's unjust enrichment cause of action, (2) Judge Jensen ordered on March 14, 2008 that

unjust enrichment discovery be opened; and (3) Defendants admit to possessing – but refuse to produce – responsive documents that are relevant to Shum's unjust enrichment cause of action.

### C. The Parties Met And Conferred Numerous Times As To The Sixth Set Of RFPs

Shum's counsel never "admitt[ed] that he did not fully engage in the requisite meet-and-confer process" regarding the Sixth Set of RFPs, as erroneously claimed by Defendants. *See* Opp'n at 6. To the contrary, as discussed originally in the MacDonald Declaration in support of the motion to compel, the parties conferred about the Sixth Set of RFPs on numerous occasions prior to Shum's filing this motion. These conferences occurred on at least May 15 (at the in-person meet and confer), May 20 and May 28. *See* Declaration of Angus MacDonald in Support of Motion to Compel (filed June 4, 2008), ¶¶ 20-22; s*ee also* Jansen Reply Decl., ¶ 4. In a final effort to avoid the need for judicial resolution, Shum's counsel once again reached out to Defendants to see if some compromise could be reached. *See* Reply Declaration of Angus MacDonald in Support of Motion to Compel ("MacDonald Reply Decl."), ¶ 9 & Exs. W, Y. On June 24, 2008, the parties met again for an in-person conference and discussed again Defendants' incomplete responses to Shum's Sixth Set of RFPs. *See id.*, ¶ 9. This later conference also was unsuccessful, proving not only that the parties engaged in ample meet and confer efforts, but also that additional efforts were fruitless and futile.

### D. Defendants' Purported "Compromise" To "Search For Documents" Was Illusory and Improperly One-Sided

As discussed more fully in Shum's opening brief (at pp. 8-9, 14-15), Defendants' proposed "compromise" of the parties' discovery dispute was anything but "reasonable." Opp'n at 5:10. Defendants themselves recognize that their purported discovery "compromise" was nothing but an "offer[] to search for documents" related to a few of the topics that covered Shum's Fifth and Sixth Set of RFPs. Opp'n at 5:10-12. In exchange, Defendants insisted that Shum would have to promise, in advance of Defendants "searching for" any documents, that he would never file a motion to compel on the Fifth and Sixth Set of RFPs. *See* MacDonald Decl., Ex. K at 3 (May 29, 2008 letter from Hines-Shah). And Defendants would only search for and produce documents "sufficient to allow plaintiff to understand information," as opposed to searching for and producing all responsive documents within specified categories. *Id*. This was an extremely one-sided and unfair offer.

1  In contrast, Shum had offered a compromise which involved Defendants producing a limited set
2  of "higher priority" documents; in exchange, Shum would defer bringing a motion to compel and/or not
3  to file one at all if the produced documents were adequate.  *See* MacDonald Decl., ¶ 12.  The initial
4  document categories identified by Shum are memorialized in the May 29, 2008 letter by Defendants'
5  counsel.  *See id.*, Ex. K at 1-2.  This reasonable offer, if promptly accepted and acted upon, would have
6  benefited both parties by streamlining and narrowing the document production, review and follow-up
7  process – without unfairly requiring Shum to accept a unilaterally and subjectively narrowed set of
8  documents and to forego any follow-up recourse.  Since Defendants refused to engage in a
9  collaborative process, but instead relied on ultimatums, Shum had no choice but to file the pending
10  motion as to all requests.

11  More significantly, Defendants' "offer to search for documents" clearly reveals that Defendants
12  had ***not*** searched for these documents previously.  This is despite their repeated claim that "most of
13  these requests are duplicative of ones served prior to the close of discovery in 2006."  *E.g.*, Opp'n at
14  1:18-19.  Assuming *arguendo* that this claim is correct, then Defendants have no legitimate reason for
15  not producing – much less searching for – the currently-withheld documents authored or created prior
16  to the earlier close of discovery date.  Nowhere do Defendants address this fact, except to blame Shum
17  for not forcing judicial action and moving to compel on discovery related to a potential theory of
18  damages on Shum's fraudulent concealment claim.

