STEPHEN E. TAYLOR (SBN 58452)
JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:   (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

RAGESH K. TANGRI (SBN 159477)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California  94111
Telephone: (415) 391-5400
Facsimile:   (415) 397-7188
E-mail: rtangri@kvn.com

Attorneys for Defendants INTEL CORPORATION, LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL and LIGHTLOGIC, INC.,<br><br>　　　　Defendants. | Case No.: C 02-03262 DLJ (EMC)<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY FRANK T. SHUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY FRANK T. SHUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO.  C 02-03262 DLJ (EMC)

Defendants Intel Corporation, Jean-Marc Verdiell and LightLogic, Inc. hereby object to the following evidence submitted by Frank T. Shum in opposition to Defendants' Motion for Summary Judgment.

### Objections to Declaration of Frank T. Shum

| Objectionable Evidence: | Grounds for Objection: |
|---|---|
| 1. Paragraph 17:<br><br>"These potential investors told me that they would not invest in Radiance technology because of the uncertainty in determining who had the rights to the Radiance's intellectual property under the POL. They impressed upon me the importance of having 'exclusivity' over Radiance's intellectual property rights." | <u>Hearsay</u>: The alleged out-of-court statements by the unidentified "potential investors" are being offered for the truth of the matter asserted – *i.e.* that there was uncertainty under the Plan of Liquidation – and were purportedly made by an available non-party. No exception to the rule against hearsay applies, and the statements are inadmissible. *See* Fed. R. Evid. 801-804.<br><br><u>Relevance</u>: The alleged statements by "potential investors" as to their purported understanding (or misunderstanding) of the parties' rights under the POL do not relate to a fact of consequence to the case and have no probative value. They are therefore irrelevant and inadmissible. *See* Fed. R. Evid. 402. |
| 2. Paragraph 18:<br><br>"I therefore, approached an investment banking firm, Robertson Stevens, and inquired whether they could assist me in marketing my rights to Radiance technology. Robertson Stevens' executives told me to get a written acknowledgement from Intel of my rights to the Radiance patents before they could assist me." | <u>Hearsay</u>: The alleged out-of-court statements by the Robertson Stephens representatives are being offered for the truth of the matter asserted – *i.e.* that written confirmation was in fact required to obtain marketing assistance – and were purportedly made by an available non-party. No exception to the rule against hearsay applies, and the statements are inadmissible. *See* Fed. R. Evid. 801-804.<br><br><u>Relevance</u>: The statements attributed to Robertson Stevens do not relate to a fact of consequence to the case and have no probative value. They are therefore irrelevant and inadmissible. *See* Fed. R. Evid. 402. |

1.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY FRANK T. SHUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO. C 02-03262 DLJ (EMC)

| Objectionable Evidence: | Grounds for Objection: |
|---|---|
| 3.  Paragraph 18:<br><br>"When I learned of Intel's $409 million acquisition of LightLogic in 2001 from an acquaintance, I contacted Intel to discuss the value of my right to that technology . . . I, through my lawyer, passed this information onto Intel -- however Intel did not provided [sic] written confirmation of my rights under the Radiance patents. My conversations with Intel dragged out over a period several months from approximately May through December 2001.  I, of course, was unsuccessful in resolving this matter amicably and therefore filed this litigation." | <u>Settlement Negotiations</u>:  Any such statements allegedly made by Intel were made in compromise negotiations relating to Shum's potential claims and, hence, are inadmissible. *See* Fed. R. Evid. 408(a)(2); Declaration of Jayesh Hines-Shah in Support of Defendants' Summary Judgment Motion Reply Brief ¶¶ 3, 11, Exh. 1 (F. Shum Depo. (11/14/2003), pp. 531:24-532-24), Exh. 8.<br><br><u>Hearsay</u>:  The alleged out-of-court statements are being offered for the truth of the matter against Verdiell.  No exception to the rule against hearsay applies, and the statements are inadmissible as to Verdiell.  *See* Fed. R. Evid. 801-804.<br><br><u>Relevance</u>:  The alleged statements attributed to Intel and the events referenced do not relate to a fact of consequence to the case and have no probative value.  They are therefore irrelevant and inadmissible.  *See* Fed. R. Evid. 402. |

///

///

///

///

///

///

///

///

///

///

///

///

2.

DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY FRANK T. SHUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO.  C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

### Objections to Declaration of Wayne H. Knox

| Objectionable Evidence: | Grounds for Objection: |
|---|---|
| 1. Knox Decl., ¶¶ 17-24 and Exh. F.<br><br>Relying on an eyeball comparison of sketches – from the first April 17, 1997 ROI (Exhibit 4-A) and an alternate embodiment of the '950 Patent – Professor Knox opines that the former contains a "spring leaf" rather than a flexure. | <u>Fails to Assist the Court</u>: Professor Knox's "expert" opinion is based entirely on eyeballing two drawings side-by-side and describing what each one purportedly reflects. Since the Court is entirely capable of making such a comparison, Professor Knox's testimony will not assist the Court to understand the evidence or determine a fact in issue and is thus inadmissible. *See* Fed. R. Evid. 702.<br><br><u>Testimony Is Not Product of Reliable Principles and Methods</u>: Without any basis, other than his own apparent intuition, Professor Knox renders an opinion that purports to contradict Verdiell's evidence of conception. However, Professor Knox's opinion is not based upon any facts or data (much less *sufficient* facts or data) and is not the product of reliable principles and methods that have been applied to the facts of the case. Accordingly, his proffered "expert" opinion is inadmissible. *See* Fed. R. Evid. 702; *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1167 (Fed. Cir. 2006) (To offer admissible opinion, an expert must provide "a solid factual basis" for his opinion on inventorship); *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1464 (Fed. Cir. 1998). |

At the hearing on defendants' motion, defendants will respectfully request the Court to sustain the above objections on the grounds stated.

Dated: July 3, 2008           Respectfully submitted,

TAYLOR & COMPANY LAW OFFICES, LLP


By:    /s/ Stephen E. Taylor
              Stephen E. Taylor

Attorneys for Defendants INTEL CORPORATION, LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

Taylor & Co.
Law Offices, LLP

3.

DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY FRANK T. SHUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO. C 02-03262 DLJ (EMC)