1 | STEPHEN E. TAYLOR (SBN 58452)
JESSICA L. GRANT (SBN 178138)
2 | JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
3 | TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
4 | San Francisco, California 94111
Telephone: (415) 788-8200
5 | Facsimile: (415) 788-8208
E-mail: staylor@tcolaw.com
6 | E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
7 | E-mail: jpatchen@tcolaw.com

8 | RAGESH K. TANGRI (SBN 159477)
KEKER & VAN NEST LLP
9 | 710 Sansome Street
San Francisco, California 94111
10 | Telephone: (415) 391-5400
Facsimile: (415) 397-7188
11 | E-mail: rtangri@kvn.com

12 | Attorneys for Defendants INTEL
CORPORATION, LIGHTLOGIC, INC.
13 | and JEAN-MARC VERDIELL

14 | UNITED STATES DISTRICT COURT

15 | NORTHERN DISTRICT OF CALIFORNIA

16 | OAKLAND DIVISION

17 |

18 | FRANK T. SHUM,     Case No.: C 02-03262 DLJ (EMC)

19 |      Plaintiff,     **DEFENDANTS' RESPONSE TO
OBJECTIONS TO EVIDENCE**
20 | v.     **SUBMITTED BY PLAINTIFF FRANK
T. SHUM IN SUPPORT OF HIS**
21 | INTEL CORPORATION, JEAN-MARC     **OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**
VERDIELL and LIGHTLOGIC, INC.,
22 |
     Defendants.
23 |

24 |

25 |

26 |

27 |

28 |

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' RESPONSE TO OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF FRANK T.
SHUM IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. C 02-03262 DLJ (EMC)

1  Defendants Intel Corporation, Jean-Marc Verdiell ("Verdiell") and LightLogic, Inc.,

2  hereby respond to Plaintiff Frank T. Shum's ("Shum") objections to evidence set forth in his

3  Motion to Strike Defendants' Motion for Summary Judgment and Objections to Evidence.

4

5  **Responses To Frank T. Shum's Objections**

6

7

| Evidence | Shum's Objection | Response |
|---|---|---|
| 1.  Declaration of Stephen E. Taylor, ¶ 5 and Exhibit 3:  F. Shum's 11/14/2003 deposition testimony at pp. 527:10-528:10; 536:7-537:3. | Defendants state that "Shum acknowledged that by patenting Radiance technology, Verdiell protected Shum's alleged inventions from the public domain." (Memo at 17.)  This statement mischaracterizes Shum's position, which was that Mr. Verdiell obtained exclusive patent rights to the technology, to the exclusion of Shum.  (*See* Ex. 3 to Taylor Decl., pp. 536:18-537:6.) | Defendants' statement is correct and does not mischaracterize Mr. Shum's testimony.  Rather, as the cited testimony demonstrates, Mr. Shum admits that either he or Mr. Verdiell could have placed the technology in the public domain and that Mr. Verdiell's patent protected the technology from the public domain.  *See* Taylor Decl., Ex. 3 at pp. 527:10-528:10; 536:18-537:3. |

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' RESPONSE TO OBJECTIONS TO EVIDENCE SUBMITTED BY FRANK T. SHUM IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO.  C 02-03262 DLJ (EMC)

| Evidence | Shum's Objection | Response |
|---|---|---|
| 2.  Declaration of Stephen E. Taylor, ¶ 10 and Exhibit 8:  F. Shum's 1/10/2005 inventorship trial testimony at pp. 155:1-7; 178:20-182:23; 208:22-209:6, 213:25-214:18; 66:15-69:13;69:19-71:14; 150:13-151:3. | Testimony from vacated Trial.<br><br>Once the Federal Circuit vacated the inventorship trial Order and follow on summary judgment Order, the parties "are left in the same situation as if no trial had ever taken place in the cause," and all evidence, including testimony, must be presented anew.  *United States v. Ayres*, 76 U.S. 608, 610 (1869); *Day v. Amax, Inc.*, 701 F.2d 1258, 1263 (8th Cir. 1983) ("Following the grant of a new trial, the second trial, absent any stipulations by the parties to the contrary, proceeds de novo.") | Use of testimony from the earlier trial is permissible.<br><br>The fact that the findings and judgment from the trial were vacated on Seventh Amendment grounds does not nullify the underlying testimony or cast any doubt on its relevance or admissibility.  Instead, that testimony is, and remains, evidence.  *See, e.g., Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, l4l5 n.12 (5th Cir. 1993) (affirming district court's reliance on prior trial testimony in deciding motion for summary judgment); *see also United States v. O'Connell*, 890 F.2d 563, 567 (1st Cir. 1989) (same); *Langston v. Johnson*, 478 F. 2d 915, 918 n.17 (D.C. Cir. 1973) (same).<br><br>Shum's cases provide no support for his objection because they have nothing to do with the use of trial evidence in connection with a motion for summary judgment.  *United States v. Ayres*, 76 U.S. 608, 619 (1869), is a case about appellate jurisdiction: it holds that the grant of a new trial following an appeal from a final judgment vacates that judgment and requires dismissal of the appeal.  *Day v. Amax, Inc.* 701 F.2d 1258, 1263 (8th Cir. 1983) is an application of the law of the case doctrine: it holds that after the *de novo* presentation of evidence during a retrial, the trial court is not bound by a determination made in the prior trial that the evidence presented the first trial was sufficient to support the jury's verdict. |

