STEPHEN E. TAYLOR (SBN 58452)
JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:   (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

RAGESH K. TANGRI (SBN 159477)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California  94111
Telephone: (415) 391-5400
Facsimile:   (415) 397-7188
E-mail: rtangri@kvn.com

Attorneys for Defendants INTEL
CORPORATION, LIGHTLOGIC, INC.
and JEAN-MARC VERDIELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>    Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL and LIGHTLOGIC, INC.,<br><br>    Defendants. | Case No.: C 02-03262 DLJ (EMC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE** |

TAYLOR & CO.
LAW OFFICES, LLP

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................... 1

    A. Defendants' Motion For Summary Judgment Is Not Barred By The Federal Circuit's Mandate ................................................................. 1

    B. Defendants' Reliance On Evidence Admitted At The Inventorship Trial Is Consistent With Rule 56 And Does Not Conflict With The Federal Circuit's Mandate ...................................................................................... 4

    C. Defendants' Motion Is Timely And Consistent With The Doctrine Of The Law Of The Case ...................................................................... 6

    D. The Summary Judgment Motion On The Issue Of Inventorship Is Timely, Does Not Duplicate Any Prior Motion, And Is Consistent With The Doctrine Of The Law Of The Case ......................................... 8

    E. The Summary Judgment Motion On The Issue Of Unjust Enrichment Is Timely And Does Not Duplicate Any Prior Motion ............................................. 9

    F. Defendants' Summary Judgment Motion On The Issue Of Breach Of Contract Does Not Duplicate Their Previously Denied Summary Judgment Motion And Is Not Barred By The Law Of The Case Doctrine ............................ 10

    G. Defendants' Summary Judgment Motion On The Issue Of Fraud Does Not Duplicate Their Previous Summary Judgment Motion And Is Not Barred By The Law Of The Case Doctrine .......................................... 11

    H. The Motion For Summary Judgment On Shum's Breach Of Fiduciary Duty And Fraudulent Concealment Claims Is Not Barred By The Law Of The Case Doctrine .......................................................... 12

        1. Fiduciary Duty ................................................................................................. 12

        2. Fraudulent Concealment ................................................................................. 13

III. CONCLUSION ............................................................................................................. 13

i.

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

# TABLE OF AUTHORITIES

**CASES**

*Amman v. Home Inv. Co.*,
    243 F.2d 748 (9th Cir. 1957) .................................................................................................. 4

*City of Hope National Medical Center v. Genentech, Inc.*,
    43 Cal. 4th 375 (2008) ................................................................................................... 8, 12

*Cont'l T.V., Inc., v. G.T.E. Sylvania Inc.*,
    694 F.2d 1132 (9th Cir. 1982) ................................................................................................ 4

*Day v. Amax, Inc.*
    701 F.2d 1258 (8th Cir. 1983) ................................................................................................ 5

*Engel Indus., Inc. v. Lockformer Co.*,
    166 F.3d 1379 (Fed. Cir. 1999) .......................................................................................... 2, 3

*E-Pass Techs., Inc. v. 3 Com Corp.*,
    2006 U.S. Dist. LEXIS 95914 (N.D. Cal. March 17, 2006),
    aff'd., 473 F. 3d 1213 (Fed. Cir. 2007) .................................................................................. 2

*Exxon Chem. Patents v. Lubrizol Corp.*,
    137 F.3d 1475 (Fed. Cir. 1998) .......................................................................................... 2, 3

*Golden Gate Hotel Ass'n v. City & County of San Francisco*,
    18 F.3d 1482 (9th Cir. 1994) .................................................................................................. 6

*Hudson v. Principi*,
    260 F.3d 1357 (Fed. Cir. 2001) .............................................................................................. 6

*Kelley v. Price-Macemon, lnc.*,
    992 F.2d 1408 (5th Cir. 1993) ................................................................................................ 5

*Laitram Corp. v. NEC Corp.*,
    115 F.3d 947 (Fed. Cir. 1997) ................................................................................................ 2

*Langston v. Johnson*,
    478 F. 2d 915 (D.C. Cir. 1973 .............................................................................................. 5

*Liquid Dynamics Corp. v. Vaughan Co.*,
    449 F.3d 1209 (Fed. Cir. 2006) ..................................................................................... 2, 3, 5

*Marable v. Nitchman*,
    2007 U.S. App. LEXIS 29741 (9th Cir. Dec. 26, 2007) ........................................................ 6

