1   TOWNSEND AND TOWNSEND AND CREW LLP
    MARK T. JANSEN (State Bar No. 114896)
2   PAUL F. KIRSCH (State Bar No. 127446)
    ANGUS M. MacDONALD (State Bar No. 212526)
3   TALI L. ALBAN (State Bar No. 233694)
    Two Embarcadero Center, Eighth Floor
4   San Francisco, California  94111
    Telephone:  (415) 576-0200
5   Facsimile:  (415) 576-0300
    Email:      mtjansen@townsend.com, pkirsch@townsend.com
6               ammacdonald@townsend.com, tlalban@townsend.com

7   Attorneys for Plaintiff FRANK T. SHUM

8

9

10                  UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13   FRANK T. SHUM,                          Case No. C02-3262 DLJ (EMC)

14                 Plaintiff,                **PLAINTIFF'S REPLY BRIEF IN
                                             SUPPORT OF MOTION TO STRIKE
15          v.                               DEFENDANTS' MOTION FOR
                                             SUMMARY JUDGMENT AND
16   INTEL CORPORATION, JEAN-MARC            OBJECTIONS TO EVIDENCE**
     VERDIELL, and LIGHTLOGIC, INC.,
17                                           Date:       July 25, 2008
                 Defendants.                 Time:       2:00 p.m.
18                                           Place:      Courtroom 1, 4th Floor
                                             Judge:      Hon. D. Lowell Jensen
19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. DEFENDANTS CONCEDE THEIR MOTION FOR SUMMARY
JUDGMENT IS NOTHING MORE THAN A MOTION FOR
RECONSIDERATION..........................................................................................1

    A. Discovery Produced After Defendants Moved For Summary Judgment
Did Not Have Any Material Difference On The Denial of Summary
Judgment...................................................................................................4

    B. Testimony From The Vacated Inventorship Trial Does Not Constitute
New Material Facts....................................................................................5

    C. Defendants Err About Purported "New Law" .........................................5

III. DEFENDANTS MAY NOT RELY UPON EVIDENCE FROM THE
VACATED INVENTORSHIP TRIAL ................................................................7

IV. DEFENDANTS DISREGARD THE FEDERAL CIRCUIT'S MANDATE IN
LIGHT OF THE PROCEDURAL POSTURE OF THIS CASE...........................8

V. DEFENDANTS FALL WELL BELOW THE STANDARD OF
ESTABLISHING RECONSIDERATION ON THE INDIVIDUAL CAUSES
OF ACTION ........................................................................................................9

    A. Defendants' Arguments On The Inventorship Claim Fail .......................9

    B. Defendants' Arguments On The Unjust Enrichment Claim Fail ...........10

    C. Defendants' Arguments On The Breach Of Contract Claim Fail ..........11

    D. Defendants' Arguments On The Fraud, Fraudulent Concealment, And
Breach Of Fiduciary Duty Claims All Fail...........................................11

        1. Fraud...........................................................................................11

        2. Fraudulent Concealment.............................................................12

        3. Fiduciary Duty............................................................................12

VI. CONCLUSION ..................................................................................................12

1

# TABLE OF AUTHORITIES

2

Page(s)

**Cases**

3

4

*Bryan v. Bellsouth Telecomm., Inc.,*
No. Civ. 1:02CV00228, 2006 WL 1540644, at *5 (M.D.N.C. May 31, 2006)................................ 7

5

*City of Hope National Med. Center v. Genentech, Inc.,*
43 Cal. 4th 375 (2008)........................................................................................ 5, 6, 7, 12

6

7

*Day v. Amax, Inc.,*
701 F.2d 1258 (8th Cir. 1983) ......................................................................................... 7

8

*Duarte v. Freeland,*
2008 WL 496490 (N.D. Cal. Feb. 21, 2008).................................................................. 3, 5

9

*Edgerly v. City and County of San Francisco,*
2005 WL 106790 (N.D. Cal. June 13, 2005)..................................................................... 3

10

11

*Fleener v. Trinity Broadcasting Network,*
203 F. Supp. 2d 1142 (C.D. Cal. 2001) ......................................................................... 3, 5

12

*Hawks v. Kane,*
2006 WL 3526743 (N.D. Cal. Dec. 6, 2006) ..................................................................... 6

13

14

*Kelley v. Price-Macemon, Inc.,*
992 F.2d 1408 (5th Cir. 1993) ......................................................................................... 8

15

*Langston v. Johnson,*
478 F.2d 915 (D.C. Cir. 1973)......................................................................................... 8

16

17

*Minidonka Irrigation Dist. v. DOI,*
406 F.3d 567 (9th Cir. 2005) ........................................................................................... 3

