TOWNSEND AND TOWNSEND AND CREW LLP
MARK T. JANSEN (State Bar No. 114896)
PAUL F. KIRSCH (State Bar No. 127446)
ANGUS M. MacDONALD (State Bar No. 212526)
TALI L. ALBAN (State Bar No. 233694)
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone: (415) 576-0200
Facsimile:  (415) 576-0300
Email:     mtjansen@townsend.com, pkirsch@townsend.com
           ammacdonald@townsend.com, tlalban@townsend.com

Attorneys for Plaintiff FRANK T. SHUM

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>              Plaintiff,<br><br>              v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, and LIGHTLOGIC, INC.,<br><br>              Defendants. | Case No. C02-3262 DLJ (EMC)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY FRANK T. SHUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     July 25, 2008<br>Time:    2:00 p.m.<br>Place:   Courtroom 1, 4th Floor<br>Judge:  Hon. D. Lowell Jensen |

Plaintiff Frank T. Shum ("Shum") hereby responds to objections by defendants Intel Corporation, Jean-Marc Verdiell, and LightLogic, Inc. (collectively "Defendants") to evidence submitted by Shum in his Opposition to Defendants' Motion for Summary Judgment.

**Response to Defendants' Objection to Declaration of Frank T. Shum**

| Evidence | Defendants' Objection | Response |
|---|---|---|
| 1. Paragraph 17:<br><br>"These potential investors told me that they would not invest in Radiance technology because of the uncertainty in determining who had the rights to the Radiance's intellectual property under the POL. They impressed upon me the importance of having 'exclusivity' over Radiance's intellectual property rights." | Hearsay: The alleged out-of-court statements by the unidentified "potential investors" are being offered for the truth of the matter asserted – *i.e.* that there was uncertainty under the Plan of Liquidation – and were purportedly made by an available non-party. No exception to the rule against hearsay applies, and the statements are inadmissible. *See* Fed. R. Evid. 801-804.<br><br>Relevance: The alleged statements by "potential investors" as to their purported understanding (or misunderstanding) of the parties' rights under the POL do not relate to a fact of consequence to the case and have no probative value. They are therefore irrelevant and inadmissible. *See* Fed. R. Evid. 402. | Not Hearsay: The statements are not offered for truth of the matter asserted but rather as evidence of Shum's state of mind (e.g., his belief in the need for exclusivity in order to obtain investor funding to promote his rights in Radiance technology) and as circumstantial evidence of Shum's conduct regarding efforts to obtain funding for his rights in Radiance technology.<br><br>Relevance: The statements are relevant as they tend to prove, among other things, that Shum had attempted to mitigate any damages, and that Shum knew and/or believed that further efforts by him to obtain investments to promote his rights under the Radiance technology would be unsuccessful. This also rebuts Defendants' argument that Shum never attempted to exploit his rights under the Radiance technology |
| 2. Paragraph 18:<br><br>"I therefore, approached an investment banking firm, Robertson Stevens, and inquired whether they could assist me in marketing my rights to Radiance technology. Robertson Stevens' executives told me to get a written acknowledgement from Intel of my rights to the Radiance patents before they could assist me." | Hearsay: The alleged out-of-court statements by the Robertson Stephens representatives are being offered for the truth of the matter asserted – *i.e.* that written confirmation was in fact required to obtain marketing assistance – and were purportedly made by an available non-party. No exception to the rule against hearsay applies, and the statements are inadmissible. *See* Fed. R. Evid. 801-804. | Not Hearsay: The statements are not offered for truth of the matter asserted but rather as evidence of Shum's state of mind (*e.g.*, his belief in the need for exclusivity in order to obtain investor funding to promote his rights in Radiance technology) and as circumstantial evidence of Shum's conduct regarding efforts to obtain funding for his rights in Radiance technology. |

