1  STEPHEN E. TAYLOR (SBN 58452)
   JESSICA L. GRANT (SBN 178138)
2  JAYESH HINES-SHAH (SBN 214256)
   JONATHAN A. PATCHEN (SBN 237346)
3  TAYLOR & COMPANY LAW OFFICES, LLP
   One Ferry Building, Suite 355
4  San Francisco, California  94111
   Telephone:  (415) 788-8200
5  Facsimile:   (415) 788-8208
   E-mail: staylor@tcolaw.com
6  E-mail: jgrant@tcolaw.com
   E-mail: jhinesshah@tcolaw.com
7  E-mail: jpatchen@tcolaw.com

8  RAGESH K. TANGRI (SBN 159477)
   KEKER & VAN NEST LLP
9  710 Sansome Street
   San Francisco, California  94111
10 Telephone: (415) 391-5400
   Facsimile:  (415) 397-7188
11 E-mail: rtangri@kvn.com

12 Attorneys for Defendants INTEL
   CORPORATION, LIGHTLOGIC, INC.
13 and JEAN-MARC VERDIELL

14                  UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16                       OAKLAND DIVISION

17

18 FRANK T. SHUM,                        Case No.: C 02-03262 DLJ (EMC)

19         Plaintiff,                    **NOTICE OF MOTION AND MOTION
                                         FOR PROTECTIVE ORDER;
20 v.                                    MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT THEREOF**
21 INTEL CORPORATION, JEAN-MARC
   VERDIELL and LIGHTLOGIC, INC.,        Date:    TO BE DETERMINED
22                                       Time:    TO BE DETERMINED
           Defendants.                   Place:   Courtroom C, 15th Floor
23                                                San Francisco Division

24                                       Honorable Edward M. Chen

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF: CASE NO.  C 02-03262 DLJ (EMC)

1

## TABLE OF CONTENTS

2

3

4   I. INTRODUCTION ........................................................................................... 2

5   II. DEFENDANTS' COMPLIANCE WITH  FED. R. CIV. P. 26(c)(1) AND CIVIL
6       LOCAL RULE 37 ...................................................................................... 3

    III. ARGUMENT ............................................................................................. 3
7
        A.    THE DEPOSITIONS ARE PROHIBITED BY FED. R. CIV. P.
8              30(A)(2)(A)(II).................................................................................. 3

9       B.    THE DEPOSITIONS ARE DUPLICATIVE AND  CUMULATIVE OF
              SHUM'S PREVIOUS DISCOVERY ........................................................ 4
10
              1.    Plaintiff Is Not Entitled to a Further Deposition of Verdiell........................ 4
11
              2.    Shum Is Not Entitled to a Further Deposition of Intel ................................. 5
12
              3.    Shum's Deposition Notice of Intel Is Overbroad........................................ 8
13
    IV. CONCLUSION ........................................................................................... 9
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

i.

1

## **TABLE OF AUTHORITIES**

2

3

4 **CASES**

5 *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*,
        244 F.3d 189 (1st Cir. 2001) ............................................................ 3
6
*Expert Choice, Inc. v. Gartner, Inc.*,
7       2006 U.S. Dist. LEXIS 41466 (D. Conn. June 21, 2006) ................ 6

8 *In re Sulfuric Acid Antitrust Litig.*,
        2005 U.S. Dist. LEXIS 17420 (N.D. Ill. Aug. 19, 2005) ................. 3
9
*Keck v. Union Bank of Switzerland*,
10      1997 U.S. Dist. LEXIS 10578 (S.D.N.Y. July 22, 1997) ................. 4

11 *Keithley v. Homestore.com, Inc.*,
        2006 U.S. Dist. LEXIS 42101 (N.D. Cal. June 12, 2006) ............... 4
12

