**TOWNSEND and TOWNSEND and CREW LLP**

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

**Angus M. MacDonald**
415.273.7556
ammacdonald@townsend.com

August 1, 2008

**VIA E-FILING**

Hon. Edward M. Chen
Magistrate Judge of the U.S. District Court
Northern District of California
Courtroom C, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    ***Frank T. Shum v. Intel Corporation, Jean-Marc Verdiell, and LightLogic, Inc.***
             USDC, N.D., Oakland Div., Case No. C02-3262 DLJ (EMC)

Dear Judge Chen:

      On behalf of Plaintiff Frank T, Shum ("Shum"), I submit this letter asking for the Court to conduct a brief telephone conference with the parties at the Court's earliest convenience so that the parties can obtain the Court's guidance as to how it would like to resolve the parties' present dispute regarding depositions.

      Shum has noticed the depositions of defendants Intel Corporation and Jean-Marc Verdiell ("Defendants"), largely based on numerous additional documents – 8,263 pages – that Defendants have produced in the last two weeks, as well as further documents that the Court ordered be produced but which Defendants have not yet produced.[1] *See* July 24, 2008 Order. Defendants, on the other hand, believe that additional depositions of Intel and Verdiell are unwarranted in view of previous depositions of Defendants that occurred more than four years ago (and before these new documents were produced). The parties have met and conferred on this issue several times, including an in-person meet and confer today, but are unable to come to an agreement.

      Moreover, the parties are unable to agree on the best way to bring this to the Court's attention on an expedited basis. Shum suggested a short, joint letter from the parties asking for the Court's guidance on the preferred procedure for handling this dispute. Defendants declined. Instead, this afternoon, Defendants' counsel just informed me that Defendants plan to file both a Motion for Protective Order and a Motion for an Order Shortening Time, perhaps as early as this afternoon. Shum believes that a motion for protective order puts Shum in an unfair position given the fact that Defendants have not produced any documents in response to the Court's July 24 Order and will not likely produce any documents by the time Shum's opposition brief may be due.

---

[1] Defendants indicate they may *start* producing documents in response to the Court's July 24 Order "as early as the end of next week." Further Defendants have not provided a timetable as to when their production will be complete.

TOWNSEND
and
TOWNSEND
and
CREW
LLP

Hon. Edward M. Chen
August 1, 2008
Page 2

     Shum requests that the Court schedule a telephonic conference at the Court's earliest convenience, with the parties serving and filing letter briefs of not more than two (2) pages at least two business days before the conference – consistent with this Court's exemplar "Order Scheduling Telephonic Conference Re Discovery Dispute."  Shum believes that a formal motion for a protective order and a motion for order shortening time (with opposition and reply briefs thereto) – as Defendants propose  – are unnecessary and inefficient given:  (1) the Court's familiarity with the discovery issues in this case, (2) the narrow scope of the present dispute, and (3) the case management deadlines.

                Very truly yours,

                /s/ *Angus M. MacDonald*

                Angus M. MacDonald

AMM:dgs

cc:    Stephen E. Taylor (via Court's ECF system)

61452826 v1