United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK T. SHUM,

          Plaintiff,

   v.

INTEL CORPORATION, *et al.*,

          Defendants.
_____/

AND RELATED COUNTERCLAIMS.
_____/

No. C-02-3262 DLJ (EMC)

**ORDER RE PARTIES' JOINT LETTER OF AUGUST 29, 2008**

**(Docket No. 640)**

       Previously, the Court issued an order requiring the parties to further meet and confer to determine whether they could reach agreement as to whether Mr. Verdiell should be deposed and, if so, what the scope of his deposition should be. The Court instructed the parties that, if the dispute could not be resolved, then they should file a joint letter. The Court specifically advised Mr. Shum that, in his portion of the joint letter, he "must specify exactly what documents about which he seeks to question Mr. Verdiell. In addition, Mr. Shum must describe the kinds of questions he intends to ask Mr. Verdiell about those documents and how those questions are relevant to the issue of unjust enrichment." Docket No. 637 (Order at 2). The parties were unable to reach an agreement and accordingly filed a joint letter on August 29, 2008. *See* Docket No. 640. Having reviewed the joint letter and accompanying submissions, the Court hereby rules as follows.[1]

---

[1] The Court denies Defendants' request for a hearing on the discovery dispute.

## I. **DISCUSSION**

A. <u>Intel Presentations</u>

Mr. Shum argues first that he should be permitted to depose Mr. Verdiell in order to question him about certain presentations that he authored at Intel. Although Mr. Shum has not presented any evidence to the Court proving that Mr. Verdiell was the author of these presentations, Mr. Shum is entitled to ask at a deposition whether Mr. Verdiell was in fact the author and if so question him about the documents. Even if Mr. Verdiell was not the author of the presentations, he might still have relevant information given the undisputed similarity between the LightLogic presentations and the Intel presentations. Accordingly, the Court shall allow Mr. Verdiell to be deposed on this basis.

B. <u>Consideration Received by Mr. Verdiell</u>

Mr. Shum also argues that he should be allowed to depose Mr. Verdiell about the consideration he received from Intel. The Court allows Mr. Verdiell to be deposed on this basis as well. Mr. Shum has a right to ask Mr. Verdiell – and not just Intel – about the consideration he was paid. That Mr. Verdiell may be willing to provide an interrogatory response about the consideration he was paid is not adequate. At a deposition, Mr. Shum would be able to ask follow-up questions.

C. <u>Corning Offer</u>

Finally, Mr. Shum argues that he should be permitted to depose Mr. Verdiell about an offer made by a third party, Corning, to purchase LightLogic. According to Mr. Shum, the "subject matter is relevant to reasonableness of Shum's unjust enrichment damages claim." Joint Letter at 2. But, as Defendants note, "[t]he 'reasonableness' of an unconsummated third-party offer cannot alter the amounts *actually* received by Mr. Verdiell or paid by Intel." Joint Letter at 3 (emphasis in original). Mr. Shum has not demonstrated that unjust enrichment would be measured by amounts other than that actually received. He cites no authority to the contrary and thus failed to establish that reasonableness is relevant to the unjust enrichment claim. Mr. Verdiell may not be deposed on this basis.

///

///

///

2

## II. CONCLUSION

Accordingly, the Court shall allow Mr. Verdiell to be deposed, but only as to the first two subjects above. Furthermore, given the limited number of documents identified by Mr. Shum in the joint letter, the Court shall limit the length of the deposition to 3.0 hours.

This order disposes of Docket No. 640

IT IS SO ORDERED.

Dated: September 4, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge