TOWNSEND AND TOWNSEND AND CREW LLP
MARK T. JANSEN (State Bar No. 114896)
PAUL F. KIRSCH (State Bar No. 127446)
ANGUS M. MacDONALD (State Bar No. 212526)
TALI L. ALBAN (State Bar No. 233694)
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email:     mtjansen@townsend.com, pkirsch@townsend.com
           ammacdonald@townsend.com, tlalban@townsend.com

Attorneys for Plaintiff FRANK T. SHUM

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTEL CORPORATION, JEAN-MARC VERDIELL, and LIGHTLOGIC, INC.,<br><br>　　　　　Defendants. | Case No. C02-3262 DLJ (EMC)<br><br>**PLAINTIFF FRANK T. SHUM'S CORRECTED NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT INTEL CORPORATION TO PRODUCE DOCUMENTS**<br><br>**Date: TO BE DETERMINED**<br>**Time: TO BE DETERMINED**<br>**Place: Courtroom C, 15th Floor**<br><br>Honorable Edward M. Chen |

CONFIDENTIAL - ATTORNEYS' EYES ONLY

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

In order to correct certain typographical errors, Plaintiff Frank T. Shum hereby files a Corrected Notice of Motion and Motion to Compel Defendant Intel Corporation to Produce Documents. This supersedes and replaces the Motion at Docket No. 655.

## NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

PLEASE TAKE NOTICE that on ___, 2008, at 10:30 a.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Edward C. Chen, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff Frank T. Shum ("Shum") will and hereby does move for an order compelling defendants Intel Corporation ("Intel") to provide certain indisputably relevant documents reflecting presentations authored by Defendant Jean Marc Verdiell ("Verdiell") and other documents that it has been improperly withholding on the grounds of privilege.

This motion, which is made pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) and Local Rule 37, is based upon the Memorandum of Points and Authorities submitted herewith, the accompanying declaration of Tali L. Alban and exhibits thereto, all pleadings and papers on file in this action, and such matters as may be presented to the Court at the hearing. Concurrently with this Motion, Shum is submitting a Motion for an Order Shortening Time, pursuant to Local Rule 6-3, and an accompanying declaration.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

This Motion concerns Intel's continuing failures to comply with its discovery obligations. On July 28, 2008, Defendants were ordered to produce all "communications -- including e-mails and memoranda -- referencing the value of LightLogic's patents-in-suit." July 24, 2008, Order (Docket 604). Shortly thereafter, Defendants produced three presentations authored by Verdiell while employed at Intel relating to the technology covered by the patents-in-suit. Based on the production of the presentations, the Court, over Defendants' objections, permitted Shum to depose Verdiell on topics relating to the three presentations. *See* Sept. 4, 2008, Order at 2 (Docket 643). During his deposition, Verdiell testified that [REDACTED]. (Alban Decl. ¶ 6; Ex. E at 55:17.) Counsel for Shum requested that Intel produce all such relevant and responsive presentations, but counsel for Intel refused. (Alban Decl. ¶ 4; Ex. C.)

1  Intel's Counsel has provided no reason why it produced three presentations, but not the remainder.
2  The relevance of these presentations has already been acknowledged by Intel in producing the few it
3  already produced and by the Court when it ordered that the deposition of Verdiell could go forward
4  based on these presentations.
5      In addition, Intel recently produced a privilege log showing that it is refusing to produce over
6  seven hundred documents in this litigation on the grounds of attorney-client privilege and/or the work
7  product doctrine. Most significantly, there were approximately twelve entries from the 2001-2002
8  timeframe that were interspersed among the hundreds of entries from the years 2007-2008. (Alban
9  Decl. ¶ 2 Ex. A.) Intel provided no explanation for the late appearance of these documents, six years
10 into the litigation. From Intel's privilege log, there was no apparent reason for the assertion of
11 privilege with regard to these documents. Indeed, when pressed, counsel for Intel capitulated and on
12 September 18, 2008, produced several of the 2001- 2002 documents listed on the log. (*See Id.*) These
13 documents are of critical importance to the issues in this case, as they demonstrate the importance of
14 LightLogic's ███████████████████████ (Alban Decl. ¶ 5; Ex. D at INT 0015355
15 & INT 0015357.) These recently produced documents demonstrate that ███████████
16 ████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████. (*See Id.* at INT
18 0015355 & INT 0015357.) Under no circumstances could these documents have been considered
19 privileged, and yet, Intel hid them in their log (with a six year delay no less), apparently hoping they
20 would not be challenged. And now, having produced these documents, Intel has improperly failed to
21 produce the attachments to the documents, for which they similarly have no reasonable basis for
22 withholding. (*See, e.g., Id.* at INT 0015359, the attachment to which, "nec v. lic 2 21 compare.ppt" is
23 clearly a PowerPoint presentation comparing ███████████████████████
24 ███████████████████████[1]

