| | |
|---|---|
| 1 | STEPHEN E. TAYLOR (SBN 58452) |
| | JESSICA L. GRANT (SBN 178138) |
| 2 | JAYESH HINES-SHAH (SBN 214256) |
| | JONATHAN A. PATCHEN (SBN 237346) |
| 3 | TAYLOR & COMPANY LAW OFFICES, LLP |
| | One Ferry Building, Suite 355 |
| 4 | San Francisco, California 94111 |
| | Telephone: (415) 788-8200 |
| 5 | Facsimile: (415) 788-8208 |
| | E-mail: staylor@tcolaw.com |
| 6 | E-mail: jgrant@tcolaw.com |
| | E-mail: jhinesshah@tcolaw.com |
| 7 | E-mail: jpatchen@tcolaw.com |
| 8 | RAGESH K. TANGRI (SBN 159477) |
| | KEKER & VAN NEST LLP |
| 9 | 710 Sansome Street |
| | San Francisco, California 94111 |
| 10 | Telephone: (415) 391-5400 |
| | Facsimile: (415) 397-7188 |
| 11 | E-mail: rtangri@kvn.com |
| 12 | Attorneys for Defendants INTEL |
| | CORPORATION, LIGHTLOGIC, INC. |
| 13 | and JEAN-MARC VERDIELL |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK T. SHUM, | Case No.: C 02-03262 DLJ (EMC) |
| Plaintiff, | **DECLARATION OF SUZAN A. MILLER IN SUPPORT OF INTEL CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| INTEL CORPORATION, JEAN-MARC VERDIELL and LIGHTLOGIC, INC., | |
| Defendants. | |

TAYLOR & CO.
LAW OFFICES, LLP

DECLARATION OF SUZAN A. MILLER IN SUPPORT OF INTEL CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL INTEL TO PRODUCE DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

I, SUZAN A. MILLER, declare as follows:

1. I am employed by defendant Intel Corporation ("Intel") as Vice President of Legal and Corporate Affairs and Deputy General Counsel. The facts set forth in this declaration are personally known to me to be true and, if called upon to testify as to the matters contained in this declaration, I could and would competently testify thereto. This declaration is submitted in support of Intel's Opposition to Plaintiff's Motion to Compel Intel to Produce Documents, which has been filed concurrently herewith.

2. At the time of Intel's acquisition of LightLogic, Inc. ("LightLogic"), I was Intel Capital General Counsel. As General Counsel, I managed the legal team working on the LightLogic acquisition.

3. Communications within Intel concerning potential transactions frequently include both lawyers and non-lawyers. Intel lawyers routinely include their "clients" – non-legal Intel personnel – on such communications as a means of reporting on legal matters that may affect those "clients." Lawyers also are part of Intel's due diligence teams that advise Intel on both legal and business matters. Because such transactions frequently require immediate action by and coordination between a number of participants, a single report to the entire due diligence team may often embed communications to and from lawyers that are directly related to the provision of legal advice. This simplifies communication and allows all members of the team to track the status of unresolved issues, without a proliferation of communications and confusion among team members. Both legal and non-legal members of the team understand that those communications identified as raising legal issues are intended to be confidential.

///
///
///
///
///
///
///

1.

TAYLOR & CO.
LAW OFFICES, LLP

DECLARATION OF SUZAN A. MILLER IN SUPPORT OF INTEL CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL INTEL TO PRODUCE DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)

4. I have reviewed entry No. 698 of the Intel privilege log that describes a communication that is the subject of paragraphs 2 and 3, above. I have also reviewed the document that is described in that entry. I can confirm that this communication contains a summary of legal advice provided to the LightLogic acquisition team. Specifically, this communication related to negotiations with LightLogic over proposed language in the merger agreement. The Intel legal department was asked to provide input on this document and related issues by the business people who were involved in the acquisition. The document that is described in entry No. 698 therefore reflects a communication of legal advice.

5. I have reviewed entry Nos. 699-703 of the Intel privilege log that describe the communications that are the subjects of paragraphs 2 and 3, above. I have also reviewed the documents that are described in those entries. I can confirm that the redacted portions of these communications contain a summary of legal advice provided to the LightLogic acquisition team. During the course of the LightLogic due diligence, the Intel business people asked the legal department (1) to identify any legal problems or issues that could arise as a result of the proposed acquisition; (2) to advise them on how best to resolve those issues; and (3) to explain what legal risks the company would face if the issues could not be resolved (or fully resolved) and the transaction proceeded. The redacted communications described in entry Nos. 699-703 therefore constitute and/or summarize the Intel legal department's responses to the requests for legal advice that were posed by the business people.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 29th day of September, 2008, in Santa Clara, California.

_____
SUZAN A. MILLER

TAYLOR & CO.
LAW OFFICES, LLP

2.

DECLARATION OF SUZAN A. MILLER IN SUPPORT OF INTEL CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL INTEL TO PRODUCE DOCUMENTS: CASE NO. C 02-03262 DLJ (EMC)