UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA       *ORIGINAL*

BEFORE THE HONORABLE D. LOWELL JENSEN, JUDGE

| | | |
|---|---|---|
| FRANK T. SHUM, | ) | **JURY TRIAL** |
| | ) | |
| PLAINTIFF, | ) | **VOLUME 20** |
| | ) | |
| VS. | ) | NO. C 02-3262 DLJ |
| | ) | |
| INTEL CORPORATION, | ) | |
| JEAN-MARC VERDIELL AND | ) | **PAGES 4043 - 4070** |
| LIGHTLOGIC, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | OAKLAND, CALIFORNIA |
| _____ | ) | THURSDAY, DECEMBER 18, 2008 |
| | | FRIDAY, DECEMBER 19, 2008 |
| | | MONDAY, DECEMBER 22, 2008 |

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

FOR PLAINTIFF:          TOWNSEND AND TOWNSEND AND CREW LLP
                        TWO EMBARCADERO CENTER, EIGHTH FLOOR
                        SAN FRANCISCO, CALIFORNIA  94111-3834
                   BY:  MARK T. JANSEN,
                        PAUL F. KIRSCH,
                        ANGUS M. MACDONALD,
                        ROBERT A. MCFARLANE, ATTORNEYS AT LAW


FOR DEFENDANTS:         TAYLOR & CO. LAW OFFICES
                        ONE FERRY BUILDING SUITE 355
                        SAN FRANCISCO, CALIFORNIA  94111
                   BY:  STEPHEN E. TAYLOR
                        JESSICA GRANT, ATTORNEYS AT LAW


                        KEKER & VAN NEST
                        710 SANSOME STREET
                        SAN FRANCISCO, CALIFORNIA  94111-1704
                   BY:  RAGESH K. TANGRI, ATTORNEYS AT LAW



REPORTED BY:          RAYNEE H. MERCADO, CSR NO. 8258

1
        **I N D E X**

2

3                                                              **PAGE**

4   THURSDAY, DECEMBER 18, 2008                                4045

5   FRIDAY, DECEMBER 19, 2008                                  4049

6   MONDAY, DECEMBER 22, 2008                                  4052

7

8

9                           --oOo--

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  THURSDAY, DECEMBER 18, 2008

2                    P R O C E E D I N G S

3          (JURY IN DELIBERATIONS BEGINNING AT 9:00 A.M.)

4          (PROCEEDINGS RESUMED AT 2:57 P.M.)

5          (THE FOLLOWING PROCEEDINGS WERE HEARD IN THE

6  PRESENCE OF THE JURY:)

7          **THE COURT:**  MR. LOEFFLER, YOU'RE THE FOREPERSON OF

8  JURY?

9          **THE FOREPERSON:**  YES.

10         **THE COURT:**  AND WE HAVE A REQUEST HERE.  IT SAYS WE

11 WOULD LIKE TO REQUEST COPIES OF MR. SHUM'S AND PROFESSOR KNOX'S

12 TESTIMONY.

13         **THE FOREPERSON:**  THAT'S CORRECT.

14         **THE COURT:**  ALL RIGHT.  NOW, COUPLE THINGS.

15         THERE IS A TRANSCRIPT OF THE TESTIMONY OF ALL THE

16 WITNESSES.  IT HAPPENS -- DOESN'T HAPPEN AT ALL TRIALS.  IT'S

17 HERE.  WE HAVE A TRANSCRIPT OF THAT.

18         THE TESTIMONY OF MR. SHUM WAS ON TWO FULL DAYS AND

19 PORTIONS OF TWO OTHER DAYS.  THE TESTIMONY OF PROFESSOR KNOX IS

20 ONE FULL DAY AND PORTIONS OF TWO OTHER DAYS.  SO THERE'S A LOT

21 OF TESTIMONY THERE.

22         AND IN CIRCUMSTANCES LIKE THIS WHERE WE HAVE A

23 TRANSCRIPT OF -- OF ALL THE WITNESSES AND THERE'S A REQUEST FOR

24 A TRANSCRIPT TO GO INTO THE JURY ROOM, GENERALLY THAT'S DENIED.

25 AND THE REASON FOR IT IS THAT IT GIVES UNDUE EMPHASIS TO

1   WITNESS BECAUSE YOU NOW HAVE THE TESTIMONY OF A WITNESS THAT

2   YOU CAN GO THROUGH BACK AND FORTH OVER AND YOU DON'T HAVE THE

3   TESTIMONY OF THE OTHER WITNESSES.

4            SO WE WANT YOU TO BE ABLE TO, YOU KNOW, CONSIDER THE

5   TESTIMONY OF EACH WITNESS IN THE SAME WAY, AND IT GIVES AN

6   UNDUE EMPHASIS IF WE SEND IT IN.  SO, GENERALLY, IT'S MY

7   PRACTICE, AND ALL THE JUDGES I KNOW, WE DO NOT SEND IN

8   TRANSCRIPT COPIES OF ALL THE TESTIMONY OF A SINGLE WITNESS OR A

9   COUPLE WITNESSES OR -- WE COULD SEND YOU THE ENTIRE TRIAL.  I

10  THINK THERE'S SOMETHING LIKE 4,000 PAGES IF YOU WANT TO TAKE A

11  LOOK AT IT.  SO THERE'S AN AWFUL LOT OF MATERIAL THAT'S THERE.

12           SO THE ANSWER TO THIS IS GENERALLY WHEN THERE'S A

13  REQUEST FOR SOME TESTIMONY OR REFERENCES TO TESTIMONY, WE DO IT

14  BY HAVING THE REPORTER READ BACK THE PORTIONS OF THE TESTIMONY

15  YOU'RE INTERESTED IN.  IN OTHER WORDS, THE FIRST QUESTION IS

16  ARE THERE SPECIFIC SUBJECT MATTERS THAT YOU'RE INTERESTED IN IN

17  THIS TESTIMONY.

18           **THE FOREPERSON:**  YES.