19  **III.   SHUM'S FIFTH SET OF RFPS ARE PROPERLY THE SUBJECT OF DISCOVERY**

20  
21  **A.   Shum Is Entitled To Seek Discovery On His Reinstated Unjust Enrichment Cause of Action**

22  The crux of Defendants' refusal to produce any documents in response to the Fifth Set of RFPs
23  is that Shum, according to Defendants, had the opportunity to pursue unjust enrichment discovery
24  before the Federal Circuit's reinstatement.[2]  Defendants argue this is because "Shum's unjust
25  enrichment cause of action is entirely *duplicative* of the issues raised by his request for unjust

---

[2] In their Opposition brief, Defendants do not raise any of the boilerplate objections asserted in their response to the Fifth Set of RFPs – including their meritless relevance, overbreadth and burdensome objections.  Accordingly, none of them are at issue here.

enrichment as a remedy" as part of his fraudulent concealment claim. Opp'n at 6:14-15 (emphasis added). But Defendants are simply rehashing arguments they made – and *lost* – in the Federal Circuit appeal. There, Defendants unsuccessfully argued that Shum's unjust enrichment cause of action was properly dismissed because it was "'merely *duplicative*' of the fraudulent concealment claim." *See Shum v. Intel Corp.*, 499 F.3d 1272, 1280 (Fed. Cir. 2007) (emphasis added). In reinstating Shum's unjust enrichment cause of action, the Federal Circuit specifically held that the unjust enrichment cause of action is different from – *and broader than* – Shum's fraudulent concealment cause of action. *See id*. The Federal Circuit explained that "the elements of a fraudulent concealment claim and an unjust enrichment claim differ" under California law. *Id.* Defendants must not be permitted to re-hash arguments rejected by the Federal Circuit, and the "law of the case" doctrine is dispositive of their argument.[3] *See United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) ("under the doctrine [of law of the case], a court is generally precluded from reconsidering an issue previously decided by the same court or a higher in the identical case").

Further, at trial, it is expected that Defendants will argue that the scope of relief for Shum's claim for damages for Shum's fraudulent concealment claim (including any unjust enrichment remedy under that claim) does not include all funds received by Defendants as a result of their misconduct, or even full "restitution" of property taken from Shum, but should be limited by the so-called "out of pocket loss" rule stated in Cal. Civil Code § 3343, which generally is the difference between the actual value of the interest parted by the plaintiff and the actual value received by the plaintiff. *See Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1165 (2005).

However, the scope of damages under Shum's unjust enrichment cause of action clearly is not limited to any "out of pocket" measure. Under California law, the unjust enrichment cause of action

---

[3] Even Defendants, in their recently-filed Reply brief in support of their motion for summary judgment, impliedly admit that Shum's substantive unjust enrichment cause of action and Shum's potential claim for unjust enrichment damages as part of his fraudulent concealment cause of action are different. *See* MacDonald Reply Decl., Ex. V at 3. According to Defendants, the Federal Circuit's mandate as to Defendants' earlier summary judgment motion (which included a lack of unjust enrichment damages on Shum's fraudulent concealment claim) does not impact their present motion for summary judgment on Shum's reinstated unjust enrichment cause of action "because Shum's unjust enrichment cause of action was initially dismissed" and "this is the first opportunity defendants have had to seek summary judgment on that claim." *Id.*

measure of damages is much "broader than mere 'restoration' of what the plaintiff lost." *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542 (2007). "Many instances of liability based on unjust enrichment do not involve the restoration of anything the claimant previously possessed including cases involving the disgorgement of profits wrongfully obtained." *Id.* (internal quotations and ellipses omitted). Indeed, it clearly is appropriate in awarding Shum damages under his unjust enrichment cause of action to "compel [the] defendant to surrender all money obtained through an unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice." *Id.* at 543 (internal ellipsis omitted). In other words, recovery under an unjust enrichment cause of action is potentially broader than recovery under an unjust enrichment remedy for a fraudulent concealment claim. This presumably explains why Defendants previously objected to some similar, earlier document requests on relevance grounds, when there was no unjust enrichment cause of action. More importantly, it certainly explains why the discovery sought by this motion is directly relevant to Shum's reinstated cause of action – and needed – now.

> **B.    Defendants – Not Shum – Are Seeking A "Second Bite At The Apple" On Arguments They Already Lost**

Shum does not seek a "second bite at the apple" to redo discovery. Nor does Shum's change of counsel have any significance whatsoever. All of the cases cited by Defendants (Opp'n at 9-10) are plainly inapposite in that they all involved litigants who had appealed after unsuccessful efforts to *re-open* discovery when the cutoff for the discovery at issue had already passed.[4] Here, in contrast, the Court expressly ordered that discovery was to occur on Shum's reinstated unjust enrichment cause of action, and Shum timely served – and moved to compel – discovery relating to that cause of action.