DEFENDANTS' RESPONSE TO OBJECTIONS TO EVIDENCE SUBMITTED BY FRANK T. SHUM IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO.  C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

| Evidence | Shum's Objection | Response |
|---|---|---|
| 3.  Declaration of Stephen E. Taylor, ¶ 11 and Exhibit 9: F. Shum's 1/11/2005 inventorship trial testimony at pp. 344:2-5; 358:19-365:12; 272:25-273:20; 228:1-10. | Testimony from vacated Trial.  (*See* Objection No. 2.) | Use of testimony from the earlier trial is permissible.  (*See* Response to Objection No. 2.) |
| 4.  Declaration of Stephen E. Taylor, ¶ 12 and Exhibit 10: F. Shum's 1/12/2005 inventorship trial testimony at pp. 492:5-493:16, 496:11-17; 446:13-448:28; 452:17-453:8. | Testimony from vacated Trial.  (*See* Objection No. 2) | Use of testimony from the earlier trial is permissible.  (*See* Response to Objection No. 2). |
| 5.  Declaration of Stephen E. Taylor, ¶ 13 and Exhibit 11:  Third-party witness Les Duman's 1/13/2005 inventorship trial testimony at pp. 639:20-640:9, 643:18-24; 650:14-17; 667:4-25. | Defendants falsely characterize the testimony of Duman at: 650:14-17 as being a discussion between Verdiell and Duman.  This testimony, however, relates to Duman's observance of a discussion between Verdiell and Shum.  (*See* Alban Decl. Ex. L at 649:14-650:17.) | Defendants accurately describe Mr. Duman's testimony.  During the May 1997 meeting, Verdiell expressly questioned Duman about the functions (as opposed to Shum's interest in the engineering) of the "spider" part.  *See* Taylor Decl., Exhibit 11 at 643:18-24.  Mr. Duman participated in these conversations with Mr. Verdiell.  *Id*. at 643:7-12.  More to the point, Mr. Duman's testimony establishes that Mr. Shum was present for this conversation.  *See* Memorandum Of Points And Authorities In Support Of Motion Of Defendants Intel Corporation, LightLogic, Inc. And Jean-Marc Verdiell For Summary Judgment at 27. |

///

///

3.

TAYLOR & CO.
LAW OFFICES, LLP

| Evidence | Shum's Objection | Response |
|---|---|---|
| 5. (Contd.)  Declaration of Stephen E. Taylor, ¶ 13 and Exhibit 11:  Shum's expert witness Wayne Knox's 1/13/2005 inventorship trial testimony at pp. 760:5-766:4; 764:19-765:2. | Mischaracterizes Mr. Knox's testimony at 760:5-766:4. Defendants claim that Mr. Knox testified that, with some exception, "all the [ ] elements of the DBC patents were well known, and thus prior art, by 1996." Memo at 27.  Mr. Knox, however, never testified that he had seen all the elements of the Step Patents in one reference, as would have been required for Defendants' characterization to be accurate. | Defendants accurately describe Mr. Knox's testimony.  In that testimony, Mr. Knox acknowledged that all but one of the elements of the DBC patent were prior art – prior art that he himself had used in various combinations at various times – with the exception of the invention embodied in element 1-C3.  Mr. Shum's argument that Mr. Knox is required to have used all of the elements of the DBC patent (save element 1-C3) in one reference to establish prior art lacks legal merit. *See Price v. Symsek*, 988 F.2d 1187, 1196 (Fed. Cir. 1993). |
| 5. (Contd.)  Declaration of Stephen E. Taylor, ¶ 13 and Exhibit 11. | All testimony within this Exhibit is also testimony from the vacated trial.  (*See* Objection No. 2.) | Use of testimony from the earlier trial is permissible.  (*See* Response to Objection No. 2.) |
| 6.  Declaration of Stephen E. Taylor, ¶ 14 and Exhibit 12:  Verdiell's 1/18/2005 inventorship trial testimony at pp. 995:2-998:9; 1002:10-1007:3; 1043:3-1048:12; 1057:3-1058:10. | Testimony from vacated Trial.  (*See* Objection No. 2.) | Use of testimony from the earlier trial is permissible.  (*See* Response to Objection No. 2). |

///

///

///

///

4.

| Evidence | Shum's Objection | Response |
|---|---|---|
| 7.  Declaration of Stephen Taylor, ¶ 15 and Exhibit 13:  Verdiell's 1/19/2005 inventorship trial testimony at pp. 1077:6-1079:14; 1080:11-1081:13; 1084:19-1086:25; 1087:17-1088:18; 1090:4-1091:7; 1116:5-1117:21; 1120:3-1126:10.  Third-party witness Marek Alboszta's 1/19/2005 inventorship trial testimony at pp. 1238:11-1239:16. | Testimony from vacated Trial.  (*See* Objection No. 2) | Use of testimony from the earlier trial is permissible.  (*See* Response to Objection No. 2). |
| 8.  Declaration of Stephen E. Taylor, ¶ 16 and Exhibit 14:  Defendants' expert witness Thomas Koch's 1/20/2005 inventorship trial testimony at pp. 1410:4-1413:8; 1482:9-1483:17. | Testimony from vacated Trial.  (*See* Objection No. 2.) | Use of testimony from the earlier trial is permissible.  (*See* Response to Objection No. 2). |

Dated:  July 3, 2008

Respectfully submitted,

TAYLOR & COMPANY LAW OFFICES, LLP

By:      /s/ Stephen E. Taylor
         Stephen E. Taylor

Attorneys for Defendants INTEL CORPORATION, LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

TAYLOR & CO.
LAW OFFICES, LLP

5.

DEFENDANTS' RESPONSE TO OBJECTIONS TO EVIDENCE SUBMITTED BY FRANK T. SHUM IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO.  C 02-03262 DLJ (EMC)