*McDonnell Douglas Corp. v. United States*,
    323 F.3d 1006 (Fed. Cir. 2003) .............................................................................................. 2

*Mendenhall v. Barber-Greene Co.*,
    26 F.3d 1573 (Fed. Cir. 1994) ................................................................................................ 6

ii.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO.  C 02-03262 DLJ (EMC)

*Minidoka Irrigation Dist. v. DOI*,
    406 F.3d 567 (9th Cir. 2005) ................................................................................................ 6

*Padilla v. Terhune*,
    309 F.3d 614 (9th Cir. 2002) .............................................................................................. 10

*Persson v. Smart Inventions, Inc.*,
    125 Cal. App. 4th 1141 (2005) ....................................................................................... 8, 12

*Preaseau v. Prudential Ins. Co.*,
    591 F.2d 74 (9th Cir. 1979) .................................................................................................. 6

*Publishers Res., Inc., v. Walker-Davis Publ'ns, Inc.*,
    762 F.2d 557 (7th Cir. 1985) ................................................................................................ 4

*Sales v. State Farm Fire & Cas. Co.*,
    902 F.2d 933 (11th Cir. 1990) .............................................................................................. 4

*Securities Investor Protection Corp. v. Vigman*,
    74 F.3d 932 (9th Cir. 1996) ................................................................................................ 10

*Shelkofsky v. Broughton*,
    388 F.2d 977 (5th Cir. 1968) ................................................................................................ 4

*Shum v. Intel Corp.*,
    499 F.3d 1272 (Fed. Cir. 2007) ............................................................................................ 4

*Smith v. Peyton*,
    2007 U.S. Dist. LEXIS 68372 (D. Haw. Sept. 14, 2007) ................................................... 10

*Staefa Control Systems v. St. Paul Fire & Marine Ins. Co.*,
    875 F.Supp. 656 (N.D.Cal. 1994) ........................................................................................ 6

*Tafari v. Chevron Corp.*,
    1992 U.S. Dist. LEXIS 19085 (N.D. Cal. Dec. 1, 1992) ................................................... 10

*United States v. Ayres*,
    76 U.S. 608 (1869) ............................................................................................................... 5

*United States v. Miller*,
    822 F.2d 828 (9th Cir. 1987) ........................................................................................... 6, 8

*United States v. O'Connell*,
    890 F.2d 563, 567 (1st Cir. 1989) ........................................................................................ 5

**STATUTES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 10

Fed. R. Civ. P. 12(h)(2) ............................................................................................................. 10

Fed. R. Civ. P. 56(e) ................................................................................................................... 5

iii.
DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

Fed. R. Civ. P. 60(b) .................................................................................................................. 7

**OTHER AUTHORITIES**

18 Charles A. Wright, et al., *Federal Practice and Procedure* § 4478 (1981) ................................ 6

iv.

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

## I.     INTRODUCTION

Plaintiff Frank T. Shum's Motion to Strike and Objections to Evidence are meritless. Contrary to Shum's claim, the Federal Circuit's mandate does not bar defendants' summary judgment motion. The Federal Circuit's mandate extends only to issues actually decided in that court. Because that court did not decide *any* issues relating to the sufficiency of Shum's evidence, defendants' motion is consistent with the Federal Circuit's mandate and, under well-settled case law, the Court is free to consider the motion on the merits.

Shum's argument that this Court may not consider evidence from the prior inventorship trial in connection with defendants' motion is similarly untenable. Shum's contention is inconsistent with Rule 56 and controlling case law, both of which *approve* of the use of such evidence.

Finally, defendants' motion is not barred by the law of the case doctrine, which is discretionary, pragmatic and driven by the goal of promoting judicial economy. Where new law or new evidence indicates the possibility of avoiding a costly and unnecessary trial, the doctrine expressly approves reevaluating the propriety of prior denials of summary judgment. Here, substantial new intervening authority and new evidence indicates the propriety of summary judgment on each of Shum's claims. For that reason, the law of the case doctrine actually supports, rather than bars, the full consideration of defendants' motion.

## II.     ARGUMENT

### A.     Defendants' Motion For Summary Judgment Is Not Barred By The Federal Circuit's Mandate

Shum's argument that the Federal Circuit's mandate bars defendants' motion for summary judgment cites no authority and shows no awareness of the controlling legal standard. When that standard is taken into account, it is absolutely clear that the mandate does not bar defendants' motion.