18

*Mustafa v. Clark County School Dist.,*
157 F.3d 1169 (9th Cir. 1998) ......................................................................................... 3

19

20

*Old Person v. Brown,*
312 F.3d 1030 (9th Cir. 2002) ......................................................................................... 3

21

*Persson v. Smart Inventions, Inc.,*
125 Cal. App. 4th 1141 (2005)............................................................................... 5, 6, 7, 12

22

23

*Sales v. State Farm Fire and Casualty Company,*
902 F.2d 933 (11th Cir. 1990)........................................................................................... 9

24

*School Dist. No. 11 v. ACandS, Inc.,*
5 F.3d 1255 (9th Cir. 1993) .................................................................................... 3, 4, 5

25

26

*Shelkofsky v. Broughton,*
388 F.2d 977 (5th Cir. 1968)........................................................................................... 9

27

*Siemens Westinghouse Power Corp. v. Dick Corp.,*
219 F.R.D. 552 (S.D.N.Y. 2004).......................................................................................9

28

1

**TABLE OF AUTHORITIES (Cont'd)**

2

Page(s)

3
*Sutter v. General Petroleum Corp.*,
     28 Cal. 2d 525 (1946) ................................................................................................ 6

4

*United States  v. Thrasher*,
5     483 F.3d 977 (9th Cir. 2007) .................................................................................... 6

6
*United States v. Ayres*,
     76 U.S. 608 (1869) ............................................................................................... 5, 7

7

*United States v. O'Connell*,
8     890 F.2d 563 (1st Cir. 1989) .................................................................................... 8

9
*United States v. Williams*,
     904 F.2d 7 (7th Cir. 1990) ........................................................................................ 7

10
**Other Authorities**

11

66 C.J.S. *New Trial* § 296 (2008) ................................................................................. 7
12
**Rules**

13

U.S.D.C., N.D. of California:
14     Civil L.R. 7-9(a) .................................................................................................. 1, 2
     Civil L.R. 7-9(b) .................................................................................................. 3, 5
15     Civil L.R. 7-9(c) .................................................................................................... 2

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **I.      INTRODUCTION**

2          Defendants concede that their current (now third) motion for summary judgment is nothing

3   more than a motion for reconsideration of the Court's earlier denial of summary judgment. *See, e.g.*,

4   Defendants' Opposition to Plaintiff's Motion to Strike ("Opp'n"), at 6.  Yet Defendants wholly

5   disregard the considerable procedural and substantive requirements in obtaining reconsideration –

6   including Local Rule 7-9(a), which prohibits moving for reconsideration of an interlocutory order

7   "without first obtaining leave of Court to file the motion."  Civil L.R. 7-9(a).  Defendants never sought

8   leave of the Court before seeking reconsideration of what they admit was this Court's "interlocutory"

9   order (Opp'n at 7 n.5), which denied summary judgment on nearly all of the same claims at issue in

10  their latest motion for summary judgment. *See* April 27, 2004 Summary Judgment Order.  On this

11  basis alone, Defendants' request for reconsideration of this Court's previous denial of summary

12  judgment should be denied outright.

13         In addition to this fatal procedural defect, Defendants' thinly-veiled motion for reconsideration

14  suffers from numerous substantive infirmities, mandating denial of their captioned "Motion for

15  Summary Judgment."  Defendants' claim of purported new facts and law utterly lacks merit and falls

16  well below the "materiality" standard for obtaining reconsideration.   Moreover, Defendants' reliance

17  on evidence from the vacated inventorship trial is misguided and invites legal error.  Accordingly,

18  Defendants' renewed attempt for summary judgment should be stricken in its entirety.

19  **II.     DEFENDANTS CONCEDE THEIR MOTION FOR SUMMARY JUDGMENT IS
           NOTHING MORE THAN A MOTION FOR RECONSIDERATION**
20

21         Defendants now acknowledge that their present motion for summary judgment is, for the most

22  part, merely a motion for reconsideration of the Court's April 27, 2004 Order denying summary

23  judgment.  Indeed, in their Opposition to Shum's Motion to Strike, they refer to their motion as

24  seeking "reexamination" of the Court's summary judgment order in 2004, cite numerous "motion for

25  reconsideration" cases, articulate the motion for reconsideration standard, and discuss "reconsideration

26  of questions once decided." *See, e.g.*, Opp'n at 6.  Yet Defendants come nowhere close to meeting

27  either the procedural or substantive requirements for obtaining reconsideration of the April 2004

28  Order.

1      Local Rule 7-9(a) requires obtaining leave of court before filing "a motion for reconsideration

2  of any interlocutory order made by that Judge."  Civil L.R. 7-9(a).  Defendants admit that the Court's