| Evidence | Defendants' Objection | Response |
|---|---|---|
|  | Relevance: The statements attributed to Robertson Stevens do not relate to a fact of consequence to the case and have no probative value. They are therefore irrelevant and inadmissible. See Fed. R. Evid. 402. | Relevance: The statements are relevant as they tend to prove, among other things, that Shum had attempted to mitigate any damages, and that Shum knew and/or believed that further efforts by him to obtain investments to promote his rights under the Radiance technology would be unsuccessful. This also rebuts Defendants' argument that Shum never attempted to exploit his rights under the Radiance technology |
| 3. Paragraph 18:<br><br>"When I learned of Intel's $409 million acquisition of LightLogic in 2001 from an acquaintance, I contacted Intel to discuss the value of my right to that technology . . . I, through my lawyer, passed this information onto Intel -- however Intel did not provided [sic] written confirmation of my rights under the Radiance patents. My conversations with Intel dragged out over a period several months from approximately May through December 2001. I, of course, was unsuccessful in resolving this matter amicably and therefore filed this litigation." | Settlement Negotiations: Any such statements allegedly made by Intel were made in compromise negotiations relating to Shum's potential claims and, hence, are inadmissible. See Fed. R. Evid. 408(a)(2); Declaration of Jayesh Hines-Shah in Support of Defendants' Summary Judgment Motion Reply Brief ¶¶ 3,11, Exh. 1 (F. Shum Depo. (11/14/2003), pp. 531:24-532-24), Exh. 8.<br><br>Hearsay:<br>The alleged out-of-court statements are being offered for the truth of the matter against Verdiell. No exception to the rule against hearsay applies, and the statements are inadmissible as to Verdiell. See Fed. R. Evid. 801-804.<br><br>Relevance: The alleged statements attributed to Intel and the events referenced do not relate to a fact of consequence to the case and have no probative value. They are therefore irrelevant and inadmissible. See Fed. R. Evid. 402. | Not Settlement Negotiations: The statements in Shum's declaration do not disclose the substance of any settlement negotiations. Therefore, Fed. R. Evid. 408(a)(2) is not invoked. Further, the excerpt from Shum's deposition testimony cited by Defendants omits that Shum was passing information received from a third party, Robertson Stevens, to Intel. (See Plaintiff's Response to Defendants' Objection No. 2 above) Shum's "pass[ing] this information onto Intel" and Intel's response does not fall within the settlement privilege. Moreover, the citation to Shum's deposition testimony referenced is misleading. Shum's counsel did not stand on a settlement privilege objection to questioning about Shum's conversation with Intel, but rather allowed Shum to answer questions on the topic. See Reply Declaration of Angus M. MacDonald in Support of Plaintiff Frank Shum's Motion to Strike Defendants' Motion for Summary Judgment and Objections to Evidence, Exh. 5 (Shum 11/1/04 Depo. Tr.), at 758:7-765:22.<br><br>Not hearsay: There are no out-of-court statements being made here.<br><br>Moreover, Intel's failure to provide written confirmation of Shum's rights to Radiance technology directly contradicts its claim in this |

| Evidence | Defendants' Objection | Response |
|---|---|---|
| | | case (specifically in its pending summary judgment motion) that Shum always had "equal" rights with Verdiell in Radiance's intellectual property. Therefore, Intel's refusal to provide a written confirmation of Shum's rights is an exception to the hearsay rule as an admission of a party opponent. *See, e.g., U.S. v. Basic Const. Co.*, 711 F.2d 570, 573 (4th Cir. 1983) (approving admission of testimony when officer of corporation said nothing when subordinate referenced bid-rigging).<br><br>Alternatively, the statements are not hearsay because they have direct legal significance to an issue in this case and/or are offered as evidence of Shum's state of mind and as circumstantial evidence of Shum's conduct regarding his efforts to obtain funding for his rights under the Radiance technology.<br><br>Relevance. As discussed above, Intel's failure to provide written confirmation of Shum's rights to Radiance technology directly contradicts Defendants' position in this case (specifically in Defendants' pending summary judgment motion), that Shum had "equal" rights with Verdiell in Radiance's intellectual property. |