13

14 **OTHER AUTHORITIES**

15 Fed. R. Civ. P. 26(b) ....................................................................... 8

16 Fed. R. Civ. P. 26(b)(2)(C) ......................................................... 2, 4

17 Fed. R. Civ. P. 26(c)(1) .................................................................. 3

    Fed. R. Civ. P. 30(a)(2)(A)(ii) .................................................... 2, 3
18
    Fed. R. Civ. P. 30(b)(6) .................................................................. 7
19

20

21 **RULES**

22 7 James Wm. Moore, et al., *Moore's Federal Practice* § 30.05 ............ 3, 6, 8

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF: CASE NO.  C 02-03262 DLJ (EMC)

## NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

PLEASE TAKE NOTICE that on _____ at _____ a.m./p.m., or on such other day as the Court may order, in the courtroom of the Honorable Edward M. Chen, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendants Intel Corporation ("Intel") and Jean-Marc Verdiell (referred to collectively as "defendants") will and hereby do move this Court for a protective order pursuant to Federal Rules of Civil Procedure 26(c)(1) and 30(a)(2)(A)(ii) to prevent plaintiff Frank T. Shum ("Shum") from deposing them again. Defendants make this motion on the following grounds:

- Shum has failed to comply with Federal Rule of Civil Procedure 30(a)(2)(A)(ii);

- The Notices of Deposition seek discovery that is unreasonably cumulative or duplicative of topics for which Shum has obtained or had ample opportunity to obtain the requested information; and

- To the extent the Notices of Deposition seek any relevant discoverable information that has not been the subject of prior discovery, the burden of the requested depositions outweighs their likely benefit.

Simultaneous with this motion, defendants are submitting (1) a Motion for an Order Shortening Time, pursuant to Civil Local Rule 6-3, proposing a schedule shortening time to allow this matter to be heard on August 13, 2008 at 10:30 a.m., or on such other day as may be ordered by the Court, and (2) a Motion for Administrative Relief to Permit Filing Under Seal, pursuant to Civil Local Rules 7-11 and 79-5(b), which would allow documents relied on by defendants in support of this Motion for Protective Order and designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of the July 23, 2003 Stipulated Protective Order in this case, to be filed under seal in this action and considered by the Court in connection with this Motion for Protective Order.

This motion is based upon the Memorandum of Points and Authorities submitted herewith, the accompanying declarations of Jean-Marc Verdiell and Jayesh Hines-Shah and exhibits thereto, all pleadings and papers on file in this action, and such matters as may be presented to the Court at the hearing.

TAYLOR & CO.
LAW OFFICES, LLP

1.

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF: CASE NO.  C 02-03262 DLJ (EMC)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Frank T. Shum ("Shum") is seeking to depose defendants Jean-Marc Verdiell ("Verdiell") and Intel Corporation for a second time on topics on which they already have been extensively deposed.  The Court should issue a protective order prohibiting these depositions for three reasons.

First, the Notices of Deposition (the "Notices") violate Federal Rule of Civil Procedure 30(a)(2)(A)(ii), which requires that a party obtain leave of court before it may take the deposition of a person who "already has been deposed in the case."  Defendants notified Shum of this defect on July 21, 2008.

Second, the Notices are inconsistent with Federal Rule of Civil Procedure 26(b)(2)(C) – which requires the Court to limit discovery that is "unreasonably cumulative or duplicative" when "the party seeking discovery has had ample opportunity to obtain the information" – and with Judge Jensen's Orders of March 14 and April 3, 2008, and this Court's further Orders of July 16 and July 24, 2008, all of which embody that principle.  As is shown more fully below, both defendants have already given extensive testimony on the unjust enrichment issues in this case.