---

[1] Shum plans to seek other appropriate sanctions for Intel's withholding of such clearly probative, relevant and non-privileged documents until after the close of discovery, the date for the completion of Plaintiff's expert damages reports and just two months before trial.

**PLAINTIFF FRANK T. SHUM'S CORRECTED NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT INTEL CORPORATION TO PRODUCE DOCUMENTS**
CASE NO.C02-3262 DLJ (EMC)                                                                                                2

In addition, Intel has redacted some of the produced 2001-2002 documents, which redactions are likewise lacking in legal foundation. (*See* Alban Decl. ¶ 2; Ex. A at entry nos. 699- 703; ¶ 5; Ex. D. at INT 0015361 - INT 0015370.) For example, several of the redacted entries are found under the headings ███████████████████████████████████████████████ (*See, e.g.,* Alban Decl. ¶ 5 Ex. D at INT 0015363.) Intel's awareness of Shum's rights in the patents at issue - which are likely to be evidenced in the redacted due diligence reports - is directly probative of Shum's unjust enrichment claim against Intel and LightLogic. At best, this is a business related document, for which no privilege attaches. *See* Apr. 28, 2004, Order at 5 n. 2 ("In order for the [attorney-client] privilege to be asserted, a communication must involve legal advice and not business advice.")

Accordingly, Shum respectfully requests that the Court compel Intel to produce any and all remaining documents reflecting presentations authored by Verdiell while at Intel that relate or refer to technology covered by the patents-in-suit. Shum also respectfully requests that the Court compel Intel to produce the attachments to the emails produced on September 18, 2008, and unredacted copies of the communications relating to Intel's due diligence reports.

## II. ARGUMENT

### A. Defendants Failed to Produce "Many, Many, Many" Additional Relevant Presentations Authored By Defendant Verdiell Relating To The Technology Covered By The Patents-In-Suit

In response to this Court's orders over the past few months, Defendants have produced approximately 14,000 pages of documents, including additional documents yesterday, September 18, 2008. Among the documents withheld until recently are three presentations authored by Defendant Jean-Marc Verdiell while he was employed at Intel relating to the technology covered by the patents-in-suit. Pursuant to this Court's September 4, 2008, Order, and over Defendants' strident objections, this Court allowed Shum to depose Verdiell regarding these three presentations, which were the only presentations that Defendants produced while Verdiell was at Intel. *See* Sept. 4, 2008, Order at 2 (Docket No. 643). However, during his deposition one week ago (September 12), Verdiell testified that he had ███████████████████████████████████████████████████████████████████████████████████

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*See* Alban Decl., ¶ 6; Ex. E at 52:20-23.)  Specifically,

2  Verdiell testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Alban Decl.¶ 6; Ex. E at 52:18-23.)  Verdiell also testified that ▓▓▓▓▓▓

4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (which incorporates the

6  technology covered by the patents-in-suit) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.* at 55:17.)  Similarly,