19           **THE COURT:**  AND IF THERE IS, IF YOU'D LET US KNOW,

20  THEN THE COURT REPORTER CAN FIND THAT, AND THEN WE CAN HAVE IT

21  READ BACK TO YOU.  BUT IN THAT FASHION, WE DON'T GIVE IT UNDUE

22  EMPHASIS, AND WE TREAT IT IN THE SAME WAY FOR ALL THE WITNESSES

23  SO -- 'CAUSE YOU COULD DO THAT ON THE WHOLE TRIAL.

24           SO WHAT I'M GOING TO DO IS, IN EFFECT, WE'RE NOT

25  GOING TO GIVE YOU A TRANSCRIPT OF BOTH OF THOSE WITNESSES.  IT

1    WOULD BE -- AS YOU CAN HEAR THIS, THESE ARE THOUSAND PAGES OF

2    TESTIMONY, AND THAT'S MORE THAN WOULD REALLY BE GOOD FOR

3    CONSIDERATION.

4              ALL RIGHT.  SO I'M ASKING YOU, GO BACK, THINK ABOUT

5    IT IN TERMS OF SPECIFIC SUBJECT MATTER.  AND IF YOU COULD TELL

6    THE COURT THE THINGS YOU'RE INTERESTED IN IN A SPECIFIC SENSE,

7    THEN LET US KNOW.  AND THEN I THINK WE CAN ORGANIZE IT IN SUCH

8    A WAY THAT WE CAN READ IT BACK TO YOU.  AND THEN THAT WOULD BE

9    A PRESENTATION TO YOU THAT WOULD BE IN THE REGULAR COURSE OF

10   BUSINESS, IS WHAT IT IS.

11             OKAY.  COULD YOU DO THAT?

12             **JURORS:**  YES.

13             **THE COURT:**  OKAY.  WHY DON'T YOU GO BACK AND DO

14   THAT, THEN.

15             (JURY IN DELIBERATIONS.)

16             (THE FOLLOWING PROCEEDINGS WERE HEARD OUT OF THE

17   PRESENCE OF THE JURY:)

18             **THE COURT:**  I THINK YOU SHOULD STICK AROUND.  I

19   THINK WE'RE GOING TO GET SOMETHING BACK.  WE'LL SEE WHAT

20   HAPPENS, THEN, AND -- BECAUSE IF THEY DO, THEN I THINK WE CAN

21   FIND IT -- REFERENCES CAN BE BACK, AND WE CAN TAKE A LOOK AT

22   WHAT THE REPORTER HAS AND THEN YOU CAN SORT OF LOOK AT IT AND

23   THINK ABOUT IT, BECAUSE, OBVIOUSLY, WHEN THEY DO SUBJECT MATTER

24   LIKE THIS, IT MEANS DIRECT AND CROSS, AND YOU GOT TO COVER THE

25   WHOLE THING.

1              OKAY.

2       (PROCEEDINGS WERE RECESS TAKEN AT 3:00 P.M.)

3        (JURY IN DELIBERATIONS UNTIL 4:00 P.M.)

4                    --O0O--

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1   FRIDAY, DECEMBER 19, 2008                          9:05 A.M.

 2                    P R O C E E D I N G S

 3             (THE FOLLOWING PROCEEDINGS WERE HEARD IN THE

 4   PRESENCE OF THE JURY:)

 5             THE COURT:  GOOD MORNING, LADIES AND GENTLEMEN.

 6             JURORS:  MORNING.

 7             THE COURT:  WE'RE BACK TO READ BACK THE TESTIMONY.

 8   WE WENT OVER THAT.  THERE WAS A REFERENCE IN THERE TO A SUMMARY

 9   EXHIBIT THAT HAD NOT BEEN INTRODUCED IN EVIDENCE, AND THE

10   PARTIES HAVE AGREED THAT IT SHOULD BE INTRODUCED IN EVIDENCE

11   NOW.  IT'S A NEW EXHIBIT, 163A.

12             ALL RIGHT.  SO NOW WE'RE GOING TO READ BACK THE

13   TESTIMONY THAT YOU REQUESTED.

14                          (TRIAL EXHIBIT 163A

15                           RECEIVED IN EVIDENCE)

16             (TESTIMONY OF FRANK SHUM WAS READ TO THE JURY

17             FROM THE FOLLOWING PAGES; OBJECTIONS AND

18             COLLOQUY WERE NOT READ:  402:10-19; 404:1-25;

19             405:11 THROUGH 406:23; 547:23 THROUGH 554:3;

20             613:3 THROUGH 631:20.)

21             (TESTIMONY OF PROFESSOR WAYNE KNOX WAS READ

22             TO THE JURY FROM THE FOLLOWING PAGES,

23             OBJECTIONS AND COLLOQUY WERE NOT READ:

24             1528:25 THROUGH 1529:6; 1529:13 THROUGH

25             1531:16; 1534:22 THROUGH 1536:20; 1539:12
```

```
 1               THROUGH 1584:2; 1796:20 THROUGH 1813:21;

 2               1831:2 THROUGH 1832:6.)

 3          THE COURT:  THAT COMPLETES THE TESTIMONY THAT

 4     RELATES TO YOUR REQUEST.  AND I WOULD ASK YOU TO RESUME YOUR

 5     DELIBERATIONS.

 6               THANK YOU.

 7               (JURY RETURNED TO DELIBERATIONS FROM 10:48 A.M.)