---

[4] For example, Defendants cite *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996) for the proposition that "Shum's change of counsel does not allow him to replow old discovery ground." The plaintiff in *Carson*, after the close of discovery and after changing counsel, sought to re-open discovery. The district court denied the motion. This case is plainly inapplicable here because Shum is not moving to re-open discovery on unjust enrichment discovery since that discovery period is expressly open. The other cases cited by Defendants are equally inapplicable for the same reason. *See Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (affirming denial of motion to re-open discovery); *Hussain v. Nicholson*, 435 F.3d 359, 364 (D.C. Cir. 2006) (same); *Taylor Assocs. v. Diamant (In re Advent Mgmt. Corp.)*, 178 B.R. 480, 483 (B.A.P. 9th Cir. 1995) (same); *Porter v. California Dept. of Corrections*, 2006 U.S. Dist. LEXIS 368 (E.D. Cal. 2006) (same).

In fact, it is Defendants who are attempting a "second bite at the apple" on arguments they already made – and lost – before Judge Jensen. Having failed twice to convince Judge Jensen to preclude discovery on Shum's reinstated unjust enrichment claim, Defendants now seek an order that effectively closes such discovery based on the *same* arguments they presented to Judge Jensen. *See* Jansen Reply Decl., ¶¶ 2-3.

Moreover, Defendants do not address or attempt to distinguish any of the cases cited in Shum's motion, which demonstrate that courts routinely allow further discovery on remand following appeal, even though the parties could have sought and/or did seek similar discovery in the proceedings before the appeal. *See* Motion at 12. (citing *Haber v. United States*, 846 F.2d 1379, 1380 (Fed. Cir. 1988) (discovery is permitted on remand "in accordance with usual procedures appurtenant to remand following reversal."); *Hartco Eng'g, Inc. v. Wang's Intern., Inc.,* 2006 WL 1663812, *2-3 (E.D. La. June 12, 2006)).

**C.     Shum Has Not Received "Sufficient Discovery"**

Consistent with their cavalier attitude toward discovery, Defendants assert that Shum "has in fact received discovery sufficient to fully address his unjust enrichment claim." Opp'n at 10. Thus, in Defendants' opinion, Shum should accept whatever Defendants unilaterally consider is "sufficient" for him to prove his case at trial, even though Defendants are withholding numerous highly relevant categories of documents. This puts the fox in charge of the hen house; it is not the standard for discovery set forth in the Federal Rules. *See, e.g.*, Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Shum's opening brief discusses the various topics on which Defendants produced little to no documents. Motion at 4-5. A letter from Defendants' counsel on May 29, 2008 even memorializes the categories of documents for which Defendants failed to produce responsive documents. *See* MacDonald Decl., Ex. K at 1-3. Defendants through their silence acknowledge that they never produced the following categories, at a minimum:

1. Intel's internal accounting, tax and financial analyses of the assets acquired through LightLogic, including but not limited to LightLogic's patents and other intellectual property – after the close of the LightLogic/Intel merger in 2001 (*E.g.*, RFP Nos. 64-75 to Intel);

2. Back-up documentation for Intel's statements regarding the LightLogic merger in Intel's 10-K filings with the U.S. Securities and Exchange Commission (*E.g.*, RFP Nos. 64-75 to Intel);

3. Documents from Defendants' outside auditor (Ernst & Young) in Defendants' possession, custody or control relating to the acquisition of LightLogic and the valuation or allocation of LightLogic's assets (*E.g.*, RFP Nos. 64-75 to Intel);

4. Intel's strategic planning documents in the optoelectronic/communications parts market and environment predating the LightLogic acquisition (*E.g.*, RFP Nos. 57-58 to Intel);

5. The value which Intel (or others) placed on the technology and intellectual property of LightLogic's competitors (as well as these competitors themselves) during the 1999-2001 time frame – which will tend to demonstrate the price or value of similar or complementary technology (*E.g.*, RFP Nos. 59-60);

6. Valuations, due diligence and/or analyses generated by LightLogic, Intel or third parties (for example, investment banks involved in the LightLogic acquisition) that specifically analyzed LightLogic's technology, assets and/or intellectual property (*E.g.,* RFP Nos. 61-63, 76 to Intel);

7. Documents that LightLogic received from, or provided to other actual or potential investors, merger partners or acquirers, such as Corning and Alcatel (RFP Nos. 49, 60-62 to Verdiell);

8. Documents relating to efforts to license, analyze infringement or determining royalty rates of the patents-at-issue (*E.g.,* RFP Nos. 77-79 to Intel).