///

///

1.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)

When interpreting an appellate mandate, a "district court is free to take any action that is consistent with the appellate mandate, as informed by both the formal judgment issued by the court and the court's written opinion."[1] *Exxon Chem. Patents v. Lubrizol Corp.,* 137 F.3d 1475 (Fed. Cir. 1998). Regardless of the issues raised by the parties on appeal, "only the issues actually decided [by the appellate court] . . . are foreclosed from further consideration." *Engel Indus., Inc. v. Lockformer Co.,* 166 F.3d 1379 (Fed. Cir. 1999); *E-Pass Techs., Inc. v. 3 Com Corp.*, 2006 U.S. Dist. LEXIS 95914 (N.D. Cal. March 17, 2006), *aff'd.*, 473 F. 3d 1213, 1218 (Fed. Cir. 2007). Express determinations must be followed, but when the appellate court is silent on an issue, it may be considered determined only if "decided by necessary implication." *Lubrizol,* 137 F.3d at 1478; *see also Laitram Corp. v. NEC Corp.*, 115 F.3d 947 at 951 (Fed. Cir. 1997). Finally, because the appellate court's power to decide is limited to issues properly before it, the scope of the mandate cannot extend to questions that were neither presented to nor resolved by the district court prior to the appeal. *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1220 (Fed. Cir. 2006); *Engel Indus.*, 166 F.3d at 1383; *Lubrizol,* 137 F.3d at 1484.

Defendants' summary judgment motion turns on whether any of Shum's claims is supported by sufficient evidence to warrant a trial. Under the governing legal standard, this Court may grant summary judgment unless the Federal Circuit has already decided those sufficiency issues in Shum's favor. A brief review of what the Federal Circuit decided shows that it has not done so:

- The Federal Circuit expressly decided that because "commonality exists between the factual issues underlying [Shum's] inventorship and fraud claims," the decision to try the correction of inventorship claims to the Court, prior to a jury trial on his common law fraud claim, violated Shum's Seventh Amendment right to a jury trial. *Id.* at 1279.
- This express determination required the court to vacate the inventorship order and resolved another issue by necessary implication: the January 2006

---

[1] The scope of the Federal Circuit's mandate is determined by Federal Circuit law. *See McDonnell Douglas Corp. v. United States*, 323 F.3d 1006, 1012 (Fed. Cir. 2003); *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1382 (Fed. Cir. 1999); *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951 (Fed. Cir. 1997).

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO.  C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

> Summary Judgment Order was erroneous to the extent it may have relied on the vacated inventorship findings, and had to be vacated in order to allow this Court to determine the extent of such reliance.
>
> - The court expressly decided that the "dismissal of [Shum's unjust enrichment] claim on the basis that it was 'merely duplicative' of the fraudulent concealment claim, without further elaboration, cannot be sustained." *Id.* at 1280

The propositions listed above are *all* the Federal Circuit decided. None address, either expressly or by implication, whether Shum's evidence is sufficient to warrant a trial. Accordingly, the mandate cannot be read to bar defendants' summary judgment motion.

Shum's contrary argument relies solely on the Federal Circuit's repeated references in its opinion to common "factual issues" or common "facts," and to its statement that because of the Seventh Amendment error in trying those common factual issues to the court, "the case must be remanded for trial before a jury." Mot. To Strike at 2-3. There are three fatal problems with this argument which cumulatively expose Shum's position as frivolous.

First, a decision that "factual issues" are *common* to two separate claims does not imply a further decision that those common issues are *triable*. Second, because, as Shum concedes, the "factual issues" to which the Federal Circuit refers relate *solely* to inventorship, the language in the court's decision cannot be read as deciding anything about the non-inventorship elements of Shum's state law claims. Third, as a matter of law, the scope of the Federal Circuit's mandate could not have extended even to deciding the sufficiency of Shum's inventorship evidence, because that issue had not been raised or decided in this Court and was not raised by either party on appeal. *Liquid Dynamics Corp.*, 449 F.3d at 1220; *Engel Indus.*, 166 F.3d at 1383; *Lubrizol*, 137 F.3d at 1484. Thus, rather than showing that the mandate bars defendants' motion, Shum's argument confirms that the mandate leaves open the question of sufficiency as to all of his federal and state claims.

The Federal Circuit's actual disposition "vacate[d] the district court's determination on the inventorship claim and its grant of summary judgment on the remaining state law claims, reverse[d] the court's dismissal of the unjust enrichment claim, and *remand[ed] the case for*

3.