3  April 27, 2004 denial of summary judgment was an "interlocutory" order.  *See* Opp'n at 7 n.5.

4  Defendants further admit (starting on page 6 of their Opposition brief and continuing onward) that

5  they seek reconsideration of the law of this case – i.e., the Court's denial of summary judgment on

6  April 27, 2004.  *See, e.g.,* Opp'n at 6 (providing the standard for reconsideration and citing numerous

7  reconsideration cases).  Following remand, Defendants obtained permission from the Court to file

8  another summary judgment motion, yet Defendants never sought leave to file a motion for

9  reconsideration of the Court's previous rulings or to regurgitate the same arguments made and lost

10  before.  Failure to comply with this Local Rule is grounds for denial without consideration of the

11  merits of the motion.[1]

12      Instead, as set forth as in Shum's motion to strike, Defendants have cloaked their request for

13  reconsideration as a "Motion for Summary Judgment," while re-hashing most of the arguments they

14  made – and lost – in their prior summary judgment motions.  *See, e.g.*, Motion to Strike at 7-9;

15  *compare generally* Defendants' Motion for Summary Judgment filed April 4, 2008, *with* Defendants'

16  "Summary Judgment Motion No. 1" filed Feb. 13, 2004 at pp. 20-25, and Defendants' "Summary

17  Judgment Motion No. 2" also filed Feb. 13, 2004 (attached as Exhibits 1 and 2, respectively to Reply

18  Declaration of Angus M. MacDonald in Support of Shum's Motion to Strike).  Repeating the same

19  arguments that Defendants already have lost is inappropriate.  *See, e.g.*, Civil L.R. 7-9(c).[2]  Because

20  _____

21  [1]  *See, e.g., Duarte v. Freeland*, 2008 WL 496490, at *4 (N.D. Cal. Feb. 21, 2008); *Spieler v. Mt. Diablo Unified School Dist.*, 2007 WL 1795701, at *3 (N.D. Cal., June 20, 2007) ("Even if Defendant had brought
22  a motion under Rule 7-9, however, such motion would be denied as Defendant failed to seek leave");
    *Awala v. Roberts*  2007 WL 1655823, at * 1  (N.D. Cal. 2007) (same); *Ankele v. Johnson*, 2005 WL
23  1459553, at * 2 (N.D. Cal. June 21, 2005) (violation of Rule 7-9(a) "alone warrants dismissal of Plaintiff's
    reconsideration motion."); *Delman v. Friedman*, 2000 WL 1056335, at *2 (N.D. Cal. July 14, 2000)
24  (noting that the court had "denied Plaintiff's [earlier] motion for reconsideration for failure to comply with
    Civil Local Rule 7-9(a), which requires that a party obtain leave of court before filing a motion for
25  reconsideration.").

26  [2]  Local Rule 7-9(c) provides that "[n]o motion for leave to file a motion for reconsideration may repeat
    any oral or written argument made by the applying party in support of or in opposition to the interlocutory
27  order which the party now seeks to have reconsidered. ***Any party who violates this restriction shall be
    subject to appropriate sanctions***."  Civil L.R. 7-9(c) (emphasis added).

28

1    Defendants failed to properly obtain leave to file their thinly-veiled motion for reconsideration – i.e.,

2    their April 4, 2008 motion for summary judgment – their motion should be rejected outright. *See, e.g.,*

3    *Duarte v. Freeland*, 2008 WL 496490, at *4 (N.D. Cal. Feb. 21, 2008) (plaintiff sought

4    reconsideration of Judge Jenkins' Order, but failed to seek leave to do so, which was sufficient for the

5    court to "reject his motion outright").

6           On substantive grounds, Defendants fare no better.  A court's order, whether final or

7    interlocutory, is subject to reconsideration only under "highly unusual circumstances...." *Edgerly v.*

8    *City and County of San Francisco*, 2005 WL 106790, at *1 (N.D. Cal. June 13, 2005); *School Dist.*

9    *No. 11 v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Minidonka Irrigation Dist. v. DOI*,

10   406 F.3d 567, 573 (9th Cir. 2005).  Even the cases cited by Defendants acknowledge that the "law of

11   the case" doctrine generally precludes a court from revisiting an issue already decided in the same

12   case. *See, e.g., Minidonka*, 406 F.3d at 573 ("Under 'law of the case' doctrine, a court is ordinarily

13   precluded from reexamining an issue previously decided by the same court, or a higher court, in the

14   same case") (quoting *Old Person v. Brown*, 312 F.3d 1030, 1039 (9th Cir. 2002)).