**Response to Defendants' Objection to Declaration of Wayne H. Knox**

| Evidence | Defendants' Objection | Response |
|---|---|---|
| 1. Knox Decl., ¶¶ 17-24 and Exh. F.<br><br>Relying on an eyeball comparison of sketches – from the first April 17, 1997 ROI (Exhibit 4-A) and an alternate embodiment of the '950 Patent – Professor Knox opines that the former contains a "spring leaf" rather than a flexure. | <u>Fails to Assist the Court</u>: Professor Knox's "expert" opinion is based entirely on eyeballing two drawings side-by-side and describing what each one purportedly reflects. Since the Court is entirely capable of making such a comparison, Professor Knox's testimony will not assist the Court to understand the evidence or determine a fact in issue and is thus inadmissible. *See* Fed. R. Evid. 702.<br><br><u>Testimony Is Not Product of Reliable Principles and Methods</u>: Without any basis, other than his own apparent intuition, Professor Knox renders an opinion that purports to contradict Verdiell's evidence of conception. However, Professor Knox's opinion is not based upon any facts or data (much less *sufficient* facts or data) and is not the product of reliable principles and methods that have been applied to the facts of the case. Accordingly, his proffered "expert" opinion is inadmissible. *See* Fed. R. Evid. 702; *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1167 (Fed. Cir. 2006) (To offer admissible opinion, an expert must provide "a solid factual basis" for his opinion on inventorship); *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1464 (Fed. Cir. 1998). | There is no basis for Defendants' objections. Dr. Knox's opinion relies on substantial factual bases and will clearly assist the Court in understanding the technical evidence at issue. Fed. R. Evid. 702. The parties dispute whether a feature shown in Exh. 4A (Bates Number F50174) is the claimed flexure or another, unclaimed device called a "spring leaf." In addition to examining the drawing in Exhibit 4A, Dr. Knox reviewed and relied upon the written notes in the Exhibit that specify, among other things, that the drawing depicts a multimode fiber and does not address single mode fibers. *See* Knox Decl. at ¶ 21.<br><br>Dr. Knox explains that multimode fibers typically have a core size of 50 to 62.5 microns, whereas the patents-in-suit address single made fibers typically having core sizes in the range of 8-10 microns. Since the core size present in multimode fibers do not require the precise alignment needed for single made fibers, Dr. Knox concludes – based on his examination of the drawings in Exh. 4A, the written notes on the Exhibit, and his expert knowledge of the alignment requirements of multimode and single mode fibers – that the Exhibit does not depict the claimed flexure, which is specifically intended to allow the precise adjustments required for single mode fiber. *Id.* Dr. Knox then goes on to compare the disclosure of Exh. 4A to the disclosure in Shum's inventorship documents, which include an express reference to single mode fibers and to the presence of a removable alignment tool, thereby providing further factual bases for Dr. Knox's opinion. *Id.* at ¶¶ 22-24.<br><br>Additionally, *Medichem*, the case |

| Evidence | Defendants' Objection | Response |
|---|---|---|
| | | relied upon by Defendants, actually supports the admissibility of the testimony at issue. *See Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1167 (Fed. Cir. 2006) (rejecting request to exclude expert testimony as "conclusory" when, in fact, the testimony rested on solid factual basis). Thus, Defendants' claims that Dr. Knox's testimony is based entirely on "eye-balling" the drawings and that it is not the product of reliable principles and methods are incorrect, and their claim that the testimony lacks factual foundation is spurious. |

DATED: July 11, 2008    Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP


By: /s/*Angus M. MacDonald*
    MARK T. JANSEN
    PAUL F. KIRSCH
    ANGUS M. MacDONALD
    TALI L. ALBAN

Attorneys for Plaintiff FRANK T. SHUM

61423000 v1