Third, insofar as the Notices seek information that has not been the subject of prior discovery, the burden of these depositions outweighs their likely benefit.  Verdiell has no knowledge of "unjust enrichment" beyond that which he testified about over three days of deposition in 2003.  Declaration of Jayesh Hines-Shah in Support of Motion for Protective Order ("Hines-Shah Decl."), ¶ 7.  The Notice to Intel is overbroad and also offers little or no prospect of additional information helpful to Shum's case.  Pursuant to this Court's July 23 Order, Shum's post-appeal discovery is limited to the valuation of the patents-in-suit.  Yet it is undisputed that the purchase price allocation that is one focus of Shum's deposition inquiry did not involve any separate valuation of the patents-in-suit.  Moreover, in connection with the EMCORE transaction, the documents produced by defendants make clear that Intel did not place a value on the patents-in-suit, and that the removal of these patents from this transaction had no effect on the ultimate sale price.  Thus, the benefit of these depositions is clearly outweighed by their burden.

2.

TAYLOR & CO.
LAW OFFICES, LLP

1

2   ## II.  DEFENDANTS' COMPLIANCE WITH
3   ## FED. R. CIV. P. 26(c)(1) AND CIVIL LOCAL RULE 37

4       Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Civil Local Rule 37-1, the parties

5   met and conferred telephonically on July 28, 2008, with respect to the dispute set forth below.  *See*

6   Hines-Shah Decl., ¶ 11.  The parties further met and conferred in person on August 1, 2008.  *See*

7   *id.*, ¶ 12.  In addition, the parties had previously discussed and exchanged correspondence about

8   the scheduling of plaintiff's intended depositions, and about defendants' contentions that (1) the

9   depositions could not proceed without leave of court, and (2) the depositions are duplicative of

10  prior discovery sought and had by Shum.  *See id.*, ¶¶ 6, 9.

11  ### III.  ARGUMENT

12  ### A.      THE DEPOSITIONS ARE PROHIBITED BY FED. R. CIV. P. 30(A)(2)(A)(II)

13      Federal Rule of Civil Procedure 30(a)(2)(A)(ii) requires that a party obtain leave of court

14  before it may take the deposition of a person who "already has been deposed in the case."  The

15  proper procedure is for Shum to obtain leave in the first instance to take the noticed depositions.

16  Shum's failure to do so invalidates the notices.  *See In re Sulfuric Acid Antitrust Litig.*, 2005 U.S.

17  Dist. LEXIS 17420, *7-8 (N.D. Ill. Aug. 19, 2005) ("the fact that a party may ultimately be able to

18  persuade a judge to allow successive depositions has absolutely nothing to do with the obligation

19  to seek in the first instance a court's permission to take a deposition of a 'person' who has once

20  been deposed"); 7 James Wm. Moore, et al., *Moore's Federal Practice* § 30.05 [1[c]].  This rule

21  applies to depositions of a corporation taken pursuant to Rule 30(b)(6).  *Ameristar Jet Charter,*

22  *Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001).

23      Defendants made Shum aware of this defect in the Notices on July 21, 2008.  Hines-Shah

24  Decl., Exh. 6.  To date, defendants have received no response.  Fact discovery is now closed, and

25  the time for Shum to issue a proper notice has passed.

26  ///

27  ///

28  ///

TAYLOR & CO.
LAW OFFICES, LLP

3.

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF: CASE NO.  C 02-03262 DLJ (EMC)

**B.    THE DEPOSITIONS ARE DUPLICATIVE AND CUMULATIVE OF SHUM'S PREVIOUS DISCOVERY**

A party seeking to take a second deposition in the same case must show "good cause." *Keithley v. Homestore.com, Inc.*, 2006 U.S. Dist. LEXIS 42101, *5 (N.D. Cal. June 12, 2006). Shum already had "ample opportunity to investigate" the subjects sought during the first depositions of Verdiell and Intel. *Keck v. Union Bank of Switzerland*, 1997 U.S. Dist. LEXIS 10578, *10 (S.D.N.Y. July 22, 1997). Moreover, as shown below, counsel took substantial advantage of that opportunity. These factors, in addition to the fact that his requests are duplicative and cumulative, dictate that Shum should not be allowed a second chance at the same discovery, particularly at this late stage of the litigation. *Id.* at *10-11 (denying second deposition of defendant). Because the requested depositions are "unreasonably cumulative or duplicative" and Shum "has had ample opportunity to obtain the information," the Court should quash Shum's deposition notices. Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii).