7  Verdiell testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.* at 55:20-56:9.)

   Based on Verdiell's statements, Shum's counsel requested that Defendants produce "presentations that refer or relate to LightLogic and/or the technology covered by the patents-in-suit." (Alban Decl., ¶ 3, Ex. B.)  Defendants refused, indicating that Shum's request "do[es] not fall within the ambit of the Court's July 24 Order."  (Alban Decl. ¶ 4, Ex. C.)  Yet, in producing the three earlier presentations, Defendants acknowledged their responsiveness to this Court's orders.  Moreover, by virtue of the Court's September 4, 2008, Order allowing Shum to proceed with Verdiell's deposition, the relevance of the presentations authored by Verdiell are not reasonably in dispute.  *See* Sept. 4, 2008 Order at 2 (Docket No. 643).  Defendants do not explain why they produced only three of the innumerable relevant presentations that Verdiell referenced during his deposition.

   Defendants have not satisfied their discovery obligations.  Having produced some of the Verdiell-authored presentations in response to this Court's orders, Defendants cannot pick and choose which of the responsive presentations they produce.  *See, e.g., In re Kilby*, 196 B.R. 627, 631 (Bkrtcy. M.D. Fla., 1996) ("Parties may not pick and choose which discovery requests they wish to respond to.")  Accordingly, Shum requests that the Court compel Intel to produce all such relevant presentations.

   **B.    Intel Has No Basis For Redacting Or Withholding Documents Relating To Its Due Diligence Reports**

   Intel, as the party claiming privilege, bears the burden of proving a privilege applies.  *See, e.g., In re Syncor ERISA Ltig.*, 229 F.R.D. 636, 645 (C.D. Cal. 2005).  The attorney-client privilege exists

to protect confidential disclosures by a client to an attorney made in order to obtain legal assistance. *Fisher v. United States,* 425 U.S. 391 (1976). However, "the [attorney-client] privilege is not a favored evidentiary concept in the law since it serves to obscure the truth, and it should be construed as narrowly as is consistent with its purpose." *Teachers Ins. & Annuity Ass'n of America v. Shamrock Broad. Co.,* 521 F.Supp. 638, 641 (S.D.N.Y.1981); *see also In Re Grand Jury Matter No. 91-01386,* 969 F.2d 995 (11th Cir. 1992) ("Yet the privilege is not all-inclusive and is, as a matter of law, construed narrowly so as not to exceed the means necessary to support the policy which it promotes.").

Intel may not withhold documents on privilege grounds merely because they constitute communications between an attorney and a client. Such an application of the attorney-client privilege is overbroad and unfounded in the law. *In Re Grand Jury Matter*, 969 F.2d at 997. Rather, in order to invoke the attorney client privilege, Intel must establish all of the following:

> (1) the asserted holder of the privilege is or sought to become a client;
> (2) the person to whom the communication was made (a) is a member of a bar of a court, or his subordinate and (b) in connection with this communication is **acting as a lawyer**; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) **for the purpose of securing primarily either (1) an opinion on law or (ii) legal services** or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Neuder v. Battelle Pacific Northwest Nat'l Lab.,* 194 F.R.D. 289, 292 (D.D.C. 2000) (emphasis added).

Moreover, as Judge Chen noted in his April 2004 Order in this matter, "simply because in-house counsel is involved a communication does not automatically make the communication privileged because 'in-house counsel is often extensively involved in the business matters of the company . . .'" April 28, 2004 Order, at 4 n.1. Thus, communications shared with any counsel, which are not for the primary purpose of seeking legal advice, are excluded from the scope of the attorney-client privilege. *United States Postal Service v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 164 (E.D.N.Y. 1994) ("A corporation cannot be permitted to insulate its files from discovery simply by sending a "cc" to in-house counsel."); *Neuder*, 194 F.R.D. at 292 (stating that where the giving of

PLAINTIFF FRANK T. SHUM'S CORRECTED NOTICE OF MOTION AND MOTION TO COMPEL
DEFENDANT INTEL CORPORATION TO PRODUCE DOCUMENTS
CASE NO.C02-3262 DLJ (EMC)

5

1  legal advice is incidental to the giving of business advice, the privilege does not apply).