 8               (THE FOLLOWING PROCEEDINGS WERE HEARD OUT OF THE

 9     PRESENCE OF THE JURY:)

10          MR. KIRSCH:  YOUR HONOR, VERY BRIEFLY BEFORE WE

11     CONCLUDE:  THIS MORNING, WE GAVE TO THE DEFENDANTS A CLEANER

12     VERSION OF 163.  IT HAS THE CAD DRAWINGS WHICH ARE MUCH MORE

13     EASY TO READ, AND THE DEFENDANTS AGREED TO STIPULATE THAT THAT

14     WOULD BE ADMITTED INTO EVIDENCE AS WELL.

15          MR. TAYLOR:  NO OBJECTION.

16          THE COURT:  ALL RIGHT.

17          MR. KIRSCH:  SO SHALL WE LABEL IT 163C?

18          THE CLERK:  IT'S THE SAME --

19          MR. TANGRI:  ISN'T IT THE SAME?

20          MR. KIRSCH:  OKAY.  THEN THIS WILL BE SUBSTITUTED --

21          MR. TANGRI:  -- JUST A COPY OF 163.

22          MR. KIRSCH:  OKAY.

23          MR. TANGRI:  AND, YOUR HONOR, I DON'T KNOW IF WE DID

24     THIS ON THE RECORD YESTERDAY OR NOT, BUT 163A IS GOING TO BE

25     ADMITTED.  THAT WAS THE SUMMARY CHART.
```

1          **THE COURT:**  THAT'S WHAT I INDICATED.

2          **MR. TANGRI:**  THAT'S RIGHT.  YOU --

3          **THE COURT:**  IT'S IN EVIDENCE.

4          **MR. KIRSCH:**  THANK YOU, YOUR HONOR.

5          (PROCEEDINGS RECESSED AT 10:49 A.M.)

6          (JURY IN DELIBERATIONS UNTIL 4:00 P.M.)

7                        --O0O--

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1   MONDAY, DECEMBER 22, 2008

 2                    P R O C E E D I N G S

 3           (JURY IN DELIBERATIONS BEGINNING AT 9:00 A.M.)

 4           (PROCEEDINGS RESUMED AT 11:14 A.M.)

 5            (THE FOLLOWING PROCEEDINGS WERE HEARD OUT OF THE

 6   PRESENCE OF THE JURY:)

 7           THE COURT:  ON THE RECORD.

 8            THE JURY HAS SUBMITTED TWO QUESTIONS TO THE COURT.

 9   AND THE FIRST QUESTION READS AS FOLLOWS:  "ASSUMING WE DEADLOCK

10   ON ANY OF THE PATENTS/CLAIMS/OTHER DECISIONS" -- THERE ARE

11   SLASHES BETWEEN EACH OF THOSE WORDS -- IT SAYS, "HOW SHOULD

12   THIS BE NOTATED?"

13            AND THE COURT IS GOING TO SEND THE JURY A -- AN

14   ANSWER WHICH READS AS FOLLOWS:  IF YOU CANNOT REACH A VERDICT

15   AS TO ONE OF THE PATENTS/CLAIMS/OTHER DECISIONS, SIMPLY LEAVE

16   THE ANSWER FOR THAT PATENT/CLAIM/OTHER DECISION BLANK AND DO

17   NOT ENTER ANY VERDICT ON THAT PATENT, CLAIM OR OTHER DECISION.

18            HOWEVER, THE COURT ASKS YOU TO RESUME AND CONTINUE

19   YOUR DELIBERATIONS AS TO ANY PATENT/CLAIM/OTHER DECISION YOU

20   BELIEVE THAT YOU ARE NOW DEADLOCKED UPON AND CONSIDER MY ANSWER

21   TO THE SECOND QUESTION WITH REGARD TO ANY SUCH DELIBERATIONS.

22            SECOND QUESTION READS FOLLOWS AS FOLLOWS:  "IS IT

23   EXPECTED THAT WE CONTINUE THROUGH ALL OF THE ITEMS IN THIS CASE

24   REQUIRING DELIBERATION," SLASH, "RULING IF WE ARE DEADLOCKED ON

25   ONE OF THE ITEMS?"
```

```
 1                    AND THE ANSWER THAT WE SENT (SIC) BACK TO THE JURY

 2    IS AS FOLLOWS:  IT IS EXPECTED THAT YOU DELIBERATE AS TO EACH

 3    OF THE VERDICTS YOU'VE BEEN INSTRUCTED TO CONSIDER AND TO REACH

 4    A VERDICT ACCORDING TO THE FACTS AND THE LAW IF YOU CAN DO SO

 5    CONSCIENTIOUSLY.  THIS IS SO EVEN THOUGH YOU HAVE DECIDED THAT

 6    YOU ARE DEADLOCKED ON ANY OF THE OTHER VERDICTS.  AND I'VE

 7    DISCUSSED THAT SITUATION IN TERMS OF THE ANSWERS AND THE

 8    QUESTIONS WITH COUNSEL, AND I UNDERSTAND THAT ALL COUNSEL AGREE

 9    THAT THAT'S AN APPROPRIATE RESPONSE.

10                    IS THAT CORRECT?

11            MR. KIRSCH:  THAT'S CORRECT, YOUR HONOR.

12            MR. TAYLOR:  THAT'S CORRECT, YOUR HONOR.

13            THE COURT:  ALL RIGHT.  WE'LL SEND THIS BACK TO THE

14    JURY, THEN, RIGHT NOW.

15                  (RECESS TAKEN AT 11:17 A.M.)

16                  (PROCEEDINGS RESUMED AT 3:54 P.M.)

17                  (THE FOLLOWING PROCEEDINGS WERE HEARD OUT OF THE

18    PRESENCE OF THE JURY:)

19            THE CLERK:  CALLING CIVIL ACTION 02-3262, FRANK SHUM

20    VERSUS INTEL.

21              COUNSEL, PLEASE STATE YOUR APPEARANCES.

22            MR. KIRSCH:  PAUL KIRSCH FOR PLAINTIFF FRANK SHUM.

23            MR. TAYLOR:  STEPHEN TAYLOR FOR DEFENDANTS HERE WITH

24    RAGESH TANGRI AND JESSICA GRANT.

25            THE COURT:  THE JURY HAS SENT US A NOTE, AND IT
```