Defendants' failure to produce documents in response to the foregoing categories, among many others, makes clear that Defendants' production is not "sufficient" by any standard. Defendants provide no explanation for their failure to produce, except to repeat their mantra that Shum should have moved to compel beforehand but "did not do so." Opp'n at 10:25.

Further, throughout their Opposition, Defendants place great emphasis on having purportedly produced two witnesses in response to one of Shum's earlier Rule 30(b)(6) deposition notices to Intel as proof of the "sufficient" discovery provided to Shum. *See, e.g.*, Opp'n at 1, 2, 7, 8, 10. However, this fact is irrelevant to Shum's current motion to compel production of Defendants' wrongfully-withheld documents. Complying with their mandatory obligations under FRCP 30(b)(6) does not somehow waive Defendants' mandatory obligations to produce responsive documents under FRCP 34. Further, the topics at issue in the Shum's 30(b)(6) deposition notice, which related only to Intel's internal valuations of LightLogic, did not nearly cover the scope of the documents requests at issue in the Fifth and Sixth Set of RFPs. *See* MacDonald Reply Decl., Ex. Z (Shum's Rule 30(b)(6) Notice to Intel). Equities and the law favor "the fullest practicable" exchange of information. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

### D.     Defendants' Rule 26(e) Arguments Are Erroneous

Defendants wholly distort Shum's argument regarding Rule 26(e) of the Federal Rules of Civil Procedure. Contrary to Defendants' statements, Shum does not at all concede that "his Fifth RFPs are duplicative of his prior discovery requests to Defendants" (Opp'n at 11), and Defendants provide no factual basis for this purported "concession" by Shum. Rather, it is Defendants who consistently have maintained that the requests in Shum's Fifth Set of RFPs are "are duplicative of ones served prior to the close of fact discovery in 2006." Opp'n at 1. Even assuming Defendants' assertion is true, Defendants have no reason for failing to produce the documents at-issue in the present motion years ago.

Defendants know that their earlier responses are incomplete since they now admit they did ***not*** produce "'all' documents regarding unjust enrichment." Opp'n at 12. Instead, Defendants concede they produced "***only*** documents 'sufficient to show' the valuation of LightLogic and the patents at issue."[5] *Id.* (emphasis added). Yet that is not enough, as discussed above. Defendants have a duty, under Rule 26(e), to supplement their incomplete discovery responses and document productions.[6]

---

[5] Defendants once again resort to word games in justifying their incomplete document production by admitting that they produced documents that were "sufficient to show" information on certain limited categories. Opp'n at 12:15-16.

[6] Defendants cite *In re ATM Fee Antitrust Litig.*, 2007 U.S. Dist. LEXIS 47942 at *25-26 (N.D. Cal. June

Continued on the next page

## IV. SHUM'S MOTION TO COMPEL ON THE SIXTH SET OF RFPS IS RIPE

Shum's Sixth Set of RFPs pertains to Intel's recent divestitures to EMCORE Corporation (on December 18, 2007 and April 10, 2008) of the same opto-electronic technology at issue in this lawsuit. MacDonald Decl., Exs. M, N. Contrary to Defendants' statements and as discussed above, the parties conferred numerous times about Shum's Sixth Set of RFPs – in person on May 15, on the telephone on May 20 and 28, and through letters dated May 29 and June 4 – prior to Shum's filing of his motion to compel. *See* MacDonald Decl., ¶ 22 & Exs. K, L, T. In fact, at the May 15 in-person meeting, Defendants' lead counsel made very clear Intel's final position: Intel would produce only "final agreement" documents relating to its divestiture to EMCORE on December 18, 2007 and would not produce any documents relating to Intel's subsequent divestiture to EMCORE on April 10, 2008. MacDonald Reply Decl., ¶ 8; Jansen Reply Decl., ¶ 4. Shum's counsel disagreed with this improperly narrowed scope of production relating to the EMCORE documents. MacDonald Reply Decl., ¶ 8.