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

*further proceedings consistent with this opinion.*"  *Shum v. Intel Corp.*, 499 F.3d 1272, 1280 (Fed. Cir. 2007) (emphasis added). Where the appellate court has not decided the issue of sufficiency, as in this case, a remand for "further proceedings" does not require a new trial if the traditional tests for summary judgment are met. *Cont'l T.V., Inc., v. G.T.E. Sylvania Inc.,* 694 F.2d 1132, 1135-36 (9th Cir. 1982).  That is particularly true here: the Seventh Amendment, which is the basis for the Federal Circuit's mandate, does not require a jury trial when there are no genuine issues of material fact.  Consistent with this view, courts have routinely approved otherwise appropriate grants of summary judgment following a remand for a new trial.  *See, e.g., Sales v. State Farm Fire & Cas. Co.,* 902 F.2d 933, 935 (11th Cir. 1990) ("A mandate from this court ordering a new trial does not preclude the district court from entering summary judgment if all of the appropriate requirements are met."); *Shelkofsky v. Broughton*, 388 F.2d 977, 978-79 (5th Cir. 1968) (reversal for a trial by jury does not necessarily preclude summary disposition if the evidence is not sufficient to warrant submission to a jury).  Where, as here, there are no material factual issues, "a summary judgment proceeding is the functional equivalent of a new trial; under such circumstances a full-scale trial is neither necessary nor helpful." *Publishers Res., Inc., v. Walker-Davis Publ'ns, Inc.,* 762 F.2d 557, 559 (7th Cir. 1985) (finding that a mandate for a "new trial" was broad enough to encompass summary judgment).  Accordingly, the Federal Circuit's mandate leaves this Court free to grant summary judgment in defendants' favor.[2]

**B.     Defendants' Reliance On Evidence Admitted At The Inventorship Trial Is Consistent With Rule 56 And Does Not Conflict With The Federal Circuit's Mandate**

Shum next contends that testimony and exhibits admitted at the first inventorship trial in 2005 cannot be considered in support of defendants' current motion for summary judgment

---

[2] This case is wholly unlike *Amman v. Home Inv. Co.,* 243 F.2d 748 (9th Cir. 1957), which Shum cites as showing that the Ninth Circuit "flatly disapproved" of summary judgment in "similar circumstances."  Mot. to Strike at 6.  Indeed, the circumstances in *Amman* could not be more dissimilar.  There, the appellate court determined that summary judgment had improperly been entered in favor of plaintiffs in the face of previous appellate rulings (a) ordering that the underlying complaints be dismissed, and (b) holding that the claims were without legal foundation.  *Amman.,* 243 F.2d at 758.  There have been no comparable appellate rulings in this case.

4.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO.  C 02-03262 DLJ (EMC)

because the findings and conclusions in that trial have been vacated and a new trial before a jury will involve taking evidence *de novo*. The cases upon which Shum relies are simply irrelevant, and do not even address the use of evidence admitted at an earlier trial in subsequent proceedings, let alone in support of a subsequent motion for summary judgment.[3]

If there is a retrial in this case, new evidence may well be adduced. But that possibility has no bearing on the question of whether evidence admitted at an earlier trial can be used in support of summary judgment. In the latter context, testimony and other evidence admitted at a prior trial, subject to cross-examination and appropriate objections, clearly satisfy the criteria of relevance, personal knowledge and potential admissibility established by Fed. R. Civ. P. 56(e). Indeed, they do so more fully than the affidavits customarily used to satisfy that Rule. Not surprisingly, then, the authorities cited in defendants' opening summary judgment brief uniformly approve the use of prior trial testimony for that purpose. *See, e.g., Kelley v. Price-Macemon, lnc.*, 992 F.2d 1408, l415 n.12 (5th Cir. 1993) (affirming district court's reliance on prior trial testimony in deciding motion for summary judgment); *see also United States v. O'Connell*, 890 F.2d 563 (1st Cir. 1989) (same); *Langston v. Johnson*, 478 F. 2d 915, 918 n.17 (D.C. Cir. 1973 (same). Contrary to Shum's suggestion, the fact that the findings in the inventorship trial were vacated on appeal provides no basis for departing from this settled rule: nothing decided by the Federal Circuit casts any doubt on the admissibility or probative weight of that evidence or the propriety of its use in support of defendants' motion. *See Liquid Dynamics Corp.*, 449 F.3d at 1220 (admissibility was not determined when the appellate court did not directly consider the question).