15          In the Ninth Circuit, reconsideration of an issue already decided by the court is appropriate

16   only if Defendants can show: "(1) a material difference in fact or law from that presented to the Court

17   before such decision, that, in the exercise of reasonable diligence, could not have been known to the

18   party moving for reconsideration at the time of such decision; (2) the emergence of new material facts

19   or a change of law occurring after the time of such decision; or (3) a manifest showing of a failure to

20   consider material facts presented to the Court before such decision." *Fleener v. Trinity Broadcasting*

21   *Network*, 203 F. Supp. 2d 1142, 1146 (C.D. Cal. 2001); *see also Mustafa v. Clark County School*

22   *Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *School Dist. No. 11 v. ACandS, Inc.*, 5 F.3d 1255, 1263

23   (9th Cir. 1993).[3]  This standard uniformly applies to motions for reconsideration, including denials of

24   summary judgment. *See Fleener*, 203 F. Supp. 2d at 1146 (applying the three-part test to a motion for

25   reconsideration of an earlier denial of summary judgment); *Mustafa*, 157 F.3d at 1178-79 (same);

26

27   [3]  This three-prong test is nearly identical to the test set forth in Local Rule 7-9(b) governing requests for
     reconsideration of a prior interlocutory order.  *See* Civil L.R. 7-9(b).

28

1    *School Dist.*, 5 F.3d at 1263 (applying standard to reconsideration of grant of summary judgment).

2         Attempting to satisfy this high threshold for reconsideration, Defendants identify three items

3    that they claim warrant reconsideration of the law of this case:  (1) discovery produced after

4    Defendants moved for summary judgment in February 2004, (2) evidence from inventorship trial, and

5    (3) allegedly new law affecting the fiduciary duty analysis.  *See* Opp'n at 7.  However, as discussed

6    immediately below, Defendants fall well short of meeting any of the three prongs of the standard.

7
          **A.      Discovery Produced After Defendants Moved For Summary Judgment Did Not
8                    Have Any Material Difference On The Denial of Summary Judgment**

9         Defendants claim that reconsideration is warranted because of Shum's allegedly "delayed"

10   production of documents after the time Defendants moved for summary judgment on February 13,

11   2004.  *See* Opp'n at 7.  In support of this argument, Defendants assert that "Shum produced 19

12   gigabytes of electronic data" between March 2004 and October 2004.  *See id.*   Fact discovery,

13   however, did not close until November 12, 2004.[4]  *See* Reply Declaration of Angus M. MacDonald in

14   Support of Shum's Motion to Strike ("MacDonald Reply Decl."), Ex. 3.  Therefore, there was nothing

15   "delayed" about this discovery.  Not surprisingly, *both* sides produced a substantial amount of their

16   documents post-March 2004, after briefing concluded on Defendants' first motion for summary

17   judgment.[5]  MacDonald Reply Decl, ¶ 7.  As to the timing of Defendants' summary judgment briefing

18   schedule, Defendants have only themselves to blame.  At the Scheduling Conference on September

19   19, 2003 – shortly after this case was at issue and shortly after discovery commenced – Defendants

20   agreed to an early summary judgment briefing schedule with a hearing date of March 19, 2004.

21

22

23   [4]  According to Defendants, fact discovery actually closed on March 17, 2006, as they repeatedly claim in
     their recent opposition to Shum's motion to compel documents improperly-withheld by Defendants.  *See*
     Docket No. 569, at p.3.  Therefore, taking Defendants' assertion at face value, there was nothing "delayed"
24   about Shum's production of documents in 2004 if fact discovery actually closed in 2006.

25   [5]  Defendants sling mud at Shum related to alleged delays in discovery.  There is obvious duplicity in
     Defendants' claim of discovery abuses by Shum since Defendants were found to be dilatory in producing
26   their own documents in this case.  As Magistrate Judge Chen observed in his December 23, 2004 Order:
     "Defendants took a long time to complete their production of document … the production could and
27   should have proceeded more expeditiously.  … [T]he length of time taken in total was, in the Court's view,
     inordinate."  MacDonald Reply Decl., Ex. 4, at 1-2.
28

1    Defendants, moreover, fail to explain how any of documents produced after March 2004

2    would have made a "material difference" to the Court's April 2004 Order denying summary judgment.