**1.    Plaintiff Is Not Entitled to a Further Deposition of Verdiell**

According to Shum, "[t]he unjust enrichment occurred when Intel purchased LightLogic for $409 million in March 2001." *See* 2008 Opposition to Motion for Summary Judgment, at p. 27 n.20. [Docket Item No. 556] Shum extensively examined Verdiell on unjust enrichment during three full days of deposition in October 2003. Specifically, Shum questioned Verdiell about:

- His efforts in the formation of LightLogic (pages 123-125, 143-144, 195-209, 232-245);

- His financial position as a result of Intel's acquisition of LightLogic (pages 355-365);

- His work at Intel (pages 366-367, 406).

Because Shum has already taken extensive testimony from Verdiell on this issue, and because his counsel had a full opportunity to examine further, if desired, Shum cannot show the required "good cause" for reopening Verdiell's deposition. *See Keithley*, 2006 U.S. Dist. LEXIS 42101 at *5.

Insofar as Shum seeks discovery from Verdiell relating to those matters occurring after the Intel-LightLogic transaction, Verdiell has no relevant information. In particular, Verdiell was not

4.

involved in Intel's 2001 purchase price allocation of the former assets of LightLogic, and he was

no longer working at Intel during the time Intel sold the telecom-related portion of its Optical

Platform Division to EMCORE.  *See* Declaration of Jean-Marc Verdiell in Support of Motion for

Protective Order, ¶¶ 2-4.

### 2.   Shum Is Not Entitled to a Further Deposition of Intel

The topics on which Shum now wants to depose Intel are duplicative of those on which he

previously deposed Intel:

| First FRCP 30(b)(6) Deposition Notice (Served December 18, 2003) | Second FRCP 30(b)(6) Deposition Notice (Served July 11, 2008) |
|---|---|
| 1.  The substance of presentations made to the Intel Board of Directors about the purchase of LightLogic | 1.  The value or benefit Intel received from Intel's merger with LightLogic |
| 2.  Offers (formal and informal) for the purchase of LightLogic by entities other than Intel | 2.  The total consideration (including the amount & value of Intel shares) that Intel provided to Verdiell as part of the Intel/LightLogic merger |
| 3.  Intel's valuation of LightLogic at the time of Intel's merger/acquisition of LightLogic | 3.  Intel's internal accounting, tax and financial analyses of LightLogic's IP, technology and/or assets, including information relating to LightLogic in Intel's SEC filings that reference the LightLogic merger |
| 4.  The valuation of LightLogic's patent rights at the time of Intel's merger/acquisition of LightLogic | 4.  Intel's' valuations, projections and/or due diligence regarding LightLogic's IP, technology and/or assets |
|  | 5.  Intel's analyses of the opto-electronic industry from 1999-2001 |
|  | 6.  The value which Intel placed on the technology and IP of LightLogic's competitors during the 1999-2001 time frame |
|  | 7.  Intel's communications with EMCORE from September 2007 through April 2008 relating to LightLogic's IP, Shum, Verdiell, this lawsuit, and/or Radiance Design. |

TAYLOR & CO.
LAW OFFICES, LLP

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF: CASE NO.  C 02-03262 DLJ (EMC)

1    Aside from topic number 7 (which we address below), all of the topics in the new

2  deposition notice were or could have been covered during the depositions of Intel in 2004.  *Expert*

3  *Choice, Inc. v. Gartner, Inc.,* 2006 U.S. Dist. LEXIS 41466, *14 (D. Conn. June 21, 2006)

4  ("[W]hen a second deposition is allowed, it is typically limited in scope to the topics not addressed

5  in the first deposition."); 7 James Wm. Moore, et al., *Moore's Federal Practice* § 30.05[1[c]]

6  (same).  These topics are also broader in scope than the Court's discovery Order of July 24, 2008,

7  which limited defendants' subsequent production obligations to documents relating to the

8  "patents-in-suit."