2  There is no conceivable basis for Intel to assert privilege with regard to the attachments to the recently produced 2001-2002 documents. Even the fact that these communications include attorneys is an insufficient basis for withholding documents, without additional indicia that the document meets the requirements set for the above for the attorney-client privilege to apply. Intel has not met this burden. *See Neuder*, 194 F.R.D. at 292.

Likewise, Intel has redacted documents that do not, on their face or by their descriptions, appear to contain privileged communications. (Alban Decl. ¶ 5; Ex. D. at INT 0015361 - INT 0015370.) Upon producing the 2001-2002 documents, Defendants also produced a revised privilege log. However, even the new descriptions, purportedly explaining the basis for the redactions, are unavailing. (*See* Alban Decl. ¶ 7; Ex. F. at entries 699- 703.) First, the nature of the communications are plainly business related (due diligence reports). Moreover, Intel's 2001 "due diligence" in determining whether Mr. Shum had any ownership interest in the patents-at-issue is directly probative of plaintiff's key claim in this case: that he was damaged when defendants' knowingly bought and sold Mr. Shum's ownership and inventorship interests without compensating him. Second, the attorney names are incidentally present in the distribution. Rather, these communications were sent from an employee at Intel to multiple recipients, most of whom are not attorneys. The fact that a communication was shared with a large number of employees outside the legal department further militates in favor of a determination that the communication is not privileged. *See, e.g., Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, 2004 U.S. Dist. LEXIS 26076, at *2 (S.D.N.Y. Dec. 24, 2004) (affirming order compelling production of documents shared with large numbers of employees outside the legal department).

Lastly, Intel refuses to produce documents 698, 704, 705 and 706 because they "are directed to one or more of Intel's in-house attorneys, and document 698 is also directed to Intel's outside counsel." (Alban Decl. ¶ 4; Ex. C at p. 2 n. 2.) These entries, however, share the descriptions of the now-produced documents and also similarly lacking in indicia of privilege. These are communications among multiple people, not all of whom are attorneys, regarding a business matter. As discussed above, that attorneys may have been included in the communication is insufficient for an assertion of

PLAINTIFF FRANK T. SHUM'S CORRECTED NOTICE OF MOTION AND MOTION TO COMPEL
DEFENDANT INTEL CORPORATION TO PRODUCE DOCUMENTS
CASE NO.C02-3262 DLJ (EMC)

6

privilege.

Accordingly, plaintiff respectfully requests that Intel be compelled to produce attachments to the emails produced on September 18, 2008, unredacted copies of the communications relating to Intel's due diligence reports, and the communications at privilege log entry numbers 698, 704, 705 and 706.

### III. PARTIES' COMPLIANCE WITH CIVIL LOCAL RULE 37

Pursuant to Civil Local Rule 37-1 and the Notice of Reference and Order Re Discovery Procedures of Magistrate Judge Edward C. Chen, the parties met and conferred in person on September 18, 2008, with respect to the dispute set forth above. (*See* Alban Decl., ¶ 8.)

### IV. CONCLUSION

Intel has failed to satisfy its burden of proving that each of its withheld documents is either attorney-client privileged or protected from disclosure by the work-product doctrine. In addition, Intel has no valid reason for refusing to produce the presentations authored by Verdiell, as per the Court's Order. For these reasons, Shum requests that the court grant his motion to compel Intel to produce these documents.

DATED: September 22, 2008

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: /s/ *Tali L. Alban*
    MARK T. JANSEN
    PAUL F. KIRSCH
    ANGUS M. MacDONALD
    TALI L. ALBAN

Attorneys for Plaintiff FRANK T. SHUM

61511908 v1

**PLAINTIFF FRANK T. SHUM'S CORRECTED NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT INTEL CORPORATION TO PRODUCE DOCUMENTS**
CASE NO.C02-3262 DLJ (EMC)

7