1   READS AS FOLLOWS:  "WE ARE DEADLOCKED ON A NUMBER OF ISSUES.

2   PER THE JUDGE'S INSTRUCTIONS, WE HAVE DELIBERATED ON ALL THE

3   ITEMS AND ARE UNABLE TO COME TO AN AGREEMENT ON EVERYTHING."

4           ALL RIGHT.  MY SENSE IS THIS MEANS THAT THE JURY

5   HAS, IN FACT, REACHED SOME VERDICTS WHEN THEY USE THIS "WE

6   HAVE" -- "UNABLE TO COME TO AGREEMENT ON EVERYTHING," I READ

7   THAT AS THEY'VE COME TO AGREEMENT ON SOME THINGS AND THAT THEY

8   BELIEVE THEY'RE DEADLOCKED ON OTHERS.

9           AND FOLLOWING OUR LAST INSTRUCTIONS, WE TOLD THEM TO

10  DELIBERATE ON EVERYTHING.  AND IT SEEMS LIKE THAT'S EXACTLY

11  WHAT THEY'VE DONE.

12          MY SENSE ALSO IS WHAT WE SHOULD DO IS HAVE THEM COME

13  IN AND I'LL ASK THE FOREMAN -- I'LL GO THROUGH THIS WITH HIM

14  AND I'LL ASK HIM IF THE JURY HAS, IN FACT, REACHED SOME

15  VERDICTS.  AND IF THAT'S SO, THEN I'M GOING TO SAY, I'M GOING

16  TO ASK THE FOREMAN WHETHER HE BELIEVES THAT IF THEY CAN

17  DELIBERATE FURTHER, DOES HE BELIEVE THEY COULD REACH A VERDICT

18  IF THEY DELIBERATED FURTHER.

19          I ANTICIPATE THE ANSWER TO THAT IS NO.  BUT I WOULD

20  THINK THAT I WILL GO THROUGH EACH ONE OF THE JURORS

21  INDIVIDUALLY AND FIND OUT FROM THEM THEIR SENSE OF WHETHER OR

22  NOT IF THE JURY WERE TO CONTINUE THEIR DELIBERATIONS, IS THERE

23  A POSSIBILITY THEY COULD REACH A VERDICT.

24          IF SOMEBODY SAYS THEY ARE READY TO DO FURTHER

25  DELIBERATING, THEN WE'LL HAVE THEM DO THAT.  IF ALL TEN OF THE

```
 1    JURORS SAY THEY DON'T BELIEVE ANY FURTHER DELIBERATIONS WILL

 2    GET THEM ANYWHERE, THEN I THINK WE SIMPLY HAVE THEM GIVE US THE

 3    VERDICT AND SEE WHAT IT IS.

 4              MR. KIRSCH:  (NODS HEAD.)

 5              THE COURT:  THAT SEEMS TO ME TO BE THE COURSE OF

 6    ACTION.

 7                   (PAUSE IN THE PROCEEDINGS.)

 8              MR. TAYLOR:  YOUR HONOR, WE HAVE NO OBJECTION TO

 9    THAT PROCEDURE.

10              MR. KIRSCH:  NOR DO WE.

11              THE COURT:  ALL RIGHT.

12              NOW, IF -- DEPENDING UPON THE VERDICTS, I'VE ALREADY

13    TOLD THEM THAT IT IS A POSSIBILITY THAT BASED UPON THE VERDICT,

14    THERE COULD BE A FURTHER PROCEEDING.  NOW WE WON'T KNOW UNTIL

15    WE SEE WHAT THEIR VERDICTS ARE IF IT RAISES AN ISSUE THERE.  I

16    THINK I'LL HAVE THEM GO BACK IN, AND THEN WE CAN DISCUSS IT.

17    BUT IF IT DOESN'T RAISE AN ISSUE ABOUT WHETHER OR NOT THERE'S

18    ANY FURTHER DELIBERATIONS, THEN WE'LL JUST EXCUSE THEM.  OKAY?

19              MR. KIRSCH:  THAT'S FINE, YOUR HONOR.

20              MR. TAYLOR:  (NODS HEAD.)

21              THE COURT:  ALL RIGHT.  LET'S HAVE THEM COME BACK

22    IN.

23                   (THE FOLLOWING PROCEEDINGS WERE HEARD IN THE

24    PRESENCE OF THE JURY:)

25              THE COURT:  GOOD AFTERNOON, LADIES AND GENTLEMEN.
```

| | |
|---|---|
| 1 | **JURORS:**  GOOD AFTERNOON. |
| 2 | **THE COURT:**  MR. LOEFFLER, I HAVE A NOTE FROM THE |
| 3 | JURY.  AND LET ME READ THIS INTO THE RECORD IF -- THE NOTE |
| 4 | READS AS FOLLOWS:  "WE ARE DEADLOCKED ON A NUMBER OF ISSUES. |
| 5 | PER THE JUDGE'S INSTRUCTIONS, WE HAVE DELIBERATED ON ALL OF THE |
| 6 | ITEMS AND ARE UNABLE TO COME TO AN AGREEMENT ON EVERYTHING." |
| 7 | THAT'S YOUR NOTE; IS THAT CORRECT? |
| 8 | **THE FOREPERSON:**  CORRECT. |
| 9 | **THE COURT:**  NOW, DOES THAT MEAN THAT THE JURY HAS, |
| 10 | IN FACT, REACHED SOME VERDICTS? |
| 11 | **THE FOREPERSON:**  THAT'S CORRECT. |
| 12 | **THE COURT:**  AND THEN THERE ARE OTHERS -- OTHERS THAT |
| 13 | YOU'RE DEADLOCKED ON. |
| 14 | **THE FOREPERSON:**  THAT'S CORRECT. |
| 15 | **THE COURT:**  AND WHEN YOU SAY "DEADLOCKED," I WANT TO |
| 16 | JUST EXPLORE THAT WITH YOU FOR A MOMENT.  I WANT YOUR SENSE AS |
| 17 | THE FOREMAN -- FOREPERSON THAT IF YOU WERE TO CONTINUE |
| 18 | DELIBERATIONS, DO YOU BELIEVE THAT IT IS POSSIBLE THAT THE JURY |
| 19 | WOULD BE ABLE TO REACH VERDICTS ON THOSE ITEMS THAT YOU HAVE |
| 20 | NOT REACHED VERDICTS ON AT THIS POINT? |
| 21 | **THE FOREPERSON:**  NO. |
| 22 | **THE COURT:**  YOU DO NOT BELIEVE SO. |
| 23 | **THE FOREPERSON:**  NO I DO NOT. |
| 24 | **THE COURT:**  ALL RIGHT. |
| 25 | WHAT I'M GOING TO DO IS I'M GOING TO ASK EACH OF THE |

1    JURORS THE SAME QUESTION.  DO YOU BELIEVE THAT IF YOU CONTINUE

2    SOME DELIBERATIONS, WOULD YOU BE ABLE TO REACH A VERDICT?

3    BECAUSE I'D LIKE TO GET A SENSE FROM EVERYBODY, SO WHAT WE'RE

4    GOING TO DO IS -- THAT'S MY QUESTION.

5            IF YOU WERE TO CONTINUE DELIBERATIONS, DOES ANY OF

6    YOU BELIEVE THAT YOU WOULD BE ABLE TO REACH A VERDICT?  NOW, I

7    WANT THIS ASKED OF EACH ONE OF YOU INDIVIDUALLY.

8            DO YOU WANT TO DO THAT, PLEASE?

9            **THE CLERK:**  KAROL AN MEIER?

10           **JUROR MEIER:**  YES?  OH, I'M SORRY.  YOU'RE GOING TO

11   ASK ME A QUESTION.

12           **THE COURT:**  THE QUESTION IS -- THE QUESTION IS IF --

13   YOUR SENSE OF IF THE JURY WERE TO CONTINUE THEIR DELIBERATIONS,

14   DO YOU BELIEVE YOU WOULD BE ABLE TO REACH A VERDICT ON ANY ONE

15   OF THOSE VERDICTS THAT YOU HAVE NOT REACHED AT THIS POINT?

16           **JUROR MEIER:**  NO, YOUR HONOR.