Moreover, the May 29 letter by Defendants' counsel even *memorializes* the fact the parties discussed the Sixth Set of Document Requests at the May 15, 2008 in-person meeting. The letter stated in relevant part: "<u>Documents Identified by Townsend During the May 15, 2008 Meet & Confer</u>: (1) …; (2) …; (3) All documents relating to the recent Intel/Emcore transaction." MacDonald Decl., Ex. K (underline in original). Lest there be any doubt as to whether the parties had sufficiently met and conferred, the Sixth Set of RFPs were again discussed at the May 20 and May 28 telephonic conferences (MacDonald Decl., ¶ 22) and at the June 24 in-person meet and confer (MacDonald Reply Decl., ¶ 9). Shum's motion to compel on the Sixth Set of RFPs is ripe for adjudication.

Defendants half-heartedly argue that Shum's motion of the Sixth Set of RFPs should be denied

---

Continued from the previous page
25, 2007) to support the assertion that Shum bears the burden of proving that Defendants' discovery is incomplete. Shum has more than established this burden in their moving and reply papers and by virtue of Defendants' admission that they produced "only documents 'sufficient to show' the valuation of LightLogic and the patents at issue "in response to prior requests for production." Opp'n at 12:15-16. *Havenfield Corp. v. H&R Block, Inc.*, 509 F.2d 1263, 1271-72 (8th Cir. 1975) is also readily distinguishable since it involves a party requesting to supplement its own discovery response well after the close of discovery based on facts that were not knowingly concealed. Here, however, Shum is requesting the other side to supplement facts, before the close of discovery, based on information and documents that have been knowingly concealed by Defendants.

on substantive grounds. On June 4, 2008, Defendants produced a very limited set of documents in response to the Sixth Set of RFPs. Even Defendants characterized this as "an initial group of responsive documents." MacDonald Decl., Ex. T. Despite several inquiries by Shum's counsel, Defendants have never explained what other responsive documents they will produce or whether they will even produce other responsive documents beyond this "initial group." MacDonald Reply Decl., ¶ 9 & Exs. W, X, Y.

Moreover, Intel's responses to the Sixth Set of RFPs unfairly limit the scope of its production to "documents sufficient to demonstrate that the patents-in-suit were not sold, assigned or transferred to Emcore as part of the [December 18, 2007] transaction." MacDonald Decl., Ex. O, RFP Nos. 80 and 81. Once again, Intel engages in unilaterally dictating what documents are relevant for Shum to prove his case. As Shum's counsel indicated in his letter to Defendants and in meet and confers, Shum is allowed to discover at the very least:

1. why the patents-in-suit were not ultimately sold, assigned or transferred to EMCORE despite being "initially identified" as part of the December 18, 2007 sale to EMCORE;
2. verify Defendants' assertion that Intel's subsequent divestiture to EMCORE in April 10, 2008 did not relate to the patents-in-suit or underlying technology in any way;
3. receive all documents exchanged in the EMCORE transactions that refer to Shum, Verdiell, LightLogic, the intellectual property owned by LightLogic and/or this lawsuit; and
4. receive all documents relating to other offers to buy and other efforts to sell or valuate the intellectual property owned by LightLogic.

MacDonald Reply Decl., ¶ 9 & Ex. Y. All such documents are relevant to Shum's unjust enrichment claim since they allow Shum, among other things, to determine how Intel described the patents-in-suit with respect to valuation, ownership and exclusivity.

## V.   CONCLUSION

There is no dispute that Defendants are withholding important documents directly relevant to Shum's unjust enrichment cause of action. Defendants' refusal to produce these documents is based entirely on their argument that Shum could have and should have moved to compel a few years ago on documents they were withholding then. Yet there is nothing untimely about this motion to compel,

1 especially since Shum's unjust enrichment cause of action was not part of this lawsuit until recently and
2 given Judge Jensen's allowance of unjust enrichment discovery through July 28, 2008.  Defendants
3 must not be rewarded for their obvious gamesmanship in discovery and misstatements before this
4 Court.  Shum's motion to compel should be granted in its entirety.

DATED:  July 2, 2008          Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP


By:  /s/*Angus M. MacDonald*
    ANGUS M. MACDONALD

Attorneys for Plaintiff FRANK T. SHUM

61413324 v2