///

///

---

[3] *United States v. Ayres,* 76 U.S. 608, 619 (1869), is a case about appellate jurisdiction: it holds that the grant of a new trial following an appeal from a final judgment vacates that judgment and requires dismissal of the appeal. *Day v. Amax, Inc.* 701 F.2d 1258, 1263 (8th Cir. 1983), is an application of the law of the case doctrine: it holds that after the *de novo* presentation of evidence during a retrial, the trial court is not bound by a determination made in the prior trial that the evidence presented the first trial was sufficient to support the jury's verdict. There is no discussion in either case concerning the use of trial evidence to support a summary judgment motion.

5.

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO.  C 02-03262 DLJ (EMC)

Taylor & Co.
Law Offices, LLP

### C. Defendants' Motion Is Timely And Consistent With The Doctrine Of The Law Of The Case

Shum argues that because the Court denied summary judgment on several of his state law claims in 2004, the present motion for summary judgment is barred by the law of the case. This argument misrepresents the law of the case doctrine, both generally and as it applies to denials of motions for summary judgment. "[I]t is well established that the law of the case doctrine is discretionary." *Hudson v. Principi*, 260 F.3d 1357, 1363 (Fed. Cir. 2001) (citing *United States v. Miller*, 822 F.2d 828, 832 (9th Cir. 1987)). "'Although courts are often eager to avoid reconsideration of questions once decided in the same proceeding, it is clear that all federal courts retain power to reconsider if they wish.'" *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1582 (Fed. Cir. 1994) (quoting 18 Charles A. Wright, et al., *Federal Practice and Procedure* § 4478 (1981)). Reexamination is particularly appropriate when "'(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.'" *Minidoka Irrigation Dist. v. DOI*, 406 F.3d 567, 573 (9th Cir. 2005) (citations omitted). The same discretionary, pragmatic approach applies to denials of motions for summary judgment. *Marable v. Nitchman*, 2007 U.S. App. LEXIS 29741 at *14 n.11 (9th Cir. Dec. 26, 2007) (law of the case doctrine did not bar district court from reconsidering summary judgment given intervening controlling authority).[4] This discretionary standard allows the court substantial flexibility to avoid injustice or take account of changes in relevant law and facts.[5]

---

[4] The weight of authority suggests that the court's decision to revisit a denial of summary judgment is guided by the same general principles that apply to other law of the case determinations. *See Preaseau v. Prudential Ins. Co.,* 591 F.2d 74, 79 (9th Cir. 1979) ("[A]n order denying a motion for summary judgment is generally interlocutory and 'subject to reconsideration by the court at any time.'" (citation omitted))*; Golden Gate Hotel Ass'n v. City & County of San Francisco,* 18 F.3d 1482, 1485 (9th Cir. 1994) (reversing district court's grant of a motion to strike a second summary judgment motion because there had been intervening case law).

[5] Shum's argument that defendants' motion should be stricken because it should have been brought within one year of the prior denial is without merit. Mot. to Strike at 6 (citing to *Staefa Control Systems v. St. Paul Fire & Marine Ins. Co.,* 875 F.Supp. 656 (N.D.Cal. 1994)). The authority relied upon construes Rule (footnote continued)

6.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)

Significant changes have occurred in the available evidence and governing law since the motion for summary judgment in 2004.

***Delayed Discovery***:  Shum failed to produce a large quantity of responsive documents until after briefing on defendants' March 2004 motion for summary judgment was concluded.  This resulted in *four* separate motions by defendants and the entry of numerous orders by Magistrate Judge Chen, including the imposition of sanctions in April 2004 based on a finding that Shum had engaged in "bad faith delay" in failing to produce documents.  *See* April 28, 2004 Order [Docket Item No. 203] attached as Exhibit A to the Declaration of Stephen E. Taylor in Support of Opposition to Motion to Strike ("Taylor Decl."),  Magistrate Judge Chen further recommended that the inventorship trial be delayed because of Shum's discovery abuses.  *See* July 14, 2004 Order [Docket Item No. 262], Taylor Decl., Exh. B.  As a result of these discovery orders and proceedings, between the close of briefing on summary judgment in March 2004, and the close of fact discovery in October 2004, Shum produced 19 gigabytes of electronic data.  Shum had not previously made any other electronic production.  Shum also produced 7,816 pages of hard copy documents, more than 30% of his total hard copy production.  Based largely upon this late production, defendants took an additional 14 depositions (20 days of testimony) from Shum and a number of other non-party, non-expert witnesses, some of whom were identified for the first time in Shum's late-produced documents.

***The Inventorship Trial***:  In January 2005, this Court conducted an eight-day inventorship trial that produced significant new testimony from Shum and others.