3    Defendants completely gloss over the "materiality" requirement vis-à-vis the evidence produced after

4    March 2004. *See, e.g.*, Opp'n at 7.  Instead, Defendants submit conclusory assertions about a few

5    general categories of documents that, according to Defendants, could have "provide[d] a sufficient

6    record for this Court" to reconsider its previous ruling.  Opp'n at 9.  That, however, is far from

7    sufficient to establish materiality for purposes of reconsideration.  *See Fleener*, 203 F. Supp. 2d at

8    1146 (defendants' motion for reconsideration "fails on the requirement of materiality."); *Duarte*, 2008

9    WL 496490, at *4.  Defendants were required – but failed – to link up specific facts discovered after

10   March 2004 that:  (a) could not have been known to Defendants despite reasonable diligence and (b)

11   were materially different from what had been presented to the Court in March 2004, with specific

12   legal arguments in their recent summary judgment motion.  *Fleener*, 203 F. Supp. 2d at 1146; *Duarte*,

13   2008 WL 496490, at *4; *see also Mustafa*, 157 F.3d at 1178-79; *School Dist.*, 5 F.3d at 1263; Civil

14   L.R. 7-9(b).  Defendants make no such showing, either in their motion for summary judgment or in

15   their opposition to Shum's motion to strike.

16
          **B.      Testimony From The Vacated Inventorship Trial Does Not Constitute New
17                  Material Facts**

18   Defendants claim that the testimony arising out of the vacated inventorship qualifies as "new

19   evidence."  However, as discussed in Section III below, Defendants are precluded from relying on

20   evidence from this vacated trial since the parties "are left in the same situation as if no trial had ever

21   taken place." *United States v. Ayres*, 76 U.S. 608, 610 (1869).  Moreover, aside from distorting the

22   substance of the alleged trial testimony and evidence, Defendants do not specifically explain how any

23   of the purported "new evidence" from the January 2005 vacated trial would have had any material

24   difference had the alleged "new evidence" been presented to the Court before the April 2004 summary

25   judgment ruling.

26        **C.      Defendants Err About Purported "New Law"**

27   In an attempt to circumvent the law of the case doctrine, Defendants claim that the *Persson*

28   and *City of Hope* decisions represent new law, meriting reconsideration and reversal of the Court's

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND OBJECTIONS TO EVIDENCE
CASE NO.C02-3262 DLJ (EMC)                                                                                           5

1    April 2004 Order denying summary judgment on Shum's fiduciary duty claims. *See* Opp'n at 7-8, 12-

2    13. Defendants are erroneous. First, as argued more fully in Shum's Opposition to Defendants'

3    Motion for Summary Judgment, *Persson* is not on point. *See* Shum's Opp'n to MSJ at 32-33. *Persson*

4    did not involve a corporate officer's breach of his fiduciary duties to his corporation by

5    misappropriating intellectual property developed under an express Confidentiality Agreement. This

6    case does. Moreover, the rule of *Persson* – i.e., equal shareholders did not voluntarily assume

7    fiduciary duties "in the course of buyout negotiations" (*Persson v. Smart Inventions, Inc.*, 125 Cal.

8    App. 4th 1141, 1162 (2005)) – was referenced by this Court in its second summary judgment ruling on

9    January 12, 2006, only after it had resolved questions of fact about Shum's inventorship rights at the

10   inventorship trial. Further, the plaintiff in *Persson*, unlike Shum, did not argue on appeal that he had

11   standing to sue for his former co-officer's breach of fiduciary duties to the corporation. *Persson*, 125

12   Cal. App. 4th at1156-62. In contrast, this Court already has determined that Shum has standing to sue

13   for Verdiell's breach of his fiduciary duty to Radiance. *See* March 25, 2003 Order denying

14   Defendants' Motion to Dismiss, at 25 (citing *Sutter v. General Petroleum Corp.*, 28 Cal. 2d 525, 530

15   (1946)). This is "law of the case." *United States  v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007).

16   *Persson* could not and did not overrule the California Supreme Court's decision in *Sutter*, which is still

17   the governing and applicable law here.

18        Defendants also rely on the recent *City of Hope* decision as "new law" supporting

19   reconsideration of their motion for summary judgment. Defendants, however, concede that *City of*

20   *Hope* was only a "clarification" of the already-existing law on fiduciary duty. *See* Opp'n at 12; *see*

21   *also* Opp'n at 8. A mere "clarification" is clearly insufficient to meet the high standard on a

22   reconsideration motion and certainly does not qualify as a "material difference" in controlling

23   authority. *Hawks v. Kane*, 2006 WL 3526743, at * 1 (N.D. Cal. Dec. 6, 2006) (denying motion for

24   reconsideration where petitioner claimed that new decision clarified existing law).

25        Moreover, *City of Hope* does not support Defendants' arguments. In *City of Hope*, the

26   California Supreme Court considered whether fiduciary duties arose from a business relationship

27   concerning the development of intellectual property, just as in this case. *City of Hope National Med.*

28   *Center v. Genentech, Inc.,* 43 Cal. 4th 375 (2008). *City of Hope* "clarified" that an agreement to patent

1 and commercialize technology in exchange for royalties does not necessarily impose a fiduciary

2 relationship as a matter of law; instead, it presents a question of fact for the jury. *Id.* at 391.  As

3 discussed more fully in Shum's opposition to Defendants' current motion for summary judgment

4 (pages 34-35), *City of Hope* supports Shum's argument that a question of fact exists as to whether

5 Verdiell owed and breach fiduciary duties to Radiance and Shum.  *City of Hope* simply does not create

6 a new rule which requires dismissal of Shum's breach of fiduciary duty claim at the summary

7 judgment stage.  *Id.* at 391-92.