9    Pursuant to the original notice, Shum had the opportunity to fully examine two witnesses

10  on those topics.  The January 29, 2004 deposition of Ramamurthy Sivakumar (Assistant Treasurer

11  for Intel Capital responsible for M&A Projects) covered, among other topics:

12
- Intel's perceived value of the LightLogic acquisition (people, knowledge, technology) (pages 61-62);

13
14
- LightLogic competitors in the industry that Intel also evaluated (pages 52-63, 67-70);

15
- Identity of other companies that were looking into acquiring LightLogic at the same time as Intel, and valuations by those companies (pages 89-99, 105-115, 163-165);

16
17
- Valuation of LightLogic's patent rights (pages 99-104, 126-130);

18
- Valuation of LightLogic and its patent rights in connection with the accounting treatment of the acquisition (pages 116-120);

19
20
- Valuation of LightLogic including the relevance of specific factors to that valuation (pages 131-147);

21
- Evaluation of LightLogic's potential for contributing to new market segment opportunities, including projections of LightLogic revenue (pages 64-66);

22
23
- Reasons for Intel's interest in LightLogic (including its general optical arena business strategy) and the process of obtaining approval to begin negotiations, including initial assessments of how the acquisition would fit into Intel's business strategy (pages 28-40);

24
25
- Base calculations and market modeling related to the initial assessments of the acquisition of LightLogic, including specific modeling information for the optical group (pages 41-47);

26
27
- Calculations and models regarding LightLogic's capacity with respect to the OC 192 transponder (pages 48-50);

28

TAYLOR & CO.
LAW OFFICES, LLP

- Market model for "super module" product that could potentially incorporate parts from LightLogic, relating to the metro telecom and enterprise markets (pages 50-60);

- Refinements of the market valuation and modeling (pages 74-85); and

- Downward negotiation of acquisition price due to changes in the external market valuations (pages 148-149)

In addition, the March 11, 2004 deposition of Michael Ricci (General Manager of the LightLogic acquisition) covered, among other topics:

- Evaluation of LightLogic's intellectual property (pages 46-49);

- Evaluation of LightLogic and other companies working on automation as potential acquisition candidates (pages 61-68);

- Presentation to the Intel board of directors regarding the LightLogic acquisition, including a discussion of the products Intel aimed to produce with the potential acquisition (e.g. the super module) and how those products would be targeted to various markets. (pages 69-71, 74-97, 122-123);

- Role of the LightLogic acquisition in Intel's Optical Products Group (OPG) strategy (pages 40-42);

- Verdiell's contribution of knowledge that was important to Intel (pages 44-45, 61); and

- Verdiell's contributions to the Optical Components Division and his involvement with Intel Capital (pages 52-56)

Additionally, Shum asked those Fed. R. Civ. P. 30(b)(6) witnesses to identify other persons at Intel who were involved in the LightLogic acquisition and for information concerning the accounting for the acquisition.  The deponents identified a number of potential witnesses and were clear about what they did and did not know.  *See* Hines-Shah Decl., Exh. 2 [Sivakumar Depo.] at pp. 116:17-120:25, 150:6-156:12; Hines-Shah Decl., Exh. 3 [Ricci Depo.] at pp. 15:24-18:2, 71:8-73:23.  Yet, Shum never noticed the depositions of any of those identified potential witnesses or sought a deposition of Intel concerning the accounting for the LightLogic acquisition. This information was no less relevant in 2004 than it is now.[1]  Dissatisfaction with his prior

---

[1]  Shum devoted eight pages of his 2004 Opposition to Defendants' Motion for Summary Judgment arguing that the defendants "unjustly profited" and "possess ill-gotten funds" derived from the patents at issue, that Shum was damaged by Intel's acquisition of LightLogic for $409 (footnote continued)

7.