17           **THE COURT:**  WAYNE DOUGLAS FURR?

18           **JUROR FURR:**  NO, YOUR HONOR.

19           **THE CLERK:**  MICHAEL DEGUZMAN?

20           **JUROR DEGUZMAN:**  NO, YOUR HONOR.

21           **THE CLERK:**  ELLEN MCDOUGALD?

22           **JUROR McDOUGALD:**  NO.

23           **THE CLERK:**  ALICIA WONG?

24           **JUROR WONG:**  NO, SIR.

25           **THE CLERK:**  DAISY CHAK?

1        **JUROR CHAK:**  I DON'T KNOW.

2        **THE CLERK:**  MOCHERLA RAO?

3        **JUROR RAO:**  NO.

4        **THE CLERK:**  JOHN MCGREGOR?

5        **JUROR McGREGOR:**  REGRETFULLY, NO, YOUR HONOR.

6        **THE COURT:**  AND DENNIS LEONG?

7        **JUROR LEONG:**  NO, YOUR HONOR.

8        **THE COURT:**  ALL RIGHT.  THANK YOU, LADIES AND

9   GENTLEMEN.

10       IT APPEARS TO THE COURT, THEN, THAT YOU HAVE

11  DELIBERATED AND REACHED SOME VERDICTS BUT THAT FURTHER

12  DELIBERATION WOULD NOT RESULT IN REACHING ANY FURTHER VERDICTS,

13  SO I WOULD ASK THAT YOU GIVE THE VERDICT FORMS, IF YOU PLEASE,

14  TO THE COURTROOM DEPUTY.

15       (PAUSE IN THE PROCEEDINGS.)

16       **THE COURT:**  ALL RIGHT.  WE'RE GOING TO HAVE THE

17  VERDICTS READ AT THIS POINT.  AND I'D ASK EACH OF YOU TO PAY

18  ATTENTION TO THESE 'CAUSE I'M GOING TO ASK FURTHER FROM EACH OF

19  YOU WHETHER THEY (SIC) BELIEVE THAT WHAT HAS BEEN READ IS YOUR

20  INDIVIDUAL VERDICT.

21       SO WE'LL HAVE THE VERDICTS READ NOW.

22       **THE CLERK:**  INVENTORSHIP, U.S. PATENT NO. '567, STEP

23  OR DBC PATENT:  WE THE JURY FIND THAT PLAINTIFF FRANK SHUM HAS

24  PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT HE IS A COINVENTOR

25  OF THE FOLLOWING CLAIMS OF U.S. PATENT '567.

4059

1          CLAIM ONE, YES.  CLAIM SIX, YES.  CLAIM SEVEN, YES.

2     CLAIM EIGHT, YES.  CLAIM 11, YES.  CLAIM 18, YES.

3          NO. 2, U.S. PATENT '268:  WE THE JURY FIND THAT SHUM

4     HAS PROVED BY CLEAR AND CONVINCING EVIDENCE THAT HE IS A

5     COINVENTOR OF THE FOLLOWING CLAIMS OF PATENT '268:  CLAIM ONE,

6     YES.  CLAIM FOUR, YES.  CLAIM 12, YES.  CLAIM 13, YES.  CLAIM

7     26, YES.

8          U.S. PATENT '950, THE FLEXURE PATENT:  WE THE JURY

9     FIND THAT SHUM HAS PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT

10    HE IS A COINVENTOR OF THE FOLLOWING CLAIMS OF U.S. PATENT '950:

11    CLAIM ONE, YES.  CLAIM TWO, YES.  CLAIM 14, YES.  CLAIM 29,

12    YES.

13         ON U.S. PATENT '726, FLEXURE PATENT:  WE THE JURY

14    FIND THAT SHUM HAS PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT

15    HE IS A COINVENTOR OF THE FOLLOWING CLAIMS OF U.S. PATENT '726:

16    CLAIM ONE, YES.  CLAIM TWO, YES.  CLAIM FIVE, YES.  CLAIM

17    EIGHT, YES.

18         U.S. PATENT NO. '724, FLEXURE PATENT:  WE THE JURY

19    FIND THAT SHUM HAS PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT

20    HE IS A COINVENTOR OF THE FOLLOWING CLAIMS OF PATENT NO. '724;

21    CLAIM ONE, YES.  AND AS TO CLAIM FIVE, IT IS LEFT BLANK.  CLAIM

22    SEVEN, YES.  CLAIM 14, YES.  CLAIM 16, YES.

23         U.S. PATENT '427, FLEXURE PATENT:  WE THE JURY FIND

24    THAT SHUM HAS PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT HE

25    IS A COINVENTOR OF THE FOLLOWING CLAIMS OF PATENT '427:  AS TO

1    CLAIM ONE, IT IS LEFT BLANK.  CLAIM 20, NO.  CLAIM 22, NO;

2    CLAIM 23, NO.

3                    (PAUSE IN THE PROCEEDINGS.)

4              **THE CLERK:**  AS TO INTENTIONAL MISREPRESENTATION,

5    THAT IS LEFT BLANK.

6              AS TO BREACH OF CONTRACT, THAT PAGE IS LEFT BLANK.

7              AS TO UNJUST ENRICHMENT, THAT PAGE IS LEFT BLANK.

8              **THE COURT:**  ALL RIGHT.  POLL THE JURY.

9              **THE CLERK:**  PAUL LOEFFLER, IS THIS YOUR VERDICT AS

10   READ?

11             **THE FOREPERSON:**  YES.

12             **THE CLERK:**  KAROL MEIER, IS THIS YOUR VERDICT AS

13   READ?

14             **JUROR MEIER:**  YES.

15             **THE CLERK:**  WAYNE FURR, IS THIS YOUR VERDICT AS

16   READ?

17             **JUROR FURR:**  YES.

18             **THE CLERK:**  MICHAEL DEGUZMAN, IS THIS YOUR VERDICT

19   AS READ?

20             **JUROR DEGUZMAN:**  YES.

21             **THE CLERK:**  ELLEN MCDOUGALD, IS THIS YOUR VERDICT AS

22   READ?

23             **JUROR McDOUGALD:**  YES.