***New Law***:  Also in 2005, a California appellate court handed down an important decision establishing the lack of merit in Shum's breach of fiduciary duty and fraudulent concealment

---

60(b) of the Federal Rules of Civil Procedure as it applies to an order *granting* summary judgment. That rule applies only to final judgments and orders; denials of summary judgment are interlocutory. Apart from its lack of legal support, Shum's position is both impractical and unfair. After this Court issued its April 27, 2004 Order, a bench trial on inventorship was required. The ruling on that bench trial (which took place in January 2005) did not issue until June 21, 2005. These events made it impossible and impracticable for defendants to have moved for summary judgment within a year of the 2004 Order.

7.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO.  C 02-03262 DLJ (EMC)

claims. *Persson v. Smart Inventions, Inc.,* 125 Cal. App. 4th 1141 (2005). Very recently, the California Supreme Court further clarified the fiduciary duty analysis, while citing *Persson* with evident approval. *City of Hope National Medical Center v. Genentech, Inc.*, 43 Cal. 4th 375 (2008).

As discussed more fully below, this new law and evidence makes it both appropriate and necessary to consider summary judgment with respect to each of Shum's claims at this time. "Law of the case should not be applied woodenly in a way inconsistent with substantial justice." *Miller*, 822 F.2d at 832. Judicial economy – the cornerstone of the law of the case doctrine – cannot justify giving Shum a free pass to a full trial if he cannot meet the Rule 56 threshold.

### D. The Summary Judgment Motion On The Issue Of Inventorship Is Timely, Does Not Duplicate Any Prior Motion, And Is Consistent With The Doctrine Of The Law Of The Case

Defendants' current summary judgment motion is the *first* motion challenging the sufficiency of plaintiff's evidence on the issue of inventorship. As such, it cannot possibly be a motion for reconsideration nor barred by the law of the case. Defendants' motion is timely because it is based upon evidence that was not available to them in 2004 at the time of the Court's earlier deadline for summary judgment motions in this case – specifically (a) Shum's late production of documents; and (b) new evidence proffered by Shum at trial. For example, it was not until June 2004 that Shum produced an electronic version of the 1996 document where he admits that Verdiell conceived of using the DBC technology. Memorandum in Support of Defendants' Motion for Summary Judgment at 26 ("MSJ Mem."); Taylor MSJ Mem. Decl., ¶ 18, Exh. 16 at 8. The trial testimony of Shum's expert witness, Wayne H. Knox, made it clear that Knox had no basis – other than Shum's own uncorroborated testimony – for contending that Shum conceived of claim 59 in the Radiance patent application. MSJ Reply at 30; Hines-Shah MSJ Reply Decl., Exh. 4. The late production of these documents led to three additional days of deposition of Shum. Further, the late-produced documents revealed Shum's apparent concern about and attempts to investigate the underlying metadata. Taylor Decl., Exh. C (F. Shum Depo. (11/1/2004), pp. 712:23-713:2, 713:14-22, 715:10-716:23); Exh. D (F. Shum (1/11/2005) Trial

8.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)

1  Tr., pp. 392:7-397:5.) With respect to Shum's CAD drawings, Shum's production of the metadata
2  in June 2004 permitted defendants for the first time to demonstrate that the CAD drawings Shum
3  relied upon actually post-dated Verdiell's conception of the inventions in the flexure
4  patents. Taylor Decl., Exh. E (T. Koch (1/20/2005) Trial Tr., pp. 1355:23-1357:13.)[6] Evidence
5  from Shum's delayed production and from the inventorship trial therefore provides a sufficient
6  record for this Court to determine that as a matter of law, Shum cannot meet the burden he faces to
7  demonstrate inventorship.

### E. The Summary Judgment Motion On The Issue Of Unjust Enrichment Is Timely And Does Not Duplicate Any Prior Motion

10  Because the defendants' 2003 motion to dismiss the unjust enrichment claim for failure to
11 state a claim was successful, there has been no prior occasion to test whether the unjust
12 enrichment claim raised material issues of fact sufficient to preclude summary judgment and no
13 prior motion for summary judgment on the issue. This fact alone is decisive on the question of
14 whether the motion should be considered. In addition, developments in the case since 2003
15 independently support consideration of the motion. At the time of the 2004 Summary Judgment
16 Order, Shum's unjust enrichment claim had been dismissed and was no longer before the Court.
17 Accordingly, this is defendants' first opportunity to brief the effect of the Court's construction of
18 the Plan of Liquidation ("POL") in the 2004 Order upon Shum's unjust enrichment claims. In
19 addition, Shum's deposition testimony subsequent to the 2004 Order concerning the interpretation
20 of the Plan of Liquidation strengthens the argument that the ownership rights assigned through the
21 POL meant that a party to the POL could not be unjustly enriched by an error in identifying the
22 correct inventor. MSJ Reply at 7-8.