8        Accordingly, neither *City of Hope* nor *Persson* constitutes controlling "new law" within the

9 requirements for a motion for reconsideration.

10

**III.    DEFENDANTS MAY NOT RELY UPON EVIDENCE FROM THE VACATED
INVENTORSHIP TRIAL**

11

12        Defendants stubbornly persist in relying upon evidence from an inventorship trial that was

13 vacated by the Federal Circuit as violative of Shum's Seventh Amendment rights.  *See Shum v. Intel*,

14 499 F.3d 1272 (Fed. Cir. 2007).  They half-heartedly attempt to distinguish the cases cited in Shum's

15 motion to strike by claiming there is a distinction between the use of vacated trial evidence for a

16 subsequent trial and "the use of [vacated] trial evidence to support a summary judgment motion" –

17 which Defendants claim is permissible.  *See* Opp'n at 5 n.3.  Defendants are wrong.  As the cases cited

18 in Shum's motion to strike articulate, once an order is vacated, "the effect is to nullify the judgment

19 entirely and place the parties in the position of no trial having taken place at all…."  *United States v.*

20 *Williams*, 904 F.2d 7, 8 (7th Cir. 1990).  Therefore, a *de novo* presentation of evidence – without

21 reliance upon evidence at a vacated trial – is required for adjudication on the merits.  *See, e.g.*, *Day v.*

22 *Amax, Inc.*, 701 F.2d 1258, 1263 (8th Cir. 1983); *Ayres*, 76 U.S. at 610 (the parties "are left in the

23 same situation as if no trial had ever taken place in the cause"); *Bryan v. Bellsouth Telecomm., Inc.*,

24 2006 WL 1540644, at *5 (M.D.N.C. May 31, 2006) (quoting *United States v. Ayres*); *Day v. Amax,*

25 *Inc.*, 701 F.2d 1258, 1263 (8th Cir. 1983); 66 C.J.S. *New Trial* § 296 (2008) ("Ordinarily, evidence

26 taken and filed on the former trial is not a part of evidence on the new trial and cannot be

27 considered.").

28        To avoid the plain implication of this rule, Defendants rely on entirely inapposite cases to

1 | support their improper reliance on testimony from the vacated inventorship trial at the summary

2 | judgment stage.  Opp'n at 5.  Yet, none of these cases involved a prior proceeding that had been

3 | vacated by an appellate court.  *See, e.g., Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1415 n.12 (5th

4 | Cir. 1993) (trial court granted new trial on limited issue and upon motion for summary judgment

5 | relied on record from prior trial in same the court); *United States v. O'Connell*, 890 F.2d 563, 567 (1st

6 | Cir. 1989) (trial court relied upon testimony from prior criminal trial); *Langston v. Johnson*, 478 F.2d

7 | 915, 918 n.17 (D.C. Cir. 1973) (court may rely on certified transcript from administrative

8 | proceedings).[6]   In sum, reliance upon evidence from a vacated trial invites reversible error.

9
10

IV.     **DEFENDANTS DISREGARD THE FEDERAL CIRCUIT'S MANDATE IN LIGHT OF THE PROCEDURAL POSTURE OF THIS CASE**

11 | Defendants' argue the Federal Circuit's holding that Shum's inventorship and state law claims

12 | share common "factual issues" does not require the conclusion that those issues are "*triable*."  Opp'n at

13 | 3:14-15.  But that argument ignores the fact that this Court had already determined that the factual

14 | issues in all of Shum's state law claims were "*triable"* factual issues.  *See* April 27, 2004 Summary

15 | Judgment Order.  Since the Federal Circuit properly decided that Shum's inventorship claim shared

16 | common factual issues with *triable* fact issues in his state law fraud claim, then it follows logically

17 | that those fact issues in the inventorship claims must be "*triable*" as well.  And, as demonstrated in

18 | Shum's opposition to Defendants' current summary judgment motion, there are numerous triable issues

19 | of fact – including "when and where the claimed inventions were conceived, and by whom," *Shum*,

20 | 499 F.3d at 1273 – warranting denial of summary judgment on Shum's inventorship and state law

21 | claims.