TAYLOR & CO.
LAW OFFICES, LLP

1   counsel's efforts does not entitle Shum to re-plow old ground.  7 James Wm. Moore, et al.,

2   *Moore's Federal Practice* § 30.05[1[c]] ("When counsel fails to make reasonable inquiry, a court

3   would be justified in denying a second deposition so long as the witness or opposing counsel have

4   not misled the deposing attorney as to the nature of such contacts.").

5        Shum can point to only two areas of inquiry that are arguably new:  a third-party valuation

6   report prepared after the LightLogic acquisition and Intel's sale of certain assets of its Optical

7   Platform Division to EMCORE Corporation in 2007.  Neither warrants a deposition when the

8   potential benefits are weighed against the burdens as discussed in Fed. R. Civ. P. 26(b).

9        The third-party valuation report prepared in 2001 by Deloitte & Touche LLP explicitly

10  states that a separate value was *not* assigned to LightLogic's patent portfolio.  Rather the

11  technology assets were valued and those assets were identified with the revenues of the four

12  LightLogic product lines.  Hines-Shah Decl., Exh. 7 at pp. INT0004659, INT0004690-

13  INT0004693.  Thus, that report provides no basis for a further deposition of Intel about any

14  alleged valuation of the patents-in-suit.

15       Similarly, a deposition about the EMCORE transaction also would be fruitless and merely

16  impose an undue burden on Intel.  The documents that Intel has already produced establish beyond

17  doubt that, although the draft agreements had initially included the patents-in-suit as part of the

18  transaction, the patents were ultimately excluded.  The documents produced also establish that the

19  removal of the patents from the transaction did not affect the sale price.  In other words, the value

20  placed on those patents by both Intel and EMCORE was zero.  A deposition on this topic is not

21  going to bolster Shum's unjust enrichment claim.

22                **3.       Shum's Deposition Notice of Intel Is Overbroad**

23       The proposed deposition topics relating to Intel are also overbroad and inconsistent with

24  the Court's discovery rulings.  On July 24, 2008, this Court entered an Order concerning a series

25  _____

26  million, and that the jury would need to examine the value of the patents to venture capitalists and
    Intel.  2004 MSJ Opp. at 22-30 [Docket Item No. 170].  Shum's argument, during the time the

27  unjust enrichment cause of action was not in play, shows that he was acutely aware of all of the
    issues he now seeks as "new" deposition topics.

28

TAYLOR & CO.
LAW OFFICES, LLP

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF: CASE NO.  C 02-03262 DLJ (EMC)

1  of document requests propounded by Shum.  The Court expressly refused to enforce those

2  requests as written, limiting the defendants' obligation to production of documents specifically

3  relating to or referencing the patents-in-suit.  *See* Order of July 24, 2008 [Docket Item No. 604].

4  The topics in Shum's Notice to Intel are not limited to the patents-in-suit and therefore are

5  overbroad.

## IV.  CONCLUSION

7         For the reasons set forth above, defendants Intel Corporation and Jean-Marc Verdiell

8  respectfully request that this Court enter an order prohibiting Shum's request to depose Jean-Marc

9  Verdiell and Intel Corporation a second time.

10

11  Dated: August 1, 2008                    Respectfully submitted,

12                                           TAYLOR & COMPANY LAW OFFICES, LLP

13

14                                           By:  _____/s/ Stephen E. Taylor_____

15                                                    Stephen E. Taylor

16                                           Attorneys for Defendants INTEL CORPORATION,
                                             LIGHTLOGIC, INC. and JEAN-MARC VERDIELL

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF: CASE NO.  C 02-03262 DLJ (EMC)