24             **THE CLERK:**  ALICIA WONG, IS THIS YOUR VERDICT AS

25   READ?

```
 1                    JUROR WONG:  YES.

 2                    THE CLERK:  DAISY CHAK, IS THIS YOUR VERDICT AS

 3    READ?

 4                    JUROR CHAK:  YES.

 5                    THE CLERK:  MOCHERLA RAO, IS THIS YOUR VERDICT AS

 6    READ?

 7                    JUROR RAO:  YES.

 8                    THE CLERK:  JOHN MCGREGOR, IS THIS YOUR VERDICT AS

 9    READ?

10                    JUROR McGREGOR:  YES.

11                    THE CLERK:  DENNIS LEONG, THIS YOUR VERDICT AS READ?

12                    JUROR LEONG:  YES.

13                    THE COURT:  OKAY.  RECORD THE VERDICTS.

14               ALL RIGHT, LADIES AND GENTLEMEN.  THE LAWYERS

15    EXPRESS THEIR APPRECIATION TO YOU AND THEIR THANKS FOR YOUR

16    SERVICE IN THIS CASE.  AND ON BEHALF OF THE COURT, I WOULD LIKE

17    TO DO THE SAME THING.

18               YOU HAVE BEEN A MOST CONSCIENTIOUS AND A MOST

19    DEDICATED JURY.  YOU'VE REALLY BEEN WONDERFUL.  YOU HAVE PAID

20    ATTENTION TO THIS CASE VERY CAREFULLY AS IT'S BEEN PRESENTED TO

21    YOU, AND I KNOW YOU'VE LOOKED AT IT VERY CAREFULLY.  YOU LOOKED

22    AT ALL THE EVIDENCE AND YOU HAVE DONE AS MUCH AS YOU CAN IN

23    TERMS OF REACHING VERDICTS IN THIS CASE.  SO WE APPRECIATE YOUR

24    SERVICE VERY MUCH.

25               NOW, WE TALK ABOUT THIS SYSTEM AS BEING AN IMPORTANT
```

4062

```
1    PART OF OUR COUNTRY.  IT IS.  IT'S A VERY IMPORTANT PART OF OUR

2    COUNTRY, BUT IT WORKS ONLY BECAUSE PEOPLE ARE WILLING TO TAKE

3    ON THE BURDEN JUST THAT YOU HAVE DONE TO CONSIDER THESE

4    MATTERS.  AND YOU'VE DONE LIKE MANY OTHER JURORS HAVE DONE IN

5    THE PAST, AND IT'S A WONDERFUL KIND OF EXPERIENCE TO HAVE THE

6    ABILITY TO SEE PEOPLE WHO ARE WILLING TO TAKE THIS ON AND DO IT

7    AS CONSCIENTIOUSLY, AS THOROUGHLY AS YOU HAVE DONE.

8               SO I WANT TO THANK YOU VERY MUCH FOR YOUR SERVICE.

9               AND ALSO SOMETIMES COUNSEL WOULD LIKE TO ASK YOU

10   QUESTIONS AFTER YOU SERVE -- PEOPLE ASK YOU QUESTIONS.  AND

11   YOUR ANSWER TO THAT IS YOU CAN ANSWER THOSE QUESTIONS IF YOU

12   WISH, OR YOU CAN DECLINE TO DO THAT.  YOU DON'T -- EITHER WAY.

13   WHATEVER YOU WISH TO DO.  IT'S UP TO YOU.

14               IF THE QUESTIONS ARE ASKED OF YOU, YOU SAY, "I WOULD

15   NOT LIKE TO ANSWER," YOU DON'T WANT TO DO THAT, THAT'S FINE.

16   IF YOU WANT TO ANSWER QUESTIONS, THAT'S UP TO YOU.  SO DO WHAT

17   YOU BELIEVE IS NECESSARY, IF THERE ARE ANY QUESTIONS THAT ARE

18   ASKED OF YOU.

19               ALL RIGHT.  YOU'RE GOING TO BE EXCUSED NOW, AND

20   YOU'LL GO BACK, AND THERE'S A LOT TO DO, AND I EXPRESS MY

21   THANKS TO YOU, AND I HOPE YOU ALL HAVE A WONDERFUL, WONDERFUL

22   HOLIDAY SEASON.

23               THANK YOU VERY MUCH.

24               (THE FOLLOWING PROCEEDINGS WERE HEARD OUT OF THE

25   PRESENCE OF THE JURY:)
```