23  Shum argues that defendants' unjust enrichment motion is "untimely" and therefore
24 "waived" because it raises a "pure legal argument" that should have been raised in defendants'

---

[6] Indeed, in opposing defendants' motion for summary judgment Shum relies on no fewer than 93 documents that he produced after the 2004 summary judgment motion was fully briefed, as well as the testimony of witnesses who were deposed after that date.

9.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)

initial Fed. R. Civ. P. 12(b)(6) motion. Mot. to Strike at 9. To the extent Shum argues the motion presents issues appropriate for resolution under Rule 12(b)(6), his "waiver" argument fails under Fed. R. Civ. P. 12(h)(2), which expressly states that such issues may be raised at any time – up to and including the time of trial. *Tafari v. Chevron Corp.,* 1992 U.S. Dist. LEXIS 19085, *6 (N.D. Cal. Dec. 1, 1992). It is equally clear that the fact that defendants, as the prevailing party in the district court, did not raise these issues on appeal in the Federal Circuit does not amount to a waiver of those issues. *Padilla v. Terhune*, 309 F.3d 614, 618 (9th Cir. 2002); *Smith v. Peyton*, 2007 U.S. Dist. LEXIS 68372, *35 (D. Haw. Sept. 14, 2007). Thus, it is entirely appropriate for the Court to consider summary judgment on Shum's unjust enrichment claim.[7]

### F. Defendants' Summary Judgment Motion On The Issue Of Breach Of Contract Does Not Duplicate Their Previously Denied Summary Judgment Motion And Is Not Barred By The Law Of The Case Doctrine

Shum argues that insofar as defendants' motion rests on the argument that Shum has no provable breach of contract damages, the motion duplicates defendants' 2004 motion and is barred by the 2004 Summary Judgment Order. Mot. to Strike at 5, 8. In fact, however, defendants' motion raises new issues based on substantial evidence that was unavailable to defendants in 2004.

The core issue raised by the summary judgment motion on Shum's contract claim is whether Verdiell's conduct prevented Shum from exercising his "equal rights" to exploit Radiance technology. Defendants contend the record is devoid of any evidence that such an interference occurred or resulted in damage to Shum. Significantly, the evidence upon which defendants rely to show the absence of any concrete, actionable interference with Shum's rights all comes from

---

[7] Shum's citation to *Securities Investor Protection Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996), lends no support to his argument. That case holds that that a plaintiff who lost a motion for summary judgment on the factual issue of causation, had final judgment entered against it, and then appealed that summary judgment and lost, cannot thereafter reopen the question of causation in the district court on the basis of a different factual theory of causation that could easily have been advanced in opposition to the original summary judgment motion. *Id.* at 937-38. That holding obviously has no application when (a) as in the case of inventorship and unjust enrichment, the trial court has never previously ruled on the sufficiency of the evidence, or (b) as in the case of Shum's other state law claims, summary judgment has been denied, that denial is wholly interlocutory and has never been the subject of appellate review, and new law and new evidence indicates that the grant of summary judgment is now warranted.

10.
DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

Shum and all was produced *after* the 2004 Summary Judgment Order.  That evidence includes: (1) Shum's deposition testimony that he took no action to exploit his rights in the Radiance technology between mid-1998 and mid-2001; (2) Shum's deposition testimony that the only step he took in 2001 to exploit his rights was an approach to Intel followed by an approach to investment bankers Robertson Stephens; and (3) Shum's testimony that he took no steps after 2001 (other than bringing this lawsuit) to exploit the Radiance technology.  See MSJ Reply at 10-12; Hines-Shah MSJ Reply Decl., ¶ 3, Exh. 1.  This evidence enables defendants to demonstrate the infirmity of Shum's contract claims in a way that was not possible in March 2004.  Accordingly, the law of the case doctrine does not bar either the renewal or the grant of summary judgment.