22 | Defendants also err in claiming that "courts have routinely approved otherwise appropriate

23 | grants summary judgment following a remand or a new trial."  Opp'n at 4:7-8.  Although remand for a

24 | jury trial does not, *per se*, foreclose summary judgment, the granting of summary judgment in these

25 | circumstances is by no means "routine."  Indeed, the cases Defendants cite do not support this

26

27 | [6] Defendants apparently concede – since they do not argue otherwise – that their reliance on any claim construction ruling from the vacated inventorship trial is improper.

28

1   allegedly routine practice.  In *Sales v. State Farm Fire and Casualty Company*, for example, the court

2   held that, based on the circumstances in the case, "[t]he facts which were material for recovery in

3   *Sales I*, may or may not be the same as the facts which would permit recovery under the law which

4   will govern at the new trial."  902 F.2d 933, 936 (11th Cir. 1990).  The court determined that

5   disposing of the issues on summary judgment was inappropriate.  *Id.*  Likewise, in *Shelkofsky v.*

6   *Broughton*, the court noted that summary judgment may at times be appropriate following remand, but

7   ruled that issues of fact remained for trial.  388 F.2d 977, 978 (5th Cir. 1968).  Significantly, however,

8   none of Defendants' cases involved a party denied its Seventh Amendment right to a jury trial.

9
    **V.      DEFENDANTS FALL WELL BELOW THE STANDARD OF ESTABLISHING**
10  **          RECONSIDERATION ON THE INDIVIDUAL CAUSES OF ACTION**

11          **A.      Defendants' Arguments On The Inventorship Claim Fail**

12          Contrary to their argument, this is not Defendants' first attempt to adjudicate Shum's

13  inventorship claim on summary judgment.  As discussed in Shum's motion to strike, Defendants' first

14  moved for summary judgment on Shum's inventorship claim based on the doctrine of equitable

15  estoppel.  *See* Alban Decl., Ex. D at 8-12.  The Court rejected Defendants' arguments and denied their

16  motion for summary judgment.  *Id.*, Ex. A at 29-31.  Defendants try to distinguish their past motion

17  for summary judgment from the current one by arguing – in hair-splitting fashion – that their present

18  summary judgment motion, for the first time, "challeng[es] the sufficiency of plaintiff's evidence on

19  the issue of inventorship."  Opp'n at 8.  Courts, however, generally disapprove of "piecemeal

20  consideration of successive motions for summary judgment because parties ought to be held to the

21  requirement that they present their strongest case for summary judgment when the matter is first

22  raised."  *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004)

23  (declining review of subsequent summary judgment motion where moving party failed to raise "any

24  new facts or arguments which it could not have raised in the first round of briefing").

25          With respect to the alleged "new" evidence, Defendants come nowhere close to the standard of

26  specifically identifying of how any "new" evidence would have represented a material difference from

27  what Defendants already knew before the Court's denial of summary judgment in 2004.  Defendants,

28  for example, place significant reliance on Shum's production of metadata in June 2004 (Opp'n at 8-9),

1   but provide no argument about (1) how this metadata represented anything materially new compared

2   to what was already known or (2) how that metadata evidence would have altered the Court's denial of

3   summary judgment.  As to the alleged trial testimony of Shum's technical expert, Dr. Knox,

4   Defendants distort the substance of his testimony, fail to discuss how this testimony would have made

5   a material difference on the law of this case, and fail to recognize that testimony should be disregarded

6   completely since that trial was vacated.

7              **B.       Defendants' Arguments On The Unjust Enrichment Claim Fail**

8              Defendants concede that their motion for summary judgment on Shum's unjust enrichment

9   claim is a pure legal argument that could have been raised earlier in their motion to dismiss in 2003 or

10  in their appellate briefs in 2006.  Opp'n at 9-10.  Tellingly, they avoid explaining the basis for their

11  ever-shifting arguments after their two previous legal arguments on this claim failed.

12             Moreover, Defendants disingenuously argue that, because the unjust enrichment claim was

13  dismissed on the pleadings, "there has been no prior occasion to test whether the unjust enrichment

14  claim raised material issues of fact to preclude summary judgment."  Opp'n at 9.  However,

15  Defendants strenuously argued otherwise in their Opposition to Shum's Motion to Compel (filed June

16  25, 2008) when they claimed that unjust enrichment has always been part of the case – even after

17  dismissal of the cause of action – by virtue of Shum's "always-present request for unjust enrichment

18  damages."  Docket No. 569, at p.7; *see also id.* at p.6 ("Shum's unjust enrichment cause of action is

19  entirely duplicative of the issues raised by his request for unjust enrichment as a remedy for his other

20  state law claims").  Further, Defendants already moved for summary judgment in 2004 based on a lack

21  of damages – including Defendants' purported description of Shum's unjust enrichment damages – on

22  all of Shum's state law claims, and lost.  *See* April 27, 2004 Order at 25, attached as Exhibit A to the

23  Alban Declaration ("Verdiell argues that he is entitled to summary judgment because Shum cannot

24  establish that Verdiell caused any damage.  Recognizing that summary judgment requires a court to

25  view the evidence in a light most favorable to the nonmoving party, the Court is inclined to allow

26  Shum to present his damage theories based on contract and tort principles to a jury.").  Thus,

27  Defendants' argument flatly contradicts their previous position and again fails to show why the Court

28  should reconsider the law of this case.