1          **THE COURT:**  WHAT I WOULD SUGGEST IS THAT WE HAVE

2     ANOTHER DATE FOR A STATUS CONFERENCE, IN EFFECT, BEFORE THE

3     COURT ENTERS JUDGMENTS IN THE MATTER AND THAT YOU BE GIVEN AN

4     OPPORTUNITY TO REFLECT UPON THE JUDGMENTS YOU FEEL ARE

5     NECESSARY OR WHATEVER ELSE YOU FEEL YOU DO.

6          AND WE HAVE NOW -- THE COURT WILL MAKE A FINDING

7     THAT BASED UPON THE INSTRUCTIONS OF THE COURT THAT THE JURY

8     DELIBERATED ON A NUMBER OF VERDICTS IN THIS MATTER AND REACHED

9     NO VERDICT.  THEY HAD ASKED US IF THEY -- WHEN THEY DID BECOME

10    DEADLOCKED IF THAT IS WHAT HAS HAPPENED, THE -- THAT THEY

11    SHOULD LEAVE IT BLANK.  AND THEN WE ASKED THEM IF THAT WAS

12    THEIR VERDICT, AND THAT THEY'VE ALL CONSENTED.

13          WELL, THAT MEANS THAT THERE IS A -- IN EFFECT, A

14    HUNG JURY.  SO THE COURT DECLARES THAT THERE'S A HUNG JURY AS

15    TO THOSE VERDICTS THAT WERE GIVEN TO THEM AND THEY HAVE REACHED

16    NO VERDICT.

17          NOW, THAT -- ON CAUSES OF ACTION, THAT MEANS THAT

18    THEY HAVE REACHED NO VERDICT ON THE INTENTIONAL

19    MISREPRESENTATION CAUSE OF ACTION AS TO EITHER DEFENDANT;

20    THEY'VE REACHED NO VERDICT AS TO THE BREACH OF CONTRACT CAUSE

21    OF ACTION; AND THEY HAVE REACHED NO VERDICT AS TO THE UNJUST

22    ENRICHMENT CAUSE OF ACTION AS TO EACH DEFENDANT.

23          SO THE COURT DECLARES THAT THEY WOULD BE A HUNG JURY

24    AND A MISTRIAL AS TO EACH ONE OF THOSE COUNTS.

25          NOW, AS TO THE INVENTORSHIP, THERE HAVE BEEN A

```
 1    NUMBER OF VERDICTS REACHED.  AND THAT WOULD BE THE SUBJECT

 2    MATTER OF A COURT'S JUDGMENT DEPENDING UPON -- I THINK WE OUGHT

 3    TO ALSO DISCUSS HOW THAT'S DONE UNDER THESE CIRCUMSTANCES.

 4    BECAUSE I, FRANKLY, DON'T KNOW WHAT THE ANSWER IS ON THAT.

 5                I WANT TO GIVE YOU AN OPPORTUNITY TO SEE HOW WE DO

 6    THAT 'CAUSE THIS IS A -- A -- THE FEDERAL CIRCUIT HAS SENT IT

 7    BACK, BUT THEY DIDN'T TELL US WHAT TO DO.  SO HERE WE ARE.  AND

 8    WE NEED TO HAVE A DISCUSSION ABOUT THAT.  BUT THERE HAVE BEEN

 9    VERDICTS REACHED ON A GOOD MANY OF THOSE, AND THERE'S A COUPLE

10    OF CLAIMS WHERE THEY DID NOT REACH A VERDICT.  AND I WILL ALSO

11    GRANT A MISTRIAL OF THE -- OR DECLARE A MISTRIAL OR A HUNG JURY

12    AS TO THOSE CLAIMS ALSO.

13                SO WE NEED TO HAVE REFLECTION UPON WHAT WE DO WITH

14    THOSE CAUSES OF ACTION AND THOSE CLAIMS THAT HAVE BEEN

15    MISTRIED.  AND THEN WE NEED TO HAVE SOME DISCUSSION ABOUT WHAT

16    IS THE APPROPRIATE JUDGMENT THAT THE COURT SHOULD ENTER.

17                MR. TAYLOR:  YOUR HONOR, WOULD WE HAVE A STATUS

18    CONFERENCE WITH AN OPPORTUNITY TO FILE SOME SORT OF A

19    STATEMENT --

20                THE COURT:  YEAH.

21                MR. TAYLOR:  -- BEFORE ANY JUDGMENT IS ENTERED?

22                THE COURT:  I THINK THAT THAT'S CORRECT.  AS I SAY,

23    ON THOSE WHERE THERE IS A MISTRIAL AND A HUNG JURY, IT'S VERY

24    CLEAR THAT MY -- THE JUDGMENT IS SIMPLY AS RENDERED.  IT'S ON

25    THE RECORD NOW, IS THAT I HAVE, AS A RESULT OF THE JURY BEING
```

1   UNABLE TO REACH A VERDICT, THE COURT GRANTS A MISTRIAL AS TO

2   EACH OF THOSE CAUSES OF ACTION UPON WHICH THEY HAVE RETURNED A

3   VERDICT THAT HAS NOT BEEN FILLED IN.  AND UNDER THE

4   INSTRUCTIONS, THAT MEANS THEY ARE DEADLOCKED, AND THAT MEANS

5   THAT THERE IS A MISTRIAL ON EACH OF THOSE COUNTS.

6          SO WE -- I'D ENTER A WRITTEN JUDGMENT TO THAT

7   EFFECT, BUT I -- I DON'T KNOW THAT THAT'S NECESSARY, AND I

8   WOULD DEFER THAT UNTIL WE'VE HAD BRIEFING ON BOTH SIDES AS TO

9   HOW WE SHOULD DEAL WITH THIS.

10          **MR. TAYLOR:**  IN PARTICULAR, YOUR HONOR, ALSO IN

11   CONJUNCTION WITH RULE 50 MOTIONS THAT ARE PENDING OR THAT MAY

12   BE BROUGHT, AND --

13          **THE COURT:**  WELL, WE HAD THE RULE 50 MOTIONS THAT

14   WERE BROUGHT BEFORE.

15          **MR. TAYLOR:**  YES.

16          **THE COURT:**  AND THEY WERE DENIED.  EXCEPT AS TO SOME

17   ACTIONS, I GUESS, THERE WAS --

18          **MS. GRANT:**  NO, YOUR HONOR, NOT AS TO, I BELIEVE

19   DR. VERDIELL AND LIGHTLOGIC, WAS NOT RULED UPON YET.

20          **THE COURT:**  WELL, THEY CAN BE BROUGHT AS THEY -- IN

21   EFFECT, THEY WERE BROUGHT BEFORE THE COURT AND -- THEY NOW GET

22   MELDED INTO -- RATHER THAN RULE 50 IN TERMS OF IS THE EVIDENCE

23   ENOUGH TO GO TO THE FACT FINDER, AND THEY GET NOW MELDED INTO

24   IS THERE GROUNDS FOR A JUDGMENT NEVERTHELESS -- WHATEVER WE

25   CALL THAT NOWADAYS -- A JUDGMENT -- WHAT DO WE CALL IT?

1          **MR. TANGRI:**  I BELIEVE IT'S CALL JUDGMENT AS A

2    MATTER OF LAW.

3          **MR. KIRSCH:**  YEAH, JMOL.

4          **THE COURT:**  SO THAT JUDGMENT AS A MATTER OF LAW

5    AND/OR NEW TRIAL.  SO THAT THERE'S NOTHING THAT SAYS THOSE ARE

6    NOT THERE.  THEY MAY BE THERE -- BUT YOU PRESERVED THAT, OR

7    THAT'S WHAT WE MEAN.  YOU PRESERVED THAT.

8          **MR. TAYLOR:**  SO WHAT I WAS THINKING OF, YOUR HONOR,

9    IS THE STATUS CONFERENCE MAKES PERFECT SENSE BUT TO BUILD ALSO

10   HOW WE BRIEF A --

11         **THE COURT:**  WE COULD HAVE -- WE COULD HAVE AS A

12   STATUS CONFERENCE THAT IS ACTUALLY -- WE SET A BRIEFING

13   SCHEDULE, AND THAT STATUS CONFERENCE IS A HEARING ON THE -- THE

14   PARTIES.

15         AND, OBVIOUSLY, ANY RULE 50 MOTION THAT MUST --

16   PLAINTIFF WANTS TO BRING THAT THEY BELIEVE IS APPROPRIATE, THEY

17   CAN BRING AT THE SAME TIME.  SO --

18         **MR. KIRSCH:**  OKAY.

19         **THE COURT:**  I GUESS WHAT WE SHOULD DO IS GIVE YOU,

20   YOU KNOW, TWO, THREE WEEKS TO ENTER MOVING PAPERS AND GIVE

21   EVERYBODY A CHANCE TO RESPOND AND REPLY, AND THEN WE'LL HAVE A

22   HEARING.

23         **MR. TAYLOR:**  I THINK SO.

24         **THE COURT:**  SEE WHERE WE ARE.  OKAY.

25         LET'S SEE.  WHAT IF WE -- WHAT IF WE SAY THAT THE

1    MOVING PAPERS HAVE TO BE FILED BY THE 16TH OF JANUARY?

2              **MR. TAYLOR:**  THAT'S ACCEPTABLE, YOUR HONOR.

3              **THE COURT:**  AND THEN EACH SIDE WILL HAVE TWO WEEKS

4    TO RESPOND TO THAT, SO THEY WOULD RESPOND BY THE 30TH.  AND

5    THEN EACH SIDE CAN REPLY BY THE 6TH OF FEBRUARY.  WE'LL HAVE A

6    HEARING ON FRIDAY THE 13TH.

7              **MR. KIRSCH:**  SEEMS APPROPRIATE.  THAT'S FINE, YOUR

8    HONOR.

9              **THE CLERK:**  AT...?

10             **THE COURT:**  WE'LL DO THAT AT 1:30 IN THE AFTERNOON.

11             **MR. KIRSCH:**  WE MAY HAVE TO MEET AND CONFER ABOUT

12   SOME OF THE LOGISTICS REGARDING THE PAPERS THEY ALREADY FILED

13   AND --

14             **THE COURT:**  YOU WANT TO HAVE -- WELL, YOU CAN,

15   OBVIOUSLY, MEET AND CONFER ON ANY THINGS YOU BELIEVE THAT OUGHT

16   TO BE SUBJECT MATTER OF MUTUAL DISCUSSION.

17             BUT WHAT WE OUGHT TO GET OURSELVES INTO POSITION TO

18   DO IS TO TAKE CARE OF THE ISSUES THAT ARE RAISED IN TERMS OF

19   JUDGMENT AS A MATTER OF LAW OR AS A NEW TRIAL, AND THEN AS TO

20   THE -- THE VERDICTS THAT HAVE BEEN RENDERED, HOW -- WHAT SHAPE,

21   WHAT FORM, HOW WE DEAL WITH THOSE IN TERMS OF JUDGMENT THAT

22   WOULD BE APPROPRIATE.

23             AND THEN -- THEN YOU ALSO OUGHT TO HAVE IN MIND THAT

24   IF THE COURT WERE TO DECIDE -- THIS IS ONE OF THE SCENARIOS --

25   I DECIDE NO, I DON'T THINK THAT THERE SHOULD BE ANY JUDGMENT AS

1    A MATTER OF LAW OR NEW TRIAL, AND YOU OUGHT TO CONSIDER WHAT

2    YOU'RE GOING TO DO NOW AND THAT THERE ARE HUNG JURY AS TO

3    OUTSTANDING COUNTS, OUTSTANDING CAUSES OF ACTION.  SO THAT'S

4    ONE OF THE SCENARIOS THAT YOU OUGHT TO BE THINKING ABOUT.

5              **MR. TAYLOR:**  YES, YOUR HONOR.

6              **THE COURT:**  BUT, YOU KNOW, THERE'S -- THERE ISN'T

7    ANYTHING -- WELL, I THINK IT'S A -- ONE OF THE FUNDAMENTAL

8    RULES ABOUT FEDERAL CASES IS THEY NEVER GO AWAY, SO -- THIS IS

9    A -- THIS IS A STATUS CONFERENCE.

10             **MR. TAYLOR:**  I WAS HOPING NOT TO LEARN THAT THE

11   HARDEST WAY, BUT YOU'RE RIGHT, YOUR HONOR.  YOU'RE CORRECT.

12   THEY DON'T.

13             **THE COURT:**  ALL RIGHT.

14             OKAY.  SO I THINK THAT THAT GETS US INTO POSITION

15   WHERE WE KNOW WHERE WE ARE NOW AND HAVE TO --

16             **MR. TAYLOR:**  AND THANK YOU, YOUR HONOR, AND THE

17   WHOLE COURT STAFF FOR ALL OF YOUR HELP.

18             **THE COURT:**  THANK YOU.  YOU'VE BEEN MOST

19   PROFESSIONAL ABOUT THE WAY YOU PRESENTED THIS CASE, AND IT'S A

20   FINE THING.  I'VE WATCHED LOTS AND LOTS OF CASES OVER A LONG

21   TIME, AND IT'S GOOD TO SEE WHEN THEY'RE WELL REPRESENTED AND

22   THEIR ADVOCATES ARE THE WAY THE SYSTEM'S SUPPOSED TO WORK.

23   THEY'RE SUPPOSED TO WORK WITH ADVOCATES THAT ARE GOOD ON BOTH

24   SIDES.  AND THAT'S FINE TO SEE.

25             **MR. KIRSCH:**  WE THANK YOUR STAFF AS WELL.

| | |
|---|---|
| 1 | **THE COURT:**  ALL RIGHT.  OKAY WE'LL SEE YOU IN |
| 2 | FEBRUARY. |
| 3 | **MR. KIRSCH:**  THANK YOU. |
| 4 | **MS. GRANT:**  HAVE A GOOD HOLIDAY. |
| 5 | **THE COURT:**  YOU, TOO. |
| 6 | (PROCEEDINGS WERE CONCLUDED AT 4:17 P.M.) |
| 7 | --OOO-- |

4070

### CERTIFICATE OF REPORTER

        I, RAYNEE H. MERCADO, OFFICIAL REPORTER FOR THE UNITED

STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY

THAT THE FOREGOING PROCEEDINGS IN C02-3262DLJ, SHUM V. INTEL,

ET AL. AND RELATED CROSS-ACTIONS, WERE REPORTED BY ME, A

CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED

UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A

FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY

ME AT THE TIME OF FILING.

        THE VALIDITY OF THE REPORTER'S CERTIFICATION

OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR

REMOVAL FROM THE COURT FILE.


_____

RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR

TUESDAY, DECEMBER 23, 2008