### G. Defendants' Summary Judgment Motion On The Issue Of Fraud Does Not Duplicate Their Previous Summary Judgment Motion And Is Not Barred By The Law Of The Case Doctrine

Contrary to Shum's claim, the motion for summary judgment on Shum's fraud allegations is not centrally concerned with damages.  Instead, it focuses on the questions of whether Alboszta was Verdiell's agent, and whether Shum, as a matter of law, actually and reasonably relied on anything Albozsta said.  Multiple documents that Shum produced *after* the 2004 Summary Judgment Order undercut his fraud claim.  Those documents show that Shum's own lawyers confirmed Alboszta was *not* an agent of Verdiell, that Shum agreed with Alboszta's statements concerning the need to withdraw the Radiance patent application, and that Shum's own lawyers advised him concerning withdrawal of the Radiance patent application both before and after Alboszta's alleged statement occurred, negating any possibility that Shum actually and reasonably relied on anything that Alboszta or Verdiell said or did.  MSJ Reply at 22-23; Hines-Shah MSJ Reply Decl., ¶¶ 20-24, Exhs. 18-22.

Finally, to the extent that the fraud and breach of contract claims seek unjust enrichment remedies, this Court has not yet had the opportunity to consider the impact of its 2004 construction of the POL on those remedies.  Just as the Court's 2004 construction of the POL establishes the absence of any unjust enrichment to defendants from unlawful patenting, it also establishes the

11.

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO.  C 02-03262 DLJ (EMC)

TAYLOR & CO.
LAW OFFICES, LLP

1  lack of unjust enrichment on the fraud and contract claims and should be applied to those claims
2  as well.

### H. The Motion For Summary Judgment On Shum's Breach Of Fiduciary Duty And Fraudulent Concealment Claims Is Not Barred By The Law Of The Case Doctrine

#### 1. Fiduciary Duty

Shum contends that the summary judgment motion on the issue of breach of fiduciary duty is barred by this Court's March 25, 2003 motion to dismiss ruling and its April 2004 Summary Judgment Order. However, the Court's 2003 ruling held only that Shum had *standing* to sue for breach of fiduciary duty; the Court did not rule on the sufficiency of Shum's evidence to establish such a duty. 2003 Order at 24-25 [Docket Item No. 71]. The 2004 Order did not discuss breach of fiduciary duty. More fundamentally, Shum wholly ignores the fact that in 2005, subsequent to the court orders he contends are binding, California courts handed down new controlling authority on the scope of the fiduciary duties owed by equal shareholders of a corporation. *Persson v. Smart Inventions, Inc.,* 125 Cal. App. 4th 1141 (2005). On the strength of that subsequent authority, this Court granted summary judgment against Shum in its January 2006 Summary Judgment Order. Order at 14-15 [Docket Item No. 253]. By so ruling, this Court has already demonstrated that that the "law of the case" doctrine does not bar a motion based upon new developments in the law of fiduciary duty.

There is nothing in the Federal Circuit's mandate that bars renewed presentation of the purely legal issue of whether Verdiell owed Shum fiduciary duties. There is no mention of the issue in the Federal Circuit opinion, and the vacation of the summary judgment order, based as it clearly was upon potential error in relying upon vacated inventorship findings, implies nothing about the Court's prior ruling on the legal scope of Verdiell's fiduciary duties. Hence, the considerations of conformity to precedent, fairness and efficiency that justified this Court's willingness to entertain summary judgment in 2006 on the fiduciary duty issue are just as forceful today as they were then. In fact, with the recent clarification of fiduciary duty issues by the California Supreme Court in *City of Hope National Medical Center v. Genentech, Inc.*, 43 Cal. 4th

12.

TAYLOR & CO. LAW OFFICES, LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)

375 (2008), it is even more appropriate to consider summary judgment on those grounds.

### 2. Fraudulent Concealment

Because plaintiff's fraudulent concealment claim fails as a matter of law unless he can establish that Verdiell had a fiduciary duty to Shum giving rise to a duty to disclose, the summary judgment motion on fraudulent concealment is timely, and consistent with the law of the case and the Federal Circuit mandate, for the same reasons as the summary judgment motion on the breach of fiduciary duty issue.

### III. CONCLUSION

Because Shum's arguments are without merit, defendants respectfully request that this Court deny Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment and Objections to Evidence.

Dated: July 3, 2008

Respectfully submitted,

TAYLOR & COMPANY LAW OFFICES, LLP

By:   /s/ Stephen E. Taylor
           Stephen E. Taylor

Attorneys for Defendants INTEL CORPORATION, LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

TAYLOR & CO.
LAW OFFICES, LLP

13.

DEFENDANTS' OPPOSITION TO PLAINTIFF FRANK T. SHUM'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE: CASE NO. C 02-03262 DLJ (EMC)