1    **C.      Defendants' Arguments On The Breach Of Contract Claim Fail**

2          As discussed in Shum's motion to strike, Defendants' current summary judgment motion on the

3    breach of contract claim completely duplicates the same unsuccessful argument that Defendants made

4    – and lost – in their previous summary judgment motion in 2004.  Motion to Strike at 7 (quoting from

5    the Defendants' opening summary judgment briefs, both of which argue a lack of damages on Shum's

6    breach of contract claim).  Notably, Defendants do ***not*** dispute this assertion.  Instead, Defendants'

7    only argument for reconsideration is that there was "substantial evidence that was unavailable to

8    defendants in 2004."  Opp'n at 10.  As Defendants acknowledge, the only evidence identified by

9    Defendants comes from Shum's deposition testimony, which took place after Defendants briefed their

10   motion for summary judgment in February-March 2004.  Shum should not be penalized for

11   Defendants' failure to obtain this deposition testimony before they moved for summary judgment.

12   More significantly, Defendants completely fail to point out how the evidence gleaned from Shum's

13   deposition mandates reconsideration of the law of this case, other than to state in conclusory fashion

14   that "[t]his evidence enables defendants to demonstrate the infirmity of Shum's contract claims in a

15   way that was not possible in March 2004."  Opp'n at 11.  That again falls well below the standard for

16   reconsidering the law of this case.

17   **D.      Defendants' Arguments On The Fraud, Fraudulent Concealment, And Breach Of
     Fiduciary Duty Claims All Fail**

18        **1.      Fraud**

19        Defendants do not dispute that their arguments in support of summarily adjudicating Shum's

20   fraud claim are the exact ***same*** legal arguments that Defendants made and lost in 2004 in their first

21   round of summary judgment briefing.  *Compare* Defendants' Motion for Summary Judgment filed

22   April 4, 2008 at pp. 10-11, 13-17, *with* Defendants "Summary Judgment Motion No. 2" filed Feb. 13,

23   2004 (attached as Exhibit 2 to MacDonald Reply Decl.), at pp. 13-20.  Nevertheless, Defendants seek

24   reconsideration of the Court's denial of summary judgment on the fraud claim based on "[m]ultiple

25   documents that Shum produced after the 2004 Summary Judgment Order."  Opp'n at 11.  Defendants,

26   however, again fail to show – with any particularity whatsoever – how these "multiple documents" are

27   materially different from what was known before the Court's summary judgment Order or how these

28   documents overcome the high burden for reconsideration of the law of this case.

1

### 2.      Fraudulent Concealment

2    Similarly, Defendants do not dispute that their legal arguments for summarily adjudicating

3  Shum's fraudulent concealment claim now are the same arguments they made and lost in 2004.

4  Moreover, in their one-sentence argument, Defendants make absolutely no attempt to argue why

5  reconsideration of the law of this case (as it applies to the fraudulent concealment claim) is proper

6  here.

7

### 3.      Fiduciary Duty

8    Defendants' argument for reconsidering this Court's denial of summary judgment on the breach

9  of fiduciary duty claim hinges entirely on two decisions (*Persson* and *City of Hope*) that were handed

10  down after the Court's April 2004 Order.  Yet, as discussed above in Section II.C, neither of these

11  cases represents new "controlling" authority mandating reconsideration.

12  ## VI.      CONCLUSION

13    Defendants' current motion for summary judgment is plainly an attempt to get another bite of

14  the apple on issues already decided by the Court in its April 2004 denial of summary judgment.  They

15  seek reconsideration of the prior denial without meeting any of the procedural or substantive

16  requirements for obtaining the relief sought.  Accordingly, Defendants' summary judgment motion

17  should be stricken outright.

18  DATED:  July 11, 2008          Respectfully submitted,

19                    TOWNSEND AND TOWNSEND AND CREW LLP

20
                      By:  /s/*Angus M. MacDonald*
21                         MARK T. JANSEN
                         PAUL F. KIRSCH
22                         ANGUS M. MacDONALD
                         TALI L. ALBAN
23
                      Attorneys for Plaintiff FRANK T. SHUM
24

25  61376473 v